1   **CALLAHAN & BLAINE, APLC**
    Javier H. van Oordt (Bar No. 184879)
2   Jonathan W. Hornberger (Bar No. 311144)
    3 Hutton Centre Drive, Ninth Floor
3   Santa Ana, California 92707
    Telephone: (714) 241-4444
4   Facsimile: (714) 241-4445
    Email: jvo@callahan-law.com
5          jhornberger@callahan-law.com

6   Attorneys for Plaintiff PATRICK GALLAGHER

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  PATRICK GALLAGHER,                    Case No.: 23-cv-03579-JCS

12              Plaintiff,                Magistrate Judge: Hon. Joseph C. Spero

13       vs.                             **PLAINTIFF PATRICK GALLAGHER'S**
                                         **OPPOSITION TO DEFENDANT CITY**
14                                       **AND COUNTY OF SAN FRANCISCO'S**
    CITY AND COUNTY OF SAN               **MOTION TO DISMISS**
15  FRANCISCO, BERNARD CURRAN,
    RODRIGO SANTOS, WILLIAM              Hearing:
16  HUGHEN, KEVIN BIRMINGHAM,
    NATALIA KWAITKOWSKA, AND JOE         Date:  October 27, 2023
17  DUFFY,                               Time:  9:30 a.m.
                                         Location:  Remote via Zoom
18              Defendants.

19

20

21

22

23

24

25

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

INTRODUCTION ........................................................................................................................ 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY .................................................. 2

ARGUMENT ............................................................................................................................... 4

I.      LEGAL STANDARD ...................................................................................................... 4

II.     PLAINTIFF HAS SUFFICIENTLY STATED A *MONELL* CLAIM AGAINST
        THE CITY ........................................................................................................................ 4

III.    PLAINTIFF'S STATE LAW CLAIMS DO NOT FAIL AS A MATTER OF LAW ........ 6

        A.      Plaintiff Properly Submitted A Government Claim, Individually And As
                Trustee For The Madison Trust.............................................................................. 6

                i.      Plaintiff Is The Real Party In Interest And, As Such, The Madison
                        Trust Was Not Required To Submit A Government Claim ....................... 6

                ii.     Notwithstanding The Above, Madison Trust FBO Patrick Gallagher
                        Substantially Complied With The Government Claim Act ....................... 7

        B.      Plaintiff Has Standing To Pursue His State Law Claims In His Individual
                Capacity.................................................................................................................. 9

        C.      Plaintiff's State Law Claims Are Ripe.................................................................. 9

                i.      Plaintiff's State Law Claims Are Premised On Multiple Allegations
                        And Seek Monetary Damages, Not Just Equitable Relief ........................ 9

                ii.     Plaintiff Properly Sought Administrative Relief Concerning The
                        City's Regulation Of The Subject Property Which Was Summarily
                        Denied .................................................................................................... 10

                iii.    Any Further Administrative Adjudication Would Be Futile.................... 11

        D.      The City Is Not Immune From Plaintiff's Claims For State Law Damages ......... 12

                i.      California Government Code Sections 818.4 And 821.2 Are
                        Inapplicable As The Acts Of The City's Employees Were Non-
                        Discretionary ......................................................................................... 12

                ii.     California Government Code Section 818.8 Is Inapplicable As
                        Plaintiff's Claims Fall Outside The Scope Of The Intended
                        Immunity ............................................................................................... 14

        E.      Plaintiff Has Clearly Alleged A Viable Inverse Condemnation Claim
                Against The City ................................................................................................. 16

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- i -

**TABLE OF CONTENTS**
**(CONTINUED)**

<u>**Page**</u>

F.    Plaintiff Has Alleged A Statutory Basis Against The City For Intentional
Interference With Prospective Economic Advantage ........................................... 18

G.    Plaintiff Has Alleged A Statutory Basis Against The City For Intentional
Infliction Of Emotional Distress ........................................................................ 18

H.    Plaintiff Has Alleged A Statutory Basis Against The City For Negligence ........ 18

IV.    IF THIS COURT FINDS THAT PLAINTIFF HAS NOT SUFFICIENTLY PLEAD
ONE OR MORE CLAIMS, THE COURT SHOULD GRANT PLAINTIFF
LEAVE TO AMEND .................................................................................................... 19

CONCLUSION ................................................................................................................................ 19

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To
Dismiss - Case No.: 23-cv-03579-JCS

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................. 4

*Barker v. Riverside Cnty. Office of Ed.*,
 584 F.3d 821 (9th Cir. 2009) ................................................................................... 4

*Board of Cty. Com'rs of Bryan County, Okl. v. Brown*,
 520 U.S. 397 (1997) ................................................................................................. 5

*Cahill v. Liberty Mutual Ins. Co.*,
 80 F.3d 336 (9th Cir. 1996) ..................................................................................... 4

*Caldwell v. Montoya*
 10 Cal.4th 972 (1995) ............................................................................................. 13

*Calprop Corp. v. San Diego*
 77 Cal.App.4th 582 (2000) ..................................................................................... 10

*Chicago, Burlington & Q.R. Co. v. Chicago*,
 166 U.S. 226 (1867) ............................................................................................... 16

*Christie v. Iopa*,
 176 F.3d 1231 (9th Cir.1999) ................................................................................... 5

*City of Costa Mesa v. D'Alessio Investments, LLC*
 214 Cal.App.4th 358 (2013) ................................................................................... 15

*City of St. Louis v. Praprotnik*,
 485 U.S. 112 (1988) ................................................................................................. 5

*Connelly v. County of Fresno*
 146 Cal.App.4th 29 (2006) ....................................................................................... 8

*Conway v. County of Tuolumne*
 231 Cal.App.4th 1005 (2014) ........................................................................... 12, 13

*Creason v. Department of Health Services*
 18 Cal.4th 623 (1998) ............................................................................................. 13

*Fairley v. Luman*,
 281 F.3d 913 (9th Cir. 2002) ................................................................................... 5

*Finch Aerospace Corp. v. City of San Diego*
 8 Cal.App.5th 1248 (2017) ..................................................................................... 15

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

*Galdjie v. Darwish*
    113 Cal.App.4th 1331 (2003)..............................................................6, 9

*Green v. State Center Community College Dist.*
    34 Cal.App.4th 1348 (1995)..................................................................7

*Greenspan v. LADT, LLC*
    191 Cal.App.4th 486 (2010)................................................................6, 9

*Hassoldt v. Patrick Media Group, Inc.*
    84 Cal.App.4th 153 (2000)..................................................................7, 9

*Healing v. California Coastal Com.*
    22 Cal.App.4th 1158 (1994)................................................................17

*Horton v. City of Santa Maria,*
    915 F.3d 592 (9th Cir. 2019)................................................................5

*Hunter v. Cnty. of Sacramento,*
    652 F.3d 1225 (9th Cir. 2011)..............................................................5

*Jackson v. Carey,*
    353 F.3d 750 (9th Cir. 2003).............................................................19

*Johnson v. State of California*
    69 Cal.2d 782 (1968) ......................................................12, 13, 14, 15

*Kavanau v. Santa Monica Rent Control Bd.*
    16 Cal.4th 761 (1997) ......................................................................16

*Lawson v. Superior Court*
    180 Cal.App.4th 1372 (2010)..............................................................18

*Lopez v. Smith,*
    203 F.3d 1122 (9th Cir. 2000)............................................................19

*MacDonald, Sommer & Frates v. Yolo,*
    477 U.S. 340 (1986) ........................................................................10

*McDougal v. County of Imperial,*
    942 F.2d 668 (9th Cir. 1991)..............................................................17

*Menotti v. City of Seattle,*
    409 F.3d 1113 (9th Cir. 2005).............................................................5

*Milagra Ridge Partners, Ltd. v. City of Pacifica*
    62 Cal.App.4th 108 (1998)................................................................11

*Milligan v. City of Laguna Beach*
    34 Cal.3d 829 (1983) ......................................................................15

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

*Monell v. Dep't of Soc. Servs. of City of New York,*
    436 U.S. 658 (1978) ............................................................................................ 4, 5

*Morongo Band of Mission Indians v. Rose,*
    893 F.2d 1074 (9th Cir. 1990) ................................................................................ 19

*Nurse v. United States,*
    226 F.3d 996 (9th Cir. 2000) .................................................................................. 13

*O'Flaherty v. Belgum*
    115 Cal. App. 4th 1044 (2004) ............................................................................. 7, 9

*Pacific Bell v. City of San Diego*
    81 Cal.App.4th 596 (2000) ..................................................................................... 15

*Patrick Media Group, Inc. v. California Coastal Com.*
    9 Cal.App.4th 592 (1992) ....................................................................................... 13

*People v. Rogers*
    57 Cal.4th 296 (2013) ............................................................................................... 7

*Perez v. Golden Empire Transit Dist.*
    209 Cal.App.4th 1228 (2012) .................................................................................... 8

*Phillips v. Desert Hospital Dist.*
    49 Cal.3d 699 (1989) ................................................................................................. 7

*Portico Mgmt. Group, LLC v. Harrison*
    202 Cal.App.4th 464 (2012) .................................................................................. 6, 9

*Richards v. Dep't of Alcoholic Beverages Control*
    139 Cal.App.4th 304 (2006) ................................................................................... 12

*Roger v. County of Riverside*
    44 Cal.App.5th 510 (2020) ..................................................................................... 13

*Saltares v. Kristovich*
    6 Cal.App.3d 504 (1970) ......................................................................................... 13

*Shaw v. County of Santa Cruz*
    170 Cal.App.4th 229 (2008) ................................................................................... 11

*Sparks v. Kern County Bd. of Supervisors*
    173 Cal.App.4th 794 (2009) ...................................................................................... 8

*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority*
    34 Cal.4th 441 (2004) ............................................................................................... 7

*Thompson v. City of Lake Elsinore*
    18 Cal.App.4th 49 (1993) ....................................................................................... 12

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To Dismiss - Case No.: 23-cv-03579-JCS

*Toigo v. Town of Ross*
    70 Cal.App.4th 309 (1998) ................................................................................. 11

**Statutes**

42 U.S.C. § 1983 .......................................................................................................... 1, 4, 5

Cal. Civ. Proc. Code § 369(a) ........................................................................................ 7, 9

Cal. Gov. Code § 815.2(a) ...................................................................................... 12, 18, 19

Cal. Gov. Code § 818.4 ............................................................................................... 12, 13

Cal. Gov. Code § 821.2 ............................................................................................... 12, 13

Cal. Gov. Code § 818.8 ........................................................................................... 14, 15, 16

Cal. Gov. Code § 910 ....................................................................................................... 7

**Other Authorities**

Fed.R.Civ.P. 8(a)(2) .......................................................................................................... 4

Fed. R. Civ. P. 15(a)(2) .................................................................................................... 19

Fed.R.Civ.P.12(b)(6) ......................................................................................................... 4

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### INTRODUCTION

3       In his First Amended Complaint ("FAC"), Plaintiff PATRICK GALLAGHER ("Plaintiff")

4   alleges that he was the victim of a fraudulent pay-to-play scheme perpetrated by employees and

5   affiliates of Defendant CITY AND COUNTY OF SAN FRANCISCO's ("City") Department of

6   Building Inspection. After uncovering the truth behind the City's deceptive practices and refusing

7   to participate, Plaintiff spoke with the Federal Bureau of Investigation concerning the City's

8   scheme. The FBI's investigation resulted in the arrest and criminal prosecution of a City building

9   inspector and his affiliate. Due to Plaintiff's participation in the FBI investigation and his refusal

10  to participate in the pay-to-play scheme, Plaintiff was subjected to brazen retaliation by City

11  personnel who abused their governmental positions by wrongfully and unlawfully regulating

12  Plaintiff's investment property. The City's retaliatory conspiracy against Plaintiff caused him

13  great financial and emotional harm.

14      The City's motion to dismiss argues that Plaintiff's fourth cause of action under Title 42

15  U.S.C. § 1983 fails to sufficiently allege a theory of liability and any facts that would support

16  same. Despite the City's contentions, Plaintiff has alleged a recurring pattern of retaliatory

17  behavior by the City, involving the highest policymaker in one of its departments, which resulted

18  in the deprivation of Plaintiff's right to freedom of speech guaranteed by the Constitution.

19      The City also argues that Plaintiff's state law claims fail for a number of reasons, including

20  failure to exhaust administrative remedies and governmental immunity. The City's arguments are

21  wrong on many levels. Notably, Plaintiff did seek relief through the appropriate administrative

22  channels concerning the improper regulation of his property and, as a result of the City's clear

23  denial of his claims and its collaborated retaliatory efforts against him, any further administrative

24  adjudication would be futile. Additionally, the City's arguments concerning immunity are wholly

25  inapplicable as the City's acts were non-discretionary and Plaintiff's claims fall outside the scope

26  of the intended immunity.

27      For these reasons and the reasons set forth herein, Plaintiff respectfully requests this Court

28  to deny the City's motion in its entirety.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To Dismiss - Case No.: 23-cv-03579-JCS

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, individually and as the real party in interest for the Madison Trust FBO Patrick Gallagher ("Madison Trust"), filed a government claim with the City on or around September 8, 2022. FAC ¶¶ 23-25; *See also* Request for Judicial Notice in Support of Defendant's Motion to Dismiss ("RJN"), Exhibit A. The City denied Plaintiff's claim on or around October 6, 2022. FAC ¶¶ 23-25; *See also* RJN, Exhibit B.

Plaintiff, in pro per, timely filed his original Complaint against the City and various City employees and affiliates on March 16, 2023. RJN, Exhibit C. The City employees and affiliates included Defendants BERNARD CURRAN ("Curran"), RODRIGO SANTOS ("Santos"), WILLIAM HUGHEN ("Hughen"), KEVIN BIRMINGHAM ("Birmingham"), NATALIA KWAITKOWSKA ("Kwaitkowska"), and JOE DUFFY ("Duffy").

After retaining counsel of record, Plaintiff filed his FAC on June 20, 2023. In addition to the City employees and affiliates named in the original Complaint, Plaintiff also named Building Inspector, Defendant MAURICIO HERNANDEZ ("Hernandez"). FAC ¶ 15.

In summary, Plaintiff alleges the following in his FAC:

In 2018, Plaintiff, a veteran in the construction industry for over forty-five (45) years, purchased a single family home in San Francisco located at 200 Naples Street ("subject property"),with the intention of renovating and selling it. FAC ¶¶ 1, 28.

During the initial renovation process, Plaintiff was the victim of a pay-to-play fraud by City employees. FAC ¶¶ 2, 36-37. The pay-to-play fraud was known, encouraged, formulated, and tolerated by the City and targeted individuals, such as Plaintiff, who were renovating homes for re-sell. FAC ¶ 2. As part of the fraud, the City did not issue Plaintiff permits necessary to complete work, approve work that had been completed in compliance with all City ordinances, and threatened frivolous code enforcement violations unless Plaintiff agreed to use the services of certain consultants or engineers recommend to Plaintiff by the City. FAC ¶¶ 2, 30-32.

After uncovering the truth behind these deceptive practices and refusing to participate, Plaintiff spoke with the Federal Bureau of Investigation ("FBI") concerning this illegal and fraudulent scheme. FAC ¶¶ 3, 36-37. The FBI had already been conducting an investigation into

several City officials including Curran, a former Building Inspector, who specifically perpetrated this scheme against Plaintiff by forcing him to use Santos, an outside structural engineer and former employee of the City. FAC ¶¶ 3, 31-36. Curran was eventually arrested and charged with accepting gratuities as rewards for approving building permits. FAC ¶ 3.

City employees, namely Duffy, Birmingham, Hernandez, Hughen, and Kwaitkowska, close associates with both Curran and Santos, became aware and/or were under the belief that Plaintiff had discussions with the FBI concerning Curran and Santos. FAC ¶ 38. In fact, Duffy, the City's Chief Building Inspector, and Hernandez both expressed to Plaintiff that they knew he had spoken to the FBI. FAC ¶¶ 40, 44.

Due to Plaintiff's participation in the FBI's investigation and refusal to participate in the pay-to-play fraud, Plaintiff was subjected to brazen retaliation by the City including, without limitation, the discharge of and refusal to release numerous unfound, frivolous, and vindictive notices of violation, abatement orders, and enforcement liens; the revocation of valid permits; and, notably, the revocation of a valid certificate of completion that Plaintiff had received in August of 2020. FAC ¶¶ 4, 36-54.

The City has a pattern of retaliatory conduct. FAC ¶ 5. Recently, a City Planning Commissioner, who also owned an investment property in San Francisco, alleged that he was retaliated against for speaking out against the City's pay-to-play scheme. *Id*. The Commissioner alleged that he too was subjected to frivolous notices of violation and that numerous permits for his property were unjustifiably revoked. *Id*. The Commissioner settled his case against the CITY for $1.8 Million dollars. *Id*. One of the named individual defendants in his case included Building Inspector Hernandez.

The City intentionally and vindictively drew out the renovation process for the subject property for the past five (5) years. FAC ¶ 54. The subject property has been in escrow on three (3) separate occasions, two (2) of which have fallen through due to the City's retaliation and unjustified taking. FAC ¶¶ 4, 35, 39, 49-50, 53. The subject property has been in escrow for the past three (3) months and has not sold. FAC ¶¶ 6, 53.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Plaintiff has suffered and continues to suffer severe damages including, without limitation, lost profits, lost income, lost interest, expenditures for unnecessary repairs, increased taxes, severe emotional distress, and irreparable harm to reputation. FAC ¶¶ 7, 54.

The allegations in Plaintiff's FAC address the City's unlawful and wrongful conduct against Plaintiff and seeks to shed light on its practices that undermine the public trust in government and present a threat to public safety. FAC ¶ 8.

Plaintiff's FAC alleges seven causes of action against all defendants for: (1) slander of title; (2) inverse condemnation; (3) intentional interference with prospective economic relations; (4) violation of civil rights under Title 42 U.S.C. § 1983; (5) intentional infliction of emotional distress; (6) negligence; and (7) declaratory relief.

**ARGUMENT**

## I.      LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

A complaint must proffer enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In deciding a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiffs and must accept all factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. *Barker v. Riverside Cnty. Office of Ed.*, 584 F.3d 821, 824 (9th Cir. 2009).

## II.     PLAINTIFF HAS SUFFICIENTLY STATED A *MONELL* CLAIM AGAINST THE CITY

Title 42 U.S.C. § 1983 provides that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage. . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ." *Id.* A municipality is a "person"

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  under section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-5

2  (1978).

3      Municipalities may be liable under section 1983 for constitutional injuries pursuant to: (1)

4  an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline;

5  or (4) a decision or act by a final policymaker. *Horton v. City of Santa Maria*, 915 F.3d 592, 602-

6  603 (9th Cir. 2019). A plaintiff must show "deliberate action attributable to the municipality [that]

7  directly caused a deprivation of federal rights." *Board of Cty. Com'rs of Bryan County, Okl. v.*

8  *Brown*, 520 U.S. 397, 415 (1997).

9      Liability can attach if the municipality caused a constitutional violation through official

10  policy or custom, even if the constitutional violation occurs only once. *Board of Cty. Com'rs of*

11  *Bryan County, Okl.,* 520 U.S. 397, 418; *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir.1999).

12      A "policy" is "a deliberate choice to follow a course of action ... made from among various

13  alternatives by the official or officials responsible for establishing final policy with respect to the

14  subject matter in question." *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002). A municipality

15  is also liable if a policymaking official delegates his or her discretionary authority to a

16  subordinate, and the subordinate uses that discretion. *Menotti v. City of Seattle*, 409 F.3d 1113,

17  1147–48 (9th Cir. 2005); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126–27 (1988).

18      Absent a formal policy, a custom or practice can be inferred from widespread practices.

19  *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1233-34 (9th Cir. 2011).

20      Here, despite the City's contentions, Plaintiff's fourth cause of action under *Monell* has

21  sufficiently been stated.

22      Plaintiff alleges that the he was the victim of a fraudulent pay-to-play scheme perpetrated

23  by City employees. FAC ¶¶ 2-4, 36. After uncovering the truth behind the City's deceptive

24  practices and refusing to participate, Plaintiff alleges that he spoke with the Federal Bureau of

25  Investigation concerning the illegal and fraudulent scheme. FAC ¶¶ 3, 37, 88-89. Due to Plaintiff's

26  participation in the FBI investigation and his refusal to participate in the pay-to-play scheme,

27  Plaintiff alleges that he was subjected to brazen retaliation by the City. FAC ¶¶ 4, 39-54. Plaintiff

28  alleges that such retaliatory conduct was pattern, or custom. FAC ¶ 5. Plaintiff provides an

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

example of the City's recurring pattern of retaliatory behavior by citing to a recent court case involving an individual who also purchased an investment property and was also subjected to the same harm after speaking out against the City's pay-to-play scheme. *Id.*

Additionally, Plaintiff names the individual City employees responsible for the retaliation he suffered, among which include Defendant Duffy, the City's Chief Building Inspector. FAC ¶¶ 13, 44. As Chief Building Inspector, Duffy oversees the City's entire department, including all of its employees. Duffy is an official with final-policy making authority. Plaintiff specifically alleges that Duffy was directly involved in and essentially facilitated the retaliation; "DUFFY, SFDBI's Chief Building Inspector, expressed to Plaintiff during this meeting that he had no doubt that Plaintiff had spoken to the FBI concerning his dealings with CURRAN and SANTOS". FAC ¶¶ 44, 91.

Plaintiff has alleged a recurring pattern of retaliatory behavior by the City, involving the highest policymaker in one of its departments, which resulted in the deprivation of Plaintiff's right to freedom of speech guaranteed by the Constitution.

For these reasons, the City's motion to dismiss as to the fourth case of action must be denied.

## III.    PLAINTIFF'S STATE LAW CLAIMS DO NOT FAIL AS A MATTER OF LAW

### A.    Plaintiff Properly Submitted A Government Claim, Individually And As Trustee For The Madison Trust

#### i.    Plaintiff Is The Real Party In Interest And, As Such, The Madison Trust Was Not Required To Submit A Government Claim

An estate or trust is not a legal entity, and therefore has neither capacity nor standing to sue. *Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1344*; Greenspan v. LADT, LLC* (2010) 191 Cal.App.4th 486, 496*; Portico Mgmt. Group, LLC v. Harrison* (2012) 202 Cal.App.4th 464, 474. Title to estate or trust assets is held by the executor, administrator or trustee, on behalf of the beneficiaries. The executor, administrator, or trustee is the real party-in-interest with respect to the claims of an estate or trust, and in most cases may sue on claims without joining the beneficiaries

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  of the estate or trust. Cal. Civ. Proc. Code § 369(a); *O'Flaherty v. Belgum* (2004) 115 Cal. App.

2  4th 1044, 1062.

3     Where the same persons are both the trustees and the beneficiaries of a trust, they may sue

4  in their own name without mentioning the trust. *Hassoldt v. Patrick Media Group, Inc.* (2000) 84

5  Cal.App.4th 153, 170 (abrogation on other grounds recognized by *People v. Rogers* (2013) 57

6  Cal.4th 296, 330).

7     Here, despite the City's contentions, the Madison Trust was not required to submit a

8  government claim because it has neither capacity nor standing to sue.

9     Plaintiff is the trustee of the Madison Trust. FAC ¶ 9. Plaintiff is the real party in interest

10 for any claims held by the trust. Plaintiff properly submitted a government claim on or around

11 September 8, 2022. FAC ¶¶ 23-25; RJN, Exhibit A.

12     For these reasons, the City's motion to dismiss as to the first (slander of title), third

13 (intentional interference with prospective economic relations), fifth (intentional infliction of

14 emotional distress), and sixth (negligence) causes of action must be denied.

15          **ii.    Notwithstanding The Above, Madison Trust FBO Patrick Gallagher**

16          **Substantially Complied With The Government Claim Act**

17     California Government Code § 910 "identifies the information a proper notice of claim

18 should include to enable a public entity to investigate and evaluate the claim. . ." *Phillips v. Desert*

19 *Hospital Dist.* (1989) 49 Cal.3d 699, 706. The claim shall be presented by the claimant or by a

20 person acting on his or her behalf. Cal. Gov't Code § 910. The claim must at least "make it readily

21 discernible by the entity that the intended purpose thereof is to convey the assertion of a

22 compensable claim against the entity which, if not otherwise satisfied, will result in litigation."

23 *Green v. State Center Community College Dist.* (1995) 34 Cal.App.4th 1348, 1358.

24      "Because the claims statute is designed to give a public entity 'notice sufficient for it to

25 investigate and evaluate the claim … the statute should not be applied to snare the unwary where

26 its purpose is satisfied." *Stockett v. Association of Cal. Water Agencies Joint Powers Ins.*

27 *Authority* (2004) 34 Cal.4th 441, 446.

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

"[C]laims are not required to be technically perfect." *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1234. "Where a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim 'if it substantially complies with all of the statutory requirements… even though it is technically deficient in one or more particulars." *Sparks v. Kern County Bd. of Supervisors* (2009) 173 Cal.App.4th 794, 800. "The test for substantial compliance is whether the face of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation." *Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38.

"[I]n considering whether a claim substantially complies with the Government Claims Act, the claim should be viewed in its entirety and a determination made as to whether the claim is susceptible to an interpretation that reasonably enables the public entity to make an adequate investigation and settle the claim." *Id.* at 40.

Here, Madison Trust FBO Patrick Gallagher, through its trustee, substantially complied with the Government Claim Act.

Plaintiff submitted a government claim on or around September 13, 2022. FAC ¶¶ 23-25; RJN, Exhibit A. Although Plaintiff did not identify the Madison Trust by name in the claim, Plaintiff, as its trustee, submitted the claim on the trust's behalf. The claim specifically identifies the trust's property located at 200 Naples Street which is the subject of the lawsuit and details the damages sustained thereto as result of the City's retaliation. *Id.*

Although not technically perfect in one aspect of its presentation, the claim gave the City more than sufficient notice enabling it to conduct an adequate investigation. Notably, the claim specifies that the City's retaliation involved, among other things, violations, applications, building permits, and drawings related to the subject property under its purview. *Id.* A cursory search of records or information related to the claim would have revealed the name of the trust.

The claim adequately discloses sufficient information putting the City on notice of a compensable claim by the trust against the City.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

For these reasons, the City's motion to dismiss as to the first (slander of title), third (intentional interference with prospective economic relations), fifth (intentional infliction of emotional distress), and sixth (negligence) causes of action must be denied.

**B.**     <u>**Plaintiff Has Standing To Pursue His State Law Claims In His Individual**</u>
          <u>**Capacity**</u>

Here, although difficult to discern, the City's contentions concerning Plaintiff's standing to sue in his individual capacity are trivial and misguided. As discussed in section III(A)(i) above, Plaintiff brought suit against the City as an individual and as trustee for the Madison Trust. FAC ¶ 9. The subject property is held by Plaintiff as trustee on behalf of the beneficiary, also Plaintiff.

Plaintiff has standing to pursue his state law claims as a trustee to recover economic damages suffered on behalf of the beneficiary of the trust – Plaintiff – and seek equitable relief. See *Galdjie, supra,* 113 Cal.App.4th 1331, 1344*; Greenspan, supra,* 191 Cal.App.4th 486, 496*; Portico Mgmt. Group, LLC, supra,* 202 Cal.App.4th 464, 474; Cal. Civ. Proc. Code § 369(a); *O'Flaherty, supra,* 115 Cal. App. 4th 1044, 1062; and *Hassoldt, supra,* 84 Cal.App.4th 153, 170. Plaintiff, likewise, can pursue his state law claims in an individual capacity to recover for non-economic damages allowable under some of his state law claims, ie. intentional infliction of emotional distress and negligence.

Plaintiff has standing to sue the City under state law claims in various capacities.

For these reasons, the City's motion to dismiss as to the first (slander of title), second (inverse condemnation), third (intentional interference with prospective economic relations), sixth (negligence), and seventh (declaratory relief) causes of action must be denied.

**C.**     <u>**Plaintiff's State Law Claims Are Ripe**</u>

**i.**     **Plaintiff's State Law Claims Are Premised On Multiple Allegations**
          **And Seek Monetary Damages, Not Just Equitable Relief**

The City's argument that Plaintiff's claims are not ripe for judicial adjudication fails to consider the other allegations and requested remedies in the FAC.

Plaintiff's first (slander of title), second (inverse condemnation), third (intentional interference with prospective economic relations), fifth (intentional infliction of emotional

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To Dismiss - Case No.: 23-cv-03579-JCS

distress), and sixth (negligence) causes of action are premised on multiple allegations and seek economic and non-economic damages, not just relief related to "discretionary" administrative regulations. FAC ¶¶ 65-66, 75-75, 83-84, 102-103, 109-110.

Plaintiff's allegations are not limited to one specific permit and notice of violation preventing sale of the subject property. Beginning nearly five (5) years ago, Plaintiff's allegations against the City include multiple instances of fraud; threats; harassment; retaliation; wrongful conduct; false claims; intentional delays; the discharge of and refusal to release numerous unfound, frivolous, and vindictive notices of violation, abatement orders, and enforcement liens; revocation of valid permits; and, notably, the revocation of a valid certificate of completion. FAC ¶¶ 4, 36-54. Plaintiff's claims include economic and non-economic damages, including lost profits, lost income, and unnecessary expenditures attributable to the City's wrongful conduct. FAC ¶¶ 65-66, 75-75, 83-84, 102-103, 109-110.

For these reasons, the City's motion to dismiss as to Plaintiff's state law claims must be denied.

### ii.     Plaintiff Properly Sought Administrative Relief Concerning The City's Regulation Of The Subject Property Which Was Summarily Denied

A takings claim is not ripe until land use regulators have been presented with a specific development proposal and have made a final and authoritative determination of the type and intensity of development legally permitted on the subject property. *MacDonald, Sommer & Frates v. Yolo*, 477 U.S. 340, 348-349 (1986); *Calprop Corp. v. San Diego* (2000) 77 Cal.App.4th 582, 599.

Here, Plaintiff sought relief from the appropriate administrative channels concerning the City's regulation of the subject property.

After the City wrongfully revoked Plaintiff's certificate of completion and issued unfound notices of violation, Plaintiff contacted the City's Board of Supervisors for help in 2021. FAC ¶¶ 39-43. The Board facilitated a meeting between Plaintiff and the Department of Building Inspection where Plaintiff was able to present his case to Duffy, the City's Chief Building

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Inspector, concerning the unreasonable and excessive regulation of the subject property. FAC ¶ 44. Plaintiff's appeal was categorically rejected and rebuked. *Id*.

Plaintiff properly sought administrative relief that was denied.

For these reasons, the City's motion to dismiss as to Plaintiff's state law claims must be denied.

### iii.    Any Further Administrative Adjudication Would Be Futile

An exception to the ripeness requirement known as the "futility exception" exists where there is certainty as to the land's permitted use because, for example, the permissible uses of the property have already been made known to a reasonable degree of certainty and, thus, exhaustion of state remedies would be idle or futile. *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 255.

The "futility exception" to the ripeness doctrine relieves a developer from submitting multiple applications when the manner in which the first application was rejected makes it clear that no project will be approved. *Milagra Ridge Partners, Ltd. v. City of Pacifica* (1998) 62 Cal.App.4th 108, 120, citing *Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498 (1990). When the regulatory authority has "drawn the line" clearly and emphatically as to the permissible use of the property, the developer is not required to submit additional development applications. *Toigo v. Town of Ross* (1998) 70 Cal.App.4th 309, 325-326, citing *Hoehne v. County of San Benito,* 870 F.2d 529, 533 (1989).

Here, any further administrative adjudication would be futile.

As noted above, Plaintiff sought relief from the Board of Supervisors and the Department of Building Inspection concerning the City's regulation of the subject property back in 2021. FAC ¶ 44. Plaintiff presented evidence showing that the subject property had already received a certificate of completion and that the City's regulation was unreasonable and excessive. *Id*. The City dismissed Plaintiff's concerns and ignored the validity of his claims. *Id*. Notably, Duffy, the Chief Building Inspector, expressed to Plaintiff during this meeting that he knew Plaintiff had spoken to the FBI concerning his dealings with Curran and Santos. *Id*.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

The City's unjustified denial of Plaintiff's claims and its brazen admission to the collaborated retaliatory efforts against him, certainly show that any further administrative adjudication would be completely futile with respect to any project concerning the subject property. Plaintiff cannot seek relief from those who are complicit in the wrongful acts committed against him.

For these reasons, the City's motion to dismiss as to Plaintiff's state law claims must be denied.

**D.     The City Is Not Immune From Plaintiff's Claims For State Law Damages**

      **i.     California Government Code Sections 818.4 And 821.2 Are Inapplicable As The Acts Of The City's Employees Were Non-Discretionary**

A public entity is vicariously liable for the tortious acts of its employees, unless the employees themselves are immune. Cal. Gov. Code § 815.2(a).

California Government Code sections 818.4 and 821.2 provide immunities for public entities and their employees for injuries caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked.

The immunity applies only to discretionary activities. *Richards v. Dep't of Alcoholic Beverages Control* (2006) 139 Cal.App.4th 304, 318; *Thompson v. City of Lake Elsinore* (1993) 18 Cal.App.4th 49 (where the Court held that building officials were not entitled to governmental immunity for failing to issue certificate of occupancy for renovated building, where building owner alleged that she had complied with every applicable regulation necessary to obtain certificate, so that building officials retained no further discretion to withhold it).

In *Johnson v. State of California* (1968) 69 Cal.2d 782, the court established a "'workable definition' of immune discretionary acts," which "draws the line between 'planning' and 'operational' functions of government." *Conway v. County of Tuolumne* (2014) 231 Cal.App.4th

- 12 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1005, 1014, citing *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 981. There is no basis for immunizing lower-level, or 'ministerial,' decisions that merely implement a basic policy already formulated. *Johnson v. State of California* (1968) 69 Cal.2d 782, 796.

"A "discretionary act" requires "personal deliberation, decision and judgment". . ." *Roger v. County of Riverside* (2020) 44 Cal.App.5th 510, 528, citing *Johnson, supra*, 69 Cal.2d 782, 788. Immunity applies only to deliberate and considered policy decisions, in which a "[conscious] balancing [of] risks and advantages ... took place. The fact that an employee normally engages in "discretionary activity" is irrelevant if, in a given case, the employee did not render a considered decision". *Caldwell, supra,* 10 Cal.4th 972, 981, citing *Johnson, supra*, 69 Cal.2d at 795.

Discretionary immunity does not apply when public policy dictates against immunity. *Conway, supra,* 231 Cal.App.4th 1005, 1015, citing *Gillan v. City of San Marino* (2007) 147 Cal.App.4th 1033, 1047 (where the Court held that immunity did not apply to police officer who decided to arrest an individual when there was no probable cause to do so).

The determination whether an act is discretionary must be made on a case by case basis in light of the policy considerations relevant to the purposes of granting immunity. *Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 631 (where mandatory statutory language may not have been intended to foreclose an exercise of discretion); *Johnson* at 789–90; *Saltares v. Kristovich* (1970) 6 Cal.App.3d 504, 515; *Nurse v. United States*, 226 F.3d 996, 1000–02 (9th Cir. 2000) (promulgation of regulations is usually discretionary but not when regulations violate legal mandate).

Statute shielding public entities from liability for injury caused by action on permit or license application does not shield government from liability in inverse condemnation action. *Patrick Media Group, Inc. v. California Coastal Com.* (1992) 9 Cal.App.4th 592, 603-604.

Here, despite the City's contentions, California Government Code sections 818.4 and 821.2 do not apply as the acts of the City employees were non-discretionary and providing such immunity goes against public policy.

Plaintiff alleges that he was subjected to brazen retaliation by the City in violation of his rights. Such retaliation included, without limitation, the discharge of and refusal to release

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 13 -

numerous unfound, frivolous, and vindictive notices of violation, abatement orders, and enforcement liens; the revocation of valid permits; and, notably, the revocation of a valid certificate of completion. FAC ¶¶ 4, 36-54. Plaintiff alleges that the City's conduct was unlawful, wrongful, intentional, punitive, and *non-discretionary*. FAC ¶¶ 8, 55.

The acts of the City employees were not discretionary and not driven by policy considerations. Discretionary acts require personal deliberation, decision, and judgment where a conscious balancing of risks and advantages take place. Plaintiff alleges that City employees did the exact opposite – they abused their governmental positions to retaliate against Plaintiff by intentionally and unlawfully encumbering his property with baseless and erroneous regulations. The City employees intentionally retaliated against Plaintiff using their operational, non-policy driven functions within the Department of Building Inspection as a cover. The fact that the City employees may have discretionary authority or engage in discretionary activity as a part of their regular duties and responsibilities is of no significance if, in this case, they intentionally cause harm and do not render considered decisions.

Additionally, such unlawful conduct by government employees completely goes against public policy and does not support providing immunity. Legislative intent behind these immunities did not seek to shield fraudulent and illegal behavior by the government.

Moreover, the City's purported immunities do not shield them from liability for Plaintiff's inverse condemnation claim.

For these reasons, the City's motion to dismiss all damages sought pursuant to Plaintiff's state law claims must be denied.

### ii. California Government Code Section 818.8 Is Inapplicable As Plaintiff's Claims Fall Outside The Scope Of The Intended Immunity

"A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." Gov. Code, § 818.8.

The word "misrepresentation" under Government Code section 818.8 "potentially lends itself to extremely expansive and elusive interpretations." *Johnson, supra,* 69 Cal.2d 782, 799. To

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    avoid "this potential quagmire," the California Supreme Court has interpreted "'misrepresentation'

2    " to apply only to "interferences with financial or commercial interest[s]" arising out of the

3    common law concept of deceit. *Id* at 800. "'Misrepresentation' " does not include "the general

4    milieu of negligent and intentional wrongs...." *City of Costa Mesa v. D'Alessio Investments, LLC*

5    (2013) 214 Cal.App.4th 358, 383, citing *Johnson* at 800.

6            California law narrowly only recognizes four forms of deceit: intentional

7    misrepresentation, negligent misrepresentation, concealment, and failure to perform a promise.

8    *Finch Aerospace Corp. v. City of San Diego* (2017) 8 Cal.App.5th 1248, 1252-1253. These forms

9    of deceit are each their own separate causes of action. "Unless the Legislature has clearly provided

10   for immunity, the important societal goal of compensating injured parties for damages caused by

11   willful or negligent acts must prevail." *Milligan v. City of Laguna Beach* (1983) 34 Cal.3d 829,

12   835.

13          The immunities provided by section 818.8 do not apply to slander of title, trade libel,

14   intentional interference based on false statements to third parties, and other claims under the

15   common law tort of disparagement or injurious falsehood, as they are not included within the

16   deceit rubric. *City of Costa Mesa, supra,* 214 Cal.App.4th 358, 383.

17          The immunities provided by the Tort Claims Act do not insulate a public entity from

18   liability for inverse condemnation; the constitutional provisions requiring compensation for

19   property taken or damaged by a public use overrides the Tort Claims Act and its statutory

20   immunities. *Pacific Bell v. City of San Diego* (2000) 81 Cal.App.4th 596, 602-603.

21          Here, despite the City's contentions, California Government Code section 818.8 does not

22   apply as Plaintiff's claims fall outside the scope of the intended immunity.

23          First, Plaintiff's first (slander of title) and third (intentional interference with prospective

24   economic relations) causes of action are claims based on disparagement or injurious falsehood,

25   specifically excluded from the immunities provided by section 818.8 as they do not involve

26   "misrepresentations" provided for and defined by the California Supreme Court.

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Second, Plaintiff's second cause of action for inverse condemnation is governed by constitutional provisions which override the statutory immunities provided under the Tort Claims Act.

Third, Plaintiff's fifth (intentional infliction of emotional distress) and sixth (negligence) causes of action are not based on misrepresentations or concealments intended to deceive Plaintiff. Plaintiff was subjected to intentional, reckless, and unlawful retaliation by the City, that not only resulted in financial harm, but also severe emotional distress and reputational harm. FAC ¶¶ 4, 36-54, 100. The City's conduct, as alleged, is general intentional and negligent wrongs committed against him that do not fit within the common law concept of deceit. Plaintiff very well could have included separate causes of action for intentional or negligent misrepresentation, of which the immunities would apply, but did not.

Last, section 818.8 does not apply to Plaintiff's seventh cause of action for declaratory relief. Declaratory relief operates here as an alternative remedy to prospectively declare future rights concerning pending issues preventing the subject property from being sold.

For these reasons, the City's motion to dismiss all damages sought pursuant to Plaintiff's state law claims must be denied.

**E.    Plaintiff Has Clearly Alleged A Viable Inverse Condemnation Claim Against The City**

A regulatory taking is a form of inverse condemnation. The state and federal Constitutions prohibit government from taking private property for public use without just compensation. *Kavanau v. Santa Monica Rent Control Bd.* (1997) 16 Cal.4th 761, 773, citing Cal. Const., art. I, § 19; U.S. Const., 5th Amend; and *Chicago, Burlington & Q.R. Co. v. Chicago*, 166 U.S. 226, 239 (1867) (applying the federal takings clause to the states). A regulation of property that "goes too far" may effect a taking of that property, though its title remains in private hands. *Kavanau, supra,* 16 Cal.4th 761, 773. When the regulation denies the owner economically productive use of the owner's property for its customary use, the regulation goes too far. *Id* at 795. In such a case, the property owner may bring an inverse condemnation action, and if it prevails, the regulatory agency must either withdraw the regulation or pay just compensation. *Id* at 773.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

A regulation of property "effects a taking if [it] does not substantially advance legitimate state interests." *Id* at 776.

Here, despite the City's contentions, Plaintiff has clearly alleged a viable inverse condemnation claim against the City.

Plaintiff alleges that the City unconstitutionally retaliated against him and unlawfully took his property by discharging and refusing to release numerous unfound, frivolous, and vindictive notices of violation, abatement orders, and enforcement liens; revoking valid permits; and, notably, revoking a valid certificate of completion. FAC ¶¶ 4, 36-54, 70. Plaintiff alleges that the City's wrongful conduct has resulted in two (2) failed attempts to sell the subject property, and will likely result in a third. FAC ¶¶ 4, 6, 35, 39, 49-50, 53. Plaintiff alleges that the City's acts fail to advance a legitimate state interest and deprived him of the viable use and value of his property interest. FAC ¶ 73. The City's vindictive regulation, as alleged, obviously "goes too far".

Additionally, the City's reliance on the *Golden Gate Water Ski Club v. County of Contra Costa* case is inapposite and fails to address the rulings in *Healing v. California Coastal Com.* (1994) 22 Cal.App.4th 1158 and *McDougal v. County of Imperial*, 942 F.2d 668 (9th Cir. 1991), both of which *Golden Gate* cites to in its opinion: "[T]he mere fact that the regulation at issue has a legitimate public purpose is not a sufficient reason to deny compensation to the property owner whose land is rendered useless by the regulation. Instead, the agency's obligation to pay just compensation is to be determined by a balancing of the competing interests articulated in *Lucas* and *McDougal*." *Healing v. California Coastal Com.* (1994) 22 Cal.App.4th 1158, 1174-1175. "To resolve this issue, evidence must be considered. 'The legitimacy of the public interest involved, how much it is furthered by the regulatory actions at issue, the extent of the public benefit obtained or expected, and the degree that the [owner's] property rights and reasonable investment-backed expectations have been impaired are all factors which lie at the heart of the takings inquiry.'" *Healing, supra,* 22 Cal.App.4th 1158, 1174, citing *McDougal v. County of Imperial,* 942 F.2d 668, 680 (9th Cir. 1991).

For these reasons, the City's motion to dismiss Plaintiff's second cause of action for inverse condemnation must be denied.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 17 -

F.    **Plaintiff Has Alleged A Statutory Basis Against The City For Intentional Interference With Prospective Economic Advantage**

"A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative" *Lawson v. Superior Court* (2010) 180 Cal.App.4th 1372, 1388, citing Gov. Code, § 815.2 (a).

Here, Plaintiff specifically alleges that the City and its employees are liable to Plaintiff pursuant to Government Code section 815.2(a). FAC ¶ 26.

For these reasons, the City's motion to dismiss Plaintiff's third cause of action for intentional interference with prospective economic advantage must be denied.

G.    **Plaintiff Has Alleged A Statutory Basis Against The City For Intentional Infliction Of Emotional Distress**

"A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative" *Lawson, supra,* 180 Cal.App.4th 1372, 1388, citing Gov.Code, § 815.2 (a).

Here, Plaintiff specifically alleges that the City and its employees are liable to Plaintiff pursuant to Government Code section 815.2(a). FAC ¶ 26. Additionally, Plaintiff brings this cause of action in his individual capacity, not on behalf of the Madison Trust.

For these reasons, the City's motion to dismiss Plaintiff's third cause of action for intentional infliction of emotional distress must be denied.

H.    **Plaintiff Has Alleged A Statutory Basis Against The City For Negligence**

"A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative" *Lawson, supra,* 180 Cal.App.4th 1372, 1388, citing Gov. Code, § 815.2 (a).

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Here, Plaintiff specifically alleges that the City and its employees are liable to Plaintiff pursuant to Government Code section 815.2(a). FAC ¶ 26.

For these reasons, the City's motion to dismiss Plaintiff's sixth cause of action for negligence must be denied.

## IV.   IF THIS COURT FINDS THAT PLAINTIFF HAS NOT SUFFICIENTLY PLEAD ONE OR MORE CLAIMS, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey,* 353 F.3d 750, 758 (9th Cir. 2003).

Plaintiff believes that the allegations in the FAC are sufficient to survive a motion to dismiss. However, if this Court is inclined to grant the motion in whole or in part, this Court should grant Plaintiff leave to amend the FAC so he may cure any defects.

## CONCLUSION

For the reasons above, the City's motion to dismiss should be denied in its entirety.

Dated:  September 29, 2023                    **CALLAHAN & BLAINE, APLC**


                                        By:    */s/ Jonathan W. Hornberger*
                                               Javier H. van Oordt
                                               Jonathan W. Hornberger
                                               Attorneys for Plaintiff PATRICK
                                               GALLAGHER

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM