1  **CALLAHAN & BLAINE, APLC**
   Javier H. van Oordt (Bar No. 184879)
2  Jonathan W. Hornberger (Bar No. 311144)
   3 Hutton Centre Drive, Ninth Floor
3  Santa Ana, California 92707
   Telephone: (714) 241-4444
4  Facsimile: (714) 241-4445
   Email: jvo@callahan-law.com
5          jhornberger@callahan-law.com

6  Attorneys for Plaintiff PATRICK GALLAGHER

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 PATRICK GALLAGHER,                    Case No: 23-cv-03579-SI

12            Plaintiff,                 Judge: Hon. Susan Illston

13     vs.                               **SECOND AMENDED COMPLAINT FOR:**

14                                        1. **SLANDER OF TITLE**
   CITY AND COUNTY OF SAN
15 FRANCISCO, BERNARD CURRAN,            2. **INVERSE CONDEMNATION**
   RODRIGO SANTOS, WILLIAM
16 HUGHEN, KEVIN BIRMINGHAM,             3. **INTENTIONAL INTERFERENCE**
   NATALIA KWAITKOWSKA, AND JOE             **WITH PROSPECTIVE**
17 DUFFY,                                   **ECONOMIC RELATIONS**

18            Defendants.                4. **VIOLATION OF CIVIL RIGHTS,**
                                            **42 U.S.C. § 1983**
19
                                         5. **INTENTIONAL INFLICTION OF**
20                                          **EMOTIONAL DISTRESS**

21                                       6. **NEGLIGENCE**

22                                       7. **DECLARATORY RELIEF**

23                                       **DEMAND FOR JURY TRIAL**

24

25        Plaintiff PATRICK GALLAGHER, as an individual and as trustee for the Madison Trust

26 FBO Patrick Gallagher, hereby alleges as follows:

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

**INTRODUCTION**

1.　　In 2018, Plaintiff PATRICK GALLAGHER ("Plaintiff"), a veteran in the construction industry for over forty-five (45) years, purchased a single family home in San Francisco with the intention of renovating and selling the property.

2.　　During the initial renovation process, Plaintiff was the victim of a pay-to-play fraud by employees of Defendant CITY AND COUNTY OF SAN FRANCISCO ("CITY").  The pay-to-play fraud was known, encouraged, formulated, and tolerated by the CITY and targeted individuals, such as Plaintiff, who were renovating homes for re-sell.  As part of the fraud, the CITY would not issue Plaintiff permits necessary to complete work, would not approve work that had been completed in compliance with all CITY ordinances, and threatened frivolous code enforcement violations unless Plaintiff agreed to use the services of certain consultants or engineers recommended to Plaintiff by the CITY.

3.　　After uncovering the truth behind these deceptive practices and refusing to participate, Plaintiff spoke with the Federal Bureau of Investigation concerning this illegal and fraudulent scheme. The FBI had already been conducting an investigation into several CITY officials including Defendant BERNARD CURRAN ("CURRAN"), former Building Inspector for San Francisco's Department of Building Inspection ("SFDBI"), who specifically perpetrated this scheme against Plaintiff. CURRAN was eventually arrested and charged with accepting gratuities as rewards for approving building permits.

4.　　Due to Plaintiff's participation in the FBI's investigation and refusal to participate in the pay-to-play fraud, Plaintiff was subjected to brazen retaliation by SFDBI employees and other CITY officials. Such retaliation included, without limitation, issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a certificate of completion. The subject property has been in escrow on three (3) separate occasions, all of which have fallen through due to the CITY's retaliation and unjustified taking.

5.　　The CITY has a pattern, custom, and/or practice of retaliatory conduct against those who speak out against wrongful and illegal actions. Namely, much like the facts in this case, a

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CITY Planning Commissioner, who also owned an investment property in San Francisco, recently filed suit alleging that he was retaliated against by SFDBI employees after making complaints and speaking out against its pay-to-play scheme and corrupt practices. The Commissioner alleged that after he called on the City Attorney to conduct an investigation, SFDBI employees riddled the Commissioner's property with erroneous complaints, unnecessary inspections, unwarranted notices of violation, and revoked nine (9) permits, all related to completed work that had already been approved, permitted, and inspected by SFDBI. The retaliation caused the value of the Commissioner's property to depreciate and caused other significant damages. The Commissioner named Defendant MAURICIO HERNANDEZ ("HERNANDEZ"), a SFDBI Building Inspector, as a defendant in his case, alleging that he was one of the employees who retaliated against him. The Commissioner settled his case against the CITY for $1.8 Million dollars.

6.      As of the filing of this Complaint, the subject property has been in escrow on three (3) occasions and has not sold as a result of the CITY's retaliation and unjustified taking.

7.      Plaintiff has suffered and continues to suffer severe damages including, without limitation, lost profits, lost income, lost interest, expenditures for unnecessary repairs, increased taxes, severe emotional distress, and irreparable harm to reputation.

8.      This Complaint addresses the CITY's unlawful and wrongful conduct against Plaintiff and seeks to shed light on its practices that undermine the public trust in government and present a threat to public safety.

**PARTIES**

9.      At all relevant times, Plaintiff PATRICK GALLAGHER ("Plaintiff") is and was a resident of the County of San Francisco, State of California. Plaintiff brings this action individually and as trustee for the Madison Trust FBO Patrick Gallagher.

10.      Plaintiff is informed, believes, and based thereon alleges that at all relevant times, Defendant CITY AND COUNTY OF SAN FRANCISCO ("CITY") is and was a public entity duly organized and existing under and by virtue of the laws of the State of California.  The San Francisco Department of Building Inspection ("SFDBI") is the CITY's agency responsible for issuing permits and overseeing the enforcement of state and local building codes and regulations.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   Employees of the SFDBI are local officials of the CITY.

2        11.    Plaintiff is informed, believes, and based thereon alleges that at all relevant times,

3   Defendant BERNARD CURRAN ("CURRAN") is and was a resident of the County of San

4   Francisco, State of California and was employed by the CITY as a Building Inspector with the

5   SFDBI. At all times, he was acting individually and/or within the course and scope of his

6   employment with the CITY.

7        12.    Plaintiff is informed, believes, and based thereon alleges that at all relevant times,

8   Defendant RODRIGO SANTOS ("SANTOS") is and was a resident of the County of San

9   Francisco, State of California and was a former employee of the CITY.

10       13.    Plaintiff is informed, believes, and based thereon alleges that at all relevant times,

11  Defendant JOE DUFFY ("DUFFY") is and was a resident of the County of San Francisco, State of

12  California and was employed by the CITY as the Deputy Director of SFDBI. At all times, he was

13  acting individually and/or within the course and scope of his employment with the CITY.

14       14.    Plaintiff is informed, believes, and based thereon alleges that at all relevant times,

15  Defendant KEVIN BIRMINGHAM ("BIRMINGHAM") is and was a resident of the County of

16  San Francisco, State of California and was employed by the CITY as a Building Inspector with the

17  SFDBI. At all times, he was acting individually and/or within the course and scope of his

18  employment with the CITY.

19       15.    Plaintiff is informed, believes, and based thereon alleges that at all relevant times,

20  Defendant MAURICIO HERNANDEZ ("HERNANDEZ") is and was a resident of the County of

21  San Francisco, State of California and was employed by the CITY as a Building Inspector with the

22  SFDBI. At all times, he was acting individually and/or within the course and scope of his

23  employment with the CITY.

24       16.    Plaintiff is informed, believes, and based thereon alleges that at all relevant times,

25  Defendant WILLIAM HUGHEN ("HUGHEN") is and was a resident of the County of San

26  Francisco, State of California and was employed by the CITY as a Senior Planner with San

27  Francisco Planning. At all times, he was acting individually and/or within the course and scope of

28  his employment with the CITY.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Second Amended Complaint - Case No.: 23-cv-03579-SI

17.     Plaintiff is informed, believes, and based thereon alleges that at all relevant times, Defendant NATALIA KWAITKOWSKA ("KWAITKOWSKA") is and was a resident of the County of San Francisco, State of California and was employed by the CITY as a Principal Planner with San Francisco Planning. At all times, he was acting individually and/or within the course and scope of his employment with the CITY.

18.     Plaintiff is ignorant of the true names and capacities of defendants sued in this Complaint as DOES 1 through 100, inclusive, and therefore Plaintiff sues these defendants by these fictitious names.  Plaintiff is informed, believes, and thereon alleges that each of the defendants designated herein as a DOE negligently, carelessly, and tortiously is responsible in some manner for the events and happenings herein referred to and proximately caused injury and damages to Plaintiff as herein alleged.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

19.     Plaintiff is informed, believes, and based thereon alleges that, at all times herein mentioned, Defendants CITY, DUFFY, CURRAN, SANTOS, BIRMINGHAM, HERNANDEZ, HUGHEN, KWAITKOWSKA, and DOES 1 through 100, inclusive, and each of them, were the agents, servants, representatives, employees, and employers of each remaining defendant, and in doing the things alleged in this Complaint, were acting within the course, scope, and purpose of said agency and employment and in said capacity.

20.     Defendants CITY, DUFFY, CURRAN, SANTOS, BIRMINGHAM, HERNANDEZ, HUGHEN, KWAITKOWSKA, and DOES 1 through 100, inclusive, at times hereinafter shall be collectively referred to as "Defendants".

## JURISDICTION AND VENUE

21.     Plaintiff filed his original Complaint in the Superior Court, State of California in and for the County of San Francisco. Plaintiff maintained that the Superior Court had jurisdiction over this action and the venue was proper pursuant to *California Code of Civil Procedure* § 395.5 in that the conduct took place in the County of San Francisco, the work on the home was to be performed in the County of San Francisco, the property at the center of this dispute is located in the County of San Francisco, and the amount in controversy is more than $25,000.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

22.     CITY removed this action to its current venue, the United States District Court, Northern District of California on July 19, 2023, pursuant to 28 U.S.C. §§ 1441 and 1446.

## SATISFACTION OF GOVERNMENT CLAIMS ACT REQUIREMENTS

23.     Plaintiff has complied with all applicable government claims act requirements.

24.     Plaintiff timely presented a claim for damages to CITY on or about September 8, 2022, within six (6) months of the incidents giving rise to this litigation. On or about October 6, 2022, CITY served a written rejection of Plaintiff's claim.

25.     Thus, this action has been filed within the allowable time limit.

## PUBLIC ENTITY LIABILITY

26.     Defendants and DOES 1 through 100, inclusive, are liable to Plaintiff pursuant to, without limitation, *Government Code* § 815.2(a).

## FACTUAL ALLEGATIONS

27.     Plaintiff alleges the following upon reasonable information and belief and without limitation:

28.     For the past twelve (12) years, Plaintiff, a veteran of the construction industry for over forty-five (45) years, has been involved in the business of purchasing and renovating homes. It was this type of business that he was involved in when he purchased a single family home through his trust, the Madison Trust FBO Patrick Gallagher, in or around the summer of 2018, located at 200 Naples Street, San Francisco, California 94112 ("subject property" or "property").

29.     The subject property was originally built in 1907 and is the only sub-dividable or expandable lot in the neighborhood with the best views. The property was in need of a large amount of repairs.

30.     Once Plaintiff started the renovation process, SFDBI inspectors, including Philip Saunders, routinely showed up to the subject property threatening Plaintiff and his workers with code enforcement violations for standard work that was being performed. The unwarranted threats and harassment from SFDBI got significantly worse, such that two (2) of Plaintiff's employees were forced to quit.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

31. To begin substantive work on the property, Plaintiff needed to obtain an all-encompassing permit from the CITY. CURRAN, an SFDBI Building Inspector at the time, told Plaintiff that in order to obtain the permit and begin the full renovation process, Plaintiff needed to hire a structural engineer for the project. Plaintiff was confused and disagreed with CURRAN, stating that a structural engineer for a two-story single family home was completely unnecessary. Nevertheless, CURRAN insisted that Plaintiff hire a structural engineer or the permit would not be granted. What's more, Curran insisted that Plaintiff hire SANTOS, a former SFDBI employee who was now operating a business that specialized in structural engineering. To ensure the permit would be issued and to move the already delayed project along, Plaintiff complied with CURRAN's mandate and hired SANTOS.

32. Work that was supposed to take approximately two (2) weeks turned into ten (10) months. SANTOS continually delayed the project and kept demanding more money from Plaintiff for specious and unnecessary work. By the time SANTOS had completed his drawings for the project, they were completely wrong and called for more work than was necessary for a home that size. Plaintiff at this point had paid SANTOS approximately $13,000 in fees and wasted a significant amount of time and resources for work that was essentially useless. Consequently, Plaintiff fired SANTOS and hired a different firm that was unaffiliated with SFDBI. The new firm completed the work in approximately two (2) weeks for a fraction of the cost.

33. After the significant delay, Plaintiff was issued the all-encompassing permit in or around June of 2019 and began the main renovation process.

34. In or around August of 2020, the project was complete and CURRAN issued Plaintiff a signed certificate of completion.

35. In or around May of 2021, Plaintiff entered into an agreement to sell the subject property and it went into escrow.

36. At or around this time, the Federal Bureau of Investigation was conducting an investigation into CURRAN and SANTOS related to, among other things, an illegal "pay to play" scheme. CURRAN was forced to resign from SFDBI due to the investigation.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

Second Amended Complaint - Case No.: 23-cv-03579-SI

37.     At or around this time, Plaintiff was contacted by the Federal Bureau of Investigation, discussing his dealings with CURRAN and SANTOS concerning the apparent scheme that was perpetrated against him.

38.     At or around this time, the CITY, namely DUFFY, BIRMINGHAM, HERNANDEZ, HUGHEN, and KWAITKOWSKA, close associates with both CURRAN and SANTOS, became aware and/or were under the belief that Plaintiff had discussions with the FBI concerning CURRAN and SANTOS.

39.     Approximately four (4) days prior to escrow closing on the subject property, SFDBI issued Plaintiff a notice of violation for an expired permit and an illegal downstairs unit. The taxes on the property were also raised. SFDBI falsely claimed that the certificate of completion that CURRAN signed never got filed correctly and was now void. SFDBI also falsely claimed that a realtor had reported the illegal downstairs unit after discovering it at an open house, despite the fact that Plaintiff never held an open house and did not intend for the space to be used as an additional dwelling unit. SFDBI told Plaintiff that the entire property would need to be re-inspected and approved. Escrow did not close and the sale of the subject property fell through. The CITY's retaliation against Plaintiff and its unjustified taking of the subject property had begun.

40.     The CITY has a pattern, custom, and/or practice of retaliatory conduct against those who speak out against wrongful and illegal actions. Namely, much like the facts in this case, a CITY Planning Commissioner, who also owned an investment property in San Francisco, recently filed suit alleging that he was retaliated against by SFDBI employees after making complaints and speaking out against its pay-to-play scheme and corrupt practices. Specifically, the Commissioner raised numerous concerns to CITY officials and called for investigations into SFDBI's corrupt practice of approving and issuing unqualified permits and work for certain development projects in exchange for kickbacks. One of these projects involved two convicted felons who were believed to have close relationships with SFDBI employees. The Commissioner alleged that SFDBI employees were approving grossly misrepresented permit applications, allowing work to be done on projects far beyond the scope permitted, failing to conduct sufficient inspections, and failing to stop serial permitting, among others. Less than a month after the Commissioner called for an

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Second Amended Complaint - Case No.: 23-cv-03579-SI

1   investigation to be conducted by the City Attorney, SFDBI employees, including HERNANDEZ,

2   an SFDBI Building Inspector, began targeting the Commissioner's investment property. SFDBI

3   riddled the property with erroneous complaints, unnecessary inspections, unwarranted notices of

4   violations, and revoked nine (9) permits, all related to completed work that had already been

5   approved, permitted, and inspected by SFDBI. Notably, the Commissioner alleged that

6   HERNANDEZ made statements to other officials that they were going to come down hard on the

7   Commissioner's property. HERNANDEZ was named as individual defendant in the

8   Commissioner's case. The Commissioner settled his case against the CITY for $1.8 Million

9   dollars.

10       41.     Much like the Commissioner's case, HERNANDEZ and BIRMINGHAM, another

11  SFDBI Building Inspector, began the retaliation campaign against Plaintiff. HERNANDEZ and

12  BIRMINGHAM re-inspected the property and issued another notice of violation, falsely claiming

13  that the windows located on the second floor were illegal. The windows in question had been in

14  existence since the house was built and had already been approved twice. They demanded that

15  Plaintiff submit an application to legalize the windows. They also told Plaintiff that he needed to

16  submit an application for an additional dwelling unit and revise the plans for the property to more

17  accurately reflect the stairs as built. During the inspection, HERNANDEZ sneered at Plaintiff,

18  telling him "we know who you've been talking to".

19       42.     Plaintiff had no choice but to comply with SFDBI's demands related to these

20  unfound violations and submitted his applications and revised plans accordingly.

21       43.     Without cause, BIRMINGHAM subsequently rejected Plaintiff's application

22  related to the windows on the second floor, demanding Plaintiff to now close off the windows

23  completely. Plaintiff strongly objected. Closing off the windows would cost a significant amount

24  of money and further delay Plaintiff's ability to sell the property. Again, these windows had been

25  approved twice before and Plaintiff had already received a certificate of completion for the entire

26  property.

27       44.     Upset, frustrated, and losing more money, Plaintiff contacted the CITY's Board of

28  Supervisors for help. The Board facilitated a meeting between Plaintiff and SFDBI.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

45. At the meeting, Plaintiff aired his grievances. Plaintiff presented evidence showing that the subject property had already received a certificate of completion and that the recent demands by SFDBI were unreasonable and excessive. Plaintiff was frustrated and wanted to know why SFDBI made him jump through more hoops after he had already secured a valid certificate of completion. DUFFY, SFDBI's Deputy Director, dismissed Plaintiff's concerns and ignored the validity of his claims, refusing to approve his plans or his applications. DUFFY demanded that the windows on the second floor be closed off completely. What's more, DUFFY, then expressed to Plaintiff during this meeting that he had no doubt that Plaintiff had spoken to the FBI concerning his dealings with CURRAN and SANTOS. Plaintiff was shocked and dismayed. The CITY's retaliation against Plaintiff was unequivocal at this point and DUFFY was not only ratifying and approving the unlawful conduct, he was spearheading it.

46. DUFFY, as SFDBI's Deputy Director, was in charge of and had complete oversight of SFDBI and all of its employees. He was a final policymaker acting under the color of his authority and had the power to approve, deny, and/or overturn any decisions made by SFDBI employees concerning their "regulation" of the subject property to ensure conformance with CITY policies. All of the wrongful conduct complained of herein including, without limitation, issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a valid certificate of completion, was at the behest and/or endorsement of DUFFY.

47. DUFFY's job duties and responsibilities as Deputy Director included, without limitation:

a. Planning, directing, and evaluating the work of SFDBI employees, including all Building Inspectors, who provide information regarding inspection services to the public, review plans and permits, and perform inspections in connection with the construction and modification of buildings or other structures, and of buildings under investigation for code violations in order to ensure that department policies and procedures are adhered to and the applicable codes, ordinances, and laws are properly enforced;

Second Amended Complaint - Case No.: 23-cv-03579-SI

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    b.    Interpreting and explaining codes, related laws and ordinances which

2 govern building construction in the City such as the building code, housing code, mechanical

3 code, state building standards, appeal procedures, abatement process and permit processing to staff

4 and others including architects, engineers, contractors, and the general public to ensure that the

5 information concerning the department is disseminated accurately;

6    c.    Representing SFDBI at meetings, hearings, and in court by preparing

7 evidence and/or appearing before such bodies as the Board of Supervisors, Building Inspection

8 Commission, judicial committees, Access Appeals Commission, Board of Permit Appeals,

9 Abatement Appeals Board, and Board of Examiners in order to testify or present information

10 regarding code violation cases;

11    d.    Directing the preparation and maintenance of records and reports on

12 abatement appeals board cases, statistical analyses, inspection activities, work orders, contracts,

13 specifications, plans, cost estimates, emergency orders, and operational activities by assigning,

14 reviewing, and revising when necessary, to ensure that such work is correct, complete, and in

15 conformance with departmental policies and procedures;

16    e.    Reviewing complaints regarding inspection services, plan reviews, code

17 interpretations, and/or code violations from property owners, general public, other City

18 departments, and various civic groups by researching pertinent codes, ordinances, laws and

19 conducting investigations, taking appropriate actions, and informing complainant of findings in

20 order to clarify and resolve problems;

21    f.    Establishing inspection and operational procedures by reviewing existing

22 policies and procedures and when necessary, revising or creating new procedures in order to

23 effectively maximize staff and resources and/or conform to current laws, regulations, ordinances

24 and codes regulating the construction and modification of buildings and other structures;

25    g.    Reviewing current codes, administrative bulletins and code rulings in order

26 to inform staff of revisions and/or additions, and to provide management with input regarding the

27 feasibility of such revisions or additions on current work processes and, if necessary, prepares

28 recommendations for revisions or additions.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Second Amended Complaint - Case No.: 23-cv-03579-SI

48.     Again, having no choice but to comply with SFDBI's demands, Plaintiff closed off the windows on the second floor completely, requiring, among other things, demolition, scaffolding, installation of new material, and painting. The additional work cost Plaintiff approximately $30,000.

49.     In or around October of 2021, approval of Plaintiff's application for an additional dwelling unit was transferred to HUGHEN, Senior Planner with the CITY's Planning department. HUGHEN, and then KWAITKOWSKA, Principal Planner with the CITY's Planning department, egregiously delayed the approval of the application for months on end, forcing Plaintiff to jump over more arbitrary hurdles. A process that should have taken a few weeks, took over seven (7) months before Plaintiff's initial application for the additional unit was approved in or around May of 2022.

50.     During the pendency of Plaintiff's application for the additional dwelling unit, HUGHEN placed yet another baseless roadblock in front of Plaintiff. HUGHEN, citing to an erroneous ordinance and law, claimed that the driveway on the subject property was out of code and could not be used for off street parking anymore. Again, the driveway had been in existence since the property was built and had already been approved.  This would place a significant limitation on the property and greatly affect its overall value. On-site parking for a single family home in San Francisco is essential. Plaintiff, after contacting the CITY attorney's office, provided HUGHEN with the applicable laws and ordinances showing that the driveway was code complaint. HUGHEN dismissed Plaintiff's pleas and demanded that he now apply for a variance. Plaintiff was truly at a loss.

51.     Again, having no choice, Plaintiff complied with the CITY's demands. His applications for the additional dwelling unit and the driveway were subsequently approved in or around May of 2022 and he received the necessary permits.

52.     At or around this time, Plaintiff entered into another agreement to sell the subject property and it again entered escrow. Although Plaintiff had not received a new certificate of completion, he needed to sell the property and was willing to do so at a discount. Selling the property without a certificate of completion significantly affected its value.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Second Amended Complaint - Case No.: 23-cv-03579-SI

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

53.      In or around July of 2022, while the subject property was still in escrow, Plaintiff was informed by SFDBI that his permit for the additional dwelling unit and the driveway were being revoked. SFDBI falsely claimed that the CITY's Planning department had mistakenly provided him these permits and that he actually needed approval from SFDBI as it was within their purview. They demanded Plaintiff submit new applications, new revised plans, and go through the entire process again. Plaintiff was shocked, confused, and defeated. The CITY's wrongful conduct was relentless. Unfortunately, the sale of the subject property fell through for a second time.

54.      Approximately six (6) months later, after another long, arbitrary, and arduous process, Plaintiff was finally issued new permits by SFDBI in or around January of 2023 for the additional dwelling unit and the driveway. Plaintiff hoped that the CITY's retribution had concluded and he would now be able to obtain a final certificate of completion and sell the property accordingly. Although Plaintiff had obtained new permits, he still needed to go through additional inspections in order to receive the final certificate of completion.

55.      Unfortunately, the CITY's retaliation against Plaintiff and its unjustified taking of his property continued and continues as of the filing of this Complaint. Although Plaintiff possesses valid permits, inspections have led to new, unfound, and vindictive violations concerning, among other things, the legality of the windows located on the first floor of the property. Windows that have been in existence since the property was built and approved many times before.

56.      In or around February of 2023, Plaintiff was again forced to forgo additional revenue and enter into another agreement to sell the property without a certificate of completion. This is the third time the property has been in escrow. Due to the numerous abatements and notices of violation that remain on the property, the sale fell through in or around August of 2023.

57.      The CITY has intentionally and vindictively drawn out the renovation process for the property for the past five (5) years. Plaintiff has lost a significant amount of money in lost profits, lost income, lost interest, expenditures for unnecessary repairs, and increased taxes. Plaintiff has also suffered severe emotional distress and irreparable harm to reputation.

58.     The CITY's conduct was intentional, punitive, and non-discretionary, causing Plaintiff to sustain and to continue to sustain severe economic, non-economic, and pecuniary damages and all other damages available by law.

**FIRST CAUSE OF ACTION**

**SLANDER OF TITLE**

**(By Plaintiff against all Defendants and DOES 1 through 100, inclusive)**

59.     Plaintiff re-alleges as though fully set forth at length and incorporates herein by reference all of the allegations and statements contained within this Complaint.

60.     At all relevant times, Plaintiff, through his trust, the Madison Trust FBO Patrick Gallagher, owned the subject property.

61.     Defendants disparaged the quality of the subject property including, without limitation, issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a certificate of completion.

62.     Defendants' statements were made to members of the public, including real estate agents or brokers and prospective purchasers of the subject property.

63.     Defendants' statements were without privilege and/or justification as they were false and done with the intention of suggesting that the subject property was unfit to be sold.

64.     Defendants knew that their statements were false and/or acted with reckless disregard of the truth or falsity of the statements.

65.     Defendants knew or should have recognized that someone else might act or forbear action in reliance on their statements.

66.     Defendants made their statements with the intent or reasonable belief that the statements would cause financial loss to Plaintiff.

67.     Defendants' statements have placed an untenable cloud on the title to the subject property, in that the property remains vacant and cannot be sold.

68.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered direct and immediate financial loss including, without limitation, decrease in market value of the subject

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   property, lost profits, lost income, lost interest, expenditures for unnecessary repairs, and increased

2   taxes. Plaintiff has also lost time and suffered inconvenience.

3        69.     As a direct and proximate result of Defendants' actions, Plaintiff has been required

4   to retain counsel to bring an action to clear title to the subject property. Plaintiff is entitled to

5   recover all attorney fees and costs incurred in bringing the action.

6   <u>**SECOND CAUSE OF ACTION**</u>

7   <u>**INVERSE CONDEMNATION**</u>

8   <u>**(By Plaintiff against CITY and DOES 1 through 100, inclusive)**</u>

9        70.     Plaintiff re-alleges as though fully set forth at length and incorporate herein by

10  reference all of the allegations and statements contained within this Complaint.

11       71.     Article I, Section 19 of the California Constitution, prohibits the taking, including

12  the temporary or permanent deprivation of private property, for a public use without just

13  compensation, where such deprivation amounts to the abridgment or destruction, by reason of the

14  actions for the government body, of the lawful rights of an individual to the possession, use, or

15  enjoyment of his land. It has also been held that an undue restriction on the use of property is as

16  much a taking for constitutional purposes as is an appropriation or destruction.

17       72.     At all relevant times, Plaintiff, through his trust, the Madison Trust FBO Patrick

18  Gallagher, owned the subject property.

19       73.     Defendants have unlawfully taken and/or damaged the subject property without

20  providing Plaintiff just compensation. Defendants have abridged and/or destructed Plaintiff's

21  rights to the possession, use, and/or enjoyment of his land. Such conduct includes, without

22  limitation, issuing and refusing to release frivolous code enforcement liens, issuing and refusing to

23  release notices of violation, issuing and refusing to release abatement orders, revoking permits,

24  and revoking a certificate of completion.

25       74.     Defendants by their intentional conduct have sacrificed the economic interests of

26  Plaintiff in order to benefit their own interests. Plaintiff should not be forced to bear these burdens

27  for the benefit of the Defendants.

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Second Amended Complaint - Case No.: 23-cv-03579-SI

75.     Plaintiff alleges that these intentional actions of the Defendants constitute a direct, substantial and peculiar burden on Plaintiff's property interests and a taking of his property without payment of just compensation in violation of the California Constitution.

76.     Plaintiff further alleges that Defendants' intentional actions against Plaintiff failed to advance a legitimate state interest and deprived Plaintiff of the viable use and value of his property interest and caused the damages alleged herein.

77.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered direct and immediate financial loss including, without limitation, decrease in market value of the subject property, lost profits, lost income, lost interest, expenditures for unnecessary repairs, and increased taxes.

78.     As a direct and proximate result of Defendants' actions, Plaintiff has been required to retain counsel to bring an action. Plaintiff is entitled to recover all attorney fees and costs incurred in bringing the action.

## THIRD CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS
### (By Plaintiff against all Defendants and DOES 1 through 100, inclusive)

79.     Plaintiff re-alleges as though fully set forth at length and incorporate herein by reference all of the allegations and statements contained within this Complaint.

80.     At all relevant times, Plaintiff, through his trust, the Madison Trust FBO Patrick Gallagher, owned the subject property.

81.     Plaintiff established an economic relationship with various real estate agents or brokers, purchasers, and prospective purchasers related to the property that would have resulted in an economic benefit to Plaintiff by leading to the sale of the subject property.

82.     Defendants knew of the relationship.

83.     Defendants engaged in conduct intended to falsely signal to the real estate agents or brokers, purchasers, and prospective purchasers that there were issues with the subject property so as to affect their decision to proceed with a purchase of the property, encouraging them instead to avoid any consideration or purchase of the property. The subject property has gone into escrow on

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   multiple occasions and has failed to sell due to Defendants' actions in disrupting the relationship.

2       84.     By engaging in this conduct, Defendants intended to disrupt the economic

3   relationship between Plaintiff and the real estate agents or brokers, purchasers, and prospective

4   purchasers.

5       85.     The relationship was disrupted.

6       86.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered

7   financial loss including, without limitation, decrease in market value of the subject property, lost

8   profits, lost income, lost interest, expenditures for unnecessary repairs, and increased taxes.

9   Plaintiff has also suffered severe emotional distress and irreparable harm to reputation.

10      87.     As a direct and proximate result of Defendants' actions, Plaintiff has been required

11  to retain counsel to bring an action. Plaintiff is entitled to recover all attorney fees and costs

12  incurred in bringing the action.

13      88.     Defendants' actions were a substantial factor in causing the harm suffered by

14  Plaintiff.

15                    **FOURTH CAUSE OF ACTION**

16              **VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983**

17      **(By Plaintiff against all Defendants and DOES 1 through 100, inclusive)**

18      89.     Plaintiff re-alleges as though fully set forth at length and incorporate herein by

19  reference all of the allegations and statements contained within this Complaint.

20      90.     Every person who, under color of any statute, ordinance, regulation, custom, or

21  usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected,

22  any citizen of the United States or other person within the jurisdiction thereof to the deprivation of

23  any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

24  party injured in an action at law, suit in equity, or other proper proceeding for redress.

25      91.     Plaintiff had discussions with the FBI concerning their criminal investigation into

26  the corruptive practices of CURRAN, SANTOS, and the Defendants.

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    92.    Plaintiff refused to participate in the ongoing scheme that was being perpetrated

2    against him by CURRAN, SANTOS, and the Defendants, including, without limitation, firing

3    Santos as the structural engineer on his renovation project for the subject property.

4    93.    Defendants were aware and/or were under the belief that Plaintiff had discussions

5    with the FBI and were aware and/or were under the belief that he refused to participate in the

6    ongoing scheme.

7    94.    Defendants acted under color of local ordinance and law by using their authority to

8    retaliate against Plaintiff and deprive him of his right to freedom of speech guaranteed by the First

9    and Fourteenth Amendment of the United States Constitution. Defendants' unlawful actions

10   included, without limitation, issuing and refusing to release frivolous code enforcement liens,

11   issuing and refusing to release notices of violation, issuing and refusing to release abatement

12   orders, revoking permits, revoking a certificate of completion, and making disparaging statements

13   related to the subject property.

14   95.    Defendants intentionally targeted the subject property because of Plaintiff's

15   property interests and rights therein.

16   96.    Defendants' actions were in direct response to and meant to cause the deprivation

17   of Plaintiff's exercise of his right of freedom of speech.

18   97.    Defendants' actions were in response to Plaintiff's statements concerning matters

19   of public concern.

20   98.    Plaintiff was harmed as a result of Defendants' actions.

21   99.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered

22   financial loss including, without limitation, decrease in market value of the subject property, lost

23   profits, lost income, lost interest, expenditures for unnecessary repairs, and increased taxes.

24   Plaintiff has also suffered severe emotional distress and irreparable harm to reputation.

25   100.   As a direct and proximate result of Defendants' actions, Plaintiff has been required

26   to retain counsel to bring an action. Plaintiff is entitled to recover all attorney fees and costs

27   incurred in bringing the action.

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Second Amended Complaint - Case No.: 23-cv-03579-SI

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

**FIFTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(By Plaintiff against all Defendants and DOES 1 through 100, inclusive)**

101.    Plaintiff re-alleges as though fully set forth at length and incorporate herein by reference all of the allegations and statements contained within this Complaint.

102.    Defendants acted outrageously in committing the acts alleged herein. Defendants abused their positions of authority to retaliate against and harass Plaintiff.

103.    Defendants intended to cause, or acted with reckless disregard that they would cause, Plaintiff severe emotional distress.

104.    Plaintiff has suffered emotional distress including, without limitation, shock, anxiety, stress, depression, humiliation, irreparable and physical manifestations of such distress as a result of Defendants' actions.

105.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered severe injuries and sustained economic, non-economic, and pecuniary damages and all other damages available by law.

106.    As a direct and proximate result of Defendants' actions, Plaintiff has been required to retain counsel to bring an action. Plaintiff is entitled to recover all attorney fees and costs incurred in bringing the action.

107.    Defendants' actions were a substantial factor in causing the harm suffered by Plaintiff.

**SIXTH CAUSE OF ACTION**

**NEGLIGENCE**

**(By Plaintiff against all Defendants and DOES 1 through 100, inclusive)**

108.    Plaintiff re-alleges as though fully set forth at length and incorporate herein by reference all of the allegations and statements contained within this Complaint.

109.    Defendants were negligent in committing the acts or omissions alleged herein.

110.    Defendants owed a duty of care to Plaintiff to act in a reasonable, professional, honest, and timely manner.

111.    Defendants breached the duty of care owed to Plaintiff.

112.    As a direct and proximate result of Defendants' actions or inactions, Plaintiff has suffered severe injuries and sustained economic, non-economic, and pecuniary damages and all other damages available by law.

113.    As a direct and proximate result of Defendants' actions, Plaintiff has been required to retain counsel to bring an action. Plaintiff is entitled to recover all attorney fees and costs incurred in bringing the action.

114.    Defendants' actions were a substantial factor in causing the harm suffered by Plaintiff.

## SEVENTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (By Plaintiff against all Defendants and DOES 1 through 100, inclusive)

115.    Plaintiff re-alleges as though fully set forth at length and incorporate herein by reference all of the allegations and statements contained within this Complaint.

116.    At all relevant times, Plaintiff, through his trust, the Madison Trust FBO Patrick Gallagher, owned the subject property.

117.    Defendants' refusal to, without limitation, release frivolous code enforcement liens, release notices of violation, release abatement orders, issue permits, and issue a certificate of completion has placed an untenable cloud on the title to the subject property, in that the property remains vacant and cannot be sold.

118.    An actual controversy has arisen and now exists between Defendants and Plaintiff in connection with the matters alleged herein.

119.    No adequate remedy other than that herein prayed for exists by which the rights of the parties may be determined. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.    For general damages (also known as non-economic damages), according to proof;

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

2.   For special damages (also known as economic damages), according to proof;

3.   For compensatory damages, according to proof;

4.   For treble damages pursuant to Civil Code § 3345;

5.   For an order enjoining Defendants from violating Plaintiff's constitutional rights;

6.   For injunctive relief;

7.   For punitive damages, according to proof;

8.   For prejudgment interest and pretrial interest, according to proof;

9.   For attorneys' fees and costs, according to proof;

10.   For damages for Plaintiff's other losses, according to proof;

11.   For all statutorily allowed damages; and

12.   For such other and further relief as the Court deems proper.


Dated:  November 9, 2023                    **CALLAHAN & BLAINE, APLC**


By:   */s/ Jonathan W. Hornberger*
      Javier H. van Oordt
      Jonathan W. Hornberger
      Attorneys for Plaintiff Patrick Gallagher

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Second Amended Complaint - Case No.: 23-cv-03579-SI

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on each and all of the causes of action set forth in this Complaint.


Dated:  November 9, 2023                    **CALLAHAN & BLAINE, APLC**


                                    By:  */s/ Jonathan W. Hornberger*
                                         Javier H. van Oordt
                                         Jonathan W. Hornberger
                                         Attorneys for Plaintiff Patrick Gallagher

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Second Amended Complaint - Case No.: 23-cv-03579-JCS