1 DAVID CHIU, State Bar #189542
City Attorney
2 JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
3 THOMAS S. LAKRITZ, State Bar #161234
Deputy City Attorney
4 Fox Plaza
1390 Market Street, Sixth Floor
5 San Francisco, California 94102-5408
Telephone:     (415) 554-4628
6 Facsimile:     (415) 554-3837
E-Mail:        tom.lakritz@sfcityatty.org

7

8 Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
9 WILLIAM HUGHEN; KEVIN BIRMINGHAM;
NATALIA FOSSI  (Erroneously sued as NATALIA KWAITKOWSKA);
10 MAURICIO HERNANDEZ; and JOE DUFFY

11

12 UNITED STATES DISTRICT COURT

13 NORTHERN DISTRICT OF CALIFORNIA

14 PATRICK GALLAGHER,                           Case No. 23-cv-03579-SI

15         Plaintiff,                           **DEFENDANTS' NOTICE OF MOTION AND
                                                MOTION TO DISMISS SECOND AMENDED**
16     vs.                                      **COMPLAINT**

17 CITY AND COUNTY OF SAN                       Fed. R. Civ. Proc. 12(b)(6)
FRANCISCO, BERNARD CURRAN,
18 RODRIGO SANTOS, WILLIAM HUGHEN,              Hearing Date:    January 5, 2024
KEVIN BIRMINGHAM, NATALIA                      Time:            10:00 a.m.
19 KWAITKOWSKA, AND JOE DUFFY,                  Place:           Zoom

20         Defendant.                           Trial Date:      Not Set

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................4

INTRODUCTION .....................................................................................................4

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..............................4

    I.     PLAINTIFF'S GOVERNMENT CLAIM ..................................4

    II.    PLAINTIFF'S ORIGINAL COMPLAINT ...............................5

    III.   PLAINTIFF'S FIRST AMENDED COMPLAINT.....................5

    IV.   PLAINTIFF'S SECOND AMENDED COMPLAINT................5

ARGUMENT .............................................................................................................7

    I.     LEGAL STANDARD...............................................................7

    II.    PLAINTIFF'S RETALIATION CLAIM FAILS ......................8

        A.    Plaintiff Has Not Stated a Monell Claim Against the City........8

        B.    Plaintiff Failed to State a Retaliation Claim Against the Individual Defendants. ................................................11

    III.   PLAINTIFF'S STATE LAW CLAIMS AGAINST FAIL AS A MATTER OF LAW ....................................................14

        A.    Madison Trust FBO Patrick Gallagher Did Not File a Government Claim. ................................................14

        B.    Plaintiff Lacks Standing to Pursue Certain State Law Claims in His Individual Capacity. ................................15

        C.    Plaintiff's State Law Claims Are Not Ripe.................................16

        D.    Defendants Are Immune for Any Claims for State Law Damages. ..........19

            1.    California Government Code Sections 818.4 and 821.2...............19

            2.    California Government Code Sections 818.8 and 822.2...............20

            1.    California Government Code section 821.6..................................21

         E.    Plaintiff's Inverse Condemnation Claim Fails As a Matter of Law. .........22

    IV.   PLAINTIFF'S DECLARATORY RELIEF CAUSE OF ACTION FAILS AS A MATTER OF LAW ...................................23

CONCLUSION..........................................................................................................25

# **TABLE OF AUTHORITIES**

**State Cases**

*Amylou R. v. Cnty. of Riverside*
   28 Cal.App.4th 1205 (1994) ........................................................................21

*Apartment Assn. of Los Angeles Cnty., Inc. v. City of Los Angeles*
   136 Cal.App.4th 119 (2006) .......................................................................24

*Baines Pickwick Ltd. v. City of Los Angeles*
   72 Cal.App.4th 298 (1999) .........................................................................14

*Beach & Bluff Conservancy v. City of Solana Beach*
   28 Cal.App.5th 244 (2018) .........................................................................24

*Beaty v. Imperial Irrigation Dist.*
   186 Cal.App.3d 897 (1986) ........................................................................23

*Botsford v. Haskins & Sells*
   81 Cal.App.3d 780 (1978) ..........................................................................15

*Brown v. City of Los Angeles*
   267 Cal.App.2d 849 (1968) ........................................................................20

*Burns v. City Council*
   31 Cal.App.3d 999 (1973) ..........................................................................20

*California Water Impact Network v. Newhall County Water Dist.*
   161 Cal.App.4th 1464 (2008) .....................................................................24

*City of San Jose v. Superior Ct.*
   12 Cal.3d 447 (1974) .............................................................................14, 15

*Golden Gate Water Ski Club v. Cnty. of Contra Costa*
   165 Cal.App.4th 249 (2008) .......................................................................23

*Grenell v. City of Hermosa Beach*
   103 Cal.App.3d 864 (1980) ........................................................................21

*Guinnane v. San Francisco Planning Comm'n.*
   209 Cal.App.3d 732 (1989) ...................................................................17, 20

*Harshbarger v. City of Colton*
   197 Cal.App.3d 1335 (1988) .................................................................20, 21

*Hensler v. City of Glendale*
   8 Cal.4th 1 (1994) ......................................................................................18

*Lee v. Silveira*
   6 Cal.App.5th 527 (2016) ...........................................................................23

*Leon v. Cnty. of Riverside*
   14 Cal.5th 910 (2023) ...............................................................21, 22

*Lindell Co. v. Bd. of Permit Appeals of City & Cnty. of San Francisco*
   23 Cal.2d 303 (1943) ..............................................................17, 20

*Martin v. City & Cnty. of San Francisco*
   135 Cal.App.4th 392 (2005) ...........................................................17

*Pac. Legal Found. v. California Coastal Com.*
   33 Cal.3d 158 (1982) ...................................................................17

*Powers v. Ashton*
   45 Cal.App.3d 787 (1975) ..............................................................15

*Quigley v. Garden Valley Fire Protection Dist.*
   7 Cal.5th 798 (2019) ...................................................................22

*Richards v. Dep't of Alcoholic Beverages Control*
   139 Cal.App.4th 304 (2006) ...........................................................19

*Saks v. Damon Raike & Co.*
   7 Cal.App.4th 419 (1992) ..........................................................15, 16

*Selby Realty Co. v. City of San Buenaventura*
   10 Cal.3d 110 (1973) ..............................................................18, 20

*State of California v. Superior Ct.*
   12 Cal.3d 237 (1974) ...................................................................20

*Thorpe v. Story*
   10 Cal.2d 104, 73 P.2d 1194 (1937) ...................................................15

*Tur v. City of Los Angeles*
   51 Cal.App.4th 897 (1996) .............................................................20

*Ventura29 LLC v. City of San Buenaventura*
   87 Cal.App.5th 1028 (2023) ...........................................................18

*Walter H. Leimert Co. v. California Coastal Com.*
   149 Cal.App.3d 222 (1983) ...........................................................24

**State Statutes & Codes**
California Code of Civil Procedure § 1060 ...............................................23

California Code of Civil Procedure § 1094.5 .......................................3, 18, 24

California Government Code § 818.4 ................................................2, 19, 20

California Government Code § 818.8 ................................................2, 20, 21

California Government Code § 821.2 ...................................................................2, 19, 20

California Government Code § 821.6 ...................................................................2, 21, 22

California Government Code § 822.2 ...................................................................2, 20, 21

California Government Code § 905.1 ...................................................................15

California Government Code § 945.4 ...................................................................14

**Federal Cases**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009)...................................................................7

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*
   501 U.S. 104 (1991)...................................................................8

*Balistreri v. Pacifica Police Dep't*
   901 F.2d 696 (9th Cir. 1990) ...................................................................7

*Bauer v. City of Pleasanton*
   2020 WL 1478328 (N.D. Cal. Mar. 26, 2020)...................................................................10

*Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*
   520 U.S. 397 (1997)...................................................................8, 9

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007)...................................................................7

*Blair v. Bethel Sch. Dist.*
   608 F.3d 540 (9th Cir. 2010) ...................................................................11

*Branch v. Tunnell*
   14 F.3d 449 (9th Cir. 1994) ...................................................................8

*Capp v. Cty. of San Diego*
   940 F.3d 1046 (9th Cir. 2019) ...................................................................12

*Chavez v. United States*
   683 F.3d 1102 (9th Cir. 2012) ...................................................................7

*Christie v. Iopa*
   176 F.3d 1231 (9th Cir. 1999) ...................................................................11

*Chubb Custom Ins. Co. v. Space Servs/Loral, Inc.*
   710 F.3d 946 (9th Cir. 2013). ...................................................................7

*Dougherty v. City of Covina*
   654 F.3d 892 (9th Cir. 2011) ...................................................................9

*Franklin v. Murphy*
   745 F.2d 1221 (9th Cir. 1984) ...................................................................................7

*Galbraith v. Cnty. of Santa Clara*
   307 F.3d 1119 (9th Cir. 2002) ...................................................................................8

*Gant v. County of Los Angeles*
   772 F.3d 608 (9th Cir. 2014) ...................................................................................10

*Gillette v. Delmore*
   979 F.2d 1342 (9th Cir.1992) ...................................................................................11

*Gomez v. Vernon*
   255 F.3d 1118 (9th Cir. 2001) ...................................................................................9

*Gravelet-Blondin v. Shelton*
   728 F.3d 1086 (9th Cir. 2013) ...................................................................................10

*Hartman v. Moore*
   547 U.S. 250 (2006) ...................................................................................12

*Horton v. City of Santa Maria*
   915 F.3d 592 (9th Cir. 2019) ...................................................................................8

*Hunter v. Cnty. of Sacramento*
   652 F.3d 1225 (9th Cir. 2011) ...................................................................................9

*In re Tower Park Properties, LLC*
   803 F.3d 450 (9th Cir. 2015) ...................................................................................16

*Kang v. PayPal Holdings, Inc.*
   2022 WL 3155241 (N.D. Cal. Aug. 8, 2022) ...................................................................................8

*Keyser v. Sacramento City Unified Sch. Dist.*
   265 F.3d 741 (9th Cir. 2001) ...................................................................................13

*Larez v. City of Los Angeles*
   946 F.2d 630 (9th Cir. 1991) ...................................................................................9

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001) ...................................................................................8

*Lytle v. Carl*
   382 F.3d 978 (9th Cir. 2004) ...................................................................................11

*MacDonald, Sommer & Frates v. Yolo Cnty.*
   477 U.S. 340 (1986) ...................................................................................18

*Mack v. S. Bay Beer Distributors, Inc*
   798 F.2d 1279 (9th Cir. 1986) ...................................................................................8

*McDade v. West*
   223 F.3d 1135 (9th Cir. 2000) ...................................................................10

*Monell v. Dep't of Soc. Services*
   436 U.S. 658 (1978).....................................................................1, 8, 9, 10

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*
   429 U.S. 274 (1977)..................................................................................12, 13

*N. Star Int'l v. Ariz. Corp. Comm'n*
   720 F.2d 578 (9th Cir. 1983) .......................................................................7

*Neitzke v. Williams*
   490 U.S. 319 (1989).....................................................................................7

*Nieves v. Bartlett*
   587 U.S. ---, 139 S. Ct. 1715 (2019)..................................................12, 13

*Rivera v. County of Los Angeles*
   745 F.3d 384 (9th Cir. 2014) .....................................................................10

*Rodriguez v. Cnty. of Los Angeles*
   891 F.3d 776 (9th Cir. 2018) ................................................................9, 10

*Thompson v. City of Los Angeles*
   885 F.2d 1439 (9th Cir. 1989) ..................................................................10

*Trevino v. Gates*
   99 F.3d 911 (9th Cir. 1996) .......................................................................10

**Federal Statutes**
42 U.S.C. § 1983.....................................................................1, 4, 8, 10, 11, 12, 13

**San Francisco Statutes, Codes & Ordinances**
San Francisco Administrative Code § 10.20-4 .............................................14

San Francisco Building Code § 105A2.........................................................17

San Francisco Business & Tax Regulations Code § 26.................................19

San Francisco Business & Tax Regulations Code § 8(e)(2).........................17

**Rules**
Federal Rule of Civil Procedure 12(b)(6) ...........................................1, 5, 7

Federal Rule of Evidence 201(b) .................................................................7

**TO THE COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 5, 2024, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Susan Illston, United States District Court, San Francisco, California, Defendants City and County of San Francisco ("the City"); William Hughen; Kevin Birmingham; Natalia Fossi (erroneously sued as Natalia Kwaitkowska); Mauricio Hernandez;[1] and Joe Duffy (collectively, "Individual Defendants") will, and hereby do, move the court for an order to dismiss Plaintiffs Second Amended Complaint ("SAC") under Fed. R. Civ. P. 12(b)(6).

This action involves on-going code enforcement actions against Plaintiff by the San Francisco Department of Building Inspection ("SFDBI") and the San Francisco Planning Department ("Planning"). Plaintiff purchased a property, through a trust, for renovation and sale, which has apparently taken longer and cost more to renovate and flip than he expected. He has also been found to be in violation of numerous building and planning codes. Plaintiff asks the Court to prematurely end the on-going code enforcement actions without requiring Plaintiff to comply with local codes or abate existing violations.

Plaintiff's SAC names former and current employees and officials of San Francisco's Department of Building Inspection ("SFDBI") and Planning Department ("Planning"). Plaintiff's SAC alleges seven causes of action: slander of title (first cause of action; inverse condemnation (second cause of action); intentional interference with prospective economic relations (third cause of action); violation of civil rights under 42 U.S.C. § 1983 (fourth cause of action); intentional infliction of emotional distress (fifth cause of action); negligence (sixth cause of action); and declaratory relief (seventh cause of action).

The City and the Individual Defendants move to dismiss Plaintiff's claims, because Plaintiff failed to allege a viable claim against the City or any of the Individual Defendants.

Plaintiff's § 1983 claim fails because he did not allege a pattern and practice or ratification claim under *Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978). With respect to the Individual Defendants, Plaintiff did not adequately allege the causation element of his retaliation claim for any of

---

[1] Plaintiff did not name Mr. Hernandez as a defendant in the caption. Plaintiff did identify Mr. Hernandez and a defendant in the text of his Second Amended Complaint ("SAC"). See SAC ¶ 15.

the Individual Defendants. Specifically, Plaintiff has not alleged (and cannot allege) the absence of probable cause (or an objective reason) for any of the code enforcement actions taken by the Individual Defendants.

Plaintiff's state law claims fail for numerous (and overlapping) reasons. First, Madison Trust FBO Patrick Gallagher is the owner of the subject property. But Madison Trust FBO Patrick Gallagher failed to file a pre-litigation Government Claim. Because Madison Trust FBO Patrick Gallagher did not file a Government Claim, the purported first (slander of title), third (intentional interference with prospective economic relations), sixth (negligence) causes of action, and seventh (declaratory relief) causes of action on behalf of Madison Trust FBO Patrick Gallagher, all of which seek damages for injury to the subject property, are barred as a matter of law.[2] Similarly, Gallagher, in his individual capacity, lacks standing to pursue the purported first (slander of title), second (inverse condemnation), third (intentional interference with prospective economic relations), sixth (negligence), and seventh (declaratory relief) causes of action,

Plaintiff's purported first (slander of title), second (inverse condemnation), third (intentional interference with prospective economic relations), fifth (intentional infliction of emotional distress), sixth (negligence) causes of action, and seventh (declaratory relief) causes of action are unripe for adjudication because Plaintiff has not availed himself of available administrative and judicial remedies to challenge any of the code enforcement action taken by the City and its employees. The California Supreme Court has held that the exhaustion requirement applies to all of Plaintiff's state law claims, including inverse condemnation.

Plaintiff's purported first (slander of title), third (intentional interference with prospective economic relations), fifth (intentional infliction of emotional distress), and sixth (negligence) causes of action, causes of action fail because the City and its employees are immune from liability under California Government Code sections 818.4, 818.8, 821.6, 821.2, and 822.2.

///

_____

[2] The City and the Individual Defendants acknowledges that Madison Trust FBO Patrick Gallagher does not need to file a Government Claim for an inverse condemnation action, if such a claim is viable. *See* Gov't Code § 905.1.

Plaintiff's second cause of action (inverse condemnation) fails because California courts have consistently held that notices of violation of building code violations and orders of abatement do not constitute a taking.

Finally, Plaintiff's seventh cause of action (declaratory relief) fails because his sole remedy to challenge notices of violation of building code violations and orders of abatement is a writ of administrative mandamus under California Code of Civil Procedure section 1094.5.

This motion is based on this Notice of Motion and Motion to Dismiss and Memorandum of Points and Authorities filed herewith, the concurrently filed Request for Judicial Notice, the file in this case, the argument of counsel at the hearing, and any such further matters as the Court deems appropriate.

Dated: November 21, 2023

                                DAVID CHIU
                                City Attorney
                                JAMES F. HANNAWALT
                                Acting Chief Trial Deputy
                                THOMAS S. LAKRITZ
                                Deputy City Attorney

                        By: _/s/ Thomas S. Lakritz_____
                                THOMAS S. LAKRITZ

                                Attorneys for Defendants
                                CITY AND COUNTY OF SAN FRANCISCO;
                                WILLIAM HUGHEN; KEVIN BIRMINGHAM;
                                NATALIA FOSSI; MAURICIO HERNANDEZ; and
                                JOE DUFFY

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

In his SAC, Plaintiff names seven former and current employees and officials of San Francisco's Department of Building Inspection ("SFDBI") and Planning Department ("Planning"). This action involves on-going code enforcement actions against Plaintiff by the San Francisco Department of Building Inspection ("SFDBI") and the San Francisco Planning Department ("Planning"). Plaintiff purchased a property, through a trust, for renovation and sale, which has apparently taken longer and cost more to renovate and flip than he expected. He has also been found to be in violation of numerous building and planning codes. Plaintiff asks the Court to prematurely end the on-going code enforcement actions without requiring Plaintiff to comply with local codes or abate existing violations. Plaintiff's SAC alleges seven causes of action: slander of title (first cause of action; inverse condemnation (second cause of action); intentional interference with prospective economic relations (third cause of action); violation of civil rights under 42 U.S.C. § 1983 (fourth cause of action); intentional infliction of emotional distress (fifth cause of action); negligence (sixth cause of action); and declaratory relief (seventh cause of action). The City and the Individual Defendants move to dismiss Plaintiff's claims, because Plaintiff has failed to allege a viable claim against the City or any of the Individual Defendants.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

**I.    PLAINTIFF'S GOVERNMENT CLAIM**

Plaintiff, Patrick Gallagher, filed a government claim on September 8, 2022, in his personal capacity, stating that he purchased a property at 200 Naples Street in San Francisco for renovation and sale. Request for Judicial Notice ("RJN"), Exhibit A. Plaintiff claimed that Curran issued a certificate of occupancy for 200 Naples Street in 2020. *Id.* When Plaintiff attempted to sell the property in 2021, however, he learned that the City had "red tagged" the property, refusing to recognize the inspections, and the certificate of completion and occupancy issued by Curran. Plaintiff was later interviewed by the FBI, and came to understand that Curran would be or had been indicted for corruption. *Id.* Therefore, the City required Plaintiff to reapply for the permits and have the property re-inspected by the SFDBI. *Id.* Plaintiff claimed that "City personnel retaliated against [him] because they believed

[Plaintiff] had reported [Curran] to the authorities and/or cooperated with the FBI." *Id.* Plaintiff sought damages resulting from the loss of sale of his property, lost opportunities, emotional distress, and other costs associated with the delayed sale of the property. *Id.* Plaintiff sought over $1,700,000 in damages. *Id.* Plaintiff listed the date of his incident giving rise to his claim as September 2, 2022. *Id.* The claim did not name the Madison Trust FBO Patrick Gallagher. RJN, Exhibit A. The City denied Plaintiff's claim on October 6, 2022. RJN, Exhibit B.

## II.   PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff filed his original complaint on March 16, 2023. RJN, Exhibit C ("Complaint"). Plaintiff brought four causes of action for: (1) injunctive relief; (2) declaratory relief; (3) slander of title; and (4) inverse condemnation. *Id.*

## III.   PLAINTIFF'S FIRST AMENDED COMPLAINT

On June 20, 2023, Plaintiff filed his First Amended Complaint ("FAC"). RJN, Exhibit D.

The City moved to dismiss under Fed. R. Civ. P. 12(b)(6). ECF No. 6. The court granted the City's motion with leave to amend. ECF No. 27.

## IV.   PLAINTIFF'S SECOND AMENDED COMPLAINT

On June 20, 2023, Plaintiff filed his SAC, which is almost identical to Plaintiff's FAC. RJN Exhibit E. In the SAC, Plaintiff makes, among other things, factual allegations to support his *Monell* claim against the City. SAC ¶¶ 46, 47(a)–(g).

Plaintiff alleges that he is a construction industry "veteran" who purchased 200 Naples Street in San Francisco in the summer of 2018 and began the process of renovating it for eventual sale. SAC ¶¶ 28-30. Plaintiff alleges that City employees, including an inspector not named as a defendant, came to the property after he started the renovation process and threatened him and his workers with code enforcement violations, causing two of his employees to quit. SAC ¶ 30. After Plaintiff hired Santos, Plaintiff was allegedly issued a permit to begin his renovation, and in August 2020, Curran issued Plaintiff a signed certificate of completion. SAC ¶¶ 31-34. About a year later and after Plaintiff contracted to sell the property, Plaintiff was allegedly contacted by the Federal Bureau of Investigation ("FBI") about his dealings with Curran and Santos. SAC ¶ 37. Plaintiff does not specify whether he actually spoke to the FBI, but he does allege that the City, through its employees Duffy, Birmingham,

Hernandez, Hughen, and Kwaitkowska, believed that Plaintiff spoke with the FBI about Curran and Santos. SAC ¶ 38.

Plaintiff alleges that before escrow closed on the property, SFDBI issued a notice of violation for the expired permit and an illegal downstairs unit, and raised the taxes on the property. SAC ¶ 39. "SFDBI told Plaintiff that the whole property would need to be re-inspected and approved." *Id*. When Birmingham and Hernandez re-inspected the property, they found that the windows on the second floor were illegal. SAC ¶ 39. Plaintiff objected to this conclusion, and sought assistance from the City's Board of Supervisors. SAC ¶ 43. According to Plaintiff, the Board of Supervisors facilitated a meeting with SFDBI, but he does not specify who was in attendance other than Plaintiff and Defendant Duffy. SAC ¶ 44. Plaintiff alleges that SFDBI insisted that Plaintiff close off the windows on the second floor of the property, which Plaintiff did. FAC ¶ 45.

Plaintiff evidently then also applied for a permit for an additional dwelling unit with the City's Planning department. SAC ¶ 49. This permit was approved in May 2022. SAC ¶ 49. Defendant Hughen also required that Plaintiff apply for a variance for a driveway on the property, which was also approved in May 2022. SAC ¶¶ 49-50. However, in July 2022, Plaintiff alleges that the City revoked his permits for the additional dwelling unit and the driveway because the permits also needed approval from SFDBI. SAC ¶ 53. In January 2023, the City issued new permits for the additional dwelling unit and the driveway. SAC ¶ 54. Plaintiff alleges that although he now possesses valid permits for the property, subsequent inspections have resulted in "new, unfound, and vindictive violations concerning, among other things, the legality of the windows located on the first floor of the property." SAC ¶ 55. Plaintiff alleges that the property is now in escrow to be sold without a certificate of completion, diminishing its value. SAC ¶ 56.

Plaintiff alleges seven causes of action against all named defendants based on these facts: (1) slander of title; (2) inverse condemnation; (3) intentional interference with prospective economic relations; (4) violation of civil rights under 42 U.S.C. § 1983; (5) intentional infliction of emotional distress; (6) negligence; and (7) declaratory relief.

///

///

**ARGUMENT**

## I.     LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test

the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th

Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d

696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a

cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins.*

*Co. v. Space Servs/Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Dismissal also is appropriate if the

complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228–

29 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

A court "must assess whether the complaint 'contain[s] sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face.'" *Chavez v. United States*, 683 F.3d 1102,

1108–09 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl.*

*Corp.*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a probability

requirement," it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

(internal quotation marks omitted). Thus, a complaint that offers mere "labels and conclusions or a

formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks

omitted). Likewise, a complaint cannot survive a motion to dismiss if it relies on "naked assertion[s]

devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

In reviewing a motion to dismiss, courts may take judicial notice of a fact that is "not subject

to reasonable dispute," i.e., that is "generally known" or "can be accurately and readily determined

from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Kang v.*

*PayPal Holdings, Inc.*, No. 21-CV-06468-CRB, 2022 WL 3155241, at *7 (N.D. Cal. Aug. 8, 2022). "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). A court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## II.     PLAINTIFF'S RETALIATION CLAIM FAILS

### A.     Plaintiff Has Not Stated a Monell Claim Against the City.

Plaintiff's fourth cause of action is premised on 42 U.S.C. § 1983 and is based on a retaliation theory under the First Amendment. SAC ¶¶ 89–100. Specifically, Plaintiff alleges that

> 94. Defendants acted under color of local ordinance and law by using their authority to retaliate against Plaintiff and deprive him of his right to freedom of speech guaranteed by the First and Fourteenth Amendment of the United States Constitution. *Defendants' unlawful actions included, without limitation, issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, revoking a certificate of completion, and making disparaging statements related to the subject property.*
>
> 95. Defendants intentionally targeted the subject property because of Plaintiff's property interests and rights therein.
>
> 96. Defendants' actions were in direct response to and meant to cause the deprivation of Plaintiff's exercise of his right of freedom of speech.

SAC, ¶¶ 94–96 (emphasis added).

The City is not directly liable under Section 1983 for constitutional violations. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978). A municipality may be liable under Section 1983 under four possible theories: "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). "A municipality may not, however, be sued under a respondeat superior theory." *Id.* at 603. Plaintiff must allege "*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 415 (1997). "Where a court fails to adhere to rigorous

requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Id.* It is unclear which theory of liability Plaintiff is attempting to argue. It appears he is attempting to allege a pervasive practice or custom theory and a ratification theory. Both theories fails.

*First*, to state a claim under either the theory of an official policy or a pervasive practice or custom, Plaintiff must allege that the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018) (quoting *Monell*, 436 U.S. at 694). "A policy or custom may be found either in an affirmative proclamation of policy or in the failure of an official 'to take any remedial steps after [constitutional] violations.'" *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 647 (9th Cir. 1991) (holding that a jury could find a policy or custom of using excessive force from the police chief's failure to discipline officers for such conduct)); *see also Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1234–35 (9th Cir. 2011) (holding that "evidence of a recurring failure to investigate and discipline municipal officers for constitutional violations can help establish the existence of an unconstitutional practice or custom" of using excessive force). Thus, a governmental entity, like the City, can only be liable under Section 1983 if "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694).

Here, Plaintiff alleges that:

> 5. The CITY has a pattern, custom, and/or practice of retaliatory conduct against those who speak out against wrongful and illegal actions. Namely, much like the facts in this case, a CITY Planning Commissioner, who also owned an investment property in San Francisco, recently filed suit alleging that he was retaliated against by SFDBI employees after making complaints and speaking out against its pay-to-play scheme and corrupt practices. The Commissioner alleged that after he called on the City Attorney to conduct an investigation, SFDBI employees riddled the Commissioner's property with erroneous complaints, unnecessary inspections, unwarranted notices of violation, and revoked nine (9) permits, all related to completed work that had already been approved, permitted, and inspected by SFDBI. The retaliation caused the value of the Commissioner's property to depreciate and caused other significant damages. The Commissioner named Defendant MAURICIO HERNANDEZ ("HERNANDEZ"), a SFDBI Building Inspector, as a defendant in his case, alleging that he was one of the employees who retaliated against him. The Commissioner settled his case against the CITY for $1.8 Million dollars.

SAC ¶ 5. The Court has already rejected Plaintiff's practice or custom theory. In granting the City's

motion to dismiss, the Court stated:

> Further, proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee is insufficient to establish the existence of a municipal policy or custom. *See Rivera v. County of Los Angeles*, 745 F.3d 384, 398 (9th Cir. 2014); *McDade v. West*, 223 F.3d 1135, 1142 (9th Cir. 2000); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989). *Gant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (liability may not be predicated on isolated or sporadic incidents; "it must be founded on practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy"); *Bauer v. City of Pleasanton*, 3:19-cv-04593-LB, 2020 WL 1478328, at *5 (N.D. Cal. Mar. 26, 2020) ("two prior incidents . . . do not show a persistent and widespread custom" (internal quotation marks omitted). Thus, if Gallagher seeks to hold the City liable, he must allege more facts to show the existence of a policy or custom.

ECF No. 27 at 7. Plaintiff ignored the Court's instructions and has only alleged one prior incident (*see*

SAC ¶ 5), which, as the Court noted, does not establish a persistent and widespread custom. *Id.*

Therefore, Plaintiff's allegation are insufficient to state *Monell* claim against the City.

Moreover, the alleged incident described in paragraph 5 involved SFDBI, not Planning. Thus,

the prior event cannot be cited for practice or custom involving the Planning Department, which is

where Hughen and Fosse were employed at the time.

*Second*, the City may be liable under Section 1983 if "the individual who committed the

constitutional tort was an official with final policy-making authority or such an official ratified a

subordinate's unconstitutional decision or action and the basis for it." *Rodriguez*, 891 F.3d at 802–03

(internal quotation marks and citation omitted) (quoting *Gravelet-Blondin v. Shelton*, 728 F.3d 1086,

1097 (9th Cir. 2013)).

Here, Plaintiff alleges that:

> 46. DUFFY, as SFDBI's Deputy Director, was in charge of and had complete oversight of SFDBI and all of its employees. He was a final policymaker acting under the color of his authority and had the power to approve, deny, and/or overturn any decisions made by SFDBI employees concerning their "regulation" of the subject property to ensure conformance with CITY policies. All of the wrongful conduct complained of herein including, without limitation, issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a valid certificate of completion, was at the behest and/or endorsement of DUFFY.

SAC ¶ 46. Plaintiff also alleges that Duffy's "job duties and responsibilities" include seven categories of tasks. SAC ¶ 46 (a)–(g). The Court has already rejected Plaintiff's ratification theory. In granting the City's motion to dismiss, the Court stated:

> In addition, "[t]o show ratification, a plaintiff must prove that the authorized policymakers approve a subordinate's decision and the basis for it." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (citations and internal quotation marks omitted). "The policymaker must have knowledge of the constitutional violation and actually approve of it." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004).

ECF No. 27 at 8. Plaintiff does allege that Duffy "was the final policymaker under the color of his authority and had the power to approve, deny, and/or overturn any decisions made by SFDBI employees." SAC ¶ 46. As noted above, even if this allegation is true, which the City denies, the allegation would not cover the Planning Department, which is where Hughen and Fosse were employed at the time. Therefore, Plaintiff's ratification theory cannot be the basis for a Monell claim with respect to Hughen and Fosse.

Moreover, with respect to SFDBI, Plaintiff has not alleged that Duffy had "knowledge of the constitutional violation and actually approve of it." Instead, Plaintiff merely alleges that the alleged conduct "was at his behest and/or endorsement." This allegation does not establish that Duffy knew of each specific constitutional violation and made a deliberate choice to endorse the subordinates' decisions and the bases for them. *See*, *e.g.*, *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir.1992)

Accordingly, the Court should grant the motion and dismiss Plaintiff's fourth cause of action (violation of civil rights, 42 U.S.C. § 1983) against the City.

## B. Plaintiff Failed to State a Retaliation Claim Against the Individual Defendants.

To bring a claim for First Amendment retaliation under § 1983, a plaintiff must allege: (1) they engaged in constitutionally protected activity; (2) as a result, they were subjected to adverse action by defendants that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). Although a plaintiff need not be actually chilled, the alleged retaliation must "chill a person of ordinary firmness from continuing to engage in the protected activity." *Capp v. Cty. of San Diego*, 940 F.3d 1046, 1054

(9th Cir. 2019) (citation omitted). Here, at the pleading stage, this would require an allegation that the enforcement of the Building and Planning Codes to the subject property would chill a person of ordinary firmness from continuing to engage in protected speech.

To make a prima facie case a plaintiff must establish causation. The test for causation in the First Amendment context stems from the Supreme Court's decision in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). A plaintiff must do more than simply show retaliatory motive and injury—they must show the injury would have never occurred without retaliation. *Nieves v. Bartlett*, 587 U.S. ---, 139 S. Ct. 1715, 1722 (2019) ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury"; see also, *Hartman v. Moore*, 547 U.S. 250 (2006) (recognizing that although it "may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway"). Here, this would require an allegation that SFDBI and Planning would not have instituted code enforcement actions regarding the subject property but for retaliation.

In the case of an arrest, Supreme Court precedent requires a § 1983 plaintiff to make a threshold showing either that the officer lacked probable cause or that the circumstances are such that despite probable cause to arrest, officers "typically exercise their discretion not to do so." *Nieves*, 139 S. Ct. at 1727. As the Supreme Court explained in *Nieves*, establishing causation — "proving the link between the defendant's retaliatory animus and the plaintiff's injury" — in retaliatory prosecution and arrest claims is complex. *Nieves*, 139 S. Ct. at 1723. It is "particularly difficult" to determine whether the adverse government action was caused by the officer's malice or by the plaintiff's unlawful conduct. *Id.* at 1724. A rule that allows retaliatory arrest claims to proceed based on allegations of an officer's state of mind would be unworkable, because state of mind is easy to allege and hard to disprove. *Id.* at 1725. Such a subjective approach would create overwhelming litigation risk and burdensome discovery, capable of turning any "inartful turn of phrase" or perceived slight into years of litigation. *Id.* Because it is too easy to claim retaliatory animus and too hard to defend against it, an objective burden must be imposed "to filter out the frivolous." *Hartman*, 547 U.S. at 257-258. Here,

this would require an allegation that the Individual Defendants lacked probable cause (or an objective reason) to institute code enforcement actions regarding the subject property but for retaliation.

Plaintiff's SAC fails to adequately allege the causation element of his retaliation claim for any of the Individual Defendants. Plaintiff generally alleges that the Individual Defendants retaliated against him for exercising his rights to free expression. SAC ¶ 94. But Plaintiff fails to allege a causal relationship to his protected activity and the alleged conduct of the Individual Defendants (that is, the enforcement of the Building and Planning Codes to the subject property). With respect to Hughen, Plaintiff alleges that he delayed the approval of his permit application for an additional dwelling unit (SAC ¶ 49) and he claimed "that the driveway on the subject property was out of code compliance" (SAC ¶ 50). With respect to Birmingham, Plaintiff alleges that he re-inspected the subject property and issued a notice of violation (SAC ¶ 41) and he "subsequently rejected Plaintiff's application related to the windows on the second floor" (SAC ¶ 43). With respect to Fossi, Plaintiff alleges that she delayed the approval of his permit application for an additional dwelling unit. SAC ¶ 49. With respect to Duffy, Plaintiff alleges that he "demanded that the windows on the second floor be closed off completely. (SAC ¶ 45). With respect to Hernandez Plaintiff alleges that he re-inspected the subject property and issued a notice of violation. SAC ¶ 41.

None of these allegations are sufficient to state a retaliation claim under *Mt. Healthy* or *Nieves*. Plaintiff has not alleged (and cannot allege) that the Individual Defendants' alleged conduct would have never occurred without retaliation. Specifically, Plaintiff has not alleged (and cannot allege) the absence of probable cause (or an objective reason) for any of the code enforcement actions taken by the Individual Defendants. Similarly, these allegations do not state an objective claim that the Individual Defendants' alleged conduct would have never occurred without retaliation. Knowledge of the protected activity is the bare minimum of a retaliation claim; a plaintiff needs to allege a retaliatory motive in addition to evidence the defendant knew of the speech at issue. *See, e.g.*, *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751 (9th Cir. 2001).

Accordingly, the Court should dismiss Plaintiff's retaliation claim under 42 U.S.C. § 1983 against Hughen, Birmingham, Fossi, Duffy, and Hernandez.

///

### III. PLAINTIFF'S STATE LAW CLAIMS AGAINST FAIL AS A MATTER OF LAW

#### A. Madison Trust FBO Patrick Gallagher Did Not File a Government Claim.

It is settled law that one—a person or business—cannot sue a public entity for damages without first filing a timely Government Claim against the entity, and having the entity act on that Claim. A party must file a Government Claim with the public entity before filing suit:

> [N]o suit for money or damages may be brought against a public entity … until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board….

Cal. Gov't Code § 945.4. Thus, the timely and proper filing of a government claim is a mandatory condition precedent to the maintenance of an action against a public entity. *City of San Jose v. Superior Ct.*, 12 Cal.3d 447, 454 (1974) ("[c]ompliance with the claims statutes is mandatory; and failure to file a claim is fatal to the cause of action" (citation omitted)). To file a claim against the City, or any of its constituent entities, one must file a government claim form with the Clerk of Board of Supervisors or the Controller. S.F. Admin. Code § 10.20-4 ("A claim shall be presented to the City … by delivering it to the Clerk of the Board of Supervisors or Controller … ."). Numerous decisions of the California Courts of Appeal and Supreme Court explain the purpose for this requirement. One decision summarizes the purposes of the claims requirement as follows:

> The purpose of the claims presentation requirement is to facilitate early investigation of disputes and settlement without trial if appropriate, as well as to enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future.

*Baines Pickwick Ltd. v. City of Los Angeles*, 72 Cal.App.4th 298, 303 (1999).

Here, Plaintiff, not Madison Trust FBO Patrick Gallagher, filed a Government Claim on around September 13, 2022. *See* RJN, Exhibit A. Because Madison Trust FBO Patrick Gallagher did not file a Government Claim, the purported first (slander of title), third (intentional interference with prospective economic relations), sixth (negligence) causes of action, and seventh (declaratory relief)

on behalf of Madison Trust FBO Patrick Gallagher are barred as a matter of law.[3] *See, e.g.*, *City of San Jose v. Superior Ct.*, 12 Cal.3d at 454.

For the reasons set forth below in Section III.B, Plaintiff's Government Claim is not effective on behalf of "Madison Trust FBO Patrick Gallagher."

**B.    Plaintiff Lacks Standing to Pursue Certain State Law Claims in His Individual Capacity.**

Plaintiff lacks standing to pursue certain state law causes of action in his individual capacity. Plaintiff affirmatively alleges that he does not own the subject property in his individual capacity. Rather, as alleged in the FAC, the subject property is owned by "Madison Trust FBO Patrick Gallagher." SAC ¶¶ 28, 60, 72, 80, 116. Plaintiff also alleges that he is the trustee of the "Madison Trust FBO Patrick Gallagher." SAC ¶ 9. Thus, Plaintiff is both the beneficiary and trustee of the "Madison Trust FBO Patrick Gallagher."

In California, a beneficiary of a trust lacks standing to pursue a cause of action on behalf of the trust:

> In general, the person who has the right to file suit under the substantive law is the real party in interest. (4 Witkin, Cal. Procedure, Pleading, *supra*, § 103, at p. 138.) At common law, where a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest because the trustee has legal title to the cause. (*Thorpe v. Story* (1937) 10 Cal.2d 104, 114, 73 P.2d 1194; *Powers v. Ashton*, *supra*, 45 Cal.App.3d at p. 787 (1975), 119 Cal.Rptr. 729; 4 Witkin, Cal. Procedure, Pleading, *supra*, § 117, at p. 153.) The corollary to this rule is that the beneficiary of a trust generally is not the real party in interest and may not sue in the name of the trust. A trust beneficiary has no legal title or ownership interest in the trust assets; his or her right to sue is ordinarily limited to the enforcement of the trust, according to its terms. (*Botsford v. Haskins & Sells* (1978) 81 Cal.App.3d 780, 784.) "[B]ecause an ordinary express trust is not an entity separate from its trustees, action may not be maintained in the name of the trust. [Citation.] Thus, absent special circumstances, an action prosecuted for the benefit of a trust estate by a person other than the trustee is not brought in the name of a real party in interest and is demurrable." (*Powers*, *supra*, 45 Cal.App.3d at pp. 787–788, 119 Cal.Rptr. 729.)

*Saks v. Damon Raike & Co.*, 7 Cal.App.4th 419, 427 (1992). The Ninth Circuit has applied this holding to dismiss causes of action brought by a beneficiary of a trust, like Plaintiff, seeking to protect an asset of the trust. "In general, therefore, a trust beneficiary is not the entity positioned to take legal recourse to protect the trust assets." *See, e.g.*, *In re Tower Park Properties, LLC*, 803 F.3d 450, 459

---

[3] Defendants acknowledges that Madison Trust FBO Patrick Gallagher does not need to file a Government Claim for an inverse condemnation action, if such a claim is viable. *See* Cal. Gov't Code § 905.1.

(9th Cir. 2015). Thus, while the trustee of the Madison Trust FBO Patrick Gallagher has standing to pursue certain actions to protect assets of the trust, Plaintiff in his individual capacity lacks standing to pursue such claims.

Plaintiff's first cause of action (slander of title), second cause of action (inverse condemnation), third cause of action (intentional interference with prospective economic relations), sixth cause of action (negligence) and seventh cause of action (declaratory relief) are premised on the allegation that the City and other defendants caused economic damage to the subject property. In the first cause of action, Plaintiff alleges that "Defendants' statements have placed an untenable cloud on the title to the subject property." SAC ¶ 67. In the second cause of action, Plaintiff alleges that "Defendants have unlawfully taken and/or damaged the subject property without providing Plaintiff with just compensation." SAC ¶ 73. In the third cause of action, Plaintiff alleges that he "established an economic relationship with various real estate agents or brokers, purchasers, and prospective purchasers related to the property that would have resulted in an economic benefit to Plaintiff by the sale of the subject property." SAC ¶ 81. In the sixth cause of action, Plaintiff failed to allege what specific harm was caused by the Defendants' alleged negligence. Finally, in the seventh cause of action, Plaintiff alleges that Defendants' conduct "placed an untenable cloud on the title of the subject property." SAC ¶ 117.

Because Plaintiff concedes that the subject property is owned by the "Madison Trust FBO Patrick Gallagher," Plaintiff lacks standing to pursue any cause of action in his *individual capacity* to protect the assets of the trust, including the subject property. *See, e.g.*, *Saks*, 7 Cal.App.4th at 427. Accordingly, the Court should dismiss Plaintiff's first cause of action (slander of title), second cause of action (inverse condemnation), third cause of action (intentional interference with prospective economic relations), sixth cause of action (negligence), and seventh cause of action (declaratory relief) with prejudice as to Plaintiff in his individual capacity.

### C.    Plaintiff's State Law Claims Are Not Ripe.

Plaintiff's state law claims are not ripe, as the permits and notices of violation are still pending with SFDBI and Planning. "The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions." *See, e.g.*, *Pac. Legal Found. v. California*

*Coastal Com.,* 33 Cal.3d 158, 170 (1982). "It is in part designed to regulate the workload of courts by preventing judicial consideration of lawsuits that seek only to obtain general guidance, rather than to resolve specific legal disputes." *Id.*

> Without undertaking to survey the intricacies of the ripeness doctrine it is fair to say that its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, *and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.* The problem is best seen in a twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."

*Id.* at 171 (fn. omitted; italics added). Moreover, courts will defer to local authorities until a final decision is made at the administrative level on land use permits. *See, e.g., Lindell Co. v. Bd. of Permit Appeals of City & Cnty. of San Francisco*, 23 Cal.2d 303, 315 (1943); *Martin v. City & Cnty. of San Francisco*, 135 Cal.App.4th 392, 399–400 (2005). This applies with greater force in San Francisco, where courts have recognized that the City's codes vest administrative authorities with vast discretion to decide whether and on what conditions an applicant will be granted a permit. And if the application is for a building permit, the fact that the applicant's project complies with zoning ordinances and building codes does not restrict the scope of that discretion. *See Lindell Co.*, 23 Cal.2d at 311, 314; *Guinnane v. San Francisco Planning Comm'n.*, 209 Cal.App.3d 732, 739–40 (1989).

Here, Plaintiff's state law claims are based on allegations that the notices of violation and order of abatement were invalid. SAC ¶¶ 61, 73, 83, 101, 108, 117. To the extent that Plaintiff is not satisfied with the permit decisions or if the permits are denied or an order of abatement, Plaintiff will have the opportunity to seek administrative review of each decision (or conditions placed on them) to the San Francisco Board of Appeals. *See* S.F. Charter § 4.106 (general jurisdiction of the Board of Appeals); S.F. Bus. & Tax Regs. Code § 8(e)(2) (appealing decisions of Department of Building Inspection); S.F. Building Code § 105A2 (appealing order of abatement to Abatement Appeals Board).

Once the administrative review is completed and Plaintiff is still not satisfied with the decisions,[4] Plaintiff can file a Petition for Administrative Mandate under California Code of Civil

---

[4] To challenge the decision of an administrative agency, petitioners must demonstrate that they have exhausted all available administrative procedures–including all available administrative appeals of an agency's decision. *See, e.g., Sierra Club v. San Joaquin Local Agency Formation Comm'n*, 21

Procedure § 1094.5. Until then, Plaintiff's state law claims are not ripe. *See*, *e.g.*, *Selby Realty Co. v. City of San Buenaventura*, 10 Cal.3d 110–18 (1973).

The ripeness doctrine or exhaustion of administrative remedies applies to an inverse condemnation claim. *See*, *e.g.*, *Hensler v. City of Glendale*, 8 Cal.4th 1, 12 (1994), *as modified on denial of reh'g* (Sept. 22, 1994); *Ventura29 LLC v. City of San Buenaventura*, 87 Cal.App.5th 1028, 1041 (2023). In *Hensler*, the California Supreme Court set forth the prerequisites for a cause of action based on a regulatory taking. If a public entity "merely regulates the use of property" without physically occupying it, as in this case, "[a]n individualized assessment of the impact of the regulation on a particular parcel of property and its relation to a legitimate state interest is necessary in determining whether a regulatory restriction on property use constitutes a compensable taking." *Hensler*, 8 Cal.4th at 10. Accordingly, "until a final administrative decision has been made, one which affords the [public entity] the opportunity to amend the agency decision and/or grant a variance, *whether a taking has occurred through application of a land-use regulation to specific property cannot be determined*." *Id*. at 10–11 (italics added).Thus, a final administrative decision includes exhaustion of any available review mechanism. Utilization of available avenues of administrative relief is necessary because the court "cannot determine whether a regulation has gone 'too far' unless it knows how far the regulation goes." *Hensler*, 8 Cal.4th at 12 (quoting *MacDonald, Sommer & Frates v. Yolo Cnty.*, 477 U.S. 340, 348 (1986)).

As noted above, Plaintiff's first cause of action (slander of title), second cause of action (inverse condemnation), third cause of action (intentional interference with prospective economic relations), fifth cause of action (intentional infliction of emotional distress), sixth cause of action (negligence), and seventh cause of action (declaratory relief) are premised on the alleged "issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a certificate of completion" (SAC ¶ 61). But Plaintiff has not alleged that he has exhausted available

---

Cal. 4th 489, 503 n.6 (1999); *Abelleira v. District Court of Appeal* (*Matson*), 17 Cal. 2d 280, 292–95 (1941).

administrative and judicial remedies challenging the code enforcement actions at issue in this litigation.

Accordingly, first cause of action (slander of title), second cause of action (inverse condemnation), third cause of action (intentional interference with prospective economic relations), fifth cause of action (intentional infliction of emotional distress), sixth cause of action (negligence), and seventh cause of action (declaratory relief) are not ripe for adjudication.

### D. Defendants Are Immune for Any Claims for State Law Damages.

#### 1. California Government Code Sections 818.4 and 821.2.

California Government Code section 818.4 provides that "[a] public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

California Government Code section 821.2 provides that "[a] public employee is not liable for an injury caused by his issuance, denial, suspension or revocation of, or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked." Section 821.2 is a corollary that immunizes public employees for their roles in the discretionary permit decisions governed by section 818.4. "The immunity applies only to discretionary activities." *Richards v. Dep't of Alcoholic Beverages Control*, 139 Cal.App.4th 304, 318 (2006).

In San Francisco, all decisions whether to issue, deny, suspend, or revoke a permit, license, approval are discretionary under San Francisco Business and Tax Regulations Code § 26. In fact, Section 26 vests administrative authorities with very broad discretion to decide whether and on what conditions an applicant will be granted a permit. And if the application is for a building permit, the fact that the applicant's project complies with zoning ordinances and building codes does not restrict the scope of that discretion. *Lindell Co.,* 23 Cal. 2d at 311, 314; *Guinnane*, 209 Cal.App.3d at 739–40; *Martin*, 135 Cal.App.4th at 400.

California cases have consistently held that Sections 818.4 and 821.2 preclude damages against a city or a public employee for the decisions related to the granting, denying, or revoking of permits. *See, e.g.*, *State of California v. Superior Ct.*, 12 Cal.3d 237, 246 (1974); *Selby Realty Co.*, 10 Cal.3d at 127; *Burns v. City Council*, 31 Cal.App.3d 999, 1004–05 (1973); *Brown v. City of Los Angeles*, 267 Cal.App.2d 849, 850–51 (1968).

Here, Plaintiff alleges damages related to the "issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a certificate of completion." SAC ¶ 58 (first cause of action), ¶ 83 (third cause of action), ¶ 101 (fifth cause of action), ¶ 108 (sixth cause of action). As set forth above, Defendants are immune under California Government Code sections 818.4 and 821.2 from all damages sought by Plaintiff in these causes of actions.

### 2.      California Government Code Sections 818.8 and 822.2

California Government Code section 818.8 provides that "[a] public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." California courts have consistently applied Section 818.8 to immunize public entities, like the City, from liability for the fraudulent or negligent misrepresentations of its employees. *See, e.g.*, *Harshbarger v. City of Colton*, 197 Cal.App.3d 1335, 1342 (1988). California Government Code section 822.2 provides that "[a] public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice."

The purpose of sections 818.8 and 822.2 is to immunize public entities and their employees "from liability for misrepresentation or deceit, a 'tort distinct from the general milieu of negligent and intentional wrongs, [and which] applies to interferences with financial or commercial interest.' " *Tur v. City of Los Angeles*, 51 Cal.App.4th 897, 902 (1996)

In *Harshbarger*, the court applied Section 818.8 to immunize the city and building inspectors for "intentional misrepresentation by Colton city employees during inspection of construction on the Harshbargers" residence. *Harshbarger*, 197 Cal.App.3d at 1339, 1342; *see Grenell v. City of Hermosa*

*Beach*, 103 Cal.App.3d 864, 867 (1980) (applying Section 818.8 and 822.2 to bar an action to recover damages from the City of Hermosa Beach for the negligence of its employees in issuing a "Report of Residential Building Records" which misstated the city records governing the use of certain property.)

Here, Plaintiff alleges damages related to the "issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a certificate of completion." SAC ¶ 58 (first cause of action), ¶ 83 (third cause of action), ¶ 101 (fifth cause of action), ¶ 108 (sixth cause of action). To the extent that Plaintiff alleges these notices of other documents are false or misleading, the City is immune from any damages under Government Code sections 818.8 and 822.2.

### 1. California Government Code section 821.6.

California Government Code section 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." In *Leon v. Cnty. of Riverside*, 14 Cal.5th 910 (2023), the California Supreme Court recently construed the extent of Section 821.6 immunity.

In *Leon*, the California Supreme Court explained the proper scope of Section 821.6 immunity. The California Supreme Court explained that some California Court of Appeal decisions had gone too far in extending the immunity to injuries that were not caused by a prosecution, such as when a crime victim sued investigating officers for comments they made about her that caused her emotional distress. *Leon*, 14 Cal.5th at 919 (distinguishing *Amylou R. v. Cnty. of Riverside*, 28 Cal.App.4th 1205 (1994)).

But at the same time, the California Supreme Court also clarified that Section 821.6 immunity was broader than its past decisions had suggested. The California Supreme Court acknowledged that its past decisions, had "loosely described section 821.6 as conferring immunity against malicious prosecution claims." *Leon*, 14 Cal.5th at 922. But, the Court explained, this did not mean the immunity was limited to malicious prosecution claims. The Court provided a correction to this too-narrow view of the immunity:

///

> [S]ection 821.6 is more aptly characterized as providing *immunity against liability for claims of injury based on tortious or wrongful prosecution*. The immunity is narrow in the sense that it applies only if the conduct that allegedly caused the plaintiff's injuries was the institution or prosecution of an official proceeding. *But this immunity is broad in the sense that it applies to every such tort claim, whether formally labeled as a claim for malicious prosecution or not.* And where it applies, it is absolute, meaning that "the immunity is not conditioned on a showing that the defendant acted in a reasonable or procedurally proper manner, or any similar requirement."

*Id.* (emphasis added) (quoting *Quigley v. Garden Valley Fire Protection Dist.*, 7 Cal.5th 798, 809 (2019). That was not the only portion of the decision where the California Supreme Court emphasized that the immunity should not be read narrowly:

> We restate that conclusion here with this clarification: Section 821.6 applies to claims of injury arising from a public employee's initiation or prosecution of an official proceeding, whether the act was allegedly done with malice and without probable cause, as required for a malicious prosecution action, or was allegedly tortious for other reasons.

*Leon*, 14 Cal.5th at 929. The touchstone of the immunity is whether a plaintiff's claims "concern alleged harms from the institution or prosecution of judicial or administrative proceedings." *Id.* at 931.

Here, Plaintiff alleges damages related to the "issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a certificate of completion." SAC ¶ 58 (first cause of action), ¶ 83 (third cause of action), ¶ 101 (fifth cause of action), ¶ 108 (sixth cause of action). The gravamen of each of these causes of action is that employees of SFDBI and Planning, improperly initiated investigations and abatement proceedings against her property for code violations. Accordingly, the City is immune from all conduct arising out of the investigation of code violations and the initiation of administrative abatement proceedings. *See Leon*, 14 Cal.5th at 929.

### E. Plaintiff's Inverse Condemnation Claim Fails As a Matter of Law.

In his second cause of action, Plaintiff alleges the following factual basis for the inverse condemnation cause of action:

> Defendants have unlawfully taken and/or damaged the subject property without providing Plaintiff just compensation. Defendants have abridged and/or destructed Plaintiff's rights to the possession, use, and/or enjoyment of his land. Such conduct includes, without limitation, issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a certificate of completion.

SAC ¶ 73. These factual allegations do not support an inverse condemnation claims.

To state a cause of action for inverse condemnation, the property owner must show there was an invasion or appropriation (a "taking" or "damaging") of some valuable property right which the property owner possesses by a public entity and the invasion or appropriation directly and specially affected the property owner to his injury. *Beaty v. Imperial Irrigation Dist.*, 186 Cal.App.3d 897, 903 (1986). California courts have consistently held that notices of violation of building code violations and orders of abatement do not constitute a taking. *See, e.g.*, *Golden Gate Water Ski Club v. Cnty. of Contra Costa*, 165 Cal.App.4th 249, 267 (2008) ("Regulations regarding and restrictions upon the use of property in an exercise of the police power for an authorized purpose, do not constitute the taking of property without compensation or give rise to constitutional cause for complaint.").

Accordingly, Plaintiff has failed to allege a viable inverse condemnation claim against Defendants. *See id*.

## IV. PLAINTIFF'S DECLARATORY RELIEF CAUSE OF ACTION FAILS AS A MATTER OF LAW

California Code of Civil Procedure § 1060 provides: "Any person interested under a written instrument ... or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property ... may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action ... for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument " To allege facts sufficient to state a cause of action for declaratory relief, the plaintiff must allege "two essential elements: '(1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party.'" *Lee v. Silveira*, 6 Cal.App.5th 527, 546 (2016). Plaintiff cannot establish that the action is a proper subject of declaratory relief. In his seventh cause of action, Plaintiff seeks to challenge the on-going code enforcement actions taking by SFDBI and Planning:

> 117. Defendants' refusal to, without limitation, release frivolous code enforcement liens, release notices of violation, release abatement orders, issue permits, and issue a certificate of completion has placed an untenable cloud on the title to the subject property, in that the property remains vacant and cannot be sold.

118. An actual controversy has arisen and now exists between Defendants and Plaintiff in connection with the matters alleged herein.

119. No adequate remedy other than that herein prayed for exists by which the rights of the parties may be determined. A judicial determination resolving this actual controversy is necessary and appropriate at this time.

SAC ¶¶ 117–19. But Plaintiff's sole remedy is to challenge the on-going code enforcement actions through an administrative mandamus action under California Code of Civil Procedure section 1094.5. *See* Section III.C. above.

"[A] petition for administrative mandamus under Code of Civil Procedure section 1094.5 is appropriate when the party seeks review of a final 'determination, finding, or decision of a public agency, made as a result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in a public agency ....' " *California Water Impact Network v. Newhall County Water Dist.,* 161 Cal.App.4th 1464, 1482 (2008). An action for declaratory relief is generally an appropriate means of facially challenging a legislative or quasi-legislative enactment of a public entity (*Apartment Assn. of Los Angeles Cnty., Inc. v. City of Los Angeles*, 136 Cal.App.4th 119, 128 (2006)); however, the appropriate remedy for a challenge to the application of an enactment to specific property—i.e., an "as-applied challenge"—is through administrative mandamus. *Beach & Bluff Conservancy v. City of Solana Beach*, 28 Cal.App.5th 244, 259 (2018). As explained in *Walter H. Leimert Co. v. California Coastal Com.*, 149 Cal.App.3d 222, 230 (1983), "[t]he law is well established that an action for declaratory relief is not appropriate to review an administrative decision."

Because Plaintiff seeks to challenge the on-going code enforcement actions taking by SFDBI and Planning, his seventh cause of action fails as a matter of law. Plaintiff's sole remedy is to challenge to challenge the on-going code enforcement actions taking by SFDBI and Planning in an administrative mandamus action under California Code of Civil Procedure section 1094.5.

Accordingly, the Court should dismiss Plaintiff's seventh cause of action (declaratory relief) without leave to amend.

///

///

///

**CONCLUSION**

For the foregoing reasons, the Court should grant the City's motion to dismiss Plaintiff's SAC in its entirety without leave to amend.

Dated:  November 21, 2023

                                 DAVID CHIU
                                 City Attorney
                                 JAMES F. HANNAWALT
                                 Acting Chief Trial Deputy
                                 THOMAS S. LAKRITZ
                                 Deputy City Attorney

                        By: */s/ Thomas S. Lakritz*
                                 THOMAS S. LAKRITZ

                                 Attorneys for Defendants
                                 CITY AND COUNTY OF SAN FRANCISCO;
                                 WILLIAM HUGHEN; KEVIN BIRMINGHAM;
                                 NATALIA FOSSI; MAURICIO HERNANDEZ; and
                                 JOE DUFFY