**CALLAHAN & BLAINE, APLC**
Javier H. van Oordt (Bar No. 184879)
Jonathan W. Hornberger (Bar No. 311144)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445
Email: jvo@callahan-law.com
        jhornberger@callahan-law.com

Attorneys for Plaintiff PATRICK GALLAGHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGHER, <br><br>               Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, AND JOE DUFFY, <br><br>               Defendants. | Case No.: 23-cv-03579-SI <br><br> Magistrate Judge: Hon. Honorable Susan Illston <br><br> **PLAINTIFF PATRICK GALLAGHER'S OPPOSITION TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> <u>Hearing:</u> <br><br> Date:     January 5, 2024 <br> Time:     10:00 A.M. <br> Location: Remote via Zoom |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................ 2

ARGUMENT ...................................................................................................................... 5

I.      LEGAL STANDARD .............................................................................................. 5

II.     PLAINTIFF HAS SUFFICIENTLY STATED A *MONELL* CLAIM AGAINST THE CITY ................................................................................................................ 6

      A.     Authority ...................................................................................................... 6

      B.     Plaintiff Adequately Alleges the Existence of a Pervasive Custom and Practice that is the Moving Force Behind the City's Constitutional Violations. ...................................................................................................... 6

      C.     Plaintiff Adequately Alleges Ratification by Duffy, a Final Policymaker. ............ 8

III.    PLAINTIFF'S STATE LAW CLAIMS DO NOT FAIL AS A MATTER OF LAW ...... 10

      A.     Plaintiff Properly Submitted A Government Claim, Individually And As Trustee For The Madison Trust .................................................................... 10

            i.      Plaintiff Is The Real Party In Interest And, As Such, The Madison Trust Was Not Required To Submit A Government Claim ..................... 11

            ii.     Notwithstanding The Above, Madison Trust FBO Patrick Gallagher Substantially Complied With The Government Claim Act ...................... 11

      B.     Plaintiff Has Standing To Pursue His State Law Claims In His Individual Capacity ...................................................................................................... 13

      C.     Plaintiff's State Law Claims Are Ripe .......................................................... 14

            i.      Plaintiff's State Law Claims Are Premised On Multiple Allegations And Seek Monetary Damages, Not Just Equitable Relief ...................... 14

            ii.     Plaintiff Properly Sought Administrative Relief Concerning The City's Regulation Of The Subject Property Which Was Summarily Denied ...................................................................................... 14

            iii.    The City's Ripeness Arguments Rely on Cases That Are Inapposite and Unpersuasive. .................................................................... 15

            iv.    Any Further Administrative Adjudication Would Be Futile .................... 16

      D.     The City Is Not Immune From Plaintiff's Claims For State Law Damages ........ 17

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

i.    California Government Code Sections 818.4 And 821.2 Are Inapplicable As The Acts Of The City's Employees Were Non-Discretionary ................................................................. 17

ii.    California Government Code Section 818.8 Is Inapplicable As Plaintiff's Claims Fall Outside The Scope Of The Intended Immunity ................................................................. 20

iii.    The City's Reliance on *California Govt. Code Section 821.6* is Misplaced ................................................................. 21

E.    Plaintiff Has Clearly Alleged A Viable Inverse Condemnation Claim Against The City ................................................................. 22

F.    Plaintiff Has Alleged A Statutory Basis Against The City For Intentional Interference With Prospective Economic Advantage ................................................................. 24

G.    Plaintiff Has Alleged A Statutory Basis Against The City For Intentional Infliction Of Emotional Distress ................................................................. 24

H.    Plaintiff Has Alleged A Statutory Basis Against The City For Negligence ......... 25

IV.    IF THIS COURT FINDS THAT PLAINTIFF HAS NOT SUFFICIENTLY PLEAD ONE OR MORE CLAIMS, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND ................................................................. 25

CONCLUSION ................................................................. 25

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To Dismiss SAC - Case No.: 23-cv-03579-SI

**Page(s)**

**Cases**

*Barker v. Riverside Cnty. Office of Ed.*,
584 F.3d 821 (9th Cir. 2009) ................................................................................... 6

*Benak v. Alliance Capital Mgmt., L.P.*
(3d Cir. 2006), 435 F.3d 396 ................................................................................. 1

*Board of Cty. Com'rs of Bryan County, Okl. v. Brown*,
520 U.S. 397 (1997) ......................................................................................... 6, 9

*Butcher v. City of Marysville*
(E.D. Cal. 2019) 398 F. Supp. 3d 715 ................................................................. 7, 9

*Cahill v. Liberty Mutual Ins. Co.*,
80 F.3d 336 (9th Cir. 1996) .................................................................................. 6

*Caldwell v. Montoya*
(1995) 10 Cal.4th 972 ....................................................................................... 18

*Calprop Corp. v. San Diego*
(2000) 77 Cal.App.4th 582 ................................................................................. 15

*Chicago, Burlington & Q.R. Co. v. Chicago*,
166 U.S. 226 (1867) .......................................................................................... 22

*Christie v. Iopa*,
176 F.3d 1231 (9th Cir.1999) ................................................................................ 9

*Christie v. Iopa*
(9th Cir. 1999) ................................................................................................... 9

*City of Costa Mesa v. D'Alessio Investments, LLC*
(2013) 214 Cal.App.4th 358 ........................................................................ 20, 21, 23

*City of St. Louis v. Praprotnik*
(1998) 485 U.S. 112 ......................................................................................... 7, 9

*Connelly v. County of Fresno*
(2006) 146 Cal.App.4th 29 .................................................................................. 12

*Conway v. County of Tuolumne*
(2014) 231 Cal.App.4th 1005 .............................................................................. 18

- iii -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

*Creason v. Department of Health Services*
    (1998) 18 Cal.4th 623 ................................................................................. 19

*Fairley v. Luman*,
    281 F.3d 913 (9th Cir. 2002) ..................................................................... 9

*Finch Aerospace Corp. v. City of San Diego*
    (2017) 8 Cal.App.5th 1248 ....................................................................... 20

*Galdjie v. Darwish*
    (2003) 113 Cal.App.4th 1331 ............................................................. 11, 13

*Green v. State Center Community College Dist.*
    (1995) 34 Cal.App.4th 1348 ..................................................................... 12

*Greenspan v. LADT, LLC*
    (2010) 191 Cal.App.4th 486 ............................................................... 11, 13

*Guinnane v. San Francisco City Plan. Com.*
    (Ct. App. 1989) 209 Cal. App. 3d 732, 257 Cal. Rptr. 742 ............... 15, 16

*Hassoldt v. Patrick Media Group, Inc.*
    (2000) 84 Cal.App.4th 153 ................................................................ 11, 13

*Healing v. California Coastal Com.*
    (1994) 22 Cal.App.4th 1158 .............................................................. 23, 24

*Horton v. City of Santa Maria*,
    915 F.3d 592 (9th Cir. 2019) ..................................................................... 6

*Hunter v. Cnty. of Sacramento*,
    652 F.3d 1225 (9th Cir. 2011) ................................................................... 9

*Jackson v. Carey*,
    353 F.3d 750 (9th Cir. 2003) ................................................................... 25

*Johnson v. State of California*
    (1968) 69 Cal.2d 782 ..................................................................... 18, 19, 20

*Kavanau v. Santa Monica Rent Control Bd.*
    (1997) 16 Cal.4th 761 ........................................................................ 22, 23

*Lang v. City of Sonoma*
    (N.D. Cal. Oct. 2, 2012) No. C12-0983 TEH, 2012 WL 4674527 ......... 24

*Lawson v. Superior Court*
    (2010) 180 Cal.App.4th 1372 ............................................................ 24, 25

*Leon v. Cnty. of Riverside*
    (2023) 14 Cal. 5th 910 .............................................................................. 22

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

*Lindell Co. v. Board of Permit Appeals of City and County of San Francisco*
(1943) 23 Cal.2d 303 ............................................................................................. 15, 16

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) ........................................................................................ 25

*MacDonald, Sommer & Frates v. Yolo*,
477 U.S. 340 (1986) ........................................................................................................ 15

*Martin v. City & Cnty. of San Francisco*
(2005) 135 Cal. App. 4th 392 ...................................................................................... 15, 16

*McDougal v. County of Imperial*,
942 F.2d 668 (9th Cir. 1991) ........................................................................................ 23

*Menotti v. City of Seattle*,
409 F.3d 1113 (9th Cir. 2005) ......................................................................................... 9

*Milagra Ridge Partners, Ltd. v. City of Pacifica*
(1998) 62 Cal.App.4th 108 ........................................................................................... 17

*Milligan v. City of Laguna Beach*
(1983) 34 Cal.3d 829 ..................................................................................................... 20

*Monell v. Dep't of Soc. Servs. of City of New York*,
436 U.S. 658 (1978) ................................................................................................ 6, 7, 9

*Morongo Band of Mission Indians v. Rose*,
893 F.2d 1074 (9th Cir. 1990) ....................................................................................... 25

*Nurse v. United States*,
226 F.3d 996 (9th Cir. 2000) ......................................................................................... 19

*O'Flaherty v. Belgum*
(2004) 115 Cal. App. 4th 1044 .................................................................................. 11, 13

*Pacific Bell v. City of San Diego*
(2000) 81 Cal.App.4th 596 ........................................................................................... 21

*Patrick Media Group, Inc. v. California Coastal Com.*
(1992) 9 Cal.App.4th 592 ............................................................................................. 19

*People v. Rogers*
(2013) 57 Cal.4th 296 .................................................................................................... 11

*Perez v. Golden Empire Transit Dist.*
(2012) 209 Cal.App.4th 1228 ....................................................................................... 12

*Phillips v. Desert Hospital Dist.*
(1989) 49 Cal.3d 699 ..................................................................................................... 12

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To
Dismiss SAC - Case No.: 23-cv-03579-SI

*Portico Mgmt. Group, LLC v. Harrison*
(2012) 202 Cal.App.4th 464 ....................................................... 11, 13

*Richards v. Dep't of Alcoholic Beverages Control*
(2006) 139 Cal.App.4th 304 ............................................................ 18

*Roger v. County of Riverside*
(2020) 44 Cal.App.5th 510 .............................................................. 18

*Saltares v. Kristovich*
(1970) 6 Cal.App.3d 504 ................................................................. 19

*Shaw v. County of Santa Cruz*
(2008) 170 Cal.App.4th 229 ............................................................ 16

*Sparks v. Kern County Bd. of Supervisors*
(2009) 173 Cal.App.4th 794 ............................................................ 12

*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority*
(2004) 34 Cal.4th 441 ..................................................................... 12

*Thompson v. City of Lake Elsinore*
(1993) 18 Cal.App.4th 49 ................................................................ 18

*Toigo v. Town of Ross*
(1998) 70 Cal.App.4th 309 ............................................................. 17

**Statutes**

18 U.S.C. § 666 .................................................................................... 1

18 U.S.C. § 1343, 1346 ....................................................................... 1

42 U.S.C. § 1983 ............................................................................ 2, 5, 6

Cal. Civ. Proc. Code § 369(a) ...................................................... 11, 13

Cal. Gov. Code § 815.2(a) ...................................................... 17, 24, 25

California Environmental 397 Quality Act ......................................... 16

California Environmental Quality Act (CEQA) ................................. 15

California Government Code § 818.4 And 821.2 ...................... 17, 18, 19

California Government Code § 818.8 ............................................ 20, 21

California Government Code § 910 .................................................... 12

California Govt. Code § 821.6 ........................................................... 22

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To Dismiss SAC - Case No.: 23-cv-03579-SI

Government Claims Act .................................................................................................. 12

Tort Claims Act ........................................................................................................... 21

**Other Authorities**

Fed.R.Civ.P. 8(a)(2) ...................................................................................................... 6

Fed. R. Civ. P. 15(a)(2) ............................................................................................... 25

U.S. Const., 5th Amend ............................................................................................... 22

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To Dismiss SAC - Case No.: 23-cv-03579-SI

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff PATRICK GALLAGHER'S ("Plaintiff") Second Amended Complaint ("SAC") properly and sufficiently alleges all causes of action against Defendants. Defendant CITY AND COUNTY OF SAN FRANCISCO's ("City") Motion to Dismiss fails, as a matter of law, as the SAC sets forth with requisite specificity appropriate pleading allegations to survive the City's Motion to dismiss ("Motion") and specifically addresses issues raised in the Court's October 30, 2023 Order. (Plaintiff's Request for Judicial Notice, ("Plaintiff's RJN", Exhibit A).

The City's Motion ignores material substantive amendments requested by the Court's October 20, 2023 ruling. *Id.* Most tellingly, the City's Motion attempts to couch the entire lawsuit as a quarrel over ministerial permitting, rather than a far-reaching criminal enterprise in which two named SFDBI Defendants – Curran and Santos - have already plead guilty to federal crimes in this very Court[1]. It is understandable that the City would rather avoid this ominous elephant in the room, but they cannot. Tellingly, these indictments arose from an investigation by the F.B.I. - the same agency Plaintiff Gallagher was retaliated against for exercising his Constitutional right to speak with. This is not a case about run-of-the-mill permitting delays and irregularities, as much as the City would prefer this narrative. It is a case about brazen extortion by corrupt government officials undermining the rule of law, integrity, and order in society. Indeed, the SFDBI's own spokesperson, Patrick Hannan, commenting to the media on Curran and Santos' indictments, called them an "important win for San Francisco, its residents and taxpayers", and noted that "we [SFDBI] will continue to do all we can to hold fully accountable anyone who violates the public trust. (See Plaintiff's Request for Judicial Notice, Exhibit B).[2] As a San Francisco resident and taxpayer, Plaintiff Patrick Gallagher concurs with the SFDBI spokesperson Patrick Hannan's

---

[1] In 2021, following an investigation by the FBI, Curran and Santos were federally indicted, and in 2023, both men plead guilty. Curran pled guilty to accepting illegal gratuities in violation of 18 U.S.C. § 666 and Santos pled guilty to honest services wire fraud in violation of 18 U.S.C. § 1343, 1346.

[2] See *Benak v. Alliance Capital Mgmt., L.P.* (3d Cir. 2006), 435 F.3d 396, 401, n. 15, permitting judicial notice of newspaper articles to indicate what was in the public realm at the time

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To Dismiss SAC- Case No.: 23-cv-03579-SI

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

remarks and looks forward to his day in Court. The City's motion to dismiss argues that Plaintiff's fourth cause of action under Title 42 U.S.C. § 1983 fails to sufficiently allege a theory of liability and any facts that would support same. Despite the City's contentions, Plaintiff has alleged a recurring pattern of retaliatory behavior by the City, involving the highest policymaker in one of its departments, which resulted in the deprivation of Plaintiff's right to freedom of speech guaranteed by the Constitution.

The City also argues that Plaintiff's state law claims fail for a number of reasons, including failure to exhaust administrative remedies and governmental immunity. The City's arguments are wrong on many levels. Notably, Plaintiff did seek relief through the appropriate administrative channels concerning the improper regulation of his property and, as a result of the City's clear denial of his claims and its collaborated retaliatory efforts against him, any further administrative adjudication would be futile. Additionally, the City's arguments concerning immunity are wholly inapplicable as the City's acts were non-discretionary and Plaintiff's claims fall outside the scope of the intended immunity. Accordingly, Plaintiff respectfully requests that this Court to deny the City's motion in its entirety.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, individually and as the real party in interest for the Madison Trust FBO Patrick Gallagher ("Madison Trust"), filed a government claim with the City on or around September 8, 2022. SAC ¶¶ 23-25; *See also* Defendant City's Request for Judicial Notice in Support of Defendant's Motion to Dismiss SAC ("City's RJN"), Exhibit A. The City denied Plaintiff's claim on or around October 6, 2022. SAC ¶¶ 23-25; *See also* City's RJN, Exhibit B.

Plaintiff, in *pro per*, timely filed his original Complaint against the City and various City employees and affiliates on March 16, 2023. RJN, Exhibit C. The City employees and affiliates included Defendants BERNARD CURRAN ("Curran"), RODRIGO SANTOS ("Santos"), WILLIAM HUGHEN ("Hughen"), KEVIN BIRMINGHAM ("Birmingham"), NATALIA KWAITKOWSKA ("Kwaitkowska"), and JOE DUFFY ("Duffy"). After retaining counsel of record, Plaintiff filed his FAC on June 20, 2023. In addition to the City employees and affiliates named in the original Complaint, Plaintiff also named Building Inspector, Defendant MAURICIO

HERNANDEZ ("Hernandez"). FAC ¶ 15. On November 9, 2023, Plaintiff filed his Second Amended Complaint. (City's RJN, Exhibit E) In summary, Plaintiff alleges the following in his SAC:

In 2018, Plaintiff, a veteran in the construction industry for over forty-five (45) years, purchased a single family home in San Francisco located at 200 Naples Street ("subject property"),with the intention of renovating and selling it. SAC ¶¶ 1, 28.

During the initial renovation process, Plaintiff was the victim of a pay-to-play fraud by City employees. SAC ¶¶ 2, 36-37. The pay-to-play fraud was known, encouraged, formulated, and tolerated by the City and targeted individuals, such as Plaintiff, who were renovating homes for re-sell. SAC ¶ 2. As part of the fraud, the City, specifically SFDBI Building Inspector Curran, did not even issue a permit allowing substantive renovation work to begin on the property unless and until Plaintiff – at Inspector Curran's insistence - hired structural engineer Rodrigo Santos ("SANTOS"). SAC ¶¶ 2, 30-32. Of course, both Curran and Santos have since plead guilty subsequent to federal indictments.

After uncovering the truth behind these deceptive practices and refusing to participate, Plaintiff spoke with the Federal Bureau of Investigation ("FBI") concerning this illegal and fraudulent scheme. SAC ¶¶ 3, 36-37. The FBI had already been conducting an investigation into several City officials including Curran, a former Building Inspector, who specifically perpetrated this scheme against Plaintiff by forcing him to use Santos, an outside structural engineer and former employee of the City. SAC ¶¶ 3, 31-36. Curran was eventually arrested and charged with accepting gratuities as rewards for approving building permits. SAC ¶ 3.

City employees, namely Duffy, Birmingham, Hernandez, Hughen, and Kwaitkowska, close associates with both Curran and Santos, became aware and/or were under the belief that Plaintiff had discussions with the FBI concerning Curran and Santos. SAC ¶ 38. In fact, Duffy, the City's Chief Building Inspector, and Hernandez both expressed to Plaintiff that they knew he had spoken to the FBI. SAC ¶¶ 40, 45. Due to Plaintiff's participation in the FBI's investigation and refusal to participate in the pay-to-play fraud, Plaintiff was subjected to brazen retaliation by the City including, without limitation, the discharge of and refusal to release numerous unfound,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  frivolous, and vindictive notices of violation, abatement orders, and enforcement liens; the

2  revocation of valid permits; and, notably, the revocation of a valid certificate of completion that

3  Plaintiff had received in August of 2020. SAC ¶¶ 4, 36-54.

4       In his SAC, Plaintiff adequately pleads facts to support the City's pattern of retaliatory

5  conduct, including ratification by senior Building Department Officials including Curran, Duffy,

6  Santos, Hernandez, and Birmingham.  SAC ¶¶ 5, 31, 39-41, 43, 45-58.

7       The City has a pattern, custom, and/or practice of retaliatory conduct against those who

8  speak out against wrongful and illegal actions. Namely, much like the facts in this case, a CITY

9  Planning Commissioner, who also owned an investment property in San Francisco, recently filed

10  suit alleging that he was retaliated against by SFDBI employees after making complaints and

11  speaking out against its pay-to-play scheme and corrupt practices. Specifically, the Commissioner

12  raised numerous concerns to CITY officials and called for investigations into SFDBI's corrupt

13  practice of approving and issuing unqualified permits and work for certain development projects

14  in exchange for kickbacks. One of these projects involved two convicted felons who were believed

15  to have close relationships with SFDBI employees. The Commissioner alleged that SFDBI

16  employees were approving grossly misrepresented permit applications, allowing work to be done

17  on projects far beyond the scope permitted, failing to conduct sufficient inspections, and failing to

18  stop serial permitting, among others. Less than a month after the Commissioner called for an

19  investigation to be conducted by the City Attorney, SFDBI employees, including HERNANDEZ,

20  an SFDBI Building Inspector, began targeting the Commissioner's investment property. SFDBI

21  riddled the property with erroneous complaints, unnecessary inspections, unwarranted notices of

22  violations, and revoked nine (9) permits, all related to completed work that had already been

23  approved, permitted, and inspected by SFDBI. Notably, the Commissioner alleged that

24  HERNANDEZ made statements to other officials that they were going to come down hard on the

25  Commissioner's property. HERNANDEZ was named as individual defendant in the

26  Commissioner's case. The Commissioner settled his case against the CITY for $1.8 Million

27  dollars.  SAC ¶ 40.  Much like the Commissioner's case, HERNANDEZ and BIRMINGHAM,

28  another SFDBI Building Inspector, began the retaliation campaign against Plaintiff.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

HERNANDEZ and BIRMINGHAM re-inspected the property and issued another notice of violation, falsely claiming that the windows located on the second floor were illegal. The windows in question had been in existence since the house was built and had already been approved twice. They demanded that Plaintiff submit an application to legalize the windows. They also told Plaintiff that he needed to submit an application for an additional dwelling unit and revise the plans for the property to more accurately reflect the stairs as built. During the inspection, HERNANDEZ sneered at Plaintiff, telling him "we know who you've been talking to". SAC ¶ 41.

The City intentionally and vindictively drew out the renovation process for the subject property for the past five (5) years. SAC ¶ 57. The subject property has been in escrow on three (3) separate occasions, two (2) of which have fallen through due to the City's retaliation and unjustified taking. SAC ¶¶ 4, 35, 39, 49-50, 53. The subject property has been in escrow for the past three (3) months and has not sold. SAC ¶¶ 6, 56.

Plaintiff has suffered and continues to suffer severe damages including, without limitation, lost profits, lost income, lost interest, expenditures for unnecessary repairs, increased taxes, severe emotional distress, and irreparable harm to reputation. SAC ¶¶ 7, 57. The allegations in Plaintiff's SAC address the City's unlawful and wrongful conduct against Plaintiff and seeks to shed light on its practices that undermine the public trust in government and present a threat to public safety. SAC ¶ 8.

Plaintiff's SAC alleges seven causes of action against all defendants for: (1) slander of title; (2) inverse condemnation; (3) intentional interference with prospective economic relations; (4) violation of civil rights under Title 42 U.S.C. § 1983; (5) intentional infliction of emotional distress; (6) negligence; and (7) declaratory relief.

## ARGUMENT

## I.   LEGAL STANDARD

Plaintiffs are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  In deciding a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiffs and must accept all factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The

Court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. *Barker v. Riverside Cnty. Office of Ed.*, 584 F.3d 821, 824 (9th Cir. 2009). The City's Motion ignores this pleading standard.

## II. PLAINTIFF HAS SUFFICIENTLY STATED A *MONELL* CLAIM AGAINST THE CITY.

### A. Authority

Title 42 U.S.C. § 1983 provides that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage. . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ." *Id.* A municipality is a "person" under section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-5 (1978). Municipalities may be liable under section 1983 for constitutional injuries pursuant to: (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker. *Horton v. City of Santa Maria*, 915 F.3d 592, 602-603 (9th Cir. 2019). A plaintiff must show "deliberate action attributable to the municipality [that] directly caused a deprivation of federal rights." *Board of Cty. Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 415 (1997).

### B. Plaintiff Adequately Alleges the Existence of a Pervasive Custom and Practice that is the Moving Force Behind the City's Constitutional Violations.

To impose Section 1983 liability on a local government, plaintiffs bear the burden of showing that a "municipal policy" or "custom" was the "moving force" behind their injuries. *Monell* , supra, at 658 . To prove a "municipal policy," plaintiffs must identify: (1) a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or (2) an act taken by an official with final policymaking authority in that area. *City of St. Louis v. Praprotnik* (1998) 485 U.S. 112, 121-23. **But absent a "written law or express municipal policy," plaintiffs may allege the City maintained an unconstitutional custom— "the existence of a widespread practice that...is so permanent and well settled as to constitute a custom or usage with the force of law."** *Id.* at 127, 108 S.Ct. 915 (internal quotations omitted).

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

*Butcher v. City of Marysville* (E.D. Cal. 2019) 398 F. Supp. 3d 715, 723, emphasis. At bottom, courts must assess whether the conduct challenged was "so persistent and widespread" that it "practically [had] the force of law" or had "become a traditional method of carrying out policy." *Id.* at 724.

In his SAC, and as recapped herein, Plaintiff has followed the Court's directive to allege more facts to show the existence of a policy or custom that was the moving force behind the City's illegal, fraudulent, and retaliatory "pay to play" scheme. (See Plaintiff's Opposition, *infra*, at page 7:17-8:17). The City's effort to draw parallels with the City Planning Commissioner's to undermine the sufficiency of the SAC misses the mark in numerous aspects and can only be reasonably interpreted as an attempt to muddy the waters and distract the Court from the sufficiency of the *Monell* allegation plead in the SAC. First, the City's Motion ignores the SAC's factual allegations that Duffy (a final policymaker) engaged in and ratified retaliatory conduct designed solely to punish Plaintiff for exercising his Constitutional rights. For example, the SAC alleges that:

> DUFFY, SFDBI's Deputy Director, dismissed Plaintiff's concerns and ignored the validity of his claims, refusing to approve his plans or his applications. DUFFY demanded that the windows on the second floor be closed completely. What's more, DUFFY, then expressed to Plaintiff during this meeting that he had no doubt that Plaintiff had spoken to the FBI concerning his dealings with CURRAN and SANTOS. Plaintiff was shocked and dismayed. The CITY's retaliation against Plaintiff was unequivocal at this point and DUFFY was not only ratifying and approving the unlawful conduct, he was spearheading it. SAC at ¶ 45.

Second, in citing only ¶ 5 of the SAC, the City attempts to obfuscate the facts and pleading allegations positing that Inspector Hernandez was involved <u>both</u> in the City Planning Commissioner's case – and in Plaintiff Gallagher's. Importantly, here, as in the Commissioners case, where "<u>numerous concerns</u> to City officials" were raised (See SAC at ¶ 5, emphasis), Plaintiff has alleged the <u>existence of widespread retaliatory conduct so pervasive that it constituted a custom or usage with the force law by Defendants Curran, Santos</u> (See SAC at ¶¶ 31-32, <u>Hernandez, Birmingham,</u> (See SAC at ¶ 41), <u>Duffy</u> (See SAC at ¶ 45), <u>Hughen, and Kwaitkowska</u> (See SAC at ¶¶ 49-50)(emphasis). Third, the SAC alleges specific conduct by named SFDBI Defendants that was ratified by Duffy. Curran forced Plaintiff to hire Santos to perform expensive

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

and unnecessary engineering work on a two-story home.  SAC at ¶¶ 31-32.  Hernandez and Birmingham issued false violations against Plaintiff for windows (that had existed since the house was built, and which had already been approved twice), forced Plaintiff to submit revised plans for an Additional Dwelling Unit (ADU) despite the fact the space was not intended to be used as an ADU – after the City had issued a Certificate of Completion.  SAC at ¶¶ 34, 41.  At the meeting between the Plaintiff and the City's Board of Supervisors, Duffy ratified the conduct of inspector defendants including Hernandez and Birmingham by endorsing the subordinates' decisions and their basis for them – brazenly – that Plaintiff had dared to exercise his Constitutional rights to speak to the F.B.I. about corrupt, unlawful, and illegal business practices engaged in by SFDBI Defendants Duffy, Curran, Santos, Hernandez, Birmingham, and other SFDBI defendants.

Fourth, the City's Motion disregards a canonical rule of pleading construction by making arguments and assertions contrary to the four corners of the SAC itself.  The SAC very clearly alleges that the aforementioned individual SFDBI Defendants (See SAC at ¶¶ 10-20, attached to City's RJN as Exhibit E) were employed by the SFDBI, and notes that the Planning Commissioner's case was also against the SFDBI – including Defendant Hernandez.

In the SAC, Plaintiff adequately alleges the existence of pervasive custom and practices that are the moving force behind the City's constitutional violations – replete with specific factual allegations against Duffy and other named SFDBI Defendants.  Efforts by the City to argue – for pleading purposes – that the SAC does not allege that specifically named defendants engaged in actionable conduct that is "so persistent and widespread" that it "practically [had] the force of law" or had "become a traditional method of carrying out policy" are unconvincing.  See also *Butcher v. City of Marysville* (E.D. Cal. 2019) 398 F. Supp. 3d 715, 724.  For 12(b)(6) purposes, Plaintiff has carried his burden.

**C.    Plaintiff Adequately Alleges Ratification by Duffy, a Final Policymaker.**

The SAC clearly alleges that Duffy is a final policymaker, in compliance with the Court's October 30, 2023 Order.  The SAC sets forth, in specific, enumerated detail, exactly why Duffy is a final policy maker.  SAC ¶¶ 46-47.  (See also schematic of SFDBI hierarchical structure,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    Plaintiff's RJN at Exhibit C).   The SAC also specifically alleges that Duffy "was in charge of and

2    had   complete oversight of SFDBI and all of its employees" as Deputy Director.  SAC ¶ 46.

3          Indeed, relative to the *quid pro pro* extortion tactics that occurred during the Plaintiff's

4    meeting with Duffy, the SAC's allegation that Duffy was not only ratifying and approving the

5    unlawful conduct, he was spearheading it." is sufficiently plead.  (Accord*, Christie v. Iopa* (9th Cir.

6    1999) 176F.3d 1231, 1239.

7          Liability can attach if the municipality caused a constitutional violation through official

8    policy or custom, even if the constitutional violation occurs only once. *Board of Cty. Com'rs of*

9    *Bryan County, Okl.,* 520 U.S. 397, 418; *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir.1999).

10         A "policy" is "a deliberate choice to follow a course of action ... made from among various

11   alternatives by the official or officials responsible for establishing final policy with respect to the

12   subject matter in question." *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002). A municipality

13   is also liable if a policymaking official delegates his or her discretionary authority to a

14   subordinate, and the subordinate uses that discretion. *Menotti v. City of Seattle*, 409 F.3d 1113,

15   1147–48 (9th Cir. 2005); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126–27 (1988).  Absent a

16   formal policy, a custom or practice can be inferred from widespread practices. *Hunter v. Cnty. of*

17   *Sacramento*, 652 F.3d 1225, 1233-34 (9th Cir. 2011).  Here, despite the City's contentions,

18   Plaintiff's fourth cause of action under *Monell* has sufficiently been stated.

19         Plaintiff alleges that the he was the victim of a fraudulent pay-to-play scheme perpetrated

20   by City employees. SAC ¶¶ 2-4, 36. After uncovering the truth behind the City's deceptive

21   practices and refusing to participate, Plaintiff alleges that he spoke with the Federal Bureau of

22   Investigation concerning the illegal and fraudulent scheme. SAC ¶¶ 3, 37, 89-91. Due to Plaintiff's

23   participation in the FBI investigation and his refusal to participate in the pay-to-play scheme,

24   Plaintiff alleges that he was subjected to brazen retaliation by the City. SAC ¶¶ 4, 39-54. Plaintiff

25   alleges that such retaliatory conduct was pattern, or custom. SAC ¶ 5. Plaintiff provides an

26   example of the City's recurring pattern of retaliatory behavior by citing to a recent court case

27   involving an individual who also purchased an investment property and was also subjected to the

28   same harm after speaking out against the City's pay-to-play scheme. *Id*.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Additionally, Plaintiff names the individual City employees responsible for the retaliation he suffered, among which include Defendant Duffy, the City's Chief Building Inspector. SAC ¶¶ 13, 46. As Chief Building Inspector, Duffy oversees the City's entire department, including all of its employees. Duffy is an official with final-policy making authority. Plaintiff specifically alleges that Duffy was directly involved in and essentially facilitated the retaliation; "DUFFY, SFDBI's Chief Building Inspector, expressed to Plaintiff during this meeting that he had no doubt that Plaintiff had spoken to the FBI concerning his dealings with CURRAN and SANTOS". SAC ¶¶ 45, 91.

Plaintiff has alleged a recurring pattern of retaliatory behavior by the City, involving the highest policymaker in one of its departments, which resulted in the deprivation of Plaintiff's right to freedom of speech guaranteed by the Constitution. For these reasons, the City's motion to dismiss as to the fourth case of action must be denied.

### D. The Causation Element of Retaliation is Properly Plead.

The City's focus on causation (at Motion, pages 12-13) again fails to acknowledge the facial allegations of the SAC. Plaintiff alleges that around August of 2020, the project was complete, and in around May of 2021, he entered into an agreement to sell the project and it went into escrow SAC at ¶¶ 34-36. At or around this time, Plaintiff was contacted by the F.B.I. to discuss his dealings with SFDBI Defendants, including Curran and Santos (SAC at ¶ 37). In retaliation for these protected constitutional discussions, the Plaintiff was retaliated against by SFDBI Defendants and subjected to arbitrary, capricious, and vindictive code enforcement actions (SAC at ¶¶38-57). A "but for" causal nexus alleging a constitutional tort has been properly set forth. . The City's reliance on wrongful arrest cases is unpersuasive. Rather, the import of the authority relied upon by the City actually supports the maintenance of Plaintiff's retaliation claim, as official reprisal for protected speech "offends the Constitution [because] it threatens to inhibit exercise of the protected right *Hartman v. Moore* (2006) 547 U.S. 250, 256. Accordingly, the Plaintiff's claim for retaliation is proper and the City's Motion should be dismissed.

## III. PLAINTIFF'S STATE LAW CLAIMS DO NOT FAIL AS A MATTER OF LAW

### A. Plaintiff Properly Submitted A Government Claim, Individually And As Trustee For The Madison Trust

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

### i. Plaintiff Is The Real Party In Interest And, As Such, The Madison Trust Was Not Required To Submit A Government Claim

An estate or trust is not a legal entity, and therefore has neither capacity nor standing to sue. *Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1344*; Greenspan v. LADT, LLC* (2010) 191 Cal.App.4th 486, 496*; Portico Mgmt. Group, LLC v. Harrison* (2012) 202 Cal.App.4th 464, 474. Title to estate or trust assets is held by the executor, administrator or trustee, on behalf of the beneficiaries. The executor, administrator, or trustee is the real party-in-interest with respect to the claims of an estate or trust, and in most cases may sue on claims without joining the beneficiaries of the estate or trust. Cal. Civ. Proc. Code § 369(a); *O'Flaherty v. Belgum* (2004) 115 Cal. App. 4th 1044, 1062.

Where the same persons are both the trustees and the beneficiaries of a trust, they may sue in their own name without mentioning the trust. *Hassoldt v. Patrick Media Group, Inc.* (2000) 84 Cal.App.4th 153, 170 (abrogation on other grounds recognized by *People v. Rogers* (2013) 57 Cal.4th 296, 330).

Here, despite the City's contentions, the Madison Trust was not required to submit a government claim because it has neither capacity nor standing to sue.

Plaintiff is the trustee of the Madison Trust. SAC ¶ 9. Plaintiff is the real party in interest for any claims held by the trust. Plaintiff properly submitted a government claim on or around September 8, 2022. SAC ¶¶ 23-25; City's RJN, Exhibit A.

For these reasons, the City's motion to dismiss as to the first (slander of title), third (intentional interference with prospective economic relations), fifth (intentional infliction of emotional distress), and sixth (negligence) causes of action must be denied.

### ii. Notwithstanding The Above, Madison Trust FBO Patrick Gallagher Substantially Complied With The Government Claim Act

California Government Code § 910 "identifies the information a proper notice of claim should include to enable a public entity to investigate and evaluate the claim. . ." *Phillips v. Desert Hospital Dist*. (1989) 49 Cal.3d 699, 706. The claim shall be presented by the claimant or by a person acting on his or her behalf. Cal. Gov't Code § 910. The claim must at least "make it readily

discernible by the entity that the intended purpose thereof is to convey the assertion of a compensable claim against the entity which, if not otherwise satisfied, will result in litigation." *Green v. State Center Community College Dist.* (1995) 34 Cal.App.4th 1348, 1358.

"Because the claims statute is designed to give a public entity 'notice sufficient for it to investigate and evaluate the claim … the statute should not be applied to snare the unwary where its purpose is satisfied." *Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority* (2004) 34 Cal.4th 441, 446.

"[C]laims are not required to be technically perfect." *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1234. "Where a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim 'if it substantially complies with all of the statutory requirements… even though it is technically deficient in one or more particulars." *Sparks v. Kern County Bd. of Supervisors* (2009) 173 Cal.App.4th 794, 800. "The test for substantial compliance is whether the SAC of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation." *Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38.

"[I]n considering whether a claim substantially complies with the Government Claims Act, the claim should be viewed in its entirety and a determination made as to whether the claim is susceptible to an interpretation that reasonably enables the public entity to make an adequate investigation and settle the claim." *Id.* at 40.

Here, Madison Trust FBO Patrick Gallagher, through its trustee, substantially complied with the Government Claim Act. Plaintiff submitted a government claim on or around September 13, 2022. SAC ¶¶ 23-25; City's RJN, Exhibit A. Although Plaintiff did not identify the Madison Trust by name in the claim, Plaintiff, as its trustee, submitted the claim on the trust's behalf. The claim specifically identifies the trust's property located at 200 Naples Street which is the subject of the lawsuit and details the damages sustained thereto as result of the City's retaliation. *Id.*

Although not technically perfect in one aspect of its presentation, the claim gave the City more than sufficient notice enabling it to conduct an adequate investigation. Notably, the claim

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

specifies that the City's retaliation involved, among other things, violations, applications, building permits, and drawings related to the subject property under its purview. *Id.* A cursory search of records or information related to the claim would have revealed the name of the trust.

The claim adequately discloses sufficient information putting the City on notice of a compensable claim by the trust against the City. For these reasons, the City's motion to dismiss as to the first (slander of title), third (intentional interference with prospective economic relations), fifth (intentional infliction of emotional distress), and sixth (negligence) causes of action must be denied.

**B.**     **Plaintiff Has Standing To Pursue His State Law Claims In His Individual Capacity**

Here, although difficult to discern, the City's contentions concerning Plaintiff's standing to sue in his individual capacity are trivial and misguided. As discussed in section III(A)(i) above, Plaintiff brought suit against the City as an individual and as trustee for the Madison Trust. SAC ¶ 9. The subject property is held by Plaintiff as trustee on behalf of the beneficiary, also a named Plaintiff.

Plaintiff has standing to pursue his state law claims as a trustee to recover economic damages suffered on behalf of the beneficiary of the trust – Plaintiff – and seek equitable relief. See *Galdjie, supra,* 113 Cal.App.4th 1331, 1344*; Greenspan, supra,* 191 Cal.App.4th 486, 496*; Portico Mgmt. Group, LLC, supra,* 202 Cal.App.4th 464, 474; Cal. Civ. Proc. Code § 369(a); *O'Flaherty, supra,* 115 Cal. App. 4th 1044, 1062; and *Hassoldt, supra,* 84 Cal.App.4th 153, 170. Plaintiff, likewise, can pursue his state law claims in an individual capacity to recover for non-economic damages allowable under some of his state law claims, ie. intentional infliction of emotional distress and negligence.

Plaintiff has standing to sue the City under state law claims in various capacities.

For these reasons, the City's motion to dismiss as to the first (slander of title), second (inverse condemnation), third (intentional interference with prospective economic relations), sixth (negligence), and seventh (declaratory relief) causes of action must be denied.

**C.** **Plaintiff's State Law Claims Are Ripe**

**i.** **Plaintiff's State Law Claims Are Premised On Multiple Allegations And Seek Monetary Damages, Not Just Equitable Relief**

The City's argument that Plaintiff's claims are not ripe for judicial adjudication fails to consider the other allegations and requested remedies in the SAC.

Plaintiff's first (slander of title), second (inverse condemnation), third (intentional interference with prospective economic relations), fifth (intentional infliction of emotional distress), and sixth (negligence) causes of action are premised on multiple allegations and seek economic and non-economic damages, not just relief related to "discretionary" administrative regulations. SAC ¶¶ 68-69, 77-78, 86-87, 105-106, 112-113.

Plaintiff's allegations are not limited to one specific permit and notice of violation preventing sale of the subject property. Beginning nearly five (5) years ago, Plaintiff's allegations against the City include multiple instances of fraud; threats; harassment; retaliation; wrongful conduct; false claims; intentional delays; the discharge of and refusal to release numerous unfound, frivolous, and vindictive notices of violation, abatement orders, and enforcement liens; revocation of valid permits; and, notably, the revocation of a valid certificate of completion. SAC ¶¶ 4, 36-54. Plaintiff's claims include economic and non-economic damages, including lost profits, lost income, and unnecessary expenditures attributable to the City's wrongful conduct. SAC ¶¶ 68-69, 77-78, 86-87, 105-106, 112-113.

For these reasons, the City's motion to dismiss as to Plaintiff's state law claims must be denied.

**ii.** **Plaintiff Properly Sought Administrative Relief Concerning The City's Regulation Of The Subject Property Which Was Summarily Denied**

A takings claim is not ripe until land use regulators have been presented with a specific development proposal and have made a final and authoritative determination of the type and intensity of development legally permitted on the subject property. *MacDonald, Sommer & Frates v. Yolo*, 477 U.S. 340, 348-349 (1986); *Calprop Corp. v. San Diego* (2000) 77 Cal.App.4th 582, 599.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Here, Plaintiff sought relief from the appropriate administrative channels concerning the City's regulation of the subject property.

After the City wrongfully revoked Plaintiff's certificate of completion and issued unfound notices of violation, Plaintiff contacted the City's Board of Supervisors for help in 2021. SAC ¶¶ 39-43. The Board facilitated a meeting between Plaintiff and the Department of Building Inspection where Plaintiff was able to present his case to Duffy, the City's Chief Building Inspector, concerning the unreasonable and excessive regulation of the subject property. SAC ¶ 45. Plaintiff's appeal was categorically rejected and rebuked. *Id.* Plaintiff properly sought administrative relief that was denied.

### iii. The City's Ripeness Arguments Rely on Cases That Are Inapposite and Unpersuasive.

The City relies upon inapposite authority to argue Plaintiff's state claims are unripe. Specifically, the City cites a World-War Two-era case dealing with a wartime emergency ordinance (*Lindell Co.*), a case dealing with the constitutional firmness of an ordinance under which a building permit was disapproved for a proposed project for being out of character with the surrounding homes, *Guinnane v. San Francisco City Plan. Com.* (Ct. App. 1989) 209 Cal. App. 3d 732, 257 Cal. Rptr. 742, and a case (*Martin*) presenting the narrow issue of whether a municipality may require the owner of a single-family home to undergo a California Environmental Quality Act (CEQA) review.  See *Lindell Co. v. Board of Permit Appeals of City and County of San Francisco* (1943) 23 Cal.2d 303, 307; *Guinnane v. San Francisco City Plan. Com.* (Ct. App. 1989) 209 Cal. App. 3d 732, 257 Cal. Rptr. 742; *Martin v. City & Cnty. of San Francisco* (2005) 135 Cal. App. 4th 392, 396–97. None of the City's authority is applicable or persuasive.  *Lindell Co.* was a 1943 case that dealt with the housing situation prompted by a mandamus proceeding and alternative writ, which were adjudicated in the context of the mayor's approval of a "emergency ordinance" provided "for the waiver of health, safety and fire regulations pertaining to the occupancy of houses, homes, and other structures for human habitation during the present war emergency." *Lindell Co. v. Board of Permit Appeals of City and County of San Francisco* (1943) 23 Cal.2d 303, 307.  In *Guinnane v. San Francisco City Plan. Com.*, the Court addressed the denial of a

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

permit for a project to construct a four-story, six-thousand square foot house, which was denied after it was found to be out of character with surrounding homes. *Guinnane v. San Francisco City Plan. Com., supra. Guinnane* is unavailing to the City because Plaintiff's case does not involve allegations of a constitutionally infirm ordinance. Further, retaliatory, criminal conduct was not alleged as a source of the denial in *Guinnane*, as here. *Martin v. City & Cnty. of San Francisco* is also unhelpful to the City. In *Martin*, the narrow issue presented to the Court was whether a municipality lawfully require the owner of a private single-family residence who proposes to modify a portion of the interior of his residence, in an area not visible to the general public, to undergo the burden and expense of a review of his proposed project pursuant to the California Environmental 397 Quality Act (CEQA)? The answer is "no." *Martin v. City & Cnty. of San Francisco* (2005) 135 Cal. App. 4th 392, 396–97. None of the authority cited by the City diminishes the reality that as alleged, Plaintiff had not only exhausted his administrative recourses, but that further efforts to do so would be futile and invite only further vindictive and punitive actions by City personnel. For these reasons, the City's motion to dismiss as to Plaintiff's state law claims must be denied.

### iv. Any Further Administrative Adjudication Would Be Futile

An exception to the ripeness requirement known as the "futility exception" exists where there is certainty as to the land's permitted use because, for example, the permissible uses of the property have already been made known to a reasonable degree of certainty and, thus, exhaustion of state remedies would be idle or futile. *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 255.

The "futility exception" to the ripeness doctrine relieves a developer from submitting multiple applications when the manner in which the first application was rejected makes it clear that no project will be approved. *Milagra Ridge Partners, Ltd. v. City of Pacifica* (1998) 62 Cal.App.4th 108, 120, citing *Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498 (1990). When the regulatory authority has "drawn the line" clearly and emphatically as to the permissible use of the property, the developer is not required to submit additional development applications. *Toigo v. Town of Ross* (1998) 70 Cal.App.4th 309, 325-326, citing *Hoehne v. County*

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   *of San Benito,* 870 F.2d 529, 533 (1989). Here, any further administrative adjudication would be

2   futile.

3        As noted above, Plaintiff sought relief from the Board of Supervisors and the Department

4   of Building Inspection concerning the City's regulation of the subject property back in 2021. SAC

5   ¶¶ 44-45. Plaintiff presented evidence showing that the subject property had already received a

6   certificate of completion and that the City's regulation was unreasonable and excessive. *Id*. The

7   City dismissed Plaintiff's concerns and ignored the validity of his claims. *Id*. Notably, Duffy, the

8   Chief Building Inspector, expressed to Plaintiff during this meeting that he knew Plaintiff had

9   spoken to the FBI concerning his dealings with Curran and Santos. *Id*.

10       The City's unjustified denial of Plaintiff's claims and its brazen admission to the

11  collaborated retaliatory efforts against him, certainly show that any further administrative

12  adjudication would be completely futile with respect to any project concerning the subject

13  property. Plaintiff cannot seek relief from those who are complicit in the wrongful acts committed

14  against him. For these reasons, the City's motion to dismiss as to Plaintiff's state law claims must

15  be denied.

16       **D.**   **The City Is Not Immune From Plaintiff's Claims For State Law Damages**

17            **i.**   **California Government Code Sections 818.4 And 821.2 Are**
                   **Inapplicable As The Acts Of The City's Employees Were Non-**
18                  **Discretionary**

19

20       A public entity is vicariously liable for the tortious acts of its employees, unless the

21  employees themselves are immune. Cal. Gov. Code § 815.2(a).

22       California Government Code sections 818.4 and 821.2 provide immunities for public

23  entities and their employees for injuries caused by the issuance, denial, suspension or revocation

24  of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate,

25  approval, order, or similar authorization where the public entity or an employee of the public

26  entity is authorized by enactment to determine whether or not such authorization should be issued,

27  denied, suspended or revoked.

28

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To
Dismiss SAC- Case No.: 23-cv-03579-SI

The immunity applies only to discretionary activities. *Richards v. Dep't of Alcoholic Beverages Control* (2006) 139 Cal.App.4th 304, 318; *Thompson v. City of Lake Elsinore* (1993) 18 Cal.App.4th 49 (where the Court held that building officials were not entitled to governmental immunity for failing to issue certificate of occupancy for renovated building, where building owner alleged that she had complied with every applicable regulation necessary to obtain certificate, so that building officials retained no further discretion to withhold it).

In *Johnson v. State of California* (1968) 69 Cal.2d 782, the court established a "'workable definition' of immune discretionary acts," which "draws the line between 'planning' and 'operational' functions of government." *Conway v. County of Tuolumne* (2014) 231 Cal.App.4th 1005, 1014, citing *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 981. There is no basis for immunizing lower-level, or 'ministerial,' decisions that merely implement a basic policy already formulated. *Johnson v. State of California* (1968) 69 Cal.2d 782, 796.

"A "discretionary act" requires "personal deliberation, decision and judgment". . ." *Roger v. County of Riverside* (2020) 44 Cal.App.5th 510, 528, citing *Johnson, supra*, 69 Cal.2d 782, 788. Immunity applies only to deliberate and considered policy decisions, in which a "[conscious] balancing [of] risks and advantages ... took place. The fact that an employee normally engages in "discretionary activity" is irrelevant if, in a given case, the employee did not render a considered decision". *Caldwell, supra,* 10 Cal.4th 972, 981, citing *Johnson, supra*, 69 Cal.2d at 795.

Discretionary immunity does not apply when public policy dictates against immunity. *Conway, supra,* 231 Cal.App.4th 1005, 1015, citing *Gillan v. City of San Marino* (2007) 147 Cal.App.4th 1033, 1047 (where the Court held that immunity did not apply to police officer who decided to arrest an individual when there was no probable cause to do so).

The determination whether an act is discretionary must be made on a case by case basis in light of the policy considerations relevant to the purposes of granting immunity. *Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 631 (where mandatory statutory language may not have been intended to foreclose an exercise of discretion); *Johnson* at 789–90; *Saltares v. Kristovich* (1970) 6 Cal.App.3d 504, 515; *Nurse v. United States*, 226 F.3d 996, 1000–02 (9th Cir.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

2000) (promulgation of regulations is usually discretionary but not when regulations violate legal mandate).

Statute shielding public entities from liability for injury caused by action on permit or license application does not shield government from liability in inverse condemnation action. *Patrick Media Group, Inc. v. California Coastal Com.* (1992) 9 Cal.App.4th 592, 603-604.

Here, despite the City's contentions, California Government Code sections 818.4 and 821.2 do not apply as the acts of the City employees were non-discretionary and providing such immunity goes against public policy.

Plaintiff alleges that he was subjected to brazen retaliation by the City in violation of his rights. Such retaliation included, without limitation, the discharge of and refusal to release numerous unfound, frivolous, and vindictive notices of violation, abatement orders, and enforcement liens; the revocation of valid permits; and, notably, the revocation of a valid certificate of completion. SAC ¶¶ 4, 36-54. Plaintiff alleges that the City's conduct was unlawful, wrongful, intentional, punitive, and *non-discretionary*. SAC ¶¶ 8, 58.

The acts of the City employees were not discretionary and not driven by policy considerations. Discretionary acts require personal deliberation, decision, and judgment where a conscious balancing of risks and advantages take place. Plaintiff alleges that City employees did the exact opposite – they abused their governmental positions to retaliate against Plaintiff by intentionally and unlawfully encumbering his property with baseless and erroneous regulations. The City employees intentionally retaliated against Plaintiff using their operational, non-policy driven functions within the Department of Building Inspection as a cover. The fact that the City employees may have discretionary authority or engage in discretionary activity as a part of their regular duties and responsibilities is of no significance if, in this case, they intentionally cause harm and do not render considered decisions.

Additionally, such unlawful conduct by government employees completely goes against public policy and does not support providing immunity. Legislative intent behind these immunities did not seek to shield fraudulent and illegal behavior by the government.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Moreover, the City's purported immunities do not shield them from liability for Plaintiff's inverse condemnation claim. For these reasons, the City's motion to dismiss all damages sought pursuant to Plaintiff's state law claims must be denied.

### ii. California Government Code Section 818.8 Is Inapplicable As Plaintiff's Claims Fall Outside The Scope Of The Intended Immunity

"A public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." Gov. Code, § 818.8.

The word "misrepresentation" under Government Code section 818.8 "potentially lends itself to extremely expansive and elusive interpretations." *Johnson, supra,* 69 Cal.2d 782, 799. To avoid "this potential quagmire," the California Supreme Court has interpreted "'misrepresentation'" to apply only to "interferences with financial or commercial interest[s]" arising out of the common law concept of deceit. *Id* at 800. "'Misrepresentation' " does not include "the general milieu of negligent and intentional wrongs...." *City of Costa Mesa v. D'Alessio Investments, LLC* (2013) 214 Cal.App.4th 358, 383, citing *Johnson* at 800.

California law narrowly only recognizes four forms of deceit: intentional misrepresentation, negligent misrepresentation, concealment, and failure to perform a promise. *Finch Aerospace Corp. v. City of San Diego* (2017) 8 Cal.App.5th 1248, 1252-1253. These forms of deceit are each their own separate causes of action. "Unless the Legislature has clearly provided for immunity, the important societal goal of compensating injured parties for damages caused by willful or negligent acts must prevail." *Milligan v. City of Laguna Beach* (1983) 34 Cal.3d 829, 835.

The immunities provided by section 818.8 do not apply to slander of title, trade libel, intentional interference based on false statements to third parties, and other claims under the common law tort of disparagement or injurious falsehood, as they are not included within the deceit rubric. *City of Costa Mesa, supra,* 214 Cal.App.4th 358, 383.

The immunities provided by the Tort Claims Act do not insulate a public entity from liability for inverse condemnation; the constitutional provisions requiring compensation for

1   property taken or damaged by a public use overrides the Tort Claims Act and its statutory

2   immunities. *Pacific Bell v. City of San Diego* (2000) 81 Cal.App.4th 596, 602-603.

3       Here, despite the City's contentions, California Government Code section 818.8 does not

4   apply as Plaintiff's claims fall outside the scope of the intended immunity.

5       First, Plaintiff's first (slander of title) and third (intentional interference with prospective

6   economic relations) causes of action are claims based on disparagement or injurious falsehood,

7   specifically excluded from the immunities provided by section 818.8 as they do not involve

8   "misrepresentations" provided for and defined by the California Supreme Court.

9       Second, Plaintiff's second cause of action for inverse condemnation is governed by

10  constitutional provisions which override the statutory immunities provided under the Tort Claims

11  Act.

12      Third, Plaintiff's fifth (intentional infliction of emotional distress) and sixth (negligence)

13  causes of action are not based on misrepresentations or concealments intended to deceive Plaintiff.

14  Plaintiff was subjected to intentional, reckless, and unlawful retaliation by the City, that not only

15  resulted in financial harm, but also severe emotional distress and reputational harm. SAC ¶¶ 4, 36-

16  57, 104. The City's conduct, as alleged, is general intentional and negligent wrongs committed

17  against him that do not fit within the common law concept of deceit. Plaintiff very well could have

18  included separate causes of action for intentional or negligent misrepresentation, of which the

19  immunities would apply, but did not.

20      Last, section 818.8 does not apply to Plaintiff's seventh cause of action for declaratory

21  relief. Declaratory relief operates here as an alternative remedy to prospectively declare future

22  rights concerning pending issues preventing the subject property from being sold.

23      For these reasons, the City's motion to dismiss all damages sought pursuant to Plaintiff's

24  state law claims must be denied.

25          **iii.    The City's Reliance on *California Govt. Code Section 821.6* is Misplaced**

26      The City's Motion inaccurately alleges that Plaintiff's SAC is <u>solely</u> predicated on the

27  "issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a certificate of completion." (See City's Motion, at page 22:14-17).

Importantly, *Government Code Section 821.6* protects public employees from liability only for initiation or prosecution of an official proceeding. *Leon v. Cnty. of Riverside* (2023) 14 Cal. 5th 910, 930. The City's misguided and incomplete characterization of Plaintiff's SAC ignores the crux of Plaintiff's allegations, which derive from bullying, extortion, and retaliation for Constitutionally protected conduct, such as talking to the F.B.I. about suspected – and now proven - criminal activity.

Much like in *Leon*, where the County was sued for officers' lack of care in handling a decedent's body – not for causing an unjust prosecution – here *Section 821.6* does not serve to immunize Defendants Curran, Duffy, Santos, Hernandez, and Birmingham from retaliating against and extorting Plaintiff simply for exercising his Constitutional right to speak with the F.B.I. about conduct this very Court has convicted [Defendants Curran and Santos for] in criminal proceedings and styled as "criminal and egregious". Plaintiff's RJN, Exhibit D. *Leon v. Cnty. of Riverside* (2023) 14 Cal. 5th 910, 930.

### E.  Plaintiff Has Clearly Alleged A Viable Inverse Condemnation Claim Against The City

A regulatory taking is a form of inverse condemnation. The state and federal Constitutions prohibit government from taking private property for public use without just compensation. *Kavanau v. Santa Monica Rent Control Bd.* (1997) 16 Cal.4th 761, 773, citing Cal. Const., art. I, § 19; U.S. Const., 5th Amend; and *Chicago, Burlington & Q.R. Co. v. Chicago*, 166 U.S. 226, 239 (1867) (applying the federal takings clause to the states). A regulation of property that "goes too far" may effect a taking of that property, though its title remains in private hands. *Kavanau, supra,* 16 Cal.4th 761, 773. When the regulation denies the owner economically productive use of the owner's property for its customary use, the regulation goes too far. *Id* at 795. In such a case, the property owner may bring an inverse condemnation action, and if it prevails, the regulatory agency must either withdraw the regulation or pay just compensation. *Id* at 773.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

A regulation of property "effects a taking if [it] does not substantially advance legitimate state interests." *Id* at 776.

Here, despite the City's contentions, Plaintiff has clearly alleged a viable inverse condemnation claim against the City.

Plaintiff alleges that the City unconstitutionally retaliated against him and unlawfully took his property by discharging and refusing to release numerous unfound, frivolous, and vindictive notices of violation, abatement orders, and enforcement liens; revoking valid permits; and, notably, revoking a valid certificate of completion. SAC ¶¶ 4, 36-54, 73. Plaintiff alleges that the City's wrongful conduct has resulted in two (2) failed attempts to sell the subject property, and will likely result in a third. SAC ¶¶ 4, 6, 35, 39, 52-53, 56. Plaintiff alleges that the City's acts fail to advance a legitimate state interest and deprived him of the viable use and value of his property interest. SAC ¶ 76. The City's vindictive regulation, as alleged, obviously "goes too far".

Additionally, the City's reliance on the *Golden Gate Water Ski Club v. County of Contra Costa* case is inapposite and fails to address the rulings in *Healing v. California Coastal Com.* (1994) 22 Cal.App.4th 1158 and *McDougal v. County of Imperial*, 942 F.2d 668 (9th Cir. 1991), both of which *Golden Gate* cites to in its opinion: "[T]he mere fact that the regulation at issue has a legitimate public purpose is not a sufficient reason to deny compensation to the property owner whose land is rendered useless by the regulation. Instead, the agency's obligation to pay just compensation is to be determined by a balancing of the competing interests articulated in *Lucas* and *McDougal*." *Healing v. California Coastal Com.* (1994) 22 Cal.App.4th 1158, 1174-1175. "To resolve this issue, evidence must be considered. 'The legitimacy of the public interest involved, how much it is furthered by the regulatory actions at issue, the extent of the public benefit obtained or expected, and the degree that the [owner's] property rights and reasonable investment-backed expectations have been impaired are all factors which lie at the heart of the takings inquiry.'" *Healing, supra,* 22 Cal.App.4th 1158, 1174, citing *McDougal v. County of Imperial,* 942 F.2d 668, 680 (9th Cir. 1991).

For these reasons, the City's motion to dismiss Plaintiff's second cause of action for inverse condemnation must be denied.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

### F.   Plaintiff Has Alleged A Statutory Basis Against The City For Intentional Interference With Prospective Economic Advantage

"A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative" *Lawson v. Superior Court* (2010) 180 Cal.App.4th 1372, 1388, citing Gov. Code, § 815.2 (a).  Here, Plaintiff specifically alleges that the City and its employees are liable to Plaintiff pursuant to Government Code section 815.2(a). SAC ¶ 26.   For these reasons, the City's motion to dismiss Plaintiff's third cause of action for intentional interference with prospective economic advantage must be denied.

### G.   Plaintiff Has Alleged A Statutory Basis Against The City For Intentional Infliction Of Emotional Distress

"A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative" *Lawson, supra,* 180 Cal.App.4th 1372, 1388, citing Gov.Code, § 815.2 (a).

Here, Plaintiff specifically alleges that the City and its employees are liable to Plaintiff pursuant to Government Code section 815.2(a). SAC ¶ 26. Additionally, Plaintiff brings this cause of action in his individual capacity, not on behalf of the Madison Trust.   There is no bright line standard for judging outrageous conduct, and a case by case appraisal of conduct is required. *Lang v. City of Sonoma* (N.D. Cal. Oct. 2, 2012) No. C12-0983 TEH, 2012 WL 4674527, at 1.

Relative to the "pay to play" schemes involving corrupt practices involving the SFDBI, in commenting on the action of Defendants Santos and Curran in a separate criminal proceeding, **this honorable Court itself styled their conduct as "criminal" and "egregious"** (emphasis) (See Plaintiff's RJN of criminal sentencing hearings of Curran and Santos, and Plaintiff's RJN, Exhibit D].   Accordingly, there is little doubt that Plaintiff's claim for the Intentional Infliction of Emotional Distress must be adjudicated by a jury of Plaintiff's peers. For these reasons, the City's motion to dismiss Plaintiff's third cause of action for intentional infliction of emotional distress

Plaintiff Patrick Gallagher's Opposition To Defendant City And County Of San Francisco's Motion To Dismiss SAC- Case No.: 23-cv-03579-SI

1    must be denied.

2    **H.**      **Plaintiff Has Alleged A Statutory Basis Against The City For Negligence**

3        "A public entity is liable for injury proximately caused by an act or omission of an

4    employee of the public entity within the scope of his employment if the act or omission would,

5    apart from this section, have given rise to a cause of action against that employee or his personal

6    representative" *Lawson, supra,* 180 Cal.App.4th 1372, 1388, citing Gov. Code, § 815.2 (a).

7        Here, Plaintiff specifically alleges that the City and its employees are liable to Plaintiff

8    pursuant to Government Code section 815.2(a). SAC ¶ 26.   For these reasons, the City's motion

9    to dismiss Plaintiff's sixth cause of action for negligence must be denied.

10   **IV.**     **IF THIS COURT FINDS THAT PLAINTIFF HAS NOT SUFFICIENTLY PLEAD**
             **ONE OR MORE CLAIMS, THE COURT SHOULD GRANT PLAINTIFF LEAVE**
11            **TO AMEND**

12       Dismissal with leave to amend should be freely given "when justice so requires." Fed. R.

13   Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission*

14   *Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th

15   Cir. 2000). Dismissal without leave to amend is appropriate only when the court is satisfied that

16   the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey,*

17   353 F.3d 750, 758 (9th Cir. 2003).

18

19       Plaintiff believes that the allegations in the SAC are sufficient to survive a motion to

20   dismiss. However, if this Court is inclined to grant the motion in whole or in part, this Court

21   should grant Plaintiff leave to amend the SAC so he may cure any defects.

22                                  **CONCLUSION**

23       For the reasons above, the City's motion to dismiss should be denied in its entirety.

24    Dated:  December 5, 2023                **CALLAHAN & BLAINE, APLC**

25                                   By:    */s/ Jonathan W. Hornberger*

26                                          Javier H. van Oordt
                                            Jonathan W. Hornberger
27                                          Attorneys for Plaintiff PATRICK
                                            GALLAGHER
28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM