**FILED**

**JUN 23 2025**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PATRICK GALLAGHER,

        Plaintiff,

    vs.

CITY AND COUNTY OF SAN
FRANCISCO, BERNARD CURRAN,
RODRIGO SANTOS, WILLIAM
HUGEN, KEVIN BIRMINGHAM,
NATALIA KWAITKOWSKA, AND JOE
DUFFY,

        Defendants.

Case No. 23-cv-03579-SI

**MOTION FOR DEFAULT JUDGMENT**

## PLAINTIFF PATRICK GALLAGHER'S MOTION FOR DEFAULT
## JUDGEMENT AGANST DEFENDANT BERNARD CURRAN

Plaintiff Patrick Gallagher ("Gallagher") respectfully moves the Court to enter default

judgment against defendant Bernard Curran ("Curran"), pursuant to Fed. R. Civ. P. 55(b)(2).

Defendant Bernard Curran was served with the summons and Complaint on February 24,

2025 (Docket No. 73) but failed to file an answer or otherwise defend.

Gallagher now requests that the Court enter the attached proposed Default Judgment and

Order for Compensatory Damages ("Default Judgment"). The Default Judgment award includes

a monetary judgment of $ 3,546,000 , for actual damages (*See AirDoctor, LLC v. Xiamen

Qichuang Trade Co., Ltd.*, Case No. 24-215 (9th Cir. Apr. 11, 2025). and attorney's fees and

costs, to be imposed against defendant Curran pursuant to 42 U.S.C.A. § 1988[b].

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiffs' Allegations

In 2018, Gallagher, through his trust, purchased a single-family home located at 200 Naples Street in San Francisco with the intention of renovating and selling it. Second Amended Compl. ("SAC") Id. ¶¶ 1, 28.

The SAC alleges that once he began renovations, Gallagher became a victim of a "pay to play fraud" perpetrated by San Francisco City building inspectors, planners, and the City, and that "after he refused to participate" in the scheme and spoke to the FBI, the City and its employees retaliated against him by "issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a certificate of completion." Id. ¶ 4. Gallagher claims that these retaliatory actions have caused the property to fall out of escrow three times and that the City's actions have amounted to an "unjustified taking." Id. The SAC names the City and County of San Francisco, ("the City"), four current and former building inspectors with the San Francisco Department of Building Inspection ("SFDBI") (Bernard Curran, Joe Duffy, Kevin Birmingham, and Mauricio Hernandez), two employees of the San Francisco Planning Department (William Hughen and Natalia Kwaitkowska), and a structural engineer who had been a former City employee (Rodrigo Santos) as defendants.

Gallagher alleges that Building Inspector Bernard Curran told him that he needed to obtain a permit from the City in order to begin renovations, and that he needed to hire structural engineer Rodrigo Santos in order to obtain the permit. Id. ¶ 31. Even though Gallagher believed a structural engineer was not required for the renovations, Gallagher hired Santos. Id. Gallagher

alleges that Santos continually delayed the project, and that after Gallagher had paid Santos $13,000 "for work that was essentially useless," he fired Santos and hired a different structural engineer who completed the work in two weeks and at a fraction of the cost charged by Santos. Id. ¶ 32. Gallagher received the permit from the City in June 2019, and he began the main renovation process. Id. ¶ 33. In August 2020, the project was completed and Curran issued Gallagher a signed certificate of completion. Id. ¶ 34. Around May 2021, Gallagher entered into an agreement to sell the property and it went into escrow. Id. ¶ 35.

The FBI contacted Gallagher about an investigation the agency was conducting into Curran and Santos about an illegal "pay to play" scheme. Id. ¶¶ 36-37. Curran was forced to resign from SFDBI as a result of the investigation. Id. ¶ 37. Building Inspectors Duffy, Birmingham, and Hernandez, and City Planners Hughen and Kwaitkowska, were "close associates" of Curran and Santos, and they "became aware and/or were under the belief" that Gallagher had spoken to the FBI about Curran and Santos. Id. ¶ 38. Gallagher claims that SFDBI began retaliating against him when, approximately four days before escrow was scheduled to close on the property, SFDBI issued a notice of violation for an expired permit and an illegal downstairs unit. Id. ¶ 39. SFDBI "falsely claimed that the certificate of completion that Curran signed never got filed correctly and was now void" and that the entire property would need to be reinspected and approved. Id. Escrow did not close and the sale of the property fell through. Id.

Building Inspectors Birmingham and Hernandez reinspected the property and issued a notice of violation about windows on the second floor that had been in existence since the house was built and that "had already been approved twice." Id. ¶ 41. They also told Gallagher that he needed to submit an application for an additional dwelling unit and revise the plans for the property to reflect more accurately how the stairs were built. Id. During this inspection,

Hernandez "sneered at Plaintiff, telling him, 'we know who you've been talking to.'" Id. Gallagher "had no choice but to comply with SFDBI's demands related to these unfound[ed] violations and submitted his applications and revised plans accordingly." Id. ¶ 42. Without cause, Birmingham then rejected the application related to the second-floor windows, now demanding that the windows needed to be closed off completely. Id. ¶ 43.

Gallagher contacted the San Francisco Board of Supervisors for help, and the Board facilitated a meeting between Gallagher and SFDBI. Id. ¶ 44. At that meeting, Gallagher "presented evidence showing that the subject property had already received a certificate of completion and that the recent demands of SFDBI were unreasonable and excessive." Id. ¶ 45. "SFDBI dismissed Plaintiff's concerns and ignored the validity of his claims, refusing to approve his plans or his applications." Id. During the meeting, Duffy also "expressed that he had no doubt that Plaintiff had spoken to the FBI concerning his dealings with Curran and Santos." Id. Gallagher had "no choice but to comply with SFDBI's demands" and he closed off the second-floor windows, spending $30,000 for the additional work. Id. ¶ 48.

In October 2021, approval of Gallagher's application for an additional dwelling unit was transferred to Senior Planner Hughen. Id. ¶ 49. Hughen, and then Principal Planner Kwaitkowska, "egregiously delayed the application for months on end, forcing Plaintiff to jump over more arbitrary hurdles." Id. While Gallagher's application for an additional dwelling unit was pending, Hughen "placed yet another baseless roadblock" in front of Gallagher: a citation that the driveway on the property was out of code and could not be used for off-street parking. Id. ¶ 50. Gallagher claims that the driveway had been in existence since the property was built and "had already been approved," and that not being able to use the driveway for parking "would place a significant limitation on the property and greatly affect its overall value." Id. Gallagher

contacted the City Attorney's Office and provided Hughen with the applicable laws and ordinances showing that the driveway was code compliant. Id. Hughen "dismissed Plaintiff's pleas and demanded that he now apply for a variance." Id. Gallagher had "no choice" but to apply for a variance. His applications for the variance and the additional dwelling unit were approved in May 2022, and Gallagher received the necessary permits. Id. ¶ 51.

At this time, Gallagher entered into another agreement to sell the property and entered into escrow. Id. ¶ 52. Gallagher had not received a new certificate of completion, which negatively affected the sale price, but Gallagher needed to sell the property and was "willing to do so at a discount." Id.

In July of 2022, while the property was still in escrow, SFDBI informed Gallagher that his permits for the additional dwelling unit and the driveway were being revoked. Id. ¶ 53. SFDBI "falsely claimed that the City's Planning Department had mistakenly provided him these permits and that he needed approval from SFDBI as it was within their purview." Id. Gallagher was told he needed to submit new applications and new revised plans, and that he needed to go through the entire process again. Id. The sale of the property fell through a second time. Id.

Approximately six months later in January 2023, "after another long, arbitrary, and arduous process," the City issued new permits for the additional dwelling unit and the driveway. Id. ¶ 54. Additional inspections were required in order to obtain a final certificate of completion, and "[a]lthough Plaintiff possesses valid permits, inspections have led to new, unfound, and vindictive violations concerning, among other things, the legality of the windows located on the first floor of the property." Id. ¶ 55.

In February 2023, Gallagher entered into another agreement to sell the property, again at a discount because he lacked a certificate of completion. Id. ¶ 56. "Due to the numerous abatements and notices of violation that remain on the property, the sale fell through in or around August 2023." Id. Gallagher claims that the City has intentionally and vindictively drawn out the renovation process, and that as a result, he has lost a significant amount of money in lost profits, lost income, lost interest, expenditures for unnecessary repairs, and increased taxes, and he has suffered severe emotional distress, and irreparable harm to his reputation. Id. ¶ 57.

## II. ARGUMENT

### A. Standard for Entering Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

With the filing of a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the plaintiff's complaint, except for allegations relating to damages. Once the defendant is found to be in default, the plaintiff bears the burden of showing that he is entitled to recovery. A plaintiff must prove that the compensation he or she seeks relates to the damages that naturally flow from the injuries pleaded. Generally, the court may make this determination through an evidentiary hearing or proceeding. Fed. R. Civ. P. 55(b)(2). A court is not required to conduct a hearing if there is a basis for the damages specified in the default judgment submissions. Rule 55(b)(2). Therefore, a court may rely on detailed affidavits and documentary evidence, in addition to the plaintiff's complaint, to determine the

sufficiency of a default judgment claim. The amount of damages awarded, if any, must be ascertained with reasonable certainty.  Zhi Fan Li v. Leung, 2016 U.S. Dist. LEXIS 76817, *1

## B. Gallagher's Well-Pled Allegations Support Entry of a Default Judgment

### 1. Count IV: VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

The SAC alleges that Gallagher received the necessary permits and received a certificate of completion for the renovations, but that after he spoke to the FBI about corruption at SFDBI related to defendant Curran – a fact of which the individual defendants were aware – the individual defendants began retaliating against him by revoking the certificate of completion, issuing notices of violation, and requiring further work. The SAC also alleges that the permit denials and notices of violation and abatement were without cause.

## C. Actual and Punitive Damages Are Appropriate

It is within the Court's discretion to enter monetary relief at this stage, without holding an evidentiary hearing. A court is not required to conduct a hearing if there is a basis for the damages specified in the default judgment submissions. Rule 55(b)(2). Therefore, a court may rely on detailed affidavits and documentary evidence, in addition to the plaintiff's complaint, to determine the sufficiency of a default judgment claim.

### 1. Actual Damages

As a direct and proximate result of Defendants' actions, Plaintiff has suffered financial loss including, without limitation, decrease in market value of the subject property, lost profits, lost income, lost interest, expenditures for unnecessary repairs, and increased taxes. Plaintiff has also suffered severe emotional distress and irreparable harm to reputation. SAC ¶ 99. Plaintiff

has suffered damages in the amount of $                    . (*See* Declaration of Patrick Gallagher

(Gallagher Decl. ¶¶ 4,5).

As a direct and proximate result of Defendants' actions, Plaintiff has been required to

retain counsel to bring an action. Plaintiff is entitled to recover all attorney fees and costs

incurred in bringing the action. SAC ¶ 100. (*See* Gallagher Decl. ¶ 6 ).

. Actual damages may be awarded in default cases even if the complaint does not state a

dollar figure, as long as the damages are of the same kind as those demanded. A*irDoctor, LLC v.*

*Xiamen Qichuang Trade Co., Ltd.*, Case No. 24-215 (9th Cir. Apr. 11, 2025)

## 2. Punitive Damages

"Punitive damages may, however, be available against governmental employees acting in

their individual capacities. *See Monell v. New York City Dept. of Soc. Services,* 436 U.S. 658

(1978); *City of Newport,* 453 U.S. at 254.

"As to § 1983 claims, "[i]t is well-established that a 'jury may award punitive damages . .

. either when a defendant's conduct was driven by evil motive or intent, or when it involved a

reckless or callous indifference to the constitutional rights of others.'" *Morgan v. Woessner,* 997

F.2d 1244, 1255 (9th Cir. 1993). In *Dang v. Cross,* the Ninth Circuit held this "statement of the

law of punitive damages is incomplete, however. The standard for punitive damages under

§ 1983 mirrors the standard for punitive damages under common law tort cases. . .

. [M]alicious, wanton, or oppressive acts or omissions are within the boundaries of traditional

tort standards for assessing punitive damages and foster 'deterrence and punishment over and

above that provided by compensatory awards.' . . . Such acts are therefore all proper predicates

for punitive damages under § 1983." 422 F.3d 800, 807 (9th Cir. 2005) (citing *Smith v.*

*Wade,* 416 U.S. 30, 49 (1983)).  The *Dang* court held it was reversible error to decline to instruct

that "oppressive acts" were an alternative basis for punitive damages in a § 1983 case.

Gallagher requests entry of an award of punitive damages in an amount sufficient to

punish Curran for his role in an illegal pay to play scheme with respect to the permitting process

for Gallagher's home and the subsequent retaliation against Gallagher in denying such permits ,

and to deter similar conduct by others in the future. Gallagher is entitled to a substantial award of

punitive damages based on the record of this case which details Curran's reckless or callous

indifference to Gallagher's constitutional rights through his malicious, wanton, or oppressive

acts in denying Gallagher the required permits for his property. (*See* Gallagher Decl. ¶¶ 7,8).

## III. CONCLUSION

For these reasons, Gallagher respectfully requests that the Court enter the proposed

Default Judgment against defendant Bernard Curran and award him attorneys' fees and costs in

an amount to be determined upon subsequent motion.

By: _____
Patrick Gallagher
Plaintiff, Self-Represented
470 Coletas Way
Byron, CA 94514
(925) 325-2911
bigblockpat@gmail.com

**CERTIFICATE OF SERVICE**

I, (**name**), hereby certify that I am employed by (**name**) and am of such age and discretion as to be competent to serve papers.

I further certify that on this date I caused a copy of the Motion for Default Judgment, Declaration in Support of Motion for Default and proposed Default Judgment to be placed in a postage-paid envelope addressed to the defendant, Bernard Curran, at the address stated below, which is the last known address of said defendant, and deposited said envelope in the United States mail.

Addressee: Bernard Curran
27 Escondido Ave
San Francisco, CA 94132-1326

Additional service of the foregoing was made by United States mail to the following:

Addressee:  David Chiu, City Attorney
Jennifer Choi, Chief Trial Deputy
Hunter W. Sims III, Deputy City Attorney
Fox Plaza 1390 Market Street, Sixth Floor
San Francisco, California 94102-5408

Attorneys for City and County of San Francisco; William Hughen; Kevin Birmingham; Natalia Fossi (Erroneously sued as Natalia Kwaitkowska); Mauricio Hernandez; and Joe Duffy

Dated this _____ day of _____, 2025

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

PATRICK GALLAGHER,

        Plaintiff,

    vs.

CITY AND COUNTY OF SAN
FRANCISCO, BERNARD CURRAN,
RODRIGO SANTOS, WILLIAM
HUGEN, KEVIN BIRMINGHAM,
NATALIA KWAITKOWSKA, AND JOE
DUFFY,

        Defendants.

Case No. 23-cv-03579-SI

## DECLARATION OF PLAINTIFF PATRICK GALLAGHER
## IN SUPPORT OF MOTION FOR DEFAULT JUDGEMENT

I, Patrick Gallagher, hereby state that I have personal knowledge of the facts as set forth below. If called as a witness, I could and would testify as follows:

1. I am the plaintiff in the above-entitled action, and I am familiar with the file, records and pleadings in this matter.

2. Defendant Bernard Curran was served with the summons and Complaint on February 24, 2025 (Docket No. 73) but failed to file an answer or otherwise defend.

3. I make this declaration in support of my contemporaneously filed motion for default judgment.

4. My claim for compensatory damages includes a monetary judgment of $

11

for actual damages pursuant to *AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.*, Case No. 24-215 (9th Cir. Apr. 11, 2025), and attorney's fees and costs, to be imposed against defendant Bernard Curran.

5.    As a direct and proximate result of Defendant Curran's actions, I have suffered financial loss including, without limitation, decrease in market value of the subject property, lost profits, lost income, lost interest, expenditures for unnecessary repairs, and increased taxes. I have also suffered severe emotional distress and irreparable harm to my reputation.

6.    As a direct and proximate result of Defendant Curran's actions, I have been required to retain counsel to bring an action. I respectfully submit that I am entitled to recover all attorney fees and costs incurred in bringing this action

7.    Further, I respectfully request entry of an award of punitive damages in an amount sufficient to punish Curran for his role in an illegal pay to play scheme with respect to the permitting process for my home and the subsequent retaliation against me in denying such permits, and to deter similar conduct by others in the future

8.    It is my contention that I am entitled to a substantial award of punitive damages based on the record of this case which details Curran's reckless or callous indifference to my constitutional rights through his malicious, wanton, or oppressive acts in denying me the required permits for my property.

9.    Finally, I respectfully request that Judgment against Defendant Bernard Curran be inclusive of reasonable attorneys' fees and costs in an amount to be determined upon subsequent motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

June  , 2025

Patrick Gallagher

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

PATRICK GALLAGHER,

              Plaintiff,

    vs.

CITY AND COUNTY OF SAN
FRANCISCO, BERNARD CURRAN,
RODRIGO SANTOS, WILLIAM
HUGEN, KEVIN BIRMINGHAM,
NATALIA KWAITKOWSKA, AND JOE
DUFFY,

              Defendants.

Case No. 23-cv-03579-SI

---

## DEFAULT JUDGMENT (Proposed)

---

The defendant, Bernard Curran, having failed to appear, plead or otherwise defend in this action, and default having been entered on June 13 , 2025, plaintiff having requested judgment against the defaulted defendant and having filed a proper motion and affidavit (declaration) in accordance with Federal Rule of Civil Procedure 55 (a) and (b);

Judgment is hereby entered in favor of plaintiff Patrick Gallagher and against defendant Bernard Curran, as follows:

1. Compensatory Damages in the amount of $ 3,546,000 for actual damages pursuant to *AirDoctor, LLC v. Xiamen Qichuang Trade Co., Ltd.*, Case No. 24-215 (9th Cir. Apr. 11, 2025)

2. Punitive Damages in the amount of $          , inclusive of reasonable attorney's
   fees and costs pursuant *Monell v. New York City Dept. of Soc. Services,* 436 U.S. 658
   (1978); *City of Newport,* 453 U.S. at 254; *Morgan v. Woessner,* 997 F.2d 1244, 1255
   (9th Cir. 1993).

3. Attorney's fees and costs to be determined upon subsequent motion by plaintiff.

Plus, interest on the judgment at the legal rate until the judgment is satisfied.


_____

Susan Illston,
District Judge

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):   FOR COURT USE ONLY
Jonathan W. Hornberger, Esq. | SBN: 311144
Callahan & Blaine
3 Hutton Center Drive  Suite 900 Santa Ana, CA 92707

TELEPHONE NO.: (714) 241-4444 | FAX NO. (714) 241-4445 | E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): :

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

STREET ADDRESS: 450 GOLDEN GATE AVENUE, BOX 36060

MAILING ADDRESS:

CITY AND ZIP CODE: SAN FRANCISCO, CA 94102

BRANCH NAME: FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLAINTIFF: PATRICK GALLAGHER

DEFENDANT: CITY AND COUNTY OF SAN FRANCISCO, et al.

CASE NUMBER:

3:23-cv-03579-SI

| **PROOF OF SERVICE** | Ref. No. or File No.: |
| | 4572-02 |

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I **SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**U.S. District Court California Northern District (San Francisco) Civil Docket for Case #: 3:23-cv-03579-SI; ADR Certification by Parties and Counsel; Stipulation and [Proposed] Order Selecting ADR Process; Request for ADR Phone Conference;Alternative Dispute Resolution Procedures Handbook; Joint Case Management Statement & [Proposed] Order; Consent or Declination to Magistrate Judge Jurisdiction; Notice of Removal of Action Under 28 U.S.C. § 1441(a) (Federal Question) by Defendant City and County of San Francisco; Demand for Jury Trial [28 U.s.c. § 1441(a); F.R.C.P. 38(B)]; First Amended Complaint; Civil Cover Sheet; Order Setting Initial Case Management Conference and ADR Deadlines; Proof of Service; Defendant's Notice of Motion and Motion to Dismiss; [Proposed] Order Granting Defendant's to Dismiss Complaint; Request for Judicial Notice in Support of Defendant's Motion to Dismiss Second Amended Complaint; Consent or Declination to Magistrate Judge Jurisdiction; Notice Regarding Consent to Jurisdiction of United States Magistrate Judge; Notice to Appearance; Stipulation and [Proposed] Order Extending Deadlines; Stipulation and Order Extending Deadlines; Second Amended Complaint; United States District Court Northern District of California ECF Registration Information; United States District Court Northern District of California Civil Standing Orders for Magistrate Judge Joseph C. Spero; Standing Order Regarding Covid-19 Procedures; United States District Court Northern District of California Consenting to the Jurisdiction of a Magistrate Judge; Notice to Assignment of Case to a United States Magistrate Judge for Trial; Standing Order for All Judges of the Northern District of California Contents of Joint Case Management Statement**

PARTY SERVED: **BERNARD CURRAN**

DATE & TIME OF DELIVERY: 2/24/2025
8:10 AM

ADDRESS, CITY, AND STATE: **27 Escondido Ave**
**San Francisco, CA 941321326**

MANNER OF SERVICE:
Personal Service - By personally delivering copies.

County: **San Mateo**
Registration No.: **540**
**First Legal Investigations**
**2070 N. Tustin Ave.**
**Santa Ana, CA 92705**
**(714) 550-1375**
**Ref: 4572-02**

I declare under penalty of perjury under the laws of the United States that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **February 25, 2025.**

Signature: _____

**Victoria Ababseh**

**PROOF OF SERVICE**

DefaultProof/INP13458