Patrick Gallagher
470 Coletas Way
Byron, CA 94514
(925) 325-2911
bigblockpat@gmail.com

Plaintiff, Self-Represented

**FILED**

**AUG 26 2025**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGER, | ) Case No.: 23-cv-03579-SI |
| | ) |
| Plaintiff, | ) [Hon. Susan Illston] |
| | ) |
| vs. | ) **MOTION FOR DEFAULT JUDGMENT** |
| | ) **AGAINST BERNARD CURRAN** |
| | ) **PURSUANT TO FED. R. CIV. P. 55(b)(2)** |
| CITY AND COUNTY OF SAN FRANCISCO, | ) |
| BERNARD CURRAN, RODRIGO SANTOS, | ) |
| WILLIAM HUGEN, KEVIN BIRMINGHAM, | ) Date:  October 3, 2025 |
| NATALIA KWAITKOWSKA, and JOE DUFFY, | ) |
| | ) Time:  10:00AM |
| | ) |
| Defendant(s). | ) Place:  Courtroom 1 – 17th Floor |
| | ) 450 Golden Gate Avenue, San Francisco, CA |
| | ) 94102 |
| | ) |
| | ) |
| | ) |

**TO THIS HONORABLE COURT AND ALL PARTIES OF RECORD AND THEIR COUNSELS:**

PLEASE TAKE NOTICE on October 3, 2025, at 10:00AM, or as soon thereafter as this matter may be heard in the above entitled Court located at, Courtroom 1 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, that Plaintiff, Patrick Gallagher ("Gallagher") will and

hereby does motion the Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure that the Court grant default JUDGMENT against Defendant Bernard Curran for failure to plead or otherwise respond to this action despite having been properly served on February 24, 2025, pursuant to FRCP 4.

As shown by the docket in this matter, the proof of service has been filed with this Court, and Defendant Curran was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on February 24, 2025. Thereafter, Curran did not file any response nor an answer despite having many months opportunity to do so.  Therefore, Plaintiff should be awarded judgment for his damages in the full amount against Defendant Bernard Curran ("Curran").

Gallagher now requests that the following itemized damages be awarded in the total amount of **$4,387,000**.

### Itemized Monetary Damages

1. Initial Costs with Santos (Inspector/Designer)

   o   Added costs to project: $13,000

   o   Cash upfront: $3,000

   o   Additional seismic retrofit & delays: $140,000

   o   Hiring Base Design after firing Santos: $3,000

   o   Delay costs ($6,000/month, May 2018 – Aug 2020): $318,000

   **Totaling:  $477,000**

2. Lost Sale Value

   o   Home would have sold for ~$1.6M in 2019, instead sold in 2021 for ~$1.18M

   o   Loss: $420,000

   **Totaling: $420,000**

3. Loans & Retaliation Costs

   o   Hard money loans on Naples & residence: $800,000

   o   Holding costs (~$7,000/month for 7+ years): $590,000

**Totaling: $1,390,000**

4. Loss of Income

   o   Pre-Naples average income ~$300,000/year

   o   7 years lost: $2,100,000

   **Totaling: $2,100,000**

   **Summation of Monetary Damages**:  [$477,000 + $420,000 + $1,390,000 + $2,100,000]

   **TOTAL: $4,387,000**

[See Declaration of Patrick Gallagher – Documents will be brought to Court.]

This motion is based on this notice and motion, the memorandum of points and authorities, the Declaration of Plaintiff Patrick Gallagher further confirming the damages, and the documents and evidence that will be presented to the Court at the hearing on this motion.

DATED: 04:43

PATRICK GALLAGHER
Self-Represented

MOTION FOR DEFAULT JUDGMENT

**MEMO OF POINTS AND AUTHORITIES ISO MOTION FOR DEFAULT JUDGMENT**

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

A.      **Plaintiffs' Allegations]**

In 2018, Gallagher, through his trust, purchased a single-family home located at 200 Naples Street in San Francisco with the intention of renovating and selling it. Second Amended Compl. ("SAC") Id. ¶¶ 1, 28.

The SAC alleges that once he began renovations, Gallagher became a victim of a "pay to play fraud" perpetrated by San Francisco City building inspectors, planners, and the City, and that "after he refused to participate" in the scheme and spoke to the FBI, the City and its employees retaliated against him by "issuing and refusing to release frivolous code enforcement liens, issuing and refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits, and revoking a certificate of completion." Id. ¶ 4. Gallagher claims that these retaliatory actions have caused the property to fall out of escrow three times and that the City's actions have amounted to an "unjustified taking." Id.  The SAC names the City and County of San Francisco, ("the City"), four current and former building inspectors with the San Francisco Department of Building Inspection ("SFDBI") (Bernard Curran, Joe Duffy, Kevin Birmingham, and Mauricio Hernandez), two employees of the San Francisco Planning Department (William Hughen and Natalia Kwaitkowska), and a structural engineer who had been a former City employee (Rodrigo Santos) as defendants.

Gallagher alleges that Building Inspector Bernard Curran told him that he needed to obtain a permit from the City in order to begin renovations, and that he needed to hire a structural engineer

Rodrigo Santos in order to obtain the permit. Id. ¶ 31. Even though Gallagher believed a structural engineer was not legally required for the renovations, Gallagher was forced to hire Santos. Id. Gallagher alleges that Santos continually delayed the project, and that after Gallagher had paid Santos $13,000 "for work that was essentially useless," such that he fired Santos and hired a different structural engineer who completed the work in two weeks and at a fraction of the cost charged by Santos. Id. ¶ 32. In August 2020, the project was completed and Curran issued a signed certificate of completion. Id. ¶ 34. Around May 2021, Gallagher entered into an agreement to sell the property and it went into escrow. Id. ¶ 35.

Notably, the FBI contacted Gallagher about an investigation the agency was conducting into Curran and Santos about an illegal "pay to play" scheme. Id. ¶¶ 36-37. Due to serious findings against him, Curran was forced to resign from SFDBI as a result of the investigation. Id. ¶ 37. Building Inspectors Duffy, Birmingham, and Hernandez, and City Planners Hughen and Kwaitkowska, were "close associates" of Curran and Santos, and they "became aware and/or were under the belief" that Gallagher had spoken to the FBI about Curran and Santos. Id ¶ 38. Gallagher claims that SFDBI began retaliating against him when, approximately four days before escrow was scheduled to close on the property, SFDBI issued a notice of violation for an <u>expired permit</u> for a supposedly now illegal downstairs unit. Id. ¶ 39. This happened irrespective of the fact that <u>Curran had already issued a signed certificate of completion</u>. SFDBI "falsely claimed that the certificate of completion that Curran signed had never got filed correctly and was now void" and that the entire property would need to be reinspected and approved. Id. Escrow did not close and the sale of the property fell through. Id.

Building Inspectors Birmingham and Hernandez reinspected the property and issued a bogus notice of violation about windows on the second floor that had been in existence since the house was built and that "had already been approved twice." Id. ¶ 41. They also told Gallagher that he needed to submit an application for an additional dwelling unit and revise the plans for the property to

reflect more accurately how the stairs were built. Id.  During this inspection, Hernandez "sneered at Plaintiff, telling him, 'we know who you've been talking to.'" Id.  Gallagher "had no choice but to comply with SFDBI's demands related to these unfound[ed] violations and submitted his applications and revised plans accordingly." Id. ¶ 42.  Without cause, Birmingham then rejected the application related to the second-floor windows, now demanding that the windows needed to be closed off completely. Id. ¶ 43.

Gallagher contacted the San Francisco Board of Supervisors for help, and the Board facilitated a meeting between Gallagher and SFDBI. Id. ¶ 44.  At that meeting, Gallagher "presented evidence showing that the subject property had already received a certificate of completion and that the recent demands of SFDBI were unreasonable and excessive." Id. ¶ 45.  "SFDBI dismissed Plaintiffs concerns and ignored the validity of his claims, refusing to approve his plans or his applications." Id.  During the meeting, Duffy also "**expressed that he had no doubt that Plaintiff had spoken to the FBI concerning his dealings with Curran and Santos.**" Id.  Gallagher had "no choice but to comply with SFDBI's demands" and he closed off the second- floor windows, spending $30,000 for the additional work. Id. ¶ 48.

In October 2021, approval of Gallagher's application for an additional dwelling unit was transferred to Senior Planner Hughen. Id. ¶ 49. Hughen, and then Principal Planner Kwaitkowska, "egregiously delayed the application for months on end, forcing Plaintiff to jump over more arbitrary hurdles." Id.  While Gallagher's application for an additional dwelling unit was pending, Hughen "placed yet another baseless roadblock" in front of Gallagher: a citation that the driveway on the property was out of code and could not be used for off-street parking. Id. ¶ 50.  Gallagher claims that the driveway had been in existence since the property was built and "had already been approved," and that not being able to use the driveway for parking "would place a significant limitation on the property and greatly affect its overall value." Id. Gallagher contacted the City Attorney's Office and provided Hughen with the applicable laws and ordinances showing that the

driveway was code compliant. Id. Hughen "dismissed Plaintiffs pleas and demanded that he now apply for a variance." Id. Gallagher had "no choice" but to apply for a variance. His applications for the variance and the additional dwelling unit were approved in May 2022, and Gallagher received the necessary permits. Id. ¶ 51.

At this time, Gallagher entered into another agreement to sell the property and entered into escrow. Id. ¶ 52. Gallagher had not received a new certificate of completion, which negatively affected the sale price, but Gallagher needed to sell the property and was "willing to do so at a discount." Id.

In July of 2022, while the property was still in escrow, SFDBI informed Gallagher that his permits for the additional dwelling unit and the driveway were being revoked. Id. ¶ 53. SFDBI "falsely claimed that the City's Planning Department had mistakenly provided him these permits and that he needed approval from SFDBI as it was within their purview." Id. Gallagher was told he needed to submit new applications and new revised plans, and that he needed to go through the entire process again. Id. As a consequence, the sale of the property fell out of escrow through a second time. Id.

Approximately six months later in January 2023, "after another long, arbitrary, and arduous process," the City issued new permits for the additional dwelling unit and the driveway. Id. ¶ 54. Additional inspections were required in order to obtain a final certificate of completion, and "[a]lthough Plaintiff possesses valid permits, inspections have led to new, unfound, and vindictive violations concerning, among other things, the legality of the windows located on the first floor of the property." Id. ¶ 55.

In February 2023, Gallagher entered into another agreement to sell the property, again at a discount because he lacked a certificate of completion. Id. ¶ 56. "Due to the numerous abatements and notices of violation that remain on the property, the sale fell through in or around August 2023." Id. Gallagher claims that the City has intentionally and vindictively drawn out the renovation

process, and that as a result, he has lost a significant amount of money in lost profits, lost income, lost interest, expenditures for unnecessary repairs, and increased taxes, and he has suffered severe emotional distress, and irreparable harm to his reputation. Id. ¶ 57.

### B.     **Standard for Entering Default Judgment**

Pursuant to Federal Rule of Civil Procedure 55(b), the court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

With the filing of a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the plaintiff's complaint, except for allegations relating to damages. Once the defendant is found to be in default, the plaintiff bears the burden of showing that he is entitled to recovery. A plaintiff must prove that the compensation he or she seeks relates to the damages that naturally flow from the injuries pleaded. Generally, the court may make this determination through an evidentiary hearing or proceeding. Fed. R. Civ. P. 55(b)(2). A court is not required to conduct a hearing if there is a basis for the damages specified in the default judgment submissions. Rule 55(b)(2). Therefore, a court may rely on detailed affidavits and documentary evidence, in addition to the plaintiff's complaint, to determine the sufficiency of a default judgment claim.

### C.     **Gallagher's Well Pled Allegations Support Entry of Default Judgment**

The SAC alleges that Gallagher <u>received the necessary permits and received a certificate of completion,</u> but that after he spoke to the FBI about investigation of the SFDBI related to defendant Curran — a fact of which the individual defendants were aware — the individual defendants began retaliating against him by revoking the certificate of completion, issuing bogus notices of violation, and requiring further work. The SAC also alleges that the denials and notices of violations and

abatement were without cause and confirmatory of why the FBI had been investigating and

extracting testimony/evidence from Gallagher.

      D.

MOTION FOR DEFAULT JUDGMENT

**Actual Damages:  $4,387,000**

As confirmed by the declaration of Plaintiff, as a direct and proximate result of Defendants' actions, Plaintiff has suffered financial loss including, without limitation, decrease in market value of the subject property, lost profits, lost income, lost interest, expenditures for unnecessary repairs, and increased taxes. Plaintiff has also suffered severe emotional distress and irreparable harm to reputation. SAC ¶ 99.  Plaintiff has suffered damages in the total amount of $4,387,000 and as follows:

### Itemized Monetary Damages

5.  Initial Costs with Santos (Inspector/Designer)

    o  Added costs to project: $13,000

    o  Cash upfront: $3,000

    o  Additional seismic retrofit & delays: $140,000

    o  Hiring Base Design after firing Santos: $3,000

    o  Delay costs ($6,000/month, May 2018 – Aug 2020): $318,000

    **Totaling:  $477,000**

6.  Lost Sale Value

    o  Home would have sold for ~$1.6M in 2019, instead sold in 2021 for ~$1.18M

    o  Loss: $420,000

    **Totaling: $420,000**

7.  Loans & Retaliation Costs

    o  Hard money loans on Naples & residence: $800,000

    o  Holding costs (~$7,000/month for 7+ years): $590,000

    **Totaling: $1,390,000**

8.  Loss of Income

    o  Pre-Naples average income ~$300,000/year

10

    ○  7 years lost: $2,100,000

    **Totaling:  $2,100,000**

**Summation of Monetary Damages**:  [$477,000 + $420,000 + $1,390,000 + $2,100,000]

**TOTAL: $4,387,000**

[See Declaration of Patrick Gallagher – Documents will be brought to Court.]

    E.  **Punitive Damages**

"Punitive damages may, however, be available against governmental employees acting in their individual capacities."  See Monell v. New York City Dept. of Soc. Services, 436 U.S. 658 (1978); City of Newport, 453 U.S. at 254.  As to § 1983 claims, "[i]t is well established that a 'jury may award punitive damages when a defendant's conduct was driven by evil motive or intent, or when it involved reckless or callous indifference to the constitutional rights of others."  Morgan v. Woessner, 997 F.2d 1244 (9ᵗʰ Cir. 1993).  Here, the SAC plainly and clearly claims that Curran's actions were retaliatory for Gallagher having legally cooperating with an FBI investigation – something he was required to do under the law and tell the truth.

As such, Gallagher requests an entry of punitive damages in an amount sufficient to punish Curran for his role in the illegal "pay to play" scheme and for the retaliation for Gallagher cooperating with the FBI's investigation.  Gallagher hereby requests that he be awarded treble his actual damages as punitive damages.

    II.   **CONCLUSION**

For these reasons, Gallagher respectfully requests that the Court enter the proposed Default Judgment against Bernard Curran.

Date:  August 25, 2025

                                      _____

                                      Patrick Gallagher,

Plaintiff, Self Represented
470 Coletas Way
Byron, CA 94514
Tel: (925) 325 – 2911
bigblockpat@gmail.com

Patrick Gallagher
470 Coletas Way
Byron, CA 94514
(925) 325-2911
bigblockpat@gmail.com

Plaintiff, Self-Represented

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGER, | ) Case No.: 23-cv-03579-SI |
| | ) |
| Plaintiff, | ) **DECLARATION OF PATRICK** |
| | ) **GALLAGHER IN SUPPORT OF OF** |
| vs. | ) **DEFAULT JUDGMENT AGAINST** |
| | ) **BERNDARD CURRAN** |
| | ) |
| CITY AND COUNTY OF SAN FRANCISCO, | ) |
| BERNARD CURRAN, RODRIGO SANTOS, | ) |
| WILLIAM HUGEN, KEVIN BIRMINGHAM, | ) |
| NATALIA KWAITKOWSKA, and JOE DUFFY, | ) |
| | ) |
| | ) |
| Defendant(s). | ) |
| | ) |
| | ) |
| | ) |

## DECLARATION OF PLAINTIFF PATRICK GALLAGHER

I, Patrick Gallagher, declare as follows:

1.     I am the Plaintiff in this action. I am over the age of 18 years. I have personal

knowledge of the facts contained in this declaration, and of called as a witness could and would

testify competently to the facts as stated herein.

2.      Defendant Bernard Curran was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on February 24, 2025, as shown by the proof of service filed with the court (Docket No. 73).

3.      Under Rule 12 of the Federal Rules of Civil Procedure, Defendant, Bernard Curran was required to plead or otherwise respond to the complaint by March 17, 2025. The time to plead or otherwise respond to the complaint has not been extended by any agreement of the parties or any order of the Court.

4.      Defendant, Bernard Curran has failed to serve or file a pleading or otherwise respond to the complaint. The applicable time limit for responding the complaint has expired.

5.      Defendant, Bernard Curran is not a minor or an incompetent person.

6.      Defendant, Bernard Curran is not currently in the military service, and therefore the Servicemembers Civil Relief Act is not applicable.

7.      The following is an itemized list of the actual damages I have suffered. I will have and can provide documentary evidence and further testimony in addition to this declaration at the hearing or as necessary:

**Itemized Monetary Damages**

Initial Costs with Santos (Inspector/Designer)

- o   Added costs to project: $13,000

- o   Cash upfront: $3,000

- o   Additional seismic retrofit & delays: $140,000

- o   Hiring Base Design after firing Santos: $3,000

- o   Delay costs ($6,000/month, May 2018 – Aug 2020): $318,000

  **Totaling: $477,000**

Lost Sale Value

- o   Home would have sold for ~$1.6M in 2019, instead sold in 2021 for ~$1.18M

- o   Loss: $420,000

    **Totaling: $420,000**

Loans & Retaliation Costs

- o   Hard money loans on Naples & residence: $800,000

- o   Holding costs (~$7,000/month for 7+ years): $590,000

    **Totaling: $1,390,000**

Loss of Income

- o   Pre-Naples average income ~$300,000/year

- o   7 years lost: $2,100,000

    **Totaling:  $2,100,000**

**Summation of Monetary Damages**:  [$477,000 + $420,000 + $1,390,000 + $2,100,000]

**TOTAL: $4,387,000**

8.      I further request that punitive damages be awarded in an amount treble to my actual

damages as determined by the Court so as to punish, deter, and prevent such malicious conduct as

done by Bernard Curran in this case.

9.      I declare under penalty of perjury under the laws of the State of California and the

United States of America that the foregoing is true and correct and that this declaration is executed

in Byron, California.


Date:   August 25, 2025

                                                     _____

Patrick Gallagher,
Plaintiff, Self Represented
470 Coletas Way
Byron, CA 94514
Tel: (925) 325 – 2911
bigblockpat@gmail.com

MOTION FOR DEFAULT JUDGMENT

Patrick Gallagher
470 Coletas Way
Byron, CA 94514
(925) 325-2911
bigblockpat@gmail.com

Plaintiff, Self-Represented

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGER, | ) Case No.: 23-cv-03579-SI |
| | ) |
| Plaintiff, | ) [Hon. Susan Illston] |
| | ) |
| vs. | ) **[PROPOSED] DEFAULT JUDGMENT** |
| | ) **AGAINST BERNARD CURRAN** |
| | ) **PURSUANT TO FED. R. CIV. P. 55(b)(2)** |
| CITY AND COUNTY OF SAN FRANCISCO, | ) |
| BERNARD CURRAN, RODRIGO SANTOS, | ) |
| WILLIAM HUGEN, KEVIN BIRMINGHAM, | ) Date: October 3, 2025 |
| NATALIA KWAITKOWSKA, and JOE DUFFY, | ) |
| | ) Time:  10:00AM |
| | ) |
| Defendant(s). | ) Place:  Courtroom 1 – 17th Floor |
| | ) 450 Golden Gate Avenue, San Francisco, CA |
| | ) 94102 |
| | ) |
| | ) |
| | ) |

**TO ALL PARTIES OF RECORD AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN THAT after having considered all matters deemed relevant

by the Court, the following JUDGMENT is Entered Against BERNARD CURRAN, an individual:

1) JUDGMENT FOR ACTUAL DAMAGES IN FAVOR OF PATRICK GALLAGHER

AS AND AGAINST BERNARD CURRAN IN THE AMOUNT OF:

$_____.

2) JUDGMENT FOR PUNITIVE DAMAGES IN FAVOR OF PATRICK GALLAGHER

AS AND AGAINST BERNARD CURRAN IN THE AMOUNT OF:

$_____.

JUDGMENT IS SO ORDERED:

DATE: _____    _____

UNITED STATES DISTRICT COURT JUDGE

Patrick Gallagher
Plaintiff, Self-Represented
470 Coletas Way
 Byron, CA 94514
 (925) 325-2911
bigblockpat@gmail.com

## CERTIFICATE OF SERVICE

# EXHIBIT A

**EXHIBIT A**



City and County of San Francisco

**Department of Building Inspection**

*CERTIFICATE OF FINAL COMPLETION AND OCCUPANCY*

LOCATION: _200 Naples St._                                     _6008/001_
       (number)    (street)                                          (block and lot)

Permit Application No: _201810183586_ Type of Construction: _V-B_ Stories: _2_ Dwelling Units: _1_

Basements: _∅_ Occupancy Classification: _R-3_ No. of Guestrooms: _∅_ with cooking facilities: _∅_

Description of Construction: _To Comply with NOV 201895477. Structural_
_strengthening to include removing + replacing floor framing._
_Remove 1 (E) dormer. Add 2 New dormers on each side._
_Demo (E) laundry @ 2nd floor._

To the best of our knowledge, the construction described above has been completed and, effective as of the date the building permit application was filed, conforms both to the Ordinances of the City and County of San Francisco and to the Laws of the State of California. The above referenced occupancy classification is approved pursuant to Section 109A of th *San Francisco Building Code.*

Any change in the use or occupancy of these premises--or any change to the building or premises--could cause the property to be in violation of the *Municipal Codes* of the City and County of Sn Francisco and, thereby, would invalidate this *Certificate of Final Completion and Occupancy.* A copy of this *Certificate* shall be maintained on the premises and shall be available at all times. Another copy of this *Certificate* should be kept with your important property documents.

Before making any changes to the structure in the future, please contact the Department of Building Inspection, which will provide advice regarding any change that you wish to make and will assist you in making the change in accordance with the *Municipal Codes* of the City and County of San Francisco.

_for District Insp._

This certificate issued on: _8/27/2020_

by: _____
       (Signature)    **Building Inspector**

**Patrick O'Riordan, Interim Director**
                                                **Printed Name**
Copies: White (original to microfilm); Blue (to property owner); Yellow (to Building Inspector); Pink (to Housing Inspector)

Subject was purchased on 8/1/2018 by G C Block Investments COM LLC on 8/1/2018 for $785K.
-Property was listed on MLS on 9/3/2020 for $1,388,000 on 10/13/2020 was revised to $1,2888,000. The listing expired on 12/31/2020.

-Assessor used the 9/3/2020 listing date as the completion date of construction.
-It is currently listed again on 3/13/2021 for $1,250,000. It is marketed as a duplex with an in-law studio on G/F.
-In the plans, the existing floor plans do no represent the condition/layout of property before construction. See existing tab which includes MLS listingshowing condition of property prior to NC.

## Welcome to our Permit / Complaint Tracking System!

**Permit Details Report**

| Report Date: | 3/22/2021 10:48:13 AM |
|---|---|

| Application Number: | 201808107063 |
|---|---|
| Form Number: | 8 |
| Address(es): | 6008 / 001 / 0    200    NAPLES    ST |
| Description: | KITCHEN & BATH CABINETS, PAINT, DRYWALL, FLOORING, AND TO COMPLY WITH NOV |
| Cost: | $36,000.00 |
| Occupancy Code: | R-3 |
| Building Use: | 2/ - 1 FAMILY DWELLING |

### Disposition / Stage:

| Action Date | Stage | Comments |
|---|---|---|
| 8/10/2018 | TRIAGE | |
| 8/10/2018 | FILING | |
| 8/10/2018 | FILED | |
| 8/10/2018 | APPROVED | |
| 8/10/2018 | ISSUED | |
| 8/27/2020 | COMPLETE | 5571075 Final Inspection/Approved |

**Contact Details:**

**Contractor Details:**

| License Number: | |
|---|---|
| Name: | OWN |
| Company Name: | OWNER OWNER |
| Address: | OWNER |
| Phone: | OWNER - OWNER CA 00000-0000 |

This is absolute evidence they deleted my c.o.c.    the s.f. tax assessors office used sfdbi records to reassess Naples in sept of 2020. Dbi records show completion of permit on 8/27/2020...The certificate I have in hand shows the same date.

Joe Duffy has claimed that it was never filed...or filed incorrectly....a complete lie. It also shows that county records were altered and deleted. This is a felony....to alter or delete official records.....it also shows motive and malice with intent. Why would someone do that and lie about it?....why would someone do that in the first place? And everyone in dbi fell right into place and followed his lead....did what they were told. There are only 2 people who had that power in dbi.....Patrick O'Riordan and Joe Duffy. Patrick O'Riordan was the other signature on the c.o.c. along with Bernie Curran.

This shows conspiracy to commit fraud...no two ways about it.....it proves the motive to conspire against me for Bernie Curran getting jail time.

That's why Mauricio told me, back in 21," we know who you've been talking to." He meant the FBI....

I also have evidence that they changed the approved drawings back in 21....it was Kevin Birmingham.....I have the evidence of that as well.

This is BIG Jonny. This is a federal crime...its not a, I said.... they said... thing anymore. Ive had pretty good evidence the whole thing was a farce from day one. But being able to prove they deleted my C.O.C.....it's a whole different story now. Its not a 2mil or 3mil suit now.....it's a federal offence.

Talk to the partners. I think we should refile in lieu of new evidence, which has taken me over 2 years to get. But I finally got it. The nail in the coffin, the smoking gun, the guy on the grassy knowl. I really want to go after these guys Jonny....I want them in jail!

The last time I talked to the FBI...I think was before I hired Callahan and Blain. Not sure....but they asked me if I had an attorney, and I said yes. I think it was Scott Emblidge with Moscone Law at that time. He handled the Richards case and got him 1.8 back in 2021. After the settlement he wasn't able to pursue my case....part of the settlement...that's when I found you guys. Anyway...the last I talked to the FBI, they insisted that if I had an attorney, he should file the complaint. So that's what I think we should do. FBI, D.A., maybe states attorneys office...theyre the office that prosecuted  Bernie Curran. It started at the city attorneys office and they referred it to the state attorneys office for prosecution. The city attorney knows all this...

Lets get the house sold....I think I owe you guys about 60k....probably more than that. Charles can get it done quickly.

I want these guys in jail for what they've done to me. We have them over a barrel now....No more bending over to buf or dpw or Kevin Birmingham or Joe Duffy.

I have no idea if we go to the judge with this information or not....that's your department....Proof they altered documents changes everything....



**City & County of San Francisco**
**José Cisneros, Treasurer**
**David Augustine, Tax Collector**
**Property Tax Bill (Secured)**
**For Fiscal Year July 1, 2019 through June 30, 2020**

1 Dr. Carlton B. Goodlett Place
City Hall, Room 140
San Francisco, CA 94102
www.sftreasurer.org

| Vol | Block | Lot | Bill No | Mail Date | Property Location |
|-----|-------|-----|---------|-----------|-------------------|
| 36 | 6008 | 001 | 20191695160 | October 16, 2019 | 200 NAPLES ST |

Assessed on January 1, 2019 at 12:01am
To: NAME WITHHELD PER CA AB 2238

**ADDRESS INFORMATION**
**NOT AVAILABLE ONLINE**

| ► TOTAL DUE | $11,620.88 |
|-------------|-----------|

| 1st Installment | 2nd Installment |
|-----------------|-----------------|
| $5,810.44 | $5,810.44 |
| Due 12/10/2019 | Due 05/15/2020 |

| Important Messages |
|--------------------|
| TAX DEFAULTED |

| Assessed Value | |
|----------------|---|
| Description | Full Value |
| Land | $706,500 |
| Structure | $78,500 |
| Fixtures | |
| Personal Property | |
| Gross Taxable Value | $785,000 |
| Less HO Exemption | $0 |
| Less Other Exemption | $0 |
| Net Taxable Value | $785,000 |

| Tax Amount | $9,263.78 |
|------------|-----------|

**Direct Charges and Special Assessments**

| Type | Telephone | Amount Due |
|------|-----------|------------|
| 45 - Living Wage for Educators 2018 Tax | (415) 355-2203 | $309.52 |
| 46 - San Francisco Bay Restoration Authority | (888) 508-8157 | $12.00 |
| 55 - Building Inspection | (415) 558-6088 | $1,636.60 |
| 89 - SFUSD Facility Dist | (415) 355-2203 | $38.28 |
| 91 - SFCCD Parcel Tax | (415) 487-2400 | $99.00 |
| 98 - SFUSD Teacher Support | (415) 355-2203 | $261.70 |

**Total Direct Charges and Special Assessments** | $2,357.10

Keep this portion for your records. See back of bill for payment options and additional information.

---

**City & County of San Francisco**
**Property Tax Bill (Secured)**
**For Fiscal Year July 1, 2019 through June 30, 2020**

Pay online at www.sftreasurer.org

| Vol | Block | Lot | Bill No | Property Location |
|-----|-------|-----|---------|-------------------|
| 36 | 6008 | 001 | 20191695160 | 200 NAPLES ST |

☐ Check if contribution to Arts Fund is enclosed.
For other donation opportunities go to www.Give2SF.org

Detach stub and return with your payment.
Write your block and lot on your check.
2nd Installment cannot be accepted unless 1st is paid.

*SECURED* 2

San Francisco Tax Collector
Secured Property Tax
P.O. Box 7426
San Francisco, CA 94120-7426

| 2nd Installment Due | |
|---------------------|---|
| Pay by    May 15, 2020 | $5,810.44 |
| If paid after    May 15, 2020 includes 10% penalty and applicable fees | $6,436.48 |
| Paid 05/29/2020 | |

---

**City & County of San Francisco**
**Property Tax Bill (Secured)**
**For Fiscal Year July 1, 2019 through June 30, 2020**

Pay online at www.sftreasurer.org

| Vol | Block | Lot | Bill No | Property Location |
|-----|-------|-----|---------|-------------------|
| 36 | 6008 | 001 | 20191695160 | 200 NAPLES ST |

☐ Check if contribution to Arts Fund is enclosed.
For other donation opportunities go to www.Give2SF.org

Detach stub and return with your payment.
Write your block and lot on your check.
If property has been sold, please forward bill to new owner.

*SECURED* 1

San Francisco Tax Collector
Secured Property Tax
P.O. Box 7426
San Francisco, CA 94120-7426

| 1st Installment Due | |
|---------------------|---|
| Pay by    December 10, 2019 | $5,810.44 |
| If paid after December 10, 2019 includes 10% penalty | $6,391.48 |
| Paid 01/16/2020 | |

 Gmail

---

### Here's some recent communication re releases for City of SF
2 messages

---

**MacKenzie, Kathy** <KMacKenzie@ortc.com>
To: Patrick Gallagher <bigblockpat@gmail.com>

Mon, Sep 9, 2024 at 12:54 PM

On **8/1/2024** at **2:46 PM**, **CSD-CPU\egoveia** posted (WT) (and emailed DLeath@ortc.com; kmackenzie@ortc.com on 8/1/2024 at 2:46 PM): REGARDING CITY AND COUNTY OF SAN FRANCISCO CODE ENFORCEMENT DOC#2018-K642319, 2019-K730948, 2019-K90683 AND 2016-K290398 & 2019-K778900: Received email stating "The lien that were attached only reflected the amounts due that got assessed thru the property taxes. 200 Naples has multiple complaints open and in order to abate the case all Notice of violations with HIS and CES must be corrected with approved final sign off, a Final Bill (FB) will not be generated until the corrections have been completed. Until the Final Bill is generated and paid, we will not remove the Order of Abatement. If you would like to speak to someone please feel free to contact me or CES at 628-652-3430" Tasks complete.

On **8/1/2024** at **9:18 AM**, **CSD-CPU\egoveia** posted (WT): REGARDING CITY AND COUNTY OF SAN FRANCISCO CODE ENFORCEMENT DOC#2018-K642319, 2019-K730948, 2019-K90683: Sent request to email E:dbi.codeenforcement@sfgov.org via Internal Docs. P:(628) 652-3430. Tasked to follow up 8/5.

On **8/1/2024** at **8:56 AM**, **CSD-CPU\egoveia** posted (WT): REGARDING CITY AND COUNTY OF SAN FRANCISCO CODE ENFORCEMENT DOC#2016-K290398 & 2019-K778900: Sent request to email E:dbi.codeenforcement@sfgov.org via Internal Docs. P:(628) 652-3430. Tasked to follow up 8/5.

*Kathy MacKenzie,* *Escrow Officer*

*Denise Leath Team*

**ORTC LICENSE #2560-01**

T: (916) 984-1380 EXT #5    |  Fax:  (916) 221-9005 |  Shoretel: 42406

1180 Iron Point Road, #190 | Folsom, CA  95630

 **BEWARE! WIRE FRAUD IS ON THE RISE.**
**Accepting wire and disbursement instructions via email can be dangerous, especially changes to those instructions. Always verify by calling the originator of the email using previously known contact information prior to sending funds.**

Important Notice: The information contained in this email is private and confidential. It is intended only for the recipient(s) named above. If you are not named above or are not an agency of the recipient(s), then you have received this email in error, and to review, distribute or copy this transmission or its attachment(s) is strictly prohibited by federal law. If you have received this email in error, please notify the sender by email immediately. If you are the proper recipient and this email contains "protected health information", you must abide by the rules of the HIPAA and other privacy laws that apply. Thank you for your attention to this notice.

---

**Pat mg** <bigblockpat@gmail.com>
To: "Jonny W. Homberger" <jhornberger@callahan-law.com>

Mon, Oct 7, 2024 at 12:39 PM

abatements....code enforcement can cancell these at any time
[Quoted text hidden]

---

 **Gmail**

Pat mg <bigblockpat@gmail.com>

---

## REVISED Building Permit Application# 202108096049 Invoice
1 message

---

**DBIONLINESERVICES@sfgov.org** <DBIONLINESERVICES@sfgov.org>
To: BIGBLOCKPAT@gmail.com

Wed, Dec 28, 2022 at 11:12 AM

---

Dear Permit Applicant,

Your permit is ready for issuance. Your invoice below was generated by Cheng Hong Chan.

## INVOICE

| Project: | 200 NAPLES ST | Application#: | 202108096049 |
|---|---|---|---|
| Invoice Number: | 20221214-122RL1 | Invoice Date: | 12/28/2022 |
| Total Due: | $2,248.67 | Due Date: | Upon Receipt |

| FEE CODE | DESCRIPTION | FEE AMOUNT |
|---|---|---|
| BLDGSTD-I | | |

| Bldg Stds Admin Spec Revolv Fund | | $1.00 |
|---|---|---|
| REC RET-I | Records Retention Fee DBI (Issuing) | $10.00 |
| BLDG-I | Bldg Permit Insp Fee (Issue) | $324.82 |
| DCP-I | DCP Plan Check (Issue) | $1,061.89 |
| CURB | Curb DPW | $180.00 |
| DBI BOAS-I | DBI Board of Appeals Surcharge (Issue) | $22.50 |
| STRG MO-I | Strong Motion Instrumentation Fee | $4.37 |
| PLAN REV-I | Plan Review (Issue) DBI | $612.59 |
| DPW BOAS-I | DPW Board of Appeals Surcharge (Issue) | $9.00 |
| DCP BOAS-I | DCP Board of Appeals Surcharge (Issue) | $22.50 |

---

Click here to pay your fees online. Please note that online payments are subject to a 2.5% convenience fee for credit card payments (minimum $2.00). There is no convenience fee when paying by eCheck.
**For ADU applications:** Please submit payment online. Please refer to the separate email you received from Planning staff for additional information and contact CPC.ADU@sfgov.org if you have any questions.

# SAN FRANCISCO ASSESSOR NEW CONSTRUCTION WORKSHEET

**ASR INFORMATION**

| | |
|---|---|
| PROPERTY ADDRESS: | 200 Naples St |
| ASSESSORS PARCEL NUMBER: | 6008 001 |
| PERMIT APPLICATION NUMBER: | 201810183586 & 201808107063 |
| PERCENTAGE COMPLETE: | 100% |
| DATE OF VALUATION: | September 3, 2020 |
| VALUED BY APPRAISER: | Barry Kwan |

**DBI INFORMATION**

| | |
|---|---|
| PERMIT COST: | $100,000 |
| STATED COST: | |
| DESCRIPTION: | To comply with nov 201895477 (bid). Structural strengthening include removing & replacing the floor framing. Remove 1 (e) dormer, add 2 (n) dormers on each side, demo (e) laundry at 2nd floor. |

*Instructions: Fill in non-shaded areas*

**Additions to Square Footage / Value Added**

| Description of Work | Width (H) Feet | Inches | | Length (V) Feet | Inches | | Total | | | $ PSF | Peter Daly Quality | Level | Value Added |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| G/F | | | x | | | = | 0.00 sq.ft. | x | | | | | $ |
| 2020 PD Bsmt Conversion - In Law Unit | | | x | | | = | 280.00 sq.ft. | x | S | 115.00 | Econ | Med | $ 32,200 |
| *In-law is a studio used Econ/Med quality | | | x | | | = | 0.00 sq.ft. | x | | | | | $ |
| 2020 PD Add Interior Stairs | | | x | | | = | 54.00 sq.ft. | x | S | 428.00 | Econ | Med | $ 23,112 |
| *Used Econ quality because straight stairs | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| 2/F | | | x | | | = | 0.00 sq.ft. | x | | | | | $ |
| 2020 PD Major Kitchen & Bath Remodel - Chng Flr Plan | | | x | | | = | 326.00 sq.ft. | x | S | 326.00 | Econ | High | $ 106,276 |
| *Used Econ/High due to smaller size and bath | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| is not a full bath | | | x | | | = | sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| 3/F | | | x | | | = | 0.00 sq.ft. | x | | | | | $ |
| 2020 PD Attic Conversion with dormers | | | x | | | = | 629.00 sq.ft. | x | S | 436.00 | Stan | Med | $ 274,244 |
| *Includes stairs, room, and bath | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| Property Becomes: | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| G/F: 1 Total Room, 1 Bath -370sf | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| 2/F: 2 Total Rooms, 1/2 Bath - 748sf | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| 3/F: 2 Total Rooms, 2 Beds, 1 Bath - 629sf | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| Total: 6 Total Rooms, 3 Beds, 2.5 Baths -1747sf | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| **Lump Sum Adjustments** | | | | | | | | | | | | | |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |

**TOTAL VALUE ADDITION**   Construction area:   1,289 sq.ft.   **$ 435,832**

**Subtractions to Square Footage / Assessed Value**

| Description of Work | Width Feet | Inches | | Length Feet | Inches | | Total | | | $ PSF | Peter Daly Quality | Level | Value Subtracted |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Credit to existing GLA on G/F with 10 years life | | | x | | | = | 280.00 sq.ft. | x | S | 23.00 | | | $ 6,440 |
| Credit to existing Interior stairs on G/F w 10 years life | | | x | | | = | 54.00 sq.ft. | x | S | 85.60 | | | $ 4,622 |
| Credit to existing kit,bath on 2/F with 10 years life | | | x | | | = | 326.00 sq.ft. | x | S | 65.20 | | | $ 21,255 |
| Credit to existing GLA in attic with 10 years life | | | x | | | = | 629.00 sq.ft. | x | S | 87.20 | | | $ 54,849 |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| | | | x | | | = | 0.00 sq.ft. | x | | | | | $ - |
| **Lump Sum Credits** | | | | | | | | | | | | | |
| | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | $ - |

**TOTAL VALUE DEDUCTION**   1289.00 sq.ft.   **$ 87,166**

| **TOTAL VALUE** | | 0 sq.ft. | **$** | **348,666** |
|---|---|---|---|---|

| **IN-PROGRESS CALCULATION (if applicable)** | % COMPLETE | **100%** | **$** | **349,000** |
|---|---|---|---|---|

# EXHIBIT B

**EXHIBIT B**

# Fidelity National Title Company

2365 Iron Point Road . Suite 150, Folsom, CA 95630
Phone: (916)984-4170

## FINAL SELLER'S STATEMENT

| | |
|---|---|
| **Settlement Date:** July 22, 2025 | **Escrow Number:** FSSE-4022500952 |
| **Disbursement Date:** July 22, 2025 | **Escrow Officer:** Denise Leath |
| | **Email:** Denise.Leath@fnf.com |

**Borrower:** Stephen Boardman and Stacy Boardman
532 Curie Drive
San Jose. CA 95123

**Seller:** Patrick P. Gallagher, Trustee of the Patrick Peter Gallagher Revocable Living Trust dated June 27. 2017
PO Box 523
Byron, CA 94514

**Property:** 470 Coletas Way
Byron, CA 94514
Parcel ID(s): 002-040-057-8

| | | $ DEBITS $ | CREDITS |
|---|---|---|---|
| **FINANCIAL CONSIDERATION** | | | |
| Sale Price of Property | | | 1,175,000.00 |
| **PRORATIONS/ADJUSTMENTS** | | | |
| County Taxes at $4,988.98 | 07/01/25 to 07/22/25 ($4,988.98 / 180 X 21 days) | 582.05 | |
| **COMMISSIONS** | | | |
| Commission - Listing Broker | Homes By Delia | 49,937.50 | |
| | $1,175,000.00 @ 4.2500% = $49,937.50 | | |
| Dual Agency 4.25% | | | |
| **TITLE & ESCROW CHARGES** | | | |
| Title - CALFIRPTA Processing Fee | Fidelity National Title Company | 45.00 | |
| Title - Mobile Signing Fee | ASAP Signing Services. Inc | 250.00 | |
| **GOVERNMENT CHARGES** | | | |
| Recording Fees ($164.00) | Fidelity National Title Company | 57.00 | |
| Release | $34.00 | | |
| Release | $23.00 | | |
| Contra Costa County Transfer Tax ($1.292.50) | Fidelity National Title Company | 1.292.50 | |
| **PAYOFFS** | | | |
| Payoff of First Mortgage Loan | PHH Mortgage Services | 522.648.28 | |
| Principal Balance | | 425,079.22 | |
| Interest To 08/01/25 | | 12.398.10 | |
| Second Principal | | 77.160.80 | |
| Escrow/Impound Overdraft | | 4.261.65 | |
| Unpaid Late Charges | | 597.51 | |
| Recoverable Balance | | 2,577.00 | |
| Lien Release Fee | | 12.00 | |
| Recording Fee | | 187.00 | |
| Payoff Quote Fee | | 30.00 | |
| Foreclosure Fee & Cost | | 260.00 | |
| demand fee | | 85.00 | |
| Payoff of Second Mortgage Loan | Darrell Nelson | 152,643.70 | |

CERTIFIED COPY

(FSSE-4022500952/142) August. 06. 2025 09.28 AM

|  |  | $ DEBITS $ | CREDITS |
|---|---|---|---|
| **PAYOFFS** |  |  |  |
| Principal Balance |  | 150,000.00 |  |
| Additional Interest (From 06/01/25 To 07/22/25 @ $49.315068 Per Diem) plus 2 Extra Days |  | 2,613.70 |  |
| Wire Fee |  | 30.00 |  |
| **MISCELLANEOUS CHARGES** |  |  |  |
|  |  | 0.00 |  |
| EMD for purchase escrow | First Integrity Title Agency | 3,000.00 |  |
| Home Warranty | Fidelity National Home Warranty | 655.00 |  |
| Natural Hazards Disclosure | Property I.D. | 99.00 |  |
| Notary Fee | Fidelity National Title Company | 15.00 |  |
| Notary Fee | Fidelity National Title Company | 15.00 |  |
| **Subtotals** |  | 731,240.03 | 1,175,000.00 |
| **Balance Due TO Seller** |  | 443,759.97 |  |
| **TOTALS** |  | 1,175,000.00 | 1,175,000.00 |

THIS IS A CERTIFIED COPY OF THE ORIGINAL DOCUMENT(S) BY
FIDELITY NATIONAL TITLE COMPANY

Fidelity National Title Company, Settlement Agent

# EXHIBIT C

**EXHIBIT C**



**City & County of San Francisco**

José Cisneros, Treasurer

David Augustine, Tax Collector

1 Dr. Carlton B. Goodlett Place
City Hall, Room 140
San Francisco, CA 94102
www.sftreasurer.org

<u>Delinquent Property Tax Bill (Secured)</u>

For Fiscal Year Beginning July 1, 2024 and Ending June 30, 2025

| | |
|---|---|
| Notice Date: | 05/06/2025 |

MADISON TRUST CO FBO PATRICK P GALLAGHER
GALLAGHER PATRICK
PO BOX 523
BYRON, CA 94514

| | |
|---|---|
| Block: | 6008 |
| Lot: | 001 |
| Tax Bill No.: | 20240413712 |
| Payment Due: | $16,760.10 |
| Due by: | June 30, 2025 |

Dear Taxpayer,

Our records indicate your secured property tax bill is delinquent. If not paid by the delinquent date listed on the bill, the first installment will include a late penalty of 10% and the second installment will include a late penalty of 10% and applicable fees. If you have already paid, disregard this notice.

If you would like to pay online, access your balance due or check payment status, please go to:
http://sftreasurer.org/property-tax-payments

If you have questions or need further assistance, you may call 311 (415-701-2311 if outside SF) or submit your question electronically:
http://sftreasurer.org/help-center

If your taxes remain unpaid as of 5PM June 30, 2025, your property will be tax-defaulted. As of July 1, 2025 the amount due to redeem your parcel will increase monthly.

If the delinquent date falls on a Saturday, Sunday or legal holiday, no penalty is charged if payment is made by 5PM on the next business day.

*Service Request # 10100194558 2*

**TAX COLLECTOR'S POWER TO SELL TAX-DEFAULTED PROPERTY:** When five or more years have elapsed since a property became tax-defaulted, the Tax Collector shall have the power to sell any or all of that property (Section 3691). The property should become subject to the Tax Collector's power to sell at the date and time stated in the published Notice of Power to Sell (Section 3362).

Please detach the portion below and return with payment.

---

**City & County of San Francisco**

José Cisneros, Treasurer     David Augustine, Tax Collector

Delinquent Property Tax Bill (Secured)

1 Dr. Carlton B. Goodlett Place
City Hall, Room 140
San Francisco, CA 94102
www.sftreasurer.org

| Vol | Block | Lot | Tax Bill No. | First Installment | Second Installment |
|---|---|---|---|---|---|
| 36 | 6008 | 001 | 20240413712 | $8,351.55 | $8,408.55 |

| Property Location | Total Amount Due by June 30, 2025 | |
|---|---|---|
| 200 NAPLES ST | | $16,760.10 |

San Francisco Tax Collector - Property Tax
P.O. Box 7426
San Francisco, CA 94120-7426

3660080000100 20240413712 000000000 000000000 0000 1003

# EXHIBIT D

**EXHIBIT D**

This demand was requested by an employee of a
FNTG NorCal EPU, and received directly
from the issuing lender or party entitled to issue same.

By: Jayalakshmi.s
Company: FNTG NorCal EPU
Date: 2025/04/21 19:01 pm

Iron Oak Home Loans Inc.
5627 Stoneridge Drive, Suite 314
Pleasanton, CA 94588
(925) 803-2460

04/17/2025



Patrick P Gallagher
RE: 200 Naples Street
San Francisco, CA 94112
Account: GAL200R

## BENEFICIARY'S DEMAND FOR PAYOFF

Dear Patrick P Gallagher
You are authorized to use the following amounts to payoff the above-mentioned loan.  All necessary legal documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| Payoff Date | 05/16/2025 |
|---|---|
| Maturity Date | 10/01/2024 |
| Next Payment Due | 10/01/2024 |
| Interest Rate | 8.990% |
| Interest Paid-To Date | 09/01/2024 |
| Principal Balance | $600,000.00 |
| Unpaid Interest | $0.00 |
| Accrued Interest From 09/01/2024 To 05/16/2025 | $37,979.67 |
| Unpaid Late Charges | $449.50 |
| Accrued Late Charges | $3,596.00 |
| Unpaid Charges   *For additional details see itemization attached | $2,427.30 |
| Prepayment Penalty | $0.00 |
| Other Fees | $240.00 |
| Escrow Trust Balance – credited to payoff | -$0.00 |
| **Payoff Amount** | **$644,692.47** |

Please add **$147.78** for each additional day past **05/16/2025.**

We reserve the right to amend this demand should any changes occur that would increase the total amount for payoff.  **Please note that this demand expires on 05/17/2025,** at which time you are instructed to contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON CANCELLATION OF YOUR ESCROW).**Iron Oak Home Loans will prepare the reconveyance and record it after the wire has been received.  Please wire funds to: BMO, account number 622045649, routing number 071025661, trust Account.  Please call to verify wiring information and figures before wiring.**
Sincerely,

Christy@ironoak1.com

925-803-2460

**ESTIMATED SELLER'S STATEMENT - Continued**

| | $ DEBITS | $ CREDITS |
|---|---:|---:|
| **PAYOFFS** | | |
| Principal Balance | 125,000.00 | |
| Interest To | 10,561.64 | |
| lates | 5,363.94 | |
| other | 240.00 | |
| **MISCELLANEOUS CHARGES** | | |
| Property Taxes          San Francisco Tax Collector | | 17,000.00 |
|  24-25 both inst/check May balance | | |
| Property Taxes          San Francisco Tax Collector | | 19,034.43 |
|  23-24 MAY PAYOFF | | |
| Natural Hazards Disclosure     Property I.D. | | 99.00 |
| **Subtotals** | 882,435.38 | 998,000.00 |
| **Balance Due TO Seller** | **115,564.62** | |
| **TOTALS** | 998,000.00 | 998,000.00 |

| ITEMIZATION OF UNPAID CHARGES | | | | | |
|---|---|---|---|---|---|
| Date | Description | Interest Rate | Unpaid Balance | Accrued Interest | Total Due |
| Nov 1, 2024 | Default Interest Oct 2024 | 0.000% | $404.55 | $0.00 | $404.55 |
| Dec 1, 2024 | Default Interest Nov 2024 | 0.000% | $404.55 | $0.00 | $404.55 |
| Jan 1, 2025 | Default Interest Dec 2024 | 0.000% | $404.55 | $0.00 | $404.55 |
| Feb 1, 2025 | Default Interest Jan 2025 | 0.000% | $404.55 | $0.00 | $404.55 |
| Mar 1, 2025 | Default Interest Feb 2025 | 0.000% | $404.55 | $0.00 | $404.55 |
| Apr 1, 2025 | Default Interest March 2025 | 0.000% | $404.55 | $0.00 | $404.55 |
| | | | | Total | $2,427.30 |

| ITEMIZATION OF OTHER FEES | |
|---|---|
| Description | Amount |
| Demand Fee | $40.00 |
| Wire Fee | $30.00 |
| Recon/Recording fee | $170.00 |
| Total | $240.00 |

This demand was requested by an employee of a
FNTG NorCal EPU, and received directly
from the issuing lender or party entitled to issue same.

By: Jaydakahmta
Company: FNTG NorCal EPU
Date: 2025/04/21 19:00 pm

Iron Oak Home Loans Inc.
5627 Stoneridge Drive, Suite 314
Pleasanton, CA 94588
(925) 803-2460

04/17/2025

Patrick P Gallagher
RE: 200 Naples Street
San Francisco, CA 94112
Account: GAL2002



## BENEFICIARY'S DEMAND FOR PAYOFF

Dear Patrick P Gallagher
You are authorized to use the following amounts to payoff the above-mentioned loan. All necessary legal
documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| Payoff Date | 05/16/2025 |
|---|---|
| Maturity Date | 10/01/2024 |
| Next Payment Due | 10/01/2024 |
| Interest Rate | 12.000% |
| Interest Paid-To Date | 09/01/2024 |
| Principal Balance | $125,000.00 |
| Unpaid Interest | $0.00 |
| Accrued Interest From 09/01/2024 To 05/16/2025 | $10,561.64 |
| Unpaid Late Charges | $0.00 |
| Accrued Late Charges | $1,000.00 |
| Unpaid Charges   *For additional details see itemization attached | $4,363.94 |
| Prepayment Penalty | $0.00 |
| Other Fees | $240.00 |
| Escrow Trust Balance – credited to payoff | -$12.00 |
| **Payoff Amount** | **$141,153.58** |

Please add **$41.10** for each additional day past **05/16/2025.**

We reserve the right to amend this demand should any changes occur that would increase the total amount
for payoff.  **Please note that this demand expires on 05/17/2025,** at which time you are instructed to
contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON
CANCELLATION OF YOUR ESCROW).**Iron Oak Home Loans will prepare the reconveyance
and record it after the wire has been received.  Please wire funds to: BMO, account
number 622045649, routing number 071025661, trust Account.  Please call to
verify wiring information and figures before wiring.**
Sincerely,

Christy@ironoak1.com

925-803-2460

| ITEMIZATION OF UNPAID CHARGES | | | | | |
|---|---|---|---|---|---|
| Date | Description | Interest Rate | Unpaid Balance | Accrued Interest | Total Due |
| Jul 1, 2024 | Ext fee from 7/1/2024 to 10/1/2024 | 0.000% | $937.50 | $0.00 | $937.50 |
| Nov 1, 2024 | Default Interest Oct 2024 | 0.000% | $112.50 | $0.00 | $112.50 |
| Dec 1, 2024 | Default Interest Nov 2024 | 0.000% | $112.50 | $0.00 | $112.50 |
| Jan 1, 2025 | Default Interest Dec 2024 | 0.000% | $112.50 | $0.00 | $112.50 |
| Feb 1, 2025 | Default Interest Jan 2025 | 0.000% | $112.50 | $0.00 | $112.50 |
| Mar 1, 2025 | Default Int Feb 2025 | 0.000% | $112.50 | $0.00 | $112.50 |
| Apr 1, 2025 | Default Int March 2025 | 0.000% | $112.50 | $0.00 | $112.50 |
| Nov 6, 2025 | Foreclosure fees to MLS good to 5/12/25 | 0.000% | $2,751.44 | $0.00 | $2,751.44 |
| | | | | Total | $4,363.94 |

| ITEMIZATION OF OTHER FEES | |
|---|---|
| Description | Amount |
| Demand Fee | $40.00 |
| Wire Fee | $30.00 |
| Recon/Recording fee | $170.00 |
| Total | $240.00 |

## PROOF OF SERVICE BY EMAIL/MAIL

I, SUSAN CORN declare as follows:  I am employed in the County of Los Angeles, California where this mailing will occur;  I am over the age of eighteen (18) year and not a party to the action; my business address is PO Box 697, Brentwood, CA 94513  I am readily familiar with the business practice for collection and processing of mail with the U.S. Postal Service, and Email via ISP, in the ordinary course of business.

On **AUGUST 25, 2025,** I served the forgoing document(s) described as:

**MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST BERNARD CURRAN, AN INDIVIDUAL; DECLARATION OF PLAINTIFF; PROPOSED JUDGMENT**

on the interested parties to this action on this date in the County of Contra Costa, California, and by MAIL or EMAIL to:

BERNARD CURRAN
27 Escondido Avenue
San Francisco, CA 94132
(Served by Mail)

Hunger W. Sims, III
City and County of San Francisco
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408
(415) 554 – 4259
Email:  hunter.sims@sfcityatty.org

Renee E. Rosenblit
City and County of San Francisco
1390 Market Street, 6th Floor
San Francisco, CA 94102-5408
(415) 554 – 3853
Email:  renee.rosenblit@sfcityatty.org

I certify and declare under penalty of perjury under the laws of the UNITED STATES OF AMERICA that the foregoing is true and correct.

Signed this day in the County of Contra Costa.

Date:  AUGUST 25, 2025

By: Susan Corn