Bernard Curran
27 Escondido Ave.
San Francisco, California, 94132
(415) 516-4522
berndawgcurran@hotmail.com

Defendant, IN PRO PER

FILED
OCT -2 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK GALLAGER

    Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, and JOE DUFFY.

    Defendants.

Case No.: 23-CV-03579-SI

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)

DATE: October 3, 2025
TIME: 10:00AM
JUDGE: Hon. Susan Illston
DEPT: Courtroom 1 – 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102

- 1 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P 55(c)

- 2 -

1  DEFENDANT RESPECTFULLY SUBMITS THIS MEMORANDUM OF POINTS AND
2  AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO VACATE ENTRY OF
3  DEFAULT:

# TABLE OF CONTENTS

I. INTRODUCTION ......................................................................................................... 5

II. STATEMENT OF FACTS............................................................................................. 5

III. LEGAL STANDARD..................................................................................................... 5

IV. ARGUMENT.................................................................................................................. 6

    A. Defendant Has Demonstrated His Delay Was Not Willful and Excused by Good Cause. ............................................................................................................................. 6

    B. Defendant Possesses Meritorious Defenses ............................................................. 7

    C. Vacating Default Will Not Prejudice Plaintiff........................................................... 7

V. CONCLUSION............................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Arwa Chiropractic, P.C. v. Med-Care Diabetic & Medical Supplies, Inc.*,
   961 F3d 942 (7th Cir. 2020) .................................................................. 5

*Bateman v. United States Postal Service*,
   231 F.3d 1220 (9th Cir. 2000) ................................................................ 7

*Bonita Packing Co. v. O'Sullivan*,
   165 F.R.D. 610 (C.D. Cal. 1995) ............................................................ 6

*Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*,
   375 F.3d 922 (9th Cir. 2004) ............................................................. 5, 6

*Hawaii Carpenters' Trust Funds v. Stone*,
   794 F.2d 508 (9th Cir. 1986) .................................................................. 7

*Lemoge v. U.S.*,
   587 F.3d 1188 (9th Cir. 2009) ................................................................ 6

*TCI Group Life Ins. Plan v. Knoebber*,
   244 F.3d 691 (9th Cir. 2000) ............................................................. 6, 7

**Statutes**

Fed. R. Civ. P. 55(c) ................................................................................ 5, 6, 8

Fed. R. Civ. P. 60(b)(1) ............................................................................... 5, 6

## I. INTRODUCTION

The Court should set aside entry of default against Defendant pursuant to Fed. R. Civ. P. 55(c). Relief is warranted because Defendant has demonstrated (1) good cause for Defendant's delay in appearing in this action, (2) the existence of a meritorious defense, and (3) that setting aside default will not prejudice Plaintiff.

## II. STATEMENT OF FACTS

According to the Proof of Service in file with this Court, Defendant was served on February 24, 2025. (Decl. of Bernard Curran ¶ 3.) Defendant reviewed the documents served, but not seeing a court date, mistakenly set them aside. (Decl. of Bernard Curran ¶ 4.) Defendant believed the City and County of San Francisco was addressing settlement with Plaintiff, and at the same time Defendant was undergoing Stage 3 melanoma treatment with IV pembrolizumab, which limited Defendant's ability to focus on the lawsuit. (Decl. of Bernard Curran ¶ 4, 8-9.) Defendant suffered from significant fatigue and cognitive impairment and was not physically or mentally capable of managing litigation deadlines. As a result, Defendant did not file a timely response. (Decl. of Bernard Curran ¶ 4.) When Defendant was served with Plaintiff's Motion for Default Judgment in August 2025, Defendant promptly sought legal advice and took action. Defendant's delay was not intentional. (Decl. of Bernard Curran ¶ 4-5.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that an entry of default may be set aside upon a showing of good cause. Fed. R. Civ. P. 55(c). The trial court has the power to set aside entry of default for good cause. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Medical Supplies, Inc.*, 961 F3d 942, 948-949 (7th Cir. 2020). The Ninth Circuit's good cause standard for setting aside entry of default is identical to the standard for setting aside default under Rule 60(b), but the test under rule 55(c) is less rigid and is more generous to the party in default. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

The Court considers three factors when deciding whether good cause exists to set aside default: (1) whether the defendant's willful conduct led to the default, (2) whether the defendant has a meritorious defense; and (3) whether setting aside default would prejudice the plaintiff. *Id.* at 925-926. Illness and hospitalization can be grounds for relief from entry of default. *Lemoge v. U.S.*, 587 F.3d 1188 (9th Cir. 2009). Further, "the law does not favor defaults," and "therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995).

## IV. ARGUMENT

### A. Defendant Has Demonstrated His Delay Was Not Willful and Excused by Good Cause

An analysis of "willful" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2000) (overruled on other grounds). The Ninth Circuit finds a negligent failure to respond excusable if the party offers a credible, good faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *Id.* at 697-698. Additionally, in its analysis, the Court may look to defendant's exigent personal matters, his mental state, and lack of familiarity with legal matters. *Id.* at 699. Illness has been deemed to be grounds for relief as well. *Lemoge*, 587 F.3d at 1188.

While Defendant did not file a response with the Court in time, Defendant's conduct was excusable because the delay in filing a responsive pleading was the result of illness, and Defendant acted promptly upon learning of the default. (Decl. of Bernard Curran ¶ 4.) Defendant was unable to respond to the complaint within the required timeframe because the treatment Defendant received due to his cancer diagnosis caused severe brain fog, lapses in memory, and an overall decline in his cognitive function. (Decl. of Bernard Curran ¶ 4-6.) Defendant's mental and physical state prohibited him from acting in response to this lawsuit. (*Id.*) Defendant has provided supporting medical documentation, including letter from his treating physicians confirming the seriousness of his

- 6 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P 55(c)

condition and the impact of his treatment. Defendant's ongoing treatment for Stage 3 melanoma squarely constitutes "good cause" because it impaired his ability to respond and was not a product willful neglect. (Decl. of Bernard Curran ¶ 5.) The Court should find that Defendant's conduct is excused by good cause.

### B. Defendant Possesses Meritorious Defenses

A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). A defendant need not prove the likelihood of success on the merits; it is sufficient to allege facts that, if true, would constitute a defense. *TCI Group*, 244 F.3d at 700.

Defendant has a meritorious defense to Plaintiff's claims. Specifically, Defendant contends that Defendant did not engage in the alleged conduct. This defense, if proven, would constitute an outcome contrary to the result achieved by default. Therefore, Defendant has set forth a meritorious defense and satisfies the second good cause factor.

### C. Vacating Default Will Not Prejudice Plaintiff

Prejudice is determined by whether a party will be hindered in pursuing its claim. *TCI Group*, 244 F.3d at 701. The fact that a party may be denied a quick victory is not sufficient to deny relief from default. *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000). Delay alone is insufficient to establish prejudice; rather, Plaintiff must show that setting aside the default will hinder the ability to pursue the claim, result in loss of evidence, or increase the difficulty of discovery. *TCI Group*, 244 F.3d at 701.

Setting aside entry of default will not prejudice Plaintiff. (Decl. of Bernard Curran ¶ 7.) Allowing the lawsuit to move forward after only a short delay should not prejudice Plaintiff's ability to litigate his case. Plaintiff remains able to pursue the case on the merits, indicating not such prejudice exists here.

### V. CONCLUSION

Defendant is ready and willing to litigate this lawsuit. Defendant's failure to respond was the direct result of a life-threatening cancer diagnosis and the debilitating side effects of treatment. Defendant's delay in responding was not willful, Defendant has meritorious defenses, and Plaintiff will not suffer any prejudice in pursuing his claims if default is set aside. This constitutes excusable neglect and good cause under Rule 55(c). For the foregoing reasons, Defendant respectfully request that the Court grant the Motion to Vacate the Entry of Default and grant such further relief as the Court deems just and proper.

DATED: September 29, 2025

_____
Bernard Curran
In Pro Per