DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
HUNTER W. SIMS III, State Bar #266039
RENÉE E. ROSENBLIT, State Bar #304983
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4259 [Sims]
               (415) 554-3853 [Rosenblit]
Facsimile:     (415) 554-3837
E-Mail:        hunter.sims@sfcityatty.org
               renee.rosenblit@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
WILLIAM HUGHEN; KEVIN BIRMINGHAM; NATALIA FOSSI
(ERRONEOUSLY SUED AS NATALIA KWAITKOWSKA);
MAURICIO HERNANDEZ; and JOE DUFFY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PATRICK GALLAGHER,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, AND JOE DUFFY,<br><br>  Defendant. | Case No. 23-cv-03579-SI (JCS)<br><br>**NOTICE – WARNING TO PLAINTIFF PURSUANT TO *WYATT/RAND* (SUMMARY JUDGMENT)**<br><br>Hearing Date:  December 5, 2025<br>Time:          10:00 a.m.<br>Place:         Videoconference<br><br>Trial Date:    February 17, 2026 |
|---|---|

**NOTICE – WARNING (SUMMARY JUDGMENT)**

TO PRO SE PLAINTIFF PATRICK GALLAGHER:

This document is a warning notice. Plaintiff is advised to read the following warning, which is adapted from the model warning in *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc), and is modified to give Plaintiff fair and contemporaneous notice of what is required of him to oppose dismissal, as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). Such a warning

may be provided by the Court pursuant to the Ninth Circuit's suggestion in *Woods v. Carey*, 684 F.3d 934, 939–40 (9th Cir. 2012).

Accordingly, you are hereby notified that Defendants City and County of San Francisco, William Hughen, Kevin Birmingham, Natalia Fossi, Mauricio Hernandez, and Joe Duffy (collectively "Defendants") are asking the Court to grant summary judgment and dismiss all your claims for the following reasons: (a) you have no evidence and/or have failed to demonstrate there is a triable issue of material fact to support your cause of action for retaliation in violation of the First Amendment against any of the Defendants; (b) Defendants' conduct is protected by qualified immunity; and (c) there is no evidence supporting *Monell* liability against the City and County of San Francisco.

When defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

If the Court grants the motion, your case will end. You are further advised to examine the Court's Orders for the appropriate briefing deadlines.

You have the right to present any evidence to demonstrate the existence of a genuine issue of material fact to support your claims. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; and (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters stated therein.

///

///

///

If you do not submit evidence in opposition to Defendants' motion for summary judgment, your case may be dismissed, and there will be no trial. The Court is authorized to resolve factual disputes against any party based on the evidence submitted by the parties.

Dated:  November 7, 2025

                DAVID CHIU
                City Attorney
                JENNIFER E. CHOI
                Chief Trial Deputy
                HUNTER W. SIMS III
                Deputy City Attorney


By: */s/  Hunter W. Sims III*
      HUNTER W. SIMS III

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; WILLIAM HUGHEN; KEVIN BIRMINGHAM; NATALIA FOSSI (ERRONEOUSLY SUED AS NATALIA KWAITKOWSKA); MAURICIO HERNANDEZ; and JOE DUFFY