DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
HUNTER W. SIMS III, State Bar #266039
RENÉE E. ROSENBLIT, State Bar #304983
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4259 [Sims]
              (415) 554-3853 [Rosenblit]
Facsimile:    (415) 554-3837
E-Mail:       hunter.sims@sfcityatty.org
              renee.rosenblit@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
WILLIAM HUGHEN; KEVIN BIRMINGHAM; NATALIA FOSSI
(ERRONEOUSLY SUED AS NATALIA KWAITKOWSKA);
MAURICIO HERNANDEZ; and JOE DUFFY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PATRICK GALLAGHER, | Case No. 23-cv-03579-SI (JCS) |
|---|---|
| Plaintiff, | **DECLARATION OF JOE DUFFY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Fed. R. Civ. P. 56)** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, AND JOE DUFFY, | Hearing Date:   December 5, 2025<br>Time:           10:00 a.m.<br>Place:          Videoconference<br><br>Trial Date:     February 17, 2026 |
| Defendant. | |

Declaration of Joe Duffy - MSJ                          1                       n:\lit\li2023\230777\01869154.docx
Case No. 23-cv-03579-SI (JCS)

# DECLARATION OF JOE DUFFY

1. I am over the age of eighteen and I have personal knowledge of the matters stated in this declaration, unless otherwise stated. If called upon to testify, I could and would testify competently to the contents of this declaration.

2. I was employed by the San Francisco Department of Building Inspection ("DBI"), a department of the City and County of San Francisco ("City"), from February 1999 to June 2024. I retired when I stopped working at DBI.

3. I was the Deputy Director at DBI during relevant time of the facts alleged in this lawsuit. As Deputy Director of DBI, I was responsible for overseeing all the operations of DBI's inspection divisions, including building, electrical, plumbing, code enforcement, housing inspection and inspection support services.

4. During the course of the facts alleged in this case, I became the acting Deputy Director of DBI. As the acting Deputy Director, I was responsible for overseeing and supervising all of DBI's inspection divisions, including building, electrical, plumbing, code enforcement, housing inspection and inspection support services, managing staff and ensuring compliance with building codes and regulations.

5. I held this position in addition to serving as Chief Building Inspector for a period of time. I became the permanent Deputy Director of DBI in either November or December 2021. After becoming the Deputy Director, I no longer served as Chief Building Inspector.

6. I first learned of Plaintiff and his project at 200 Naples St. sometime after June 8, 2021, but I do not recall the exact date. I recall that Plaintiff wanted to speak with Mauricio Hernandez's supervisor regarding amended NOV 202175602 . At that time, I was Hernandez's supervisor and agreed to speak with Plaintiff regarding the issues outlined in amended NOV 202175602.

7. I participated in a handful of meetings and phone conversations with Plaintiff. I do not recall the exact number of meetings and phone calls I had with Plaintiff. The meetings always occurred at DBI's offices at 49 South Van Ness, 4th Floor, San Francisco, CA. Those meetings and conversations had to do with assisting Plaintiff to abate the illegal conditions at the Property. While I never personally went to the Property, I relied on other DBI employees to inform me of the conditions

on site. That is typical of the role that the Deputy Director plays in situations similar to the one at issue here.

8. I also had email correspondence with Plaintiff. I do recall the number of emails I sent or received from Plaintiff.

9. I never altered the CFC issued by Bernie Curran on August 28, 2020 and never entered anything into DBI's internal data tracking system regarding this Property.

10. I never directed any City employee, from DBI, Planning or any other City Department, to retaliate against Plaintiff. I never directed any City employee, from DBI, Planning or any other City Department, to delay, obstruct or hinder the progress of the project at the Property in any way.

11. As an employee of DBI, I had no control over anything at the San Francisco Planning Department. I never spoke to anyone at Planning regarding this Property.

12. I do not believe I ever met Plaintiff prior to this project. I did not know that Plaintiff spoke with the FBI prior to June 8, 2021, when amended NOV 202175602 was issued. Some time after amended NOV 202175602 was issued, I learned Plaintiff claimed he had spoken with the FBI about Bernie Curran and Rodrigo Santos. Plaintiff was the only source of this information.

13. I have never spoken with the FBI about this matter or any other matter.

14. I worked with Defendant Bernie Curran. Curran never supervised me. I never had anything other than a professional relationship with Curran. We did not socialize outside of work.

15. I never worked with Defendant Santos. I did interact with him as an DBI employee on occasion on various projects throughout the City, but only in my official capacity. I did not work with Santos on this project. I never had anything other than a professional relationship with Santos. We did not socialize outside of work. I never hired Santos for any personal reason.

///
///
///
///
///
///

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 31st day of October 2025, at San Francisco, California.

*/s/ Joseph Duffy*

JOE DUFFY

Declaration of Joe Duffy - MSJ  1  n:\lit\li2023\230777\01869154.docx
Case No. 23-cv-03579-SI (JCS)