1  DAVID CHIU, State Bar #189542
   City Attorney
2  JENNIFER E. CHOI, State Bar #184058
   Chief Trial Deputy
3  HUNTER W. SIMS III, State Bar #266039
   RENÉE E. ROSENBLIT, State Bar #304983
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, Sixth Floor
   San Francisco, California 94102-5408
6  Telephone:    (415) 554-4259 [Sims]
                 (415) 554-3853 [Rosenblit]
7  Facsimile:    (415) 554-3837
   E-Mail:       hunter.sims@sfcityatty.org
8                renee.rosenblit@sfcityatty.org

Attorneys for Defendants
10 CITY AND COUNTY OF SAN FRANCISCO;
   WILLIAM HUGHEN; KEVIN BIRMINGHAM; NATALIA FOSSI
11 (ERRONEOUSLY SUED AS NATALIA KWAITKOWSKA);
   MAURICIO HERNANDEZ; and JOE DUFFY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PATRICK GALLAGHER, | Case No. 23-cv-03579-SI (JCS) |
|---|---|
| Plaintiff, | **DECLARATION OF NATALIA FOSSI IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Fed. R. Civ. P. 56)** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, AND JOE DUFFY, | Hearing Date:  December 5, 2025<br>Time:          10:00 a.m.<br>Place:         Videoconference<br><br>Trial Date:    February 17, 2026 |
| Defendant. | |

# DECLARATION OF NATALIA FOSSI

I, Natalia Fossi, declare as follows:

1. I am employed by the San Francisco Planning Department, a department of the City and County of San Francisco ("The City"), as a Deputy Zoning Administrator in the Current Planning Division. In this role, I interpret and enforce the San Francisco Planning Code. I have been the Deputy Zoning Administrator from October 2024 to present. I have a Bachelor's of Science degree in Architecture from University of Illinois at Chicago. I have a Master's Degree of Science in Historic Preservation from the School of the Art Institute of Chicago.

2. At the time relevant to the events of this lawsuit, I held the role of Principle Planner in the Current Planning Division, Flex Team. In this role I managed the Flex Team, which included between five and ten planners. The Flex Team was a catch all team focused on smaller projects, with a focus on unit legalization and Accessory Dwelling Units ("ADU's") within the City.

3. I have personal knowledge of the following facts except those stated on information and belief. As to those facts, I believe them to be true. If called upon to testify, I could and would testify competently to the contents of this declaration.

4. The Planning Department, among other duties, is charged with maintaining both the General Plan, policies of the Planning Department and Planning and Historic Preservation Commissions, the Planning Code, and other municipal codes. The Planning Code regulates the location and the use of buildings and land adjacent to streets; sets forth standards for development structures and land in any zoning district; and requires that properties shall be used only for the purposes permitted in that district.

4. The Planning Department works in conjunction with the Department of Building Inspection ("DBI"), which will route permit applications to the Planning Department when the permit applications and drawings reflect a scope of work that would warrant review by the Planning Department. It is important that plans submitted to DBI contain a complete scope of work; otherwise DBI plan checkers are not able to determine whether a permit application needs to be routed to the Planning Department for review.

5. As the Principal Planner of the Planning Department's Flex Team I would assign and supervise Planners who would conduct planning, zoning or design review of architectural drawings referred by DBI to the Planning Department that implicated aspects of the Planning Code. While the plans would be referred by DBI to Planning, the review of those plans would not involve any DBI personnel.

6. While I was the Principal Planner of the Flex Team, I received an application identified as PA 202108096049. The applicant for PA 202108096049 was Plaintiff Patrick Gallagher. The application stated that it was "to comply with NOV 202175602: Addition of an ADU and the restoration of existing curb cut (per scope of work on the plans)."

7. I assigned the review of PA 202108096049 to William Hughen.

8. This was a routine task for my team at the time. Therefore, I do not recall working with Hughen in any meaningful capacity prior to him issuing comments on PA 202108096049 on September 7, 2021.

9. After Hughen issued his comments, Plaintiff sent an email to the Zoning Administrator disputing Mr. Hughen's comments. Specifically, Plaintiff disputed the frontage of the property and the location of the required rear yard. I responded to Plaintiff's email on behalf of the Zoning Administrator on November 1, 2021. In that email I was responding to Plaintiff's challenge to Planning's determination that Avalon St. was considered the frontage of the property and not Naples St. I told Plaintiff that if he wished to dispute this determination, he could seek a Letter of Determination with the Zoning Administrator and imbedded a link providing instruction on how to do so. This is the first time I recall being involved in Plaintiff's project at 200 Naples. A true and accurate copy of the email I sent, with attachment, is attached hereto as Exhibit A.

10 Plaintiff filed a variance request on November 9, 2021. Plaintiff's ADU permit was placed on hold pending the variance hearing as it was part of the same permit application seeking the disputed parking.

11. I was not involved in any way in Plaintiff's variance request for the rear parking. In particular, I was not involved with the scheduling of Plaintiff's variance hearing related to the parking.

12. The variance request was denied on July 27, 2022.

13. Plaintiff then appealed the variance decision. The Board of Appeals denied Plaintiff's appeal on August 30, 2022.

14. I was not involved in any way in Plaintiff's Board of Appeals hearing for the rear parking. In particular, I was not involved with the scheduling of Plaintiff's Board of Appeals hearing related to the parking.

15. Plaintiff then sent a series of revised plans following the Board of Appeals decision Plaintiff had some difficulty uploading plans that were consistent with the Board of Appeals decision. This required him to resubmit plans seven times. Plaintiff finally submitted plans that were consistent with the Board of Appeals decision on November 7, 2022. I approved the revised plans on the same day. I approved these plans, instead of Mr. Hughen, because he had transitioned off the Flex Team.

16. DBI and Planning are different departments within the City. While there is general overlap between the two departments, I never worked with anyone within DBI when reviewing or approving plans on behalf of Planning.

17. I did not work from anyone at DBI on the issues I described above related to 200 Naples St. Specifically, I did not work with DBI employee Joe Duffy in any meaningful capacity with the issues described above. Joe Duffy was never my supervisor. Joe Duffy never directed or instructed me to make any specific decisions related to my work on the project at 200 Naples St.

18. I have never worked with Defendant Bernie Curran in any capacity. I never worked with or discussed my work at the Property with Defendant Curran. I have never socialized with Curran. I only learned that Plaintiff allegedly spoke with the FBI because Plaintiff told them. The fact that Plaintiff told me that he spoke with the FBI did not affect their review of Plaintiff's application in any way, not did it cause them to act differently with respect to Plaintiff's ADU application.

19. I did not work with Rodrigo Santos nor anyone from his firm Santos & Urrutia on the issues I described above related to 200 Naples St. I did not know that Santos had any connection to this project until I was made aware of this lawsuit. I have never been a work colleague of Santos, nor have I socialized with him.

1  I declare under penalty of perjury under the laws of the United States that the foregoing is true
2  and correct.
3  Executed this 30 day of October 2025, at San Francisco, California.

*Natalia Fossi*
NATALIA FOSSI

Declaration of Natalia Fossi - MSJ  5  n:\lit\li2023\230777\01869145.docx
Case No. 23-cv-03579-SI (JCS)



# Exhibit A





**From:** Kwiatkowska, Natalia (CPC)
**Sent:** Monday, November 01, 2021 2:55 PM
**To:** bigblockpat@gmail.com
**Cc:** Teague, Corey (CPC) <corey.teague@sfgov.org>; Hughen, Will (CPC) <will.hughen@sfgov.org>; Jones, Dario (CPC) <dario.jones@sfgov.org>
**Subject:** RE: 200 naples st.

Hello Mr. Gallagher,

I am responding to your email below. Please refer to the attached email that clarifies Avalon Avenue to be the front of the property, sent on 10/19/21. A formal written determination can be requested from the Zoning Administrator through a Letter of Determination, if needed. The attached email also outlines two options for next steps.

I am copying Corey Teague, Zoning Administrator, Will Hughen, assigned planner, and Dario Jones, assigned Enforcement planner.

Please let us know if you have any follow-up questions or how you would like to move forward.

Thank you and stay well,

**Natalia Kwiatkowska, Principal Planner**
**ADU Coordinator & Preservation Planner**
**Flex Team/Current Planning**
San Francisco Planning
49 South Van Ness Avenue, Suite 1400, San Francisco, CA 94103
Direct: 628.652.7306 | www.sfplanning.org
San Francisco Property Information Map

**From:** Pat mg <bigblockpat@gmail.com>
**Sent:** Saturday, October 30, 2021 12:35 PM
**To:** Teague, Corey (CPC) <corey.teague@sfgov.org>
**Subject:** 200 naples st.

> This message is from outside the City email system. Do not open links or attachments from untrusted sources.

hello. i am patrick gallagher. so for the last 6 mos ive been trying to get an adu approved for my property at 200 naples st. its a pretty long story, but ill try and keep it short.
so planning has told me that the zoning commissioner has determined that now Avalon is the front of my property. therefor i have to apply for a variance. Can you confirm that for me? it would seem very strange seeing that every house on naples faces naples including mine, but avalon is now the front. And if that is indeed the case, i need that determination for the variance application.
thank you......patrick gallagher    925-325-3911

| | |
|---|---|
| **From:** | Hughen, Will (CPC) |
| **To:** | Fossi, Natalia (CPC) |
| **Subject:** | Fw: 200 Naples |
| **Date:** | Monday, November 1, 2021 2:01:03 PM |

See below - thanks!

Best - Will

**Will Hughen, Senior Planner**
**Environmental Planning Division**
San Francisco Planning
49 South Van Ness Avenue, Suite 1400, San Francisco, CA 94103
Direct: 628.652.7310 | www.sfplanning.org
San Francisco Property Information Map

**From:** Hughen, Will (CPC) <will.hughen@sfgov.org>
**Sent:** Tuesday, October 19, 2021 10:23 AM
**To:** bigblockpat <bigblockpat@gmail.com>; megohalloran4@gmail.com <megohalloran4@gmail.com>; Jones, Dario (CPC) <dario.jones@sfgov.org>
**Cc:** jneal_dc@comcast.net <jneal_dc@comcast.net>
**Subject:** Re: 200 Naples

HI there -

I have reviewed the rear yard topic with the Zoning Administrator. Based on the discussion the Zoning Administrator considers Avalon Avenue to be the front of the property. This is because treatment of Avalon Avenue as the front of the property results in an existing building and property that is significantly more code-compliant compared to if Naples Street was treated as the front of the property.

As such, the previously issued comments regarding the automobile parking in the required rear yard and the curb cut still apply to the proposed project.

Here are the options for moving forward (regarding the parking and curb cut):

- Option 1: File a variance for the automobile parking within the required rear yard area.
- Option 2: Move the automobile parking and curb cut out of the required rear yard area.
    - Staff will complete additional review of this option if this is selected.
    - If this option is selected the applicant would need to screen the automobile parking area and provide a buffer (such as bollards) that limits cars from accessing the required rear yard space. Under this alternative option the automobile parking must be located in the buildable area of the lot.

Happy to answer any questions. Thanks - Will

**Will Hughen, Senior Planner**
**Environmental Planning Division**
San Francisco Planning
49 South Van Ness Avenue, Suite 1400, San Francisco, CA 94103
Direct: 628.652.7310 | www.sfplanning.org
San Francisco Property Information Map

Expanded in-person services at the Permit Center at 49 South Van Ness Avenue are available. Most other San Francisco Planning functions are being conducted remotely. Our staff are available by e-mail, and the Planning and Historic Preservation Commissions are convening remotely. The public is encouraged to participate. Find more information on our services here.

**From:** bigblockpat <bigblockpat@gmail.com>
**Sent:** Thursday, October 7, 2021 1:14 PM
**To:** Hughen, Will (CPC) <will.hughen@sfgov.org>; megohalloran4@gmail.com <megohalloran4@gmail.com>; Jones, Dario (CPC) <dario.jones@sfgov.org>
**Cc:** jneal_dc@comcast.net <jneal_dc@comcast.net>
**Subject:** Re: 200 Naples

just know....i didnt rat out bernie curran. i knew nothing about it till recently. also....i fired santos and urrutia affer 6 mos of nothing and 10k.

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "Hughen, Will (CPC)" <will.hughen@sfgov.org>
Date: 10/7/21 12:36 PM (GMT-08:00)
To: bigblockpat <bigblockpat@gmail.com>, megohalloran4@gmail.com, "Jones, Dario (CPC)" <dario.jones@sfgov.org>
Cc: jneal_dc@comcast.net
Subject: Re: 200 Naples

Per our phone conversation I am re-reviewing this topic internally and will reach out once I have more information to share.
Thanks - Will

**Will Hughen, Planner**
**Flex Team, Current Planning Division**
San Francisco Planning
49 South Van Ness Avenue, Suite 1400, San Francisco, CA 94103
Direct: 628.652.7310 | www.sfplanning.org
San Francisco Property Information Map

Expanded in-person services at the Permit Center at 49 South Van Ness Avenue are available. Most other San Francisco Planning functions are being conducted remotely. Our staff are available by e-mail, and the Planning and Historic Preservation Commissions are convening remotely. The public is encouraged to participate. Find more information on our services here.

**From:** bigblockpat <bigblockpat@gmail.com>
**Sent:** Thursday, October 7, 2021 1:24 AM
**To:** Hughen, Will (CPC) <will.hughen@sfgov.org>; megohalloran4@gmail.com <megohalloran4@gmail.com>; Jones, Dario (CPC) <dario.jones@sfgov.org>
**Cc:** jneal_dc@comcast.net <jneal_dc@comcast.net>
**Subject:** Re: 200 Naples

can you confirm that youre calling the front as avalon and the back as naples as discussed today?

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "Hughen, Will (CPC)" <will.hughen@sfgov.org>
Date: 10/6/21 2:03 PM (GMT-08:00)
To: bigblockpat <bigblockpat@gmail.com>, megohalloran4@gmail.com, "Jones, Dario (CPC)" <dario.jones@sfgov.org>
Cc: jneal_dc@comcast.net
Subject: Re: 200 Naples

Okay, in any case I will be back on for our meeting at 2:30pm.
Thanks - Will

**Will Hughen, Planner**
**Flex Team, Current Planning Division**
San Francisco Planning
49 South Van Ness Avenue, Suite 1400, San Francisco, CA 94103
Direct: 628.652.7310 | www.sfplanning.org
San Francisco Property Information Map

Expanded in-person services at the Permit Center at 49 South Van Ness Avenue are available. Most other San Francisco Planning functions are being conducted remotely. Our staff are available by e-mail, and the Planning and Historic Preservation Commissions are convening remotely. The public is encouraged to participate. Find more information on our services here.

**From:** bigblockpat <bigblockpat@gmail.com>
**Sent:** Wednesday, October 6, 2021 2:01 PM
**To:** Hughen, Will (CPC) <will.hughen@sfgov.org>; megohalloran4@gmail.com <megohalloran4@gmail.com>; Jones, Dario (CPC) <dario.jones@sfgov.org>; Tam, Tina (CPC) <tina.tam@sfgov.org>
**Cc:** jneal_dc@comcast.net <jneal_dc@comcast.net>
**Subject:** Re: 200 Naples

> This message is from outside the City email system. Do not open links or attachments from untrusted sources.

this is it here


Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "Hughen, Will (CPC)" <will.hughen@sfgov.org>
Date: 10/5/21 8:17 AM (GMT-08:00)
To: megohalloran4@gmail.com, bigblockpat@gmail.com, "Jones, Dario (CPC)" <dario.jones@sfgov.org>, "Tam, Tina (CPC)" <tina.tam@sfgov.org>
Cc: jneal_dc@comcast.net
Subject: 200 Naples

# Microsoft Teams meeting

**Join on your computer or mobile app**
[Click here to join the meeting](#)

**Or call in (audio only)**
[+1 415-906-4659,,621248003#](#)   United States, San Francisco

Phone Conference ID: 621 248 003#
[Find a local number](#) | [Reset PIN](#)

[Learn More](#) | [Meeting options](#)