Bernard Curran
27 Escondido Ave.
San Francisco, California, 94132
(415) 516-4522
berndawgcurran@hotmail.com

Defendant, IN PRO PER

FILED

NOV 14 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

PATRICK GALLAGER

                Plaintiff,

      vs.

CITY AND COUNTY OF SAN FRANCISCO,
BERNARD CURRAN, RODRIGO SANTOS,
WILLIAM HUGEN, KEVIN BIRMINGHAM,
NATALIA KWAITKOWSKA, and JOE DUFFY.

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 23-CV-03579-SI

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO VACATE ENTRY OF
DEFAULT PURSUANT TO FED. R. CIV. P.
55(c)**

**DATE:  November 14, 2025**
**TIME:  10:00AM**
**JUDGE: Hon. Susan Illston**
**DEPT:  Courtroom 1 – 17th Floor, 450
Golden Gate Ave., San Francisco, CA 94102**

1  DEFENDANT RESPECTFULLY SUBMITS THIS REPLY IN SUPPORT OF DEFENDANT'S

2  MOTION TO VACATE ENTRY OF DEFAULT:

3

4

5

6

7

8

9

10

11

12

13

14

15                              .

16

17

18

19

20

21

22

23

24

25

26

27

28
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT PURSUANT TO FED.
R. CIV. P 55(c)

1

# TABLE OF CONTENTS

2    I.     INTRODUCTION & BACKGROUND…………………………………………………5

3    II.    ARGUMENT…..………………………………………………………………………5

4          A. Defendant's Conduct Was Not Culpable …………………………………………..5

5          B. Defendant Possesses Meritorious Defenses …...………………………….…………..6

6          C. Vacating Default Will Not Prejudice Plaintiff………….…………………….……..6

7          D. Defendant's Evidence Is Authentic……………………………………………………6

8          E. Defaults are Disfavored……………………………………………………………….7

9    III.   CONCLUSION………….……………………………………………………...…..……7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT PURSUANT TO FED.
R. CIV. P 55(c)

# TABLE OF AUTHORITIES

**Cases**

*Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*,

    375 F.3d 922 (9th Cir. 2004) ............................................................. 6

*Haw. Carpenters' Trust Funds v. Stone*,

    794 F.2d 508 (9th Cir. 1986) ............................................................. 7

*Lemoge v. U.S.*,

    587 F.3d 1188 (9th Cir. 2009) ........................................................... 5

*TCI Group Life Ins. Plan v. Knoebber*,

    244 F.3d 691 (9th Cir. 2000) ......................................................... 5,6

*US v. Mesle*,

    615 F. 3d 1085 (9th Cir. 2010) .......................................................... 5

**Statutes**

Fed. R. Civ. P. 55(c) .................................................................. 5, 6, 7

## I.    INTRODUCTION & BACKGROUND

Plaintiff's Opposition provides no valid basis for maintaining an entry of default. Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause, considering whether (1) the default was willful, (2) the defendant has a meritorious defense, and (3) setting aside the default would prejudice the plaintiff. Plaintiff argues that Defendant's conduct was culpable, that no meritorious defense exists, that he would be prejudiced, and that Defendant's evidence is unreliable. However, as demonstrated in Defendant's motion and supporting declarations, Defendant's delay was neither willful nor in bad faith, Defendant presents a meritorious defense, and Plaintiff will suffer no prejudice if the matter proceeds on the merits, as is preferred by the Ninth Circuit.

## II.    ARGUMENT

### A. Defendant's Conduct Was Not Culpable

A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2000) (overruled on other grounds). Courts have held that excusable neglect or misunderstanding does not amount to culpable conduct. *Id.* Further, in *Mesle*, the Court found that an unsophisticated party's failure to reply was not "culpable conduct" because of an absence of any indication that he acted in bad faith. *US v. Mesle*, 615 F. 3d 1085, 1094 (9th Cir. 2010). Illness and hospitalization can be grounds for relief from entry of default. *Lemoge v. U.S.*, 587 F.3d 1188 (9th Cir. 2009).

Plaintiff's argument that Defendant offers "no credible explanation for this delay" is contradicted by the record. Defendant has explained that he was undergoing treatment for Stage 3 metastatic melanoma, and receiving immunotherapy, which affected both this cognitive and physical capabilities. (Decl. of Bernard Curran ¶ 4-6.) Defendant's condition and treatment is verified by his

treating physician's letters. (Decl. of Bernard Curran ¶ 8, 9.) Defendant did not intentionally fail to answer the lawsuit, rather it was due to his mental condition and incorrect good faith belief that the City and County of San Francisco was addressing the lawsuit with Plaintiff. (Decl. of Bernard Curran ¶ 4.) Plaintiff offers no evidence that Defendant intentionally ignored this case or at any time sought to evade service. Defendant's conduct was not culpable because he lacked the requisite bad faith.

## B. Defendant Possesses Meritorious Defenses

Plaintiff's reliance on *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F. 3d 922 (9th Cir. 2004), is misplaced. In that case, the defendant, made conclusory statements with no supporting facts or evidence. Here, by contrast, Defendant has provided the factual basis for his defense – that he did not engage in the alleged conduct. (*See* Def.'s Mot. To Vacate Entry of Default, p.7, lines 11-14.) Defendant offers sworn declarations, along with supporting documentation, that if proven true, would constitute a defense on the merits. Defendant has shown the "meritorious defense" required by Rule 55(c).

## C. Vacating Default Will Not Prejudice Plaintiff

The mere passage of time does not constitute prejudice. *TCI Group*, 244 F.3d at 701. Plaintiff's claim of prejudice rests solely on the fact this case was filed in 2021. Plaintiff identifies no tangible financial harm. Moreover, the concurrent lawsuit against the City and County of San Francisco, arising from the same facts, remains at issue and is being actively litigated. Given the issues in that case that remain unresolved, Plaintiff will not be prejudiced by allowing this matter to proceed on the merits.

## D. Defendant's Evidence Is Authentic

Plaintiff's accusation that Defendant's medical evidence suggests "possible forgery" and is "photoshopped" is wholly unfounded. Defendant submits sworn declarations from his treating medical physicians confirming the authenticity of the letters and the accuracy of Defendant's

statement regarding his diagnosis and treatment. (*See* Decl. of Dr. Sal Fazio; *see also* Decl. of Dr. Alfredo Lopez) Defendant did not disclose his medical records, prescriptions, and treatments because he does not wish to waive doctor-patient privilege or make his intimately personal medical information public record. Plaintiff's argument that Defendant's evidence is unreliable should be disregarded.

### E. Defaults Are Disfavored

Defaults are disfavored and courts cases should be decided on the merits. Courts in this Circuit strongly favor resolving cases on the merits rather than by default. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511 (9th Cir. 1986).

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant the Motion to Vacate Entry of Default. Defendant's delay in responding was not willful, Defendant has meritorious defenses, and Plaintiff will not suffer any prejudice in pursuing his claims if default is set aside. This constitutes excusable neglect and good cause under Rule 55(c). Defendant has demonstrated a meritorious defense supported by credible evidence. Consistent with the Ninth Circuit's preference for resolving disputes on the merits, the Court should vacate entry of default against Defendant.

DATED: November 13, 2025

Bernard Curran
In Pro Per

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P 55(c)

Bernard Curran
27 Escondido Ave.
San Francisco, California, 94132
(415) 516-4522
berndawgcurran@hotmail.com

Defendant, IN PRO PER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

PATRICK GALLAGER

                Plaintiff,

    vs.

CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, and JOE DUFFY.

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 23-CV-03579-SI

**DECLARATION OF DR. SAL FAZIO IN SUPPORT OF DEFENDANT'S REPLY IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c); EXHIBIT**

**DATE:  November 14, 2025
TIME:   10:00AM
JUDGE: Hon. Susan Illston
DEPT:   Courtroom 1 – 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102**

**KAISER PERMANENTE
3900 LAKEVILLE HIGHWAY
PETALUMA, CA 94954**

DECLARATION OF DR. SAL FAZIO

- 1 -

DECLARATION OF DR. SAL FAZIO IN SUPPORT OF DEFENDANT'S MOTION TO VACATE ENTRY OF
DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)

I, Dr. Sal Fazio, declare as follows:

1.      I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would testify competently to the facts as stated herein.

2.      I am a physician licensed to practice medicine in the State of California and maintain an active license, number [License Number]. My professional business address is [Doctor's Office Address and Phone Number.]

3.      I am the treating physician of Defendant Bernard Curran, with whom I have a doctor-patient relationship.

4.      I am the author of the medical letter dated September 22, 2025, submitted by Defendant Benard Curran in connection with his Motion to Vacate Entry of Default Judgement.

5.      The letter in question was written and signed by me. It accurately reflects my medical assessment and treatment of Bernard Curran.

6.      The letter is authentic and has not been forged or "photoshopped." It was drafted and issued by me as part of my professional care and communication regarding Bernard Curran's medical condition and treatment.

7.      Attached hereto as **Exhibit A** is a true and correct copy of my letter, written on behalf of Bernard Curran, explaining his medical condition.

8.      I make this declaration to confirm the authenticity and accuracy of the documents in question.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: November 10, 2025

Dr. Sal Fazio
NPI 1174601769

**KAISER PERMANENTE
3900 LAKEVILLE HIGHWAY
PETALUMA, CA 94954**

- 2 -

# EXHIBIT A

 KAISER PERMANEN

Date printed: 9/29/2025

Kaiser Permanente Member name:
Bernie J Curran

Date of birth: 10/14/1960

MRN: 110001693096

# The Permanente Medical Group, Inc.
**ADULT AND FAMILY MEDICINE**
**3900 LAKEVILLE HWY**
**PETALUMA CA 94954-5698**
**Dept: 707-765-3960**
**Main: 707-765-3900**

September 22, 2025

Re: Bernard J Curran
27 Escondido Avenue
San Francisco CA

94132

To Whom it May
Concern,


I am the primary care
physician for Mr.
Bernie Curran.  Mr.
Curran notified me
that he missed a court
date in the month of
February 2025 and
attributes it to his
multiple medical
problems that he was
dealing with at that
time.  Mr. Curran had
previously received
treatment for a serious
chronic medical
condition which was
causing him side
effects of extreme
fatigue, and some
associated cognitive
symptoms which
resulted in some
memory problems at
the time.  Please take
this into consideration.

Sincerely,

SAL FAZIO MD

Certain content delivered by

MyChart®, licensed from Epic Systems

Corporation, © 1999 to February

2025, patents pending.

Bernard Curran
27 Escondido Ave.
San Francisco, California, 94132
(415) 516-4522
berndawgcurran@hotmail.com

Defendant, IN PRO PER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGER<br><br>                Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, and JOE DUFFY.<br><br>                Defendants. | Case No.: 23-CV-03579-SI<br><br>**DECLARATION OF DR. ALFREDO LOPEZ IN SUPPORT OF DEFENDANT'S REPLY IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c); EXHIBIT**<br><br>**DATE:  November 14, 2025**<br>**TIME:   10:00AM**<br>**JUDGE: Hon. Susan Illston**<br>**DEPT:   Courtroom 1 – 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102** |

DECLARATION OF DR. ALFREDO LOPEZ

- 1 -

1  I, Dr. Alfredo Lopez, declare as follows:

2  1.      I have personal knowledge of the facts contained in this declaration, and if called as a witness,

3  I could and would testify competently to the facts as stated herein.

4  2.      I am a physician licensed to practice medicine in the State of California and maintain an active

5  license, number [License Number]. My professional business address is [Doctor's Office Address

6  and Phone Number.]

7  3.      I am the treating physician of Defendant Bernard Curran, with whom I have a doctor-patient

8  relationship.

9  4.      I am the author of the medical letter dated September 29, 2025, submitted by Defendant

10  Benard Curran in connection with his Motion to Vacate Entry of Default Judgement.

11  5.      The letter in question was written and signed by me. It accurately reflects my medical

12  assessment and treatment of Bernard Curran.

13  6.      The letter is authentic and has not been forged or "photoshopped." It was drafted and issued

14  by me as part of my professional care and communication regarding Bernard Curran's medical

15  condition and treatment.

16  7.      Attached hereto as **Exhibit B** is a true and correct copy of my letter, written on behalf of

17  Bernard Curran, explaining his medical condition.

18  8.      I make this declaration to confirm the authenticity and accuracy of the documents in question.

19

20  I declare under penalty of perjury that the foregoing is true and correct.

21

22  DATED: November 10, 2025

23  Dr. Alfredo Lopez

24

25  The Permanente Medical Group, Inc.
    2238 Geary Blvd., 8th Fl., 8SE
26  San Francisco, CA 94115
    Phone: 415-823-3692
27  Lic#: G36 323

28

- 2 -

DECLARATION OF DR. ALFREDO LOPEZ IN SUPPORT OF DEFENDANT'S MOTION TO VACATE ENTRY
OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)

# EXHIBIT B

 KAISER PERMANEN

Date printed: 9/29/2025

Kaiser Permanente Member name:
Bernie J Curran

Date of birth: 10/14/1960

MRN: 110001693096

# The Permanente Medical Group, Inc.

**HEMATOLOGY/ONCOLOGY DEPT**
**2238 GEARY BLVD**
**SAN FRANCISCO CA 94115-3416**
**Dept: 415-833-3692**
**Main: 415-833-2000**

September 29, 2025

Bernard J Curran
27 Escondido Avenue
San Francisco CA 94132

To Whom It May
Concern:

Mr. Curran is a
patient at the San
Francisco Kaiser
Medical Center.
Mr Curran had been
undergoing therapy
for a cancer
condition from
October 2024
through April 2025.

During this period
patient experienced a
number of side
effects and
complications
Including
hospitalizations for
side effects of the
therapy
For this reason the
patient missed his
February court date
The member is now
doing much better
off therapy.
I wish to explain to
the court the reason
for Mr. Curran's
missed court date

Please feel free to

contact my office if
you are in need of
further information

Sincerely,


ALFREDO R
LOPEZ MD


Certain content delivered by

MyChart®, licensed from Epic Systems

Corporation, © 1999 to February

2025, patents pending.

2025 NOV 14 AM08:14

(