UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGHER, <br><br> Plaintiff, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Defendants. | Case No. 23-cv-03579-SI <br><br> **ORDER GRANTING DEFENDANT BERNARD CURRAN'S MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; SCHEDULING CASE MANAGEMENT CONFERENCE FOR DECEMBER 19, 2025 AT 3 PM** <br><br> Re: Dkt. Nos. 96, 99 |

Plaintiff Patrick Gallagher's motion for default judgment against defendant Bernard Curran, and Curran's motion to set aside the Clerk's default, are scheduled for a hearing on November 21, 2025. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are suitable for determination without a hearing and VACATES the hearing. For the reasons set forth below, the Court GRANTS Curran's motion to set aside the default and DENIES Gallagher's motion for default judgment as moot. At the end of this order, the Court also provides Curran with information about resources for self-represented litigants.

The Court schedules a case management conference for Gallagher and Curran for December 19 at 3:00 p.m. via zoom.[1] Gallagher and Curran shall file a joint case management conference statement no later than December 12.

---

[1] The other defendants have filed a motion for summary judgment, which is scheduled for a hearing on December 19, 2025.

**DISCUSSION**

Gallagher and Curran are self-represented. Gallagher alleges that after he spoke to the FBI in connection with the FBI's investigation into Curran, Curran and the other City defendants retaliated against him in various ways, including by revoking permits issued to Gallagher for the renovation of Gallagher's property located at 200 Naples Street, San Francisco. Gallagher served Curran with the second amended complaint on February 24, 2025. Dkt. Nos. 73, 89. Curran did not respond to the second amended complaint, and on July 29, 2025, the Clerk entered default against Curran. Dkt. No. 90.

On August 26, 2025, Gallagher filed a motion for default judgment against Curran, seeking $4,387,000 in damages. On October 2, 2025, Curran filed a motion to set aside the default. Curran's motion and supporting declaration state that he received the second amended complaint when it was served, but he mistakenly believed that defendant City and County of San Francisco, his former employer, was in the process of settling the case. Curran also states that when he received the complaint, he was undergoing treatment for cancer and experiencing significant fatigue and cognitive impairment and not capable of managing litigation deadlines. Curran also denies Gallagher's allegations and asserts that he has a meritorious defense.

A district court may set aside the entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). The good cause analysis involves three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. However, even if one of the factors goes against the defendant, the Court may still exercise its discretion and grant the motion. *See Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not."). In considering a motion to set aside default, a court should bear in mind that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided

on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

The Court concludes that Curran has demonstrated good cause to set aside the default. Although Gallagher questions the veracity of Curran's declaration and supporting doctor's notes (by asserting, for example, that one doctor's signature looks similar to Curran's signature), the Court finds Gallagher's assertions speculative, and the Court notes that Curran's declaration is signed under penalty of perjury. The law favors deciding disputes on their merits rather than by default, and Curran moved to set aside the default within a few months of its entry. While the Court will need to set a new pretrial schedule for resolution of Gallagher's claims against Curran, the Court believes that the new schedule can be expeditious because the allegations against Curran are relatively straightforward and limited in time and scope. The Court will set a new schedule at the December 19, 2025 case management conference.

Finally, the Court advises Curran about resources for self-represented litigants. Curran is referred to the Court's website which includes information about how to represent oneself, and contains a link to a copy of the district court's handbook <u>Representing Yourself in Federal Court</u>, which provides instructions on how to proceed at every stage of the case, including discovery, motions, and trial. *See* https://cand.uscourts.gov/pro-se-litigants/.

Second, Curran may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982 or emailing fedpro@sfbar.org. At the Legal Help Center, Curran may speak with an attorney who may be able to provide free basic legal help but not representation. A copy of the Legal Help Center's flyer is attached.

**IT IS SO ORDERED**.

Dated: November 18, 2025

SUSAN ILLSTON
United States District Judge