DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
HUNTER W. SIMS III, State Bar #266039
RENÉE E. ROSENBLIT, State Bar #304983
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4259 [Sims]
               (415) 554-3853 [Rosenblit]
Facsimile:     (415) 554-3837
E-Mail:        hunter.sims@sfcityatty.org
               renee.rosenblit@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
WILLIAM HUGHEN; KEVIN BIRMINGHAM; NATALIA FOSSI
(ERRONEOUSLY SUED AS NATALIA KWAITKOWSKA);
MAURICIO HERNANDEZ; and JOE DUFFY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGHER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, AND JOE DUFFY,<br><br>    Defendant. | Case No. 23-cv-03579-SI (JCS)<br><br>**DECLARATION OF WILLIAM HUGHEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Fed. R. Civ. P. 56)**<br><br>Hearing Date:  December 19, 2025<br>Time:  10:00 a.m.<br>Place:  Videoconference<br><br>Trial Date:  February 17, 2026 |

# DECLARATION OF WILLIAM HUGHEN

I, William Hughen, declare as follows:

1. I was formerly employed by the San Francisco Planning Department ("Planning"), a department of the City and County of San Francisco ("The City"), as a Planner II in the Current Planning Division, Flex Team. The Flex Team is a catch all team for Planning's smaller projects, with a focus on unit legalization and Accessory Dwelling Units ("ADU's") within the City. I was employed by the Planning Department from December 2019 to October 2022. I have a Bachelor's Degree in City and Regional Planning from the Ohio State University.

2. I have personal knowledge of the following facts except those stated on information and belief. As to those facts, I believe them to be true. If called upon to testify, I could and would testify competently to the contents of this declaration.

3. The Planning Department, among other duties, is charged with maintaining both the General Plan, policies of the Planning Department and Planning and Historic Preservation Commissions, the Planning Code, and other municipal codes. The Planning Code regulates the location and the use of buildings and land adjacent to streets; sets forth standards for development structures and land in any zoning district; and requires that properties shall be used only for the purposes permitted in that district.

4. The Planning Department works in conjunction with the Department of Building Inspection ("DBI"), which will route permit applications to the Planning Department when the permit applications and drawings reflect a scope of work that would warrant review by the Planning Department. It is important that plans submitted to DBI contain a complete scope of work; otherwise DBI plan checkers are not able to determine whether a permit application needs to be routed to the Planning Department for review.

5. As a member of the Flex Team I would conduct planning, zoning or design review of architectural drawings referred by DBI to the Planning Department that implicated aspects of the Planning Code. While the plans would be referred by DBI to Planning, my review of those plans would not involve any DBI personnel.

///

6. When I was a member of the Flex Team, I was assigned permit application related to a project at 200 Naples St. in San Francisco. The permit application was identified as PA 202108096049. I was assigned this project by my then supervisor, Natalia Fossi (formerly Kwiatkowska), on August 26, 2021.

7. I reviewed the permit application and the plans submitted by Plaintiff in support of PA 202108096049. I first reviewed the permit application itself. The permit application stated that it was "to comply with NOV 202175602: Addition of an ADU and the restoration of existing curb cut (per scope of work on the plans)."

8. When I reviewed the plans, Plaintiff included in the "scope of work" a "new ADU and (R) curb cut for (E) Driveway Access." I did not find any issue with the proposed ADU. However, Plaintiff's election to include a proposed curb cut and request to park in the rear yard with the ADU application was in conflict with the Planning Code. Specifically, the Planning Code requires the rear year to be open space per Planning Code section 134. Therefore, adding a curb cut at that location is not something that could be allowed at the permit approval process. In this circumstance, a property owner must apply for a variance from the Planning Code. This is why I gave Plaintiff the option to either remove the curb cut and parking request or apply for a variance.

9. Per Planning's internal goals, I provided comments to Plaintiff regarding his application on September 7, 2021. The comments I provided Plaintiff were memorialized in the Planning Department's Bluebeam on the same day. The comments provided were as follows:

(a) "Specify required front setback line and required rear yard line on the plans,"

(b) "Project must meet permeability and landscaping improvement requirements: In the required front yard setback area 20% of the area is required to be landscaped and 50% of the area is required to be permeable. The permeable surface may be inclusive of the area counted towards the landscaping requirement; provided, however, that turf pavers or similar planted hardscapes shall be counted only toward the permeable surface requirement and not the landscape requirement. Indicate the front yard setback area, landscaped area, and permeable surface area calculations on the site plan. Also review the Guide to the San Francisco Green Landscaping Ordinance:

http://default.sfplanning.org/publications_reports/Guide_to_SF_Green_Landscaping_Ordinance.pdf.

(c) "Specify required front setback line and required rear yard line on the plans",

(d) "In scope of work specify ADU will be added per Government Code Section 65852.2,"

(e) "Automobile parking is not permitted in the required rear yard area or within required open space areas unless the applicant files and obtains a variance,"

(f) "Curb cut policy: project must meet Planning's Curb Cut policies, summarized in ZA Bulletin 2: https://sfplanning.org/sites/default/files/documents/publications/ZAB_02_Curb_Cuts.pdf." Additional review of the proposed curb will be completed and additional comments may be issued regarding the curb cut,

(g) "Provide ADU square footage (just the unit) on the floor plan," 8) "Clarify excavation quantities and specify on the planset. If no excavation is proposed specify this on the planset,"

(h) "Provide common laundry facilities or provide private laundry facilities for each unit. Laundry must be in a location that can be accessed by both units if proposing common laundry",

(i) "Clarify window location of ADU that faces Avalon Blvd. This is shown in different locations in the floor plan and elevation,"

(j) "Specify new path of travel for main existing unit's access to rear yard open space area," and

(k) "This appears to not be a solid wall based on streetview. Please clarify and show as it exists (with gates, if existing)."

10. In the Bluebeam system I identified specifically where on the plans the comments applied. A true and accurate copy of the comments I had on the plans submitted in support of PA 202108096049 are attached hereto as Exhibit A. The comments I made are in orange.

///

11. Plaintiff elected to file a variance instead of removing the request for parking, which he did on November 9, 2021. Plaintiff's variance request was identified as 2021-011391PRJ. The variance sought was "to establish two off-street parking spaces in the rear yard, accessed from Naples Street." Plaintiff's ADU permit was placed on hold pending the variance hearing as it was part of the same permit application seeking the disputed parking.

12. I was not involved in any way in Plaintiff's variance request for the rear parking. Specifically, I was not involved in any way in scheduling any variance hearings or subsequent appeals hearings.

13. The variance request was denied by Planning on July 27, 2022.

14. Plaintiff then appealed the variance decision. The Board of Appeals denied Plaintiff's appeal on August 30, 2022.

15. After the variance and appeal was denied, I had no further involvement with this project.

16. DBI and Planning are different departments within the City. While there is general overlap between the two departments, I never worked with anyone within DBI when reviewing or approving plans.

17. I did not work from anyone at DBI on the issues I described above. Specifically, I did not work with DBI employee Joe Duffy in any meaningful capacity with the issues described above. Joe Duffy was never my supervisor. Joe Duffy never directed or instructed me to make any specific decisions related to my work on the project at 200 Naples St.

18. I have never worked with Defendant Bernie Curran in any capacity. I never worked with or discussed my work at the Property with Defendant Curran. I have never socialized with Curran. I only learned that Plaintiff allegedly spoke with the FBI because Plaintiff told me. The fact that Plaintiff told me that he spoke with the FBI did not affect my review of Plaintiff's application in any way, not did it cause me to act differently with respect to Plaintiff's ADU application.

19. I did not work with Rodrigo Santos nor anyone from his firm Santos & Urrutia on the issues I described above related to 200 Naples St. I did not know that Santos had any connection to this project until I was made aware of this lawsuit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of Novemer 2025, at San Francisco, California.

WILLIAM HUGHEN

# Exhibit A





