

23-cv-03579-SI  Document 116  Filed 12/01/25

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

FILED
DEC 01 2025

quadient
FIRST-CLASS MAIL
IMI
$000.74
11/19/2025 ZIP 94102
043M31256120

US POSTAGE

NIXIE         957    FE 1         0011/28/25
    RETURN TO SENDER
    NOT DELIVERABLE AS ADDRESSED
        UNABLE TO FORWARD
BC: 94102348999         *0240-09187-19-45

Patrick Gallagher
470 Coletas Way
Byron, CA 94514

23-cv-03579-SI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGHER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 23-cv-03579-SI<br><br>**ORDER GRANTING DEFENDANT BERNARD CURRAN'S MOTION TO SET ASIDE DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; SCHEDULING CASE MANAGEMENT CONFERENCE FOR DECEMBER 19, 2025 AT 3 PM**<br><br>Re: Dkt. Nos. 96, 99 |

    Plaintiff Patrick Gallagher's motion for default judgment against defendant Bernard Curran, and Curran's motion to set aside the Clerk's default, are scheduled for a hearing on November 21, 2025. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are suitable for determination without a hearing and VACATES the hearing. For the reasons set forth below, the Court GRANTS Curran's motion to set aside the default and DENIES Gallagher's motion for default judgment as moot. At the end of this order, the Court also provides Curran with information about resources for self-represented litigants.

    <u>The Court schedules a case management conference for Gallagher and Curran for December 19 at 3:00 p.m. via zoom.</u>[1] Gallagher and Curran shall file a joint case management conference statement no later than December 12.

---

[1] The other defendants have filed a motion for summary judgment, which is scheduled for a hearing on December 19, 2025.

## DISCUSSION

Gallagher and Curran are self-represented. Gallagher alleges that after he spoke to the FBI in connection with the FBI's investigation into Curran, Curran and the other City defendants retaliated against him in various ways, including by revoking permits issued to Gallagher for the renovation of Gallagher's property located at 200 Naples Street, San Francisco. Gallagher served Curran with the second amended complaint on February 24, 2025. Dkt. Nos. 73, 89. Curran did not respond to the second amended complaint, and on July 29, 2025, the Clerk entered default against Curran. Dkt. No. 90.

On August 26, 2025, Gallagher filed a motion for default judgment against Curran, seeking $4,387,000 in damages. On October 2, 2025, Curran filed a motion to set aside the default. Curran's motion and supporting declaration state that he received the second amended complaint when it was served, but he mistakenly believed that defendant City and County of San Francisco, his former employer, was in the process of settling the case. Curran also states that when he received the complaint, he was undergoing treatment for cancer and experiencing significant fatigue and cognitive impairment and not capable of managing litigation deadlines. Curran also denies Gallagher's allegations and asserts that he has a meritorious defense.

A district court may set aside the entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). The good cause analysis involves three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* However, even if one of the factors goes against the defendant, the Court may still exercise its discretion and grant the motion. *See Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1112 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not."). In considering a motion to set aside default, a court should bear in mind that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided

on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

The Court concludes that Curran has demonstrated good cause to set aside the default. Although Gallagher questions the veracity of Curran's declaration and supporting doctor's notes (by asserting, for example, that one doctor's signature looks similar to Curran's signature), the Court finds Gallagher's assertions speculative, and the Court notes that Curran's declaration is signed under penalty of perjury. The law favors deciding disputes on their merits rather than by default, and Curran moved to set aside the default within a few months of its entry. While the Court will need to set a new pretrial schedule for resolution of Gallagher's claims against Curran, the Court believes that the new schedule can be expeditious because the allegations against Curran are relatively straightforward and limited in time and scope. The Court will set a new schedule at the December 19, 2025 case management conference.

Finally, the Court advises Curran about resources for self-represented litigants. Curran is referred to the Court's website which includes information about how to represent oneself, and contains a link to a copy of the district court's handbook <u>Representing Yourself in Federal Court</u>, which provides instructions on how to proceed at every stage of the case, including discovery, motions, and trial. *See* https://cand.uscourts.gov/pro-se-litigants/.

Second, Curran may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982 or emailing fedpro@sfbar.org. At the Legal Help Center, Curran may speak with an attorney who may be able to provide free basic legal help but not representation. A copy of the Legal Help Center's flyer is attached.

**IT IS SO ORDERED.**

Dated: November 18, 2025

SUSAN ILLSTON
United States District Judge

# ** *FREE LEGAL HELP IN FEDERAL COURT* **

## Legal Help Center

**To schedule a phone or in-person appointment, please email fedpro@sfbar.org or call (415) 782-8982**

If you **do not have a lawyer** and have (or are thinking about filing) a civil case in federal court, you may schedule an appointment to speak with a lawyer **for free**. The lawyer may:

- help you understand federal court procedures;
- explain court orders and other paperwork;
- give you templates and forms; and
- answer your legal questions.

**The lawyer at the Legal Help Center will *not* be your lawyer. You will still represent yourself.**

**We do not help with criminal or state court matters.** Email fedpro@sfbar.org or call (415) 782-8982. If you need an interpreter, please let us know.

**The Legal Help Centers – Some Drop-In Appointments Are Available**
San Francisco: 450 Golden Gate Avenue, 15th Floor, Room 2796
Oakland: 1301 Clay Street, 4th Floor, Room 470 S

Justice & Diversity
CENTER
OF THE BAR ASSOCIATION OF SAN FRANCISCO

*Rev. 3/2024*