1  DAVID CHIU, State Bar #189542
   City Attorney
2  JENNIFER E. CHOI, State Bar #184058
   Chief Trial Deputy
3  HUNTER W. SIMS III, State Bar #266039
   RENÉE E. ROSENBLIT, State Bar #304983
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, Sixth Floor
   San Francisco, California 94102-5408
6  Telephone:      (415) 554-4259 [Sims]
                   (415) 554-3853 [Rosenblit]
7  Facsimile:      (415) 554-3837
   E-Mail:         hunter.sims@sfcityatty.org
8                  renee.rosenblit@sfcityatty.org

9
   Attorneys for Defendants
10 CITY AND COUNTY OF SAN FRANCISCO;
   WILLIAM HUGHEN; KEVIN BIRMINGHAM; NATALIA FOSSI
11 (ERRONEOUSLY SUED AS NATALIA KWAITKOWSKA);
   MAURICIO HERNANDEZ; and JOE DUFFY
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15 | PATRICK GALLAGHER, | Case No. 23-cv-03579-SI (JCS) |
16 |     Plaintiff, | **DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA FOSSI, MAURICIO HERNANDEZ AND JOE DUFFY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
17 |     vs. | |
18 | CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, AND JOE DUFFY, | |
19 | | |
20 | | Hearing Date:   January 16, 2026 |
21 |     Defendant. | Time:           10:00 a.m. Place:           Videoconference |
22 | | Trial Date:     February 17, 2026 |

23

24

25

26

27

28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..........................................................................................................3

INTRODUCTION ......................................................................................................................5

ARGUMENT ............................................................................................................................5

      I.      THE CITY DEFENDANTS DID NOT RETALIATE AGAINST PLAINTIFF ....5

      II.     THE CITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY
              ON PLAINTIFF'S RETALIATION CLAIM ..........................................................7

      III.    DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON
              PLAINTIFF'S *MONELL* CLAIM ..........................................................................9

      IV.    OBJECTIONS TO EVIDENCE ............................................................................9

             A.      Paragraph 2 ..............................................................................................9

             B.      Paragraph 5 ............................................................................................10

             C.      Paragraph 6 ............................................................................................10

             D.      Paragraph 7 ............................................................................................10

             E.      Paragraph 8 ............................................................................................10

             F.      Exhibit C to the Gallagher Declaration ..................................................11

CONCLUSION ........................................................................................................................12

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Anderson v. Creighton*
    483 U.S. 635 (1987) ........................................................................................................8

*Armstrong v. Davis*
    275 F.3d 849 (9th Cir. 2001) ..........................................................................................7

*Ashcroft v. al-Kidd*
    563 U.S. 731 (2011) ........................................................................................................8

*Blair Foods, Inc. v. Ranchers Cotton Oil*
    610 F.2d 665 (9th Cir. 1980) ..........................................................................................9

*CarePartners LLC v. Lashway*
    428 F. App'x 734 (9th Cir. 2011) ...................................................................................5

*City of Escondido, Cal. v. Emmons*
    586 U.S. 38 (2019) ..........................................................................................................8

*Coszalter v. City of Salem*
    320 F.3d 968 (9th Cir. 2003) ..........................................................................................8

*De Amaral v. Goldsmith & Hull*
    2014 WL 572268 (N.D. Cal. Feb. 11, 2014) ...............................................................11

*Johnson v. California*
    543 U.S. 499 (2005) ........................................................................................................7

*Leslie v. Grupo ICA*
    198 F.3d 1152 (9th Cir. 1999) ........................................................................................7

*Monell v. Department of Social Services*
    436 U.S. 658 (1978) ........................................................................................................9

*Naser v. Metro. Life Ins. Co.*
    2013 WL 4017363 (N.D. Cal. July 31, 2013) .............................................................11

*Norse v. City of Santa Cruz*
    629 F.3d 966 (9th Cir. 2010) ..........................................................................................9

*Noyes v. Kelly Servs.*
    488 F.3d 1163 (9th Cir. 2007) ........................................................................................7

*Pearson v. Callahan*
    555 U.S. 223 (2009) ........................................................................................................7

*Pembaur v. City of Cincinnati*
    474 U.S. 469 (1986) ........................................................................................................9

*Sabbe v. Washington Cnty. Bd. of Commissioners*
  84 F.4th 807 (9th Cir. 2023) ...................................................................................7

*Santos v. Gates*
  287 F.3d 846 (9th Cir. 2002) ...................................................................................7

*Scosche Indus., Inc. v. Visor Gear Inc.*
  121 F.3d 675 (Fed. Cir. 1997) .................................................................................9

*White v. Pauly*
  580 U.S. 73 (2017)...................................................................................................8

*Yeager v. Bowlin*
  693 F.3d 1076 (9th Cir. 2012) .................................................................................6

**Rules**

Federal Rule of Civil Procedure 56 ...............................................................................9

Federal Rule of Evidence 401 ......................................................................................10

Federal Rule of Evidence 602 ......................................................................................10

Federal Rule of Evidence 701 ......................................................................................10

Federal Rule of Evidence 702 ......................................................................................10

Federal Rule of Evidence 703 ......................................................................................10

Federal Rule of Evidence 901 ......................................................................................10

# INTRODUCTION

Plaintiff fails to create a triable issue of material fact that would prevent the Court from granting summary judgment in favor of Defendants City and County of San Francisco ("City"), Joe Duffy, Kevin Birmingham, Mauricio Hernandez, Natalia Fossi (formerly Kwiatkowska), and Wiliam Hughen, ("City Defendants") on all claims. The undisputed evidence shows the City Defendants acted appropriately at all times. Accordingly, summary judgment should be granted for the City Defendants as to each claim alleged against them.

Plaintiff's opposition fails to contradict the evidence presented by the City Defendants' knowledge of the alleged conversation between Plaintiff and Special Agent Lopez. None of the City Defendants were aware of Plaintiff's participation into the Federal Bureau of Investigation's ("FBI") inquiry into Defendant Curran until well after the allegations in this lawsuit. Therefore, it is not disputed that the City Defendants' conduct was motivated by Plaintiff's alleged protected speech and Plaintiff presents no evidence to the contrary. In addition, Plaintiff presents no other evidence linking the conduct of the City Defendants to the alleged interview with the FBI. Plaintiffs' opposition only confirms that his case is nothing more than hearsay and speculation. The Court should grant the City Defendants' motion for summary judgment.

# ARGUMENT

## I.     THE CITY DEFENDANTS DID NOT RETALIATE AGAINST PLAINTIFF

To establish a First Amendment retaliation claim, Plaintiffs must prove that his "protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision." *CarePartners LLC v. Pat Lashway*, No. C05-1104RSL, 2010 WL 1141450, at *8 (W.D. Wash. Mar. 22, 2010), *aff'd sub nom., CarePartners LLC v. Lashway*, 428 F. App'x 734 (9th Cir. 2011) (citation omitted). Plaintiffs must "link" his "protected activities" to the "particular action taken by defendants." *Id*.

Yet Plaintiff's opposition makes no effort to link his participation in the FBI's investigation to the City Defendants' alleged retaliatory actions. Plaintiff provides the Court with an eight-paragraph declaration from himself supporting his opposition to the City Defendants' Motion for Summary Judgment. Plaintiff makes several allegations in his declaration, none of which amount to retaliation or create a disputed material fact preventing summary judgment. Plaintiff's declaration provides no

admissible evidence that the City Defendants were aware of his alleged protected speech let alone why the interview would motivate the City Defendants to take any adverse action against him.

Plaintiff fails to rebut the declarations of the City Defendants that state 1) none of the City Defendants had a close, personal relationship with Defendant Curran, 2) none of the City Defendants knew Plaintiff had discussed anything with the FBI, 3) that the alleged conversation did not motivate them to retaliate against Plaintiff. Most importantly, Plaintiff fails to create a disputed issue of fact that the enforcement at his property lacked probable cause. This is because Plaintiff testified at his deposition that he agreed with the findings made by Hernandez and Birmingham when they amended NOV 202175602. Plaintiff Dep. 137:4–143:9. Any dispute to the propriety of the findings in amended NOV 202175602 Plaintiff now has should be excluded as a sham. *See Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).

In addition, Plaintiff's claim that the "SFDBI records were falsified" (Opposition at 4, 6) is wholly unsupported and lacks personal knowledge. Plaintiff alleges that Duffy was "one of only two people who can alter those records." *Id.* However, Plaintiff fails to identify what records were "altered" and the only evidence on this point is that Duffy did not alter any documents related to Plaintiff's Certificate of Completion. *See* Declaration of Joe Duffy ("Duffy Decl.") ¶ 9; Declaration of Mark Langan ("Langan Decl.") ¶ 11, Ex. A; Declaration of Matt Greene ("Greene Decl.") ¶ 9.

Lastly, Plaintiff claims that Defendant Hughen prevented Plaintiff from installing a driveway because he interpreted an ordinance differently than Plaintiff would like. The City Defendants presume the ordinance Plaintiff refers to is San Francisco Ordinance 95-17, which amended the San Francisco Planning Code sections 101.1 and 302 with respect to Alternative Dwelling Units ("ADU"). However, as is outlined in Hughen's declaration, the issue with Plaintiff's planning application was not with his ADU but the City's requirement that there to be open space in the rear yard of Plaintiff's property. Plaintiff is conflating apples and oranges. For example, under Plaintiff's theory, one could build an oil refinery in a residential neighborhood if an ADU was attached to the proposed plans. This is not the law.

///

///

## II.     THE CITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S RETALIATION CLAIM

Plaintiff fails to meet his burden of proving that the actions of the City Defendants violated clearly established law. The cases Plaintiff cite in support of his opposition are either inapposite to the facts of this case or actually support extending qualified immunity to Defendants here.

First, Plaintiff cites to several cases that are factually unrelated to this case. For example, *Santos v. Gates*, 287 F.3d 846 (9th Cir. 2002)[1] involved allegations of excessive force related to an individual undergoing a mental health crisis. The Ninth Circuit reversed the grant of summary judgment because of the District Court's reliance on the fact that Santos could not specifically recall whether defendant participated in the encounter. *Id.* at 851. Similarly, *Leslie v. Grupo ICA* 198 F.3d 1152, 1159 (9th Cir. 1999) is a case about the general proposition that a sham affidavit theory did not apply when other sworn testimony explained the inconsistencies in unsworn testimony. *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005). is a class action case brought by prisoners alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and the due process clause under the Fourteenth Amendment. None of these cases contain facts that would put the City Defendants on notice that their actions in this case were unlawful.

Plaintiff also cites to *Noyes v. Kelly Servs.*, 488 F.3d 1163 (9th Cir. 2007) in support of the proposition that "procedural irregularities are "evidence of discriminatory or retaliatory motive." Opposition at 3. Assuming Plaintiff has shown procedural irregularities were performed by the City Defendants, *Noyes* does not help Plaintiff's qualified immunity argument. In *Noyes*, the plaintiff sued her former employer claiming she was passed over for a promotion for a reverse religious discrimination. 488 F.3d at 1165–66. Here, Plaintiff does not claim his project was delayed due to discriminatory reasons. Therefore, *Noyes* cannot put the City Defendants on notice that their conduct was unconstitutional.

---

[1] The Ninth Circuit has recognized that *Santos* was overruled by the Supreme Court in *Pearson v. Callahan*, 555 U.S. 223 (2009). *Sabbe v. Washington Cnty. Bd. of Commissioners*, 84 F.4th 807, 831 (9th Cir. 2023).

Plaintiff cites to *Coszalter v. City of Salem,* 320 F.3d 968 (9th Cir. 2003) for his argument that evidence of collusion can amount to retaliation. In *Coalter,* the plaintiffs alleged a pattern of 31 retaliatory employment actions by the City of Salem occurring over approximately four years. In finding that the vast majority of the 31 incidents were reasonably likely to deter speech, the Appellate Court found that the plaintiff had presented facts evidence of a "severe and sustained campaign" that amounted to adverse employment actions. Here, Plaintiff has no such evidence of a sustained effort to deter speech or collusion. Nor has he presented anything near the alleged facts the plaintiffs in *Coszalter* alleged.

In sum, Plaintiff attempts to define the law at too "high level of generality"; "[u]nder our cases, the clearly established right must be defined with specificity." *City of Escondido, Cal. v. Emmons*, 586 U.S. 38, 42 (2019); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) ("We have repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality" (citation omitted)).

Plaintiff's formulation of the alleged rights at issue are exactly the sort of overly broad characterizations of the law that the Supreme Court has rejected. As the Supreme Court "explained decades ago, the clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Here, it is undisputed that none of the City Defendants were aware that Plaintiff had spoken with the FBI, none of the City Defendants had a close, personal relationship with Defendant Curran, and none of the City Defendants acted without probable cause to take the enforcement actions taken in this case. What is left is Plaintiff's speculation that he was somehow singled out for serious, life-safety building code issues.

In sum, the cases Plaintiff presents against extending qualified immunity to Defendants either do not apply or support extending qualified immunity to Defendants here. The portions of the cases cited by Plaintiffs define the concept of probable cause so broadly that it would render the immunity meaningless. *Ashcroft*, 563 U.S. at 741. As such, should the Court reach this issue, Defendants enjoy qualified immunity on Plaintiffs' retaliation claim.

///

1

2

### III.    DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S *MONELL* CLAIM

The City moved to dismiss the claims against it on the grounds that Plaintiff could not provide any evidence that his harm was caused by a City-wide policy or practice of retaliating against property owners engaging in renovation projects, as required by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In his opposition, Plaintiff does not rebut any of the evidence submitted on behalf of the City that Duffy is not a final policymaker under *Monell*. Instead, Plaintiff simply declares that "Curran made policy when he forced me to hire Santos. Fossi, Hughen, Birmingham, and Duffy also made policy." Opposition at 7 (Plaintiff Decl. ¶ 8). Plaintiff's unsupported and inadmissible assertion that one individual on one occasion in a situation that Plaintiff argues was not justified does not prove a *Monell* violation. *See Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) (explaining that a decision by an individual to take a particular action, even one made by a policy maker, may not create liability under *Monell*). The Court should therefore grant summary judgment on this ground.

### IV.    OBJECTIONS TO EVIDENCE

A trial court can only consider facts supportable by admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010). Portions of the declaration of Plaintiff Patrick Gallagher in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment are inadmissible under Federal Rules of Evidence and should not be considered. Each objectional portion of Plaintiff's Declaration is outlined below.

#### A.    Paragraph 2

Plaintiff declares that "On or about June 2021, FBI Special Investigator Alley Lopez informed me that I had been 'redtagged' immediately after Inspector Curan was indicted and forced to resign." Opposition at 6 (Plaintiff Decl. ¶ 2). This statement is inadmissible hearsay. Fed. R. Evid. 801, 802. The Court should disregard such evidence. *See, e.g., Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) (finding deposition testimony reporting statements by others was inadmissible hearsay "and may not be considered by this court on review of a summary judgment" (citation omitted); *Scosche Indus., Inc. v. Visor Gear Inc.*, 121 F.3d 675 (Fed. Cir. 1997) (holding that

hearsay is entitled to no weight in summary judgment proceedings and citing cases and disregarding declarant's report of a statement by another).

**B.    Paragraph 5**

Plaintiff declares that the "SFDBI records were falsified." Opposition at 6 (Plaintiff Decl. ¶ 5). Plaintiff provides no basis for this statement, nor does he establish personal knowledge that the documents were falsified. Lastly, Plaintiff does not identify the documents he believes were falsified. As such, this statement should be excluded under Fed. R. Evid. 602, 701 and 901(a).

**C.    Paragraph 6**

Plaintiff declares "[t]here were no violations on the property." Opposition at 6 (Plaintiff Decl. ¶ 6). While it is unclear as to what violation Plaintiff refers, this should be excluded under the sham declaration rule. Plaintiff testified that he agreed with the violations noted in amended NOV 202175602. Plaintiff Dep. 137:4–143:9. Further, to the extent Plaintiff intends to refer to a different NOV, it is irrelevant because Plaintiff testified that he does not believe any retaliation occurred before his participation in the FBI's investigation of Curran. Fed. R. Evid. 401; Plaintiff's Dep. 134:19–136:4. Lastly, whether or not there were violations of the San Francisco Building and Planning Codes at Plaintiff's property is a matter for expert opinion, for which Plaintiff has not provided any factual basis that would enable the Court to treat him as an expert. Fed. R. Evid. 702.

**D.    Paragraph 7**

Plaintiff declares "I sought only to restore the original driveway, which neighbors had filled in." Opposition at 7 (Plaintiff Decl. ¶ 7). Plaintiff provides no basis for this statement, nor does he establish personal knowledge that the neighbors filled in the driveway. As such, this statement should be excluded under Fed. R. Evid. 602 and 901(a).

**E.    Paragraph 8**

Plaintiff declares "Curran made policy when he forced me to hire Santos. Fossi, Hughen, Birmingham, and Duffy also made policy." Opposition at 7 (Plaintiff Decl. ¶ 8). The City Defendants presume Plaintiff's reference to "policy" refers to his *Monell* claim. Under this assumption, this statement should be excluded as it calls for a legal conclusion and lacks foundation because Plaintiff fails to identify the policy and his personal knowledge of the policy. Fed. R. Evid. 602, 701, 703, 901.

### F.    Exhibit C to the Gallagher Declaration

Plaintiff seeks to enter an audio recording of a meeting he attended with Ernest Jones, an aide to former San Francisco Supervisor Ahsha Safai, and other City officials. This recording was not identified in Plaintiff's Initial Disclosures. Declaration of Hunter W. Sims in Support of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgement ("Sims Reply Decl.") Ex A. In addition, the City specifically requested any and all documents from Plaintiff concerning the alleged meeting between himself and the "CITY's Board of Supervisors" as described in paragraphs 44 and 45 of the Second Amended Complaint. Sims Reply Decl. Ex. B at 5–6. Plaintiff did not provide any audio files in response to these requests, nor did he provide a transcript of any such recordings. Sims Reply Decl. ¶ 5. Specifically, Plaintiff did not provide what he seeks to introduce into the record as Exhibit C to his declaration. *Id.* The Court should not consider this exhibit due to Plaintiff's failure to disclose this evidence. *De Amaral v. Goldsmith & Hull*, No. 12-CV-03580-WHO, 2014 WL 572268, at *2–3 (N.D. Cal. Feb. 11, 2014) (excluding documents that had been requested in discovery and were disclosed for the first time well after discovery closed, in support of opposition to motion for summary judgment); *Naser v. Metro. Life Ins. Co.*, No. 5:10-CV-04475 EJD, 2013 WL 4017363, at *4–6 (N.D. Cal. July 31, 2013) (striking credit card charge records that had been requested in discovery and were disclosed for the first time after the close of discovery, in support of plaintiff's motion for partial summary judgment and opposition to defendant's motion for summary judgment).

///
///
///
///
///
///
///
///
///
///

1

**CONCLUSION**

2        For the foregoing reasons, this Court should grant summary judgment in favor of the City

3 Defendants.

4

5 Dated:  December 10, 2025

6                                    DAVID CHIU
                                    City Attorney

7                                    JENNIFER E. CHOI
                                    Chief Trial Deputy

8                                    HUNTER W. SIMS III
                                    RENÉE E. ROSENBLIT

9                                    Deputy City Attorneys

10

11                         By:  */s/ Hunter W. Sims III*
                                  HUNTER W. SIMS III

12

13                                  Attorneys for Defendants
                                  CITY AND COUNTY OF SAN FRANCISCO;

14                                  WILLIAM HUGHEN; KEVIN BIRMINGHAM;
                                  NATALIA FOSSI (ERRONEOUSLY SUED AS

15                                  NATALIA KWAITKOWSKA); MAURICIO
                                  HERNANDEZ; and JOE DUFFY

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, KATHLEEN K. HILL, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On December 10, 2025, I served the following document(s):

**DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA FOSSI, MAURICIO HERNANDEZ AND JOE DUFFY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; and**

**DECLARATION OF HUNTER W. SIMS IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

on the following persons at the locations specified:

Patrick Gallagher
470 Coletas Way
Byron, CA 94514

Tel: (925) 325-3911
Email: bigblockpat@gmail.com

*Plaintiff in Pro Per*

in the manner indicated below:

☒     **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒     **BY ELECTRONIC MAIL:** I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address: kathleen.hill@sfcityatty.org.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed December 10, 2025, at San Francisco, California.

_____
*/s/  Kathleen K. Hill*
KATHLEEN K. HILL