# EXHIBIT B

DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
HUNTER W. SIMS III, State Bar #266039
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4259
Facsimile:      (415) 554-3837
E-Mail:         hunter.sims@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
WILLIAM HUGHEN; KEVIN BIRMINGHAM; NATALIA FOSSI
(ERRONEOUSLY SUED AS NATALIA KWAITKOWSKA);
MAURICIO HERNANDEZ; and JOE DUFFY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGHER,<br><br>      Plaintiff,<br><br>      vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, AND JOE DUFFY,<br><br>      Defendant. | Case No. 23-cv-03579-SI (JCS)<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICK GALLAGHER**<br><br>Trial Date:      February 17, 2026 |

REQUESTING PARTY:     Defendant CITY AND COUNTY OF SAN FRANCISCO

RESPONDING PARTY:     Plaintiff PATRICK GALLAGHER

SET NUMBER:     ONE (1)

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant requests that Plaintiff

Patrick Gallagher serve a written response within thirty days of service of this demand, and produce

each of the items described below at the Office of the City Attorney, 1390 Market Street, Sixth Floor,

San Francisco, California, 94102 and permit copying and inspection thereof.

## **INSTRUCTIONS**

A.      In responding to these requests, YOU are required to furnish all documents available to

YOU, or subject to YOUR custody or control, including information in the possession of YOUR

attorneys, accountants, advisors or other persons directly or indirectly employed by, or connected with

YOU or YOUR attorneys, and anyone else otherwise subject to YOUR control.

B.      In responding to these requests, YOU must make a diligent search of YOUR records

and of other papers and materials in YOUR possession or available to YOU or YOUR representatives.

C.      If these requests cannot be answered in full, answer to the extent possible, specifying

the reason for YOUR inability to answer the remainder, and state whatever information and

knowledge YOU have regarding the unanswered portion.

D.      If YOUR answer refers to a deposition, please identity the page and line number(s)

referred to.  If YOUR answer refers to an answer to a previous interrogatory, please identify the

specific interrogatory.

E.      If YOUR response to a particular demand is a statement that YOU lack the ability to

comply with that demand, YOU must affirm in YOUR response that a diligent search and a reasonable

inquiry has been made in an effort to comply with that demand.  This statement shall also specify

whether the inability to comply is because the particular item or category never existed, has been

destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in YOUR possession,

custody, or control, in which case the name and address of any person or entity known or believed by

you to have possession, custody, or control of that document or category of documents should be

identified.

F.      If YOUR response to a particular demand is an objection, YOUR must set forth in

YOUR response the extent of, and the specific ground for, the objection.  In YOUR response, YOU

must also identify with particularity any document responsive to the particular demand that is being

withheld from production based upon a claim of privilege or other protection and state the particular

privilege or protection being invoked.  To identify with particularity documents withheld from

production, YOU should provide, for each document withheld, the following information if known or available to YOU: (l) date composed or date appearing on the document; (2) author; (3) number of pages; (4) number of copies made; (5) identity of all persons or entities who saw the original document or saw or received a copy of such document, including the job titles of each such person; and (6) subject matter.

G.    Documents produced pursuant to these requests must be produced as they are kept in the usual course of business, or must be organized and labeled to correspond with the request to which they are responsive.

PLEASE TAKE NOTICE that at the commencement of trial of this case, Defendants will ask the Court for an order precluding YOU from introducing evidence relating to the subject matter of these requests which has not been disclosed by the answers to these requests. Please note that this Request is continuing and that defendant demands that any documents responsive to this Request be produced when obtained by plaintiff.

## **DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable to these requests:

1.    The terms "200 Naples Street" or "property" shall mean the project at 200 Naples Street, San Francisco, California as defined in the Second Amended Complaint. *See, e.g.*, ECF No. 28, SAC ¶ 28.

2.    The terms "ALL" and "ANY" shall each mean any AND all.

3.    The term "AND" shall be understood to mean "OR" and vice versa whenever such construction results in a broader request for information.

4.    The term "CITY" shall mean Defendant City and County of San Francisco and its agents and employees.

5.    The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR ideas, OR ANY request for the transfer of such information, including, but not limited to, making, sending, OR receiving information from electronic mail messages, telephone calls, statements on social media platforms including but not limited to Facebook and Twitter, postings

to message boards, newsfeeds, or comment boards, SMS, MMS, text messages, facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages, presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking, speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

6.      The term "DBI" shall mean the Department of Building Inspection of the City and County of San Francisco, and its agents and employees.

7.      The term "DOCUMENT" or "DOCUMENTS" is broadly defined to include, without limitation, any and all originals, copies or drafts of the following: handwriting, notes, typewriting, printout, photocopies, prints, photographs, films, audiotapes, videotapes, all electronically recorded images and data (such as computer diskettes, hard drives, CD-ROMs), sketches, maps, plans, charts, diagrams, schedules, letters, memoranda, reports "and every other means of recording upon any tangible thing any form of communication, representation, including letters, words, pictures, sounds, or symbols, or combinations thereof."

8.      The term "PERSON" includes a natural person, firm, business, association, partnership, corporation, trust or public entity.

9.      The terms "RELATE TO" or "RELATING TO" include concerning, pertaining to, relating to, referring to, relevant to, evidencing, recording, summarizing, memorializing, AND regarding.

10.     The term "Plaintiff's Property" shall mean the real property located at 200 Naples Street, San Francisco, California.

11.     The terms "YOU" or "YOUR" shall mean you, Plaintiff Patrick Gallagher, his agents, employees, representatives, attorneys, investigators, experts, insurers, accountants, executors, administrators, and anyone acting on his behalf, including any PERSON directly or indirectly employed by or associated with Plaintiff Patrick Gallagher or his counsel, and anyone else otherwise subject to Plaintiff Patrick Gallagher's control.

///

///

///

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:

ALL DOCUMENTS mentioned, identified, described, OR in any way referenced in YOUR Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 2**:

ALL DOCUMENTS RELATING TO the PLAINTIFF'S PROPERTY.

**REQUEST FOR PRODUCTION NO. 3**:

ALL DOCUMENTS RELATING TO YOUR acquisition of the PLAINTIFF'S PROPERTY, including but not limited ANY purchase agreements, loan agreements, addenda, investors AND amendments thereto.

**REQUEST FOR PRODUCTION NO. 4**:

ALL DOCUMENTS RELATING TO YOUR ownership of the PROPERTY.

**REQUEST FOR PRODUCTION NO. 5**:

ALL COMMUNICATIONS RELATING TO the PROPERTY.

**REQUEST FOR PRODUCTION NO. 6**:

ALL DOCUMENTS RELATING TO the buyouts of ANY tenants of PLAINTIFF'S PROPERTY, including but not limited to ALL pre-buyout notices, and buyout agreements.

**REQUEST FOR PRODUCTION NO. 7**:

ALL COMMUNICATIONS between YOU and ANY PERSON RELATING TO the buyouts of ANY tenants of the PROPERTY, including but not limited to COMMUNICATIONS RELATING TO the negotiation AND discussion of ANY buyouts.

**REQUEST FOR PRODUCTION NO. 8**:

ALL COMMUNICATIONS between YOU and ANY PERSON related to the meeting between PLAINTIFF and the "CITY's Board of Supervisors" as described in paragraph 44 of the Second Amended Complaint.

///

///

///

**REQUEST FOR PRODUCTION NO. 9**:

ALL COMMUNICATIONS between YOU and ANY PERSON related to , including but not limited to the meeting between PLAINTIFF and the "CITY's Board of Supervisors" as described in paragraph 45 of the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 10**:

ALL COMMUNICATIONS between YOU and ANY PERSON, including but not limited to William Hughen ("HUGHEN"), RELATING TO the 200 NAPLES STREET PROJECT.

**REQUEST FOR PRODUCTION NO. 11**:

ALL COMMUNICATIONS between YOU and ANY PERSON, including but not limited to Kevin Birmingham ("BIRMINGHAM"), RELATING TO the 200 NAPLES STREET PROJECT.

**REQUEST FOR PRODUCTION NO. 12**:

ALL COMMUNICATIONS between YOU and ANY PERSON, including but not limited to Natalia Fossi ("KWAITKOWSKA"), RELATING TO the 200 NAPLES STREET PROJECT.

**REQUEST FOR PRODUCTION NO. 13**:

ALL COMMUNICATIONS between YOU and ANY PERSON, including but not limited to Joe Duffy ("DUFFY"), RELATING TO 200 NAPLES STREET PROJECT.

**REQUEST FOR PRODUCTION NO. 14**:

ALL COMMUNICATIONS between YOU and ANY PERSON RELATING TO Santos & Urrutia Associates, Inc.

**REQUEST FOR PRODUCTION NO. 15**:

ALL COMMUNICATIONS between YOU and ANY PERSON RELATING TO Rodrigo Santos.

**REQUEST FOR PRODUCTION NO. 16**:

ALL COMMUNICATIONS between YOU and ANY PERSON RELATING TO Albert Urrutia.

**REQUEST FOR PRODUCTION NO. 17**:

ALL COMMUNICATIONS between YOU and ANY PERSON RELATING TO Bernard Curran.

1    **REQUEST FOR PRODUCTION NO. 18**:

2        ALL COMMUNICATIONS between YOU and ANY PERSON RELATING TO Matthew

3    Greene.

4    **REQUEST FOR PRODUCTION NO. 19**:

5        ALL COMMUNICATIONS between YOU and ANY PERSON RELATING TO Mauricio

6    Hernandez ("HERNANDEZ").

7    **REQUEST FOR PRODUCTION NO. 20**:

8        ALL COMMUNICATIONS between YOU and ANY PERSON RELATING TO San

9    Francisco's Department of Building Inspection.

10   **REQUEST FOR PRODUCTION NO. 21**:

11       ALL COMMUNICATIONS between YOU and ANY PERSON RELATING TO the sale of

12   200 NAPLES STREET.

13   **REQUEST FOR PRODUCTION NO. 22**:

14       ALL COMMUNICATIONS between YOU and ANY PERSON YOU believe was employed

15   by the Federal Bureau of Investigation.

16   **REQUEST FOR PRODUCTION NO. 23**:

17       ALL COMMUNICATIONS between YOU and Bernard Curran.

18   **REQUEST FOR PRODUCTION NO. 24**:

19       ALL COMMUNICATIONS between YOU and William Hughen.

20   **REQUEST FOR PRODUCTION NO. 25**:

21       ALL COMMUNICATIONS between YOU and Santos & Urrutia Associates, Inc., including

22   ANY of its agents, employees, representatives, attorneys, OR anyone acting on its behalf.

23   **REQUEST FOR PRODUCTION NO. 26**:

24       ALL COMMUNICATIONS between YOU and Rodrigo Santos.

25   **REQUEST FOR PRODUCTION NO. 27**:

26       ALL COMMUNICATIONS between YOU and Albert Urrutia.

27   **REQUEST FOR PRODUCTION NO. 28**:

28       ALL COMMUNICATIONS between YOU and Kevin Birmingham.

1    **REQUEST FOR PRODUCTION NO. 29**:

2        ANY Notices of Violation that DBI has issued to YOU or ANY entity in which YOU had an

3    ownership interest of 10% or more.

4    **REQUEST FOR PRODUCTION NO. 30**:

5        ANY Orders of Abatement that DBI has issued to YOU or ANY entity in which YOU had an

6    ownership interest of 10% or more.

7    **REQUEST FOR PRODUCTION NO. 31**:

8        ALL COMMUNICATIONS between YOU and KWAITKOWSKA.

9    **REQUEST FOR PRODUCTION NO. 32**:

10       ALL DOCUMENTS supporting your allegation that "Plaintiff entered into an agreement to sell

11   the subject property and it went into escrow." *See* SAC ¶¶ 35.

12   **REQUEST FOR PRODUCTION NO. 33**:

13       ALL DOCUMENTS supporting your allegation that "Plaintiff was contacted by the Federal

14   Bureau of Investigation, discussing his dealings with CURRAN and SANTOS concerning the apparent

15   scheme that was perpetrated against him." *See* SAC ¶¶ 37.

16   **REQUEST FOR PRODUCTION NO. 34**:

17       ALL DOCUMENTS supporting your allegation that "DUFFY, BIRMINGHAM,

18   HERNANDEZ, HUGHEN, and KWAITKOWSKA" were "close associates with both CURRAN and

19   SANTOS."  *See* SAC ¶¶ 38.

20   **REQUEST FOR PRODUCTION NO. 35**:

21       ALL DOCUMENTS supporting your allegation that "DUFFY, BIRMINGHAM,

22   HERNANDEZ, HUGHEN, and KWAITKOWSKA" "became ware and/or were under the belief that

23   Plaintiff had discussions with the FBI concerning CURRAN and SANTOS."  *See* SAC ¶¶ 38.

24   **REQUEST FOR PRODUCTION NO. 36**:

25       ALL DOCUMENTS supporting your allegation that "HERNANDEZ AND BIRMINGHAM,

26   another SFDBI Building Inspector, began the retaliation campaign against Plaintiff."  *See* SAC ¶¶ 41.

27   ///

28   ///

**REQUEST FOR PRODUCTION NO. 37**:

ALL DOCUMENTS supporting your allegation that ANY DEFENDANT in this case issued a notice of violation in error.

**REQUEST FOR PRODUCTION NO. 38**:

ALL DOCUMENTS that support YOUR contention that DUFFY "was in charge of and had complete oversight of SFDBI and all of its employees." *See* SAC ¶¶ 46.

**REQUEST FOR PRODUCTION NO. 39**:

ALL DOCUMENTS that support YOUR contention that DUFFY "was a final policymaker acting under the color of his authority and had the power to approve, deny, and/or overturn any decisions made by SFDBI employees concerning their "regulation" of the subject property to ensure conformance with CITY policies.." *See* SAC ¶¶ 46.

**REQUEST FOR PRODUCTION NO. 40**:

ALL DOCUMENTS that support YOUR contention that HUGHEN and KWAITKOWSKA "egregiously delayed the approval of the application for months on end, forcing Plaintiff to jump over more arbitrary hurdles." *See* SAC ¶ 46.

**REQUEST FOR PRODUCTION NO. 41**:

ALL DOCUMENTS that support YOUR contention that the determination "that the driveway on the subject property was out of code and could not be used for off street parking anymore" was erroneous. *See* SAC ¶ 50.

**REQUEST FOR PRODUCTION NO. 42**:

ALL DOCUMENTS RELATING TO communications with the San Francisco City Attorney's Office.

**REQUEST FOR PRODUCTION NO. 43**:

ALL DOCUMENTS RELATING TO YOUR cause of action for Retaliation under 42 U.S.C. § 1983 under *Monell* against the CITY.

**REQUEST FOR PRODUCTION NO. 44**:

ALL DOCUMENTS RELATING TO YOUR cause of action for Retaliation under 42 U.S.C. § 1983 against DUFFY.

1 | **REQUEST FOR PRODUCTION NO. 45**:

2 |     ALL DOCUMENTS RELATING TO YOUR cause of action for Retaliation under 42 U.S.C. §

3 | 1983 against BIRMINGHAM..

4 | **REQUEST FOR PRODUCTION NO. 46**:

5 |     ALL DOCUMENTS RELATING TO YOUR cause of action for Retaliation under 42 U.S.C. §

6 | 1983 against HERNANDEZ.

7 | **REQUEST FOR PRODUCTION NO. 47**:

8 |     ALL DOCUMENTS RELATING TO YOUR cause of action for Retaliation under 42 U.S.C. §

9 | 1983 against HUGHEN.

10 | **REQUEST FOR PRODUCTION NO. 48**:

11 |     ALL DOCUMENTS RELATING TO YOUR cause of action for Retaliation under 42 U.S.C. §

12 | 1983 against KAWAITKOWSKA.

14 | Dated: May 30, 2025

                                          DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
HUNTER W. SIMS III
Deputy City Attorney

By: _____
              HUNTER W. SIMS III

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
WILLIAM HUGHEN; KEVIN BIRMINGHAM;
NATALIA FOSSI (ERRONEOUSLY SUED AS
NATALIA KWAITKOWSKA); MAURICIO
HERNANDEZ; and JOE DUFFY

1

**PROOF OF SERVICE**

2

I, KATHLEEN K. HILL, declare as follows:

3

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

4

5

On May 30, 2025, I served the following document(s):

6

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PATRICK GALLAGHER**

7

on the following persons at the locations specified:

8

Patrick Gallagher
470 Coletas Way
Byron, CA 94514

9

10

Tel: (925) 325-3911
Email: bigblockpat@gmail.com

11

*Plaintiff in Pro Per*

12

in the manner indicated below:

13

14

☒      **BY UNITED STATES MAIL**: Following ordinary business practices, I caused to be sealed true and correct copies of the above documents in addressed envelope(s) and had them placed at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that were placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

15

16

17

☒      **BY ELECTRONIC MAIL:** I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address: kathleen.hill@sfcityatty.org.

18

19

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed May 30, 2025, at California.

20

_____
KATHLEEN K. HILL

21

22

23

24

25

26

27

28