1  Timothy J. Halloran - 104498
       THalloran@mpbf.com
2  John P. Girarde - 191518
       JGirarde@mpbf.com
3  Alston L. Lew
       Alew@mpbf.com
4  MURPHY, PEARSON, BRADLEY & FEENEY
   550 California Street, 14th Floor
5  San Francisco, CA  94104-1001
   Telephone:  (415) 788-1900
6  Facsimile:   (415) 393-8087

7  Attorneys for Defendant
   BERNARD J. CURRAN

8

9

10                      **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

12

| PATRICK GALLAGHER, | Case No.: 23-cv-03579-SI (JCS) |
|---|---|
| Plaintiff, | **DEFENDANT BERNARD CURRAN'S ANSWER TO PLAINTIFF PATRICK GALLAGHER'S UNVERIFIED SECOND AMENDED COMPLAINT** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA; JOE DUFFY, | |
| Defendants. | |

22

23         Defendant BERNARD CURRAN ("Defendant") herein responds to the unverified

24  Second Amended Complaint of Plaintiff PATRICK GALLAGHER ("Plaintiff") as

25  follows:

26  / / /

27

28

                                    - 1 -

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### INTRODUCTION

1.     Defendant does not contest this allegation and has no knowledge of the validity of this allegation.

2.     Defendant denies this allegation as a whole.  Defendant further denies the specific allegations relating to pay-to-play fraud, targeting of individuals as part of said fraud, that Plaintiff was in compliance with City ordinances, and that frivolous code enforcement violations were used.

3.     Defendant denies this allegation as a whole.  Defendant further denies the specific allegations that he "specifically perpetrated a scheme against Plaintiff" or that he was arrested and charged for accepting gratuities as rewards for building permits issued to Plaintiff directly.  As to the allegation of whether Plaintiff spoke to the FBI about any scheme, Defendant has no personal knowledge of such interactions.

4.     Defendant denies this allegation as a whole.  Defendant further denies having any personal knowledge of Plaintiff's participation in FBI investigations as alleged and whether any retaliation took place from City employees due to an alleged fraudulent scheme against Plaintiff to deprive him of the subject property.

5.     Defendant denies this allegation as a whole and denies having any personal knowledge of the transactions described.

6.     Defendant denies this allegation as a whole.  Defendant further denies this allegation specifically as to the portion of the statement indicating the subject property has not sold due to City retaliation.  Defendant has no personal knowledge of the subject property as being in escrow three times and denies as to the rest of the allegation.

7.     Defendant denies this allegation as a whole.

8.     Defendant denies this allegation as a whole to the extent it includes him as an agent of the City.

### PARTIES

DEFENDANT BERNARD CURRAN'S ANSWER TO PLAINTIFF PATRICK
GALLAGHER'S UNVERIFIED SECOND AMENDED COMPLAINT

CASE NO.
23-CV-03579-SI (JCS)

9.     Defendant does not contest this allegation, but has no personal knowledge on whether Plaintiff is or was a resident of the City and County of San Francisco or that Plaintiff is a trustee for the Madison Trust FBO Patrick Gallagher.  Based on information and belief, Plaintiff now appears to presently reside in Arizona.

10.     Defendant denies this allegation as a whole to the extent it incorrectly describes the process by which the City issues permits, performs enforcement and is set up from an organizational structure. Defendant also denies the allegation to the extent it improperly describes his role as an employee of the City.  Defendant denies this allegation because he does not have any personal knowledge of the City's interactions and/or transactions with Plaintiff and can only attest to alleged actions against him only.

11.     Defendant denies this allegation as a whole to the extent it incorrectly describes the process by which the City issues permits, performs enforcement and is set up from an organizational structure. Defendant also denies the allegation to the extent it improperly describes his role as an employee of the City.

12.     Defendant denies this allegation as a whole to the extent it incorrectly describes the process by which the City issues permits, performs enforcement and is set up from an organizational structure. Defendant also denies the allegation to the extent it improperly describes RODRIGO SANTOS' ("Santos") role as an employee of the City. Furthermore, Defendant has no personal knowledge of the individual's role in transactions involving Plaintiff as described.

13.     Defendant denies this allegation as a whole to the extent it incorrectly describes the process by which the City issues permits, performs enforcement and is set up from an organizational structure. Defendant also denies the allegation to the extent it improperly describes JOE DUFFY'S ("Duffy") role as an employee of the City. Furthermore, Defendant has no personal knowledge of the individual's role in transactions involving Plaintiff as described.

14.     Defendant denies this allegation as a whole to the extent it incorrectly describes the process by which the City issues permits, performs enforcement and is set

up from an organizational structure. Defendant also denies the allegation to the extent it improperly describes KEVIN BIRMINGHAM'S ("Birmingham") role as an employee of the City.  Furthermore, Defendant has no personal knowledge of the individual's role in transactions involving Plaintiff as described.

15.    Defendant denies this allegation as a whole to the extent it incorrectly describes the process by which the City issues permits, performs enforcement and is set up from an organizational structure. Defendant also denies the allegation to the extent it improperly describes MAURICIO HERNANDEZ'S ("Hernandez") role as an employee of the City.  Furthermore, Defendant has no personal knowledge of the individual's role in transactions involving Plaintiff as described.

16.    Defendant denies this allegation as a whole to the extent it incorrectly describes the process by which the City issues permits, performs enforcement and is set up from an organizational structure. Defendant also denies the allegation to the extent it improperly describes WILLIAM HUGHEN'S ("Hughen") role as an employee of the City.  Furthermore, Defendant has no personal knowledge of the individual's role in transactions involving Plaintiff as described.

17.    Defendant denies this allegation as a whole to the extent it incorrectly describes the process by which the City issues permits, performs enforcement and is set up from an organizational structure. Defendant also denies the allegation to the extent it improperly describes NATALIA KWAITKOWSKA'S ("Kwaitkowska") role as an employee of the City.  Furthermore, Defendant has no personal knowledge of the individual's role in transactions involving Plaintiff as described.

18.    Defendant denies this allegation as a whole.

19.    Defendant denies this allegation as a whole.  Defendant was and is not an agent, servant, representative, employee or employer of any of the listed defendants other than the City.

20.    Defendant admits all of the parties listed in this allegation are defendants to this action.  Defendant however denies any connection with any of the listed defendants

other than with the City as a former employee of the City.

## JURISDICTION AND VENUE

21.    Defendant denies this allegation as a whole as to whether the amount in controversy is met and whether this federal court is the proper venue for this matter to be tried.  Defendant denies this allegation to the extent it implies that the work on the subject property was to be performed by the County of San Francisco as alleged.

22.    Defendant neither admits or denies this allegation other than to admit that this matter is presently before the United States District Court for the Northern District of California.

## SATISFACTION OF GOVERNMENT CLAIMS REQUIREMENTS

23.    Defendant denies this allegation as a whole.

24.    Defendant denies this allegation as a whole as to whether Plaintiff's written claims to the City and County of San Francisco presented valid claims that were actionable and whether the written claims adhered to statutory requirements.  Defendant admits that the City issued a written rejection to Plaintiff's claims.

25.    Defendant denies this allegation as a whole.  To the extent Plaintiff's complaint and subsequent amended complaints are untimely, Defendant asserts the affirmative defense of Plaintiff's claims being barred by applicable statute of limitations.

## PUBLIC ENTITY LIABILITY

26.    Defendant denies this allegation.

## FACTUAL ALLEGATIONS

27.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.

28.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Furthermore, Defendant has no personal knowledge of whether Plaintiff is a veteran of the construction industry as he claims for the time specified or that the subject property that was bought was within the scope of Plaintiff's business or that the subject property was placed in the specified trust.

- 5 -

29.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.

30.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Furthermore, Defendant can only respond to allegations directly alleged against him and not to the actions of others and on that basis denies the allegation as a whole.

31.    Defendant denies this allegation as a whole.  Furthermore, in terms of specifics, Defendant denies Plaintiff's characterization of the of the interaction between the parties as alleged or any characterization that Defendant "insisted" on Plaintiff hiring Santos or that Defendant issued Plaintiff a "mandate".  Defendant further denies that Plaintiff complied with any directions/instructions given by Defendant.

32.    Defendant denies this allegation as a whole.  Defendant has not knowledge of the interactions and transactions between the parties as described and on that basis denies the allegation.

33.    Defendant denies this allegation as a whole.  Furthermore, Defendant specifically denies that Plaintiff was issued an "all-encompassing permit" to begin any renovation process.

34.    Defendant denies this allegation as a whole.  Defendant denies that he issued any certificate of completion on the month or year specified.

35.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.

36.    Defendant denies this allegation as a whole.  Furthermore, Defendant specifically denies that there was any "illegal 'pay to play' scheme" he was involved in.

37.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Furthermore, Defendant specifically denies that he "perpetrated" any scheme against Plaintiff with any other parties.

38.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Furthermore, Defendant specifically

- 6 -

denies that Duffy, Birmingham, Hernandez, Hughen and Kwaitkowska and/or Santos were close associates. Defendant has no personal knowledge of what discussions Plaintiff had with the FBI if any. Defendant does admit that he was an employee of the City at the time he interacted with Plaintiff regarding the subject property and worked in his capacity as a City employee.

39.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Defendant specifically denies the allegation that he signed off on any certificate of completion for the subject property on behalf of the City. As to the rest of the allegation, Defendant lacks sufficient personal knowledge of the allegation and denies it on that basis.

40.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Furthermore, Defendant specifically denies the allegation based on his lack of personal knowledge of the events described involving an unspecified/unidentified City Planning Commissioner and events unrelating to facts involving this lawsuit including the referenced settlement reached between unrelated parties.

41.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Furthermore, Defendant specifically denies the last statement Plaintiff attributes to the identified City employees to the extent Plaintiff seeks to implicate Defendant with that alleged statement. Defendant has no personal knowledge of any of the actions or statements alleged in this allegation and on that basis denies it as a whole.

42.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Furthermore, Defendant denies this allegation specifically as to himself to the extent Plaintiff seeks to attribute the alleged "demands" to Defendant.

43.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Defendant has no personal knowledge

of the incidents described in the allegation and therefore denies the allegation as a whole.

44.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Defendant has no personal knowledge of the incidents described in the allegation and therefore denies the allegation as a whole.

45.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Defendant has no personal knowledge of what "evidence" was presented during the referenced hearing or that the referenced hearing took place and on that basis denies the allegation as a whole.  Defendant further denies that he issued any alleged certificate of completion or that Defendant asserted any demands on Plaintiff as alleged and on that basis denies the allegation as a whole. Defendant denies any knowledge of Plaintiff speaking to the FBI or of Plaintiff being retaliated against by the City as alleged.

46.    Defendant denies this allegation as a whole especially any reference to the issuance of a "valid certificate of completion" to the extent Plaintiff seeks to imply the identified certificate was issued by Defendant.  As to the rest of the allegation, Defendant lacks sufficient information to either admit or deny the allegation and as a results denies the allegation in its entirety.

47.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Defendant has no personal knowledge of the incidents described in the allegation and therefore denies the allegation as a whole. Defendant lacks sufficient knowledge to offer an opinion on whether Duffy's role as a Deputy Director working for the City entails all of the duties attributed to him by Plaintiff and on that basis, denies the allegations in Plaintiff's allegations contained in 47(a), 47(b), 47(c), 47(d), 47(e), 47(f) and 47(g).

48.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Defendant has no personal knowledge of the incidents described in the allegation and therefore denies the allegation as a whole. Defendant denies the allegation specifically to the extent Plaintiff seeks to implicate him

- 8 -

on issuing "demands" on behalf of the City that were illegal or part of any fraudulent scheme.

49.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Defendant has no personal knowledge of the incidents described in the allegation and therefore denies the allegation as a whole.

50.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Defendant has no personal knowledge of the incidents described in the allegation and therefore denies the allegation as a whole.

51.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Defendant has no personal knowledge of the incidents described in the allegation and therefore denies the allegation as a whole. Defendant denies Plaintiff's allegation specifically to the extent Plaintiff seeks to implicate him on issuing "demands" on behalf of the City that were illegal or part of any fraudulent scheme.

52.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Defendant has no personal knowledge of the incidents described in the allegation and therefore denies the allegation as a whole. Defendant denies any allegations by Plaintiff that indicate Plaintiff received a certificate of completion or that any action of Defendant resulted in Plaintiff suffering a loss on the subject property.

53.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Defendant has no personal knowledge of the incidents described in the allegation and therefore denies the allegation as a whole.

54.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Defendant has no personal knowledge of the incidents described in the allegation and therefore denies the allegation as a whole.

55.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Defendant has no personal knowledge

of the incidents described in the allegation and therefore denies the allegation as a whole.

56.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Defendant has no personal knowledge of the incidents described in the allegation and therefore denies the allegation as a whole.

57.    Defendant denies this allegation as a whole to the extent Plaintiff attributes any of the damages he suffered to actions allegedly performed by Defendant within the past five years.  Defendant denies that in his role as an employee of the City he intentionally or vindictively drew out Plaintiff's renovation process on the subject property during any interaction he had with Plaintiff involving the subject property.

58.    Defendant denies this allegation as a whole to the extent Plaintiff attributes any of the damages he suffered to actions allegedly performed by Defendant on behalf of the City as an employee of the City.

## FIRST CAUSE OF ACTION
## SLANDER OF TITLE

59.    Defendant denies this allegation as a whole including any and all paragraphs being incorporated by Plaintiff as part of this allegation.  Defendant reasserts all applicable denials to this allegation as previously expressed from paragraphs 1-58.

60.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Defendant lacks personal knowledge of whether Plaintiff owns the subject property through his trust, the Madison Trust FBO Patrick Gallagher and therefore denies this allegation as a whole.

61.    Defendant denies this allegation as a whole to the extent Plaintiff alleges Defendant disparaged the quality of the subject property through frivolous code enforcement liens or refusing to release notices of violation, issuing and refusing to release abatement orders, revoking permits or revoking certificates of completion. Defendant has insufficient information to either deny or admit this allegation as to the other Defendants and on that basis denies the allegation as a whole.

62.    Defendant denies this allegation as a whole to the extent Plaintiff alleges

- 10 -

Defendant made disparaging statements to members of the public, including real agents or brokers and prospective purchasers of the subject property. Defendant has insufficient information to either deny or admit this allegation as to the actions of the other defendants and on that basis denies the allegation as a whole.

63. Defendant denies the allegation as a whole to the extent Plaintiff alleges that Defendant made disparaging statements that were without privilege or justification and that the statements were false and done with the intention of suggesting that the subject property was unfit to the sold. Defendant further denies the allegation to the extent it implies that Defendant has waived any applicable privilege Defendant is entitled to claim based on his actions as an employee of the City during Defendant's interactions with Plaintiff relating to the subject property. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

64. Defendants denies the allegation as a whole to the extent Plaintiff alleges that Defendant knew any statements made to Plaintiff were false and/or that Defendant acted with reckless disregard of the truth or falsity of any alleged statements made. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

65. Defendant denies the allegation as a whole to the extent Plaintiff alleges Defendant knew or should have recognized someone else might act or forebear action in reliance on any statements Defendant made about the subject property. Defendant denies the allegation on the basis that it fails to identify who Plaintiff is referring to as "someone" that might have acted in reliance or forebear based on any non-specified statement Defendant is alleged to have made about the subject property. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

66. Defendant denies the allegation as a whole. Defendant did not make any statements that disparaged the subject property or Plaintiff and on that basis denies the

allegation. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

67.     Defendant denies the allegation as a whole. Defendant specifically denies that any action or statement made by Defendant caused the subject property to be unsaleable. Defendant has insufficient information to either deny or admit this allegation as to other defendants and on that basis denies the allegation as a whole.

68.     Defendant denies the allegation as a whole. Defendant specifically denies any action or statement made by him regarding the subject property caused Plaintiff to suffer any financial loss or damage claimed. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

69.     Defendant denies the allegation as a whole. Defendant denies that any action or statement made by Defendant regarding the subject property caused Plaintiff to have to retain counsel to clear title on the property. Defendant denies Plaintiff has a right to recover any attorney's fees and costs in bringing the action as Plaintiff cites to no contractual relationship with Defendant and also does not cite to any statutory authority that permits Plaintiff to recover such damages. Defendant has insufficient information to either deny or admit this allegation as to other defendants and on that basis denies the allegation as a whole.

## THIRD CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

79.     Defendant denies this allegation as a whole including any and all paragraphs being incorporated by Plaintiff as part of this allegation. Defendant reasserts all applicable denials to this allegation as previously expressed from paragraphs 1-69.

80.     Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole. Defendant does not have personal knowledge of whether Plaintiff owned the subject property at all relevant times or if the

1   subject property is held in the Madison Trust FBO Patrick Gallagher and on that basis

2   denies this allegation.  Defendant has insufficient information to either deny or admit this

3   allegation as to the other defendants and on that basis denies the allegation as a whole.

4          81.    Defendant has insufficient information to either deny or admit this allegation

5   and on that basis denies the allegation as a whole.  Defendant has no personal knowledge

6   of whether Plaintiff established economic or contractual relationships with various real

7   estate agents, brokers, purchasers or prospective purchasers relating to the subject

8   property or if any such relationships led to the sale of the subject property and on that

9   basis denies the allegation as a whole.  Defendant has insufficient information to either

10  deny or admit this allegation as to the other defendants and on that basis denies the

11  allegation as a whole.

12         82.    Defendant denies the allegation as a whole because Defendant has no

13  personal knowledge of any real estate agents, brokers, purchasers or prospective

14  purchasers Plaintiff may have had a relationship with for the purchase of the subject

15  property and therefore did not know of any such relationships as alleged.  Defendant has

16  insufficient information to either deny or admit this allegation as to the other defendants

17  and on that basis denies the allegation as a whole.

18         83.    Defendant has insufficient information to either deny or admit this allegation

19  and on that basis denies the allegation as a whole.  Defendant denies that any action he

20  took in relation to the subject property was for the purpose of falsely signifying to

21  unknown real estate agents, brokers, purchasers or prospective purchasers that there were

22  issues with the subject property simply to avoid considering purchase of the subject

23  property.  Furthermore, Defendant denies the allegation because he lacks personal

24  knowledge that the subject property went into escrow on multiple occasions as alleged.

25  Any action Defendant took in relation to the subject property was within the law and as

26  allowed by local ordinances for the City and County of San Francisco, with Defendant in

27  his capacity as a building inspector and employee for the City and County of San

28  Francisco.  Defendant has insufficient information to either deny or admit this allegation

1   as to the other defendants and on that basis denies the allegation as a whole.

2       84.    Defendant denies the allegation as a whole. Defendant has insufficient

3 information to either deny or admit this allegation as to the other defendants and on that

4 basis denies the allegation as a whole.

5       85.    Defendant denies the allegation as a whole. Defendant has insufficient

6 information to either deny or admit this allegation as to the other defendants and on that

7 basis denies the allegation as a whole.

8       86.    Defendant denies the allegation as a whole. Defendant denies that Plaintiff

9 suffered any damages as a result of any action Defendant took in relation to the subject

10 property in his role as an inspector/employee for the City and County of San Francisco.

11 Defendant further denies that he was the cause of any damages Plaintiff suffers Plaintiff

12 alleges he suffered in regards to the subject property. Defendant has insufficient

13 information to either deny or admit this allegation as to the other defendants and on that

14 basis denies the allegation as a whole.

15       87.    Defendant denies the allegation as a whole. Defendant denies that Plaintiff

16 suffered any damages as a result of any action Defendant took in relation to the subject

17 property in his role as an inspector/employee for the City and County of San Francisco.

18 Defendant further denies that he was the cause of any damages Plaintiff alleges he

19 suffered in regards to the subject property. Defendant has insufficient information to

20 either deny or admit this allegation as to the other defendants and on that basis denies the

21 allegation as a whole.

22       88.    Defendant denies the allegation as a whole. Defendant denies that Plaintiff

23 suffered any damages as a result of any action Defendant took in relation to the subject

24 property in his role as an inspector/employee for the City and County of San Francisco.

25 Defendant further denies that he was the cause or a substantial factor for any damages

26 Plaintiff alleges he suffered in regards to the subject property. Defendant has insufficient

27 information to either deny or admit this allegation as to the other defendants and on that

28 basis denies the allegation as a whole.

DEFENDANT BERNARD CURRAN'S ANSWER TO PLAINTIFF PATRICK       CASE NO.
GALLAGHER'S UNVERIFIED SECOND AMENDED COMPLAINT       23-CV-03579-SI (JCS)

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983**

89.    Defendant denies this allegation as a whole including any and all paragraphs being incorporated by Plaintiff as part of this allegation.    Defendant reasserts all applicable denials to this allegation as previously expressed from paragraphs 1-88.

90.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole since Plaintiff merely recites statutory language without asserting any facts.    Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

91.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.    Defendant specifically denies having any personal knowledge of whether Plaintiff had discussions with the FBI and also specifically denies that he engaged in any unspecified corruptive practices.    Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

92.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.    Defendant specifically denies the allegation that he had any personal knowledge or was involved in the firing of Santos as the structural engineer on his renovation project for the subject property.    Defendant further denies that he participated in any ongoing scheme or perpetuated any ongoing scheme against Plaintiff with other parties as alleged and on that basis denies the allegation as a whole.    Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

93.    Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.    Defendant specifically denies having any personal knowledge of whether Plaintiff had discussions with the FBI about any "ongoing scheme".    Defendant denies he participated in any ongoing scheme or

perpetuated any ongoing scheme against Plaintiff with other parties as alleged and on that basis denies the allegation as a whole. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

94.    Defendant denies the allegation as a whole. Defendant specifically denies acting under color of local ordinance or law to use his authority as a City inspector and an employee of the City and County of San Francisco to retaliate against Plaintiff to deprive him of his right to freedom of speech under the Fourteenth Amendment and United States Constitution relating to the subject property. Defendant denies engaging in any unlawful activities in regards to the subject property for the purpose of denying Plaintiff his rights to freedom of speech under the Fourteenth Amendment and United States Constitution in regards to the subject property and denies: issuing and refusing to release frivolous code enforcement liens; denies issuing and refusing to release notices of violation; denies issuing and refusing to release abatement orders; denies revoking permits; denies revoking a certificate of completion; and denies making disparaging statements relating to the subject property. Any action Defendant took in relation to the subject property was within the law and as allowed by local ordinances for the City and County of San Francisco, with Defendant working in his capacity as a building inspector and employee for the City and County of San Francisco. Defendant denies issuing any certificate of completion for the subject property. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

95.    Defendant denies the allegation as a whole. Defendant denies targeting Plaintiff's property interests or rights specifically. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

96.    Defendant denies the allegation as a whole. Defendant denies that any action he took in relation to the subject property was done in response to Plaintiff's statements

- 16 -

concerning the subject property and was meant to deprive Plaintiff's exercise of his right of freedom of speech. Any action Defendant took in relation to the subject property was within the law and as allowed by local ordinances for the City and County of San Francisco, with Defendant working in his capacity as a building inspector and employee for the City and County of San Francisco. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

97.    Defendant denies this allegation as a whole. Defendant has no personal knowledge of any statements made by Plaintiff regarding the subject property that were a matter of public concern and on that basis denies the allegation as a whole. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

98.    Defendant denies the allegation as a whole and denies that Plaintiff suffered any harm as a result of any action Defendant took relating to the subject property. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

99.    Defendant denies the allegation as a whole. Defendant denies that Plaintiff suffered any damages as a result of any action Defendant took in relation to the subject property in his role as an inspector/employee for the City and County of San Francisco. Defendant further denies that he was the cause of any damages Plaintiff alleges he suffered in regards to the subject property. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

100.    Defendant denies the allegation as a whole. Defendant denies that Plaintiff suffered any damages as a result of any action Defendant took in relation to the subject property in his role as an inspector/employee for the City and County of San Francisco. Defendant further denies that he was the cause of any damages Plaintiff alleges he suffered in regards to the subject property. Defendant denies Plaintiff has a right to

- 17 -

recover any attorney's fees and costs in bringing the action as Plaintiff cites to no contractual relationship with Defendant and also does not cite to any statutory authority that permits Plaintiff to recover such damages. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

101.    Defendant denies this allegation as a whole including any and all paragraphs being incorporated by Plaintiff as part of this allegation. Defendant reasserts all applicable denials to this allegation as previously expressed from paragraphs 1-100.

102.    Defendant denies this allegation as a whole. Defendant denies this allegation as Plaintiff fails to provide any details regarding retaliatory or harassing acts that Defendant is alleged to have committed and on that basis denies the allegation as a whole. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

103.    Defendant lacks sufficient information to either deny or admit this allegation and on that basis denies this allegation as a whole with respect to whether Plaintiff has suffered any severe emotional distress. Defendant denies he caused Plaintiff severe emotional distress and denies he acted in reckless disregard. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

104.    Defendant lacks sufficient information to either deny or admit this allegation and on that basis denies this allegation as a whole with respect to whether Plaintiff suffered any severe emotional distress. Defendant denies he caused Plaintiff severe emotional distress. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

105.    Defendant lacks sufficient information to either deny or admit this allegation and on that basis denies this allegation as a whole with respect to whether Plaintiff has

- 18 -

suffered any severe emotional distress.  Defendant denies he caused Plaintiff severe emotional distress and denies that Plaintiff has suffered any injuries or any damages as a result of any action Defendant took in relation to the subject property.  Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

106.   Defendant denies this allegation as a whole with respect to whether Plaintiff has suffered any severe emotional distress and whether Plaintiff's decision to hire legal counsel were a result of any actions Defendant did in relation to the subject property. Defendant denies he caused Plaintiff severe emotional distress.   Defendant denies Plaintiff has a right to recover any attorney's fees and costs in bringing the action as Plaintiff cites to no contractual relationship with Defendant and also does not cite to any statutory authority that permits Plaintiff to recover such damages.   Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

107.   Defendant denies this allegation as a whole with respect to whether Plaintiff has suffered any severe emotional distress as a result of any action Defendant took in relation to the subject property.  Defendant denies he caused Plaintiff severe emotional distress and denies he was a substantial factor in any emotional distress Plaintiff alleges he suffered due to the subject property.  Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

## SIXTH CAUSE OF ACTION
## NEGLIGENCE

108.   Defendant denies this allegation as a whole including any and all paragraphs being incorporated by Plaintiff as part of this allegation.   Defendant reasserts all applicable denials to this allegation as previously expressed from paragraphs 1-109.

109.   Defendant denies this allegation as a whole.  Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that

- 19 -

basis denies the allegation as a whole.

110.    Defendant denies this allegation as a whole.  Defendant specifically denies that he owed Plaintiff any duty of care and if any duty was owed, Defendant acted in a reasonable manner as an inspector and employee of the City and County of San Francisco should while performing an inspection at the subject property.  Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

111.    Defendant denies this allegation as a whole.  Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

112.    Defendant denies this allegation as a whole.  Defendant denies he caused Plaintiff to suffer any injuries as a result of any actions Defendant took relating to the subject property.  Defendant denies Plaintiff suffered any damages as a result of any actions Defendant took in relation to the subject property. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

113.    Defendant denies this allegation as a whole.  Defendant denies he caused Plaintiff to suffer any injuries as a result of any actions Defendant took relating to the subject property.  Defendant denies Plaintiff suffered any damages as a result of any actions Defendant took in relation to the subject property. Defendant denies Plaintiff has a right to recover any attorney's fees and costs in bringing the action as Plaintiff cites to no contractual relationship with Defendant and also does not cite to any statutory authority that permits Plaintiff to recover such damages. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

114.    Defendant denies this allegation as a whole.  Defendant denies he caused Plaintiff to suffer any injuries as a result of any actions Defendant took relating to the subject property.  Defendant denies Plaintiff suffered any damages as a result of any

actions Defendant took in relation to the subject property. Defendant denies he was a substantial factor for any damages Plaintiff alleges he suffered in relation to the subject property. Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

## SEVENTH CAUSE OF ACTION
## DECLARATORY RELIEF

115.   Defendant denies this allegation as a whole including any and all paragraphs being incorporated by Plaintiff as part of this allegation.   Defendant reasserts all applicable denials to this allegation as previously expressed from paragraphs 1-114.

116.   Defendant has insufficient information to either deny or admit this allegation and on that basis denies the allegation as a whole.  Defendant lacks personal knowledge of whether Plaintiff owns the subject property through his trust, the Madison Trust FBO Patrick Gallagher and therefore denies this allegation as a whole.

117.   Defendant denies this allegation as a whole.  Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

118.   Defendant denies this allegation as a whole.  Defendant denies that any actual controversy has arisen between him and Plaintiff and notes that the majority of Plaintiff's allegations relate to actions allegedly done by other entities or individuals after Defendant's purported involvement with the subject property.  Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

119.   Defendant denies this allegation as a whole to the extent it is unclear what declaratory relief Plaintiff seeks under this cause of action.  Defendant lacks sufficient information to either deny or admit this allegation and on that basis denies the entire allegation as a whole.  Defendant has insufficient information to either deny or admit this allegation as to the other defendants and on that basis denies the allegation as a whole.

**PRAYER**

1.    Defendant denies Plaintiff is entitled to general damages or any damages based on the allegations pled in the operative Complaint.

2.    Defendant denies Plaintiff is entitled to special damages or any damages based on the allegations pled in the operative Complaint.

3.    Defendant denies Plaintiff is entitled to compensatory damages or any damages based on the allegations pled in the operative Complaint.

4.    Defendant denies Plaintiff is entitled to treble damages under Civil Code § 3345 or any damages based on the allegations pled in the operative Complaint.

5.    Defendant denies Plaintiff is entitled to an order enjoining Defendants from violating Plaintiff's constitutional rights based on the allegations pled in the operative Complaint since it is unclear what constitutional rights if any were violated.

6.    Defendant denies Plaintiff is entitled to injunctive relief based on the allegations pled in the operative Complaint since it is unclear what injunctive relief Plaintiff seeks if any.

7.    Defendant denies Plaintiff is entitled to punitive damages or any damages based on the allegations pled in the operative Complaint.

8.    Defendant denies Plaintiff is entitled to prejudgment interest and pretrial interest or any damages based on the allegations pled in the operative Complaint as Plaintiff cites to any statutory authority allowing collection of such interest.

9.    Defendant denies Plaintiff is entitled to collect incurred attorney's fees and costs based on the allegations pled in the operative Complaint since Plaintiff fails to allege any contractual relationship with Defendant and fails to cite any statutory authority allowing recovery of such fees and costs.

10.    Defendant denies Plaintiff is entitled any damages based on the allegations pled in the operative Complaint.

11.    Defendant denies Plaintiff is entitled to any damages based on the allegations pled in the operative Complaint.

12.     Defendant denies Plaintiff is entitled to claim relief from this Court based on the allegations pled in the operative Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.     As a separate affirmative defense to the Second Amended Complaint and every cause of action alleged therein, Defendant alleges that the Second Amended Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

2.     As a separate affirmative defense to the Second Amended Complaint and every cause of action alleged therein, Defendant alleges that the Second Amended Complaint, and each cause of action therein, is barred by the applicable statute of limitations. *See* Cal. Civ. Proc. Code § 335.1; *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir.2014; *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004).

## THIRD AFFIRMATIVE DEFENSE

3.     As a separate affirmative defense to the Second Amended Complaint and every cause of action alleged therein, Defendant alleges that other persons were negligent and/or committed intentional acts, and that this negligence or these intentional acts proximately contributed to the happening of the incidents referred to in the Second Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

4.     As a separate affirmative defense to the Second Amended Complaint and every cause of action alleged therein, Defendant alleges the Second Amended Complaint is barred by laches.

## FIFTH AFFIRMATIVE DEFENSE

5.     As a separate affirmative defense to the Second Amended Complaint and every cause of action alleged therein, Defendant alleges that the Second Amended Complaint is barred by the equitable Doctrine of Unclean Hands.

1

## SIXTH AFFIRMATIVE DEFENSE

2      6.    As a separate affirmative defense to the Second Amended Complaint and

3 every cause of action alleged therein, Defendant alleges that other people or entities' prior

4 misconduct and/or intentional acts were superseding and/or intervening causes for

5 Plaintiff's injuries and/or damages, if any there were, for which Defendants cannot be

6 responsible.

7

## SEVENTH AFFIRMATIVE DEFENSE

8      7.    As a separate affirmative defense to the Second Amended Complaint and

9 every cause of action alleged therein, Defendant alleges that Defendants' conduct was

10 privileged pursuant to California Civil Code § 47, and as a result, the Second Amended

11 Complaint is barred.

12

## EIGHTH AFFIRMATIVE DEFENSE

13      8.    As a separate affirmative defense to the Second Amended Complaint and

14 every cause of action alleged therein, Defendant alleges that all its actions were taken in

15 good faith and with a reasonable belief that such actions were lawful.

16

## NINTH AFFIRMATIVE DEFENSE

17      9.    As a separate affirmative defense to the Second Amended Complaint and

18 every cause of action alleged therein, Defendant alleges that statutory and common law

19 immunities apply to the acts and/or omissions complained of.

20

## TENTH AFFIRMATIVE DEFENSE

21      10.    As a separate affirmative defense to the Second Amended Complaint and

22 every cause of action alleged therein, Defendant's actions were not a result of an intent to

23 deprive Plaintiff of any inherent constitutional right Plaintiff has to the subject property

24 under either the California Constitution or the United States Constitution.

25

## ELEVENTH AFFIRMATIVE DEFENSE

26      11.    As a separate affirmative defense to the Second Amended Complaint and

27 every cause of action alleged therein, Defendants alleges that none of his practices,

28 particularly those pertinent to allegations in the Second Amended Complaint, are or were

unlawful in that Defendant complied with any and all applicable statues, regulations, municipal/local ordinances and common law requirements and was acting in his lawful capacity as a building inspector and employee for the City and County of San Francisco.

### TWELFTH AFFIRMATIVE DEFENSE

12.    As a separate affirmative defense to the Second Amended Complaint and every cause of action alleged therein, Defendant alleges there was implied consent to attend events complained of and to inspect the subject property to determine Plaintiff was in compliance with state laws and regulations and under applicable lawful local municipal code and ordinances pursuant to the City and County of San Francisco.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    As a separate affirmative defense to the Second Amended Complaint and every cause of action alleged therein, Defendant alleges that his conduct was necessary to further a compelling or legitimate competing interest.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    As a separate affirmative defense to the Second Amended Complaint and every cause of action alleged therein, Defendant alleges Plaintiff had no reasonable expectation of privacy and had no reasonable right to have the subject property fail to comply with building standards expected under applicable lawful local municipal code and ordinances pursuant to the City and County of San Francisco.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    As a separate affirmative defense to the Second Amended Complaint and every cause of action alleged therein, Defendant alleges that none of his conduct was highly offensive.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    As a separate affirmative defense to the Second Amended Complaint and every cause of action alleged therein, Defendant alleges that any actions or omissions he is alleged to have committed or failed to commit was done in his capacity as a building inspector and employee for the City and County of San Francisco.

Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### SEVENTHEENTH AFFIRMATIVE DEFENSE

17.    Defendant alleges that Plaintiff lacks standing for some or all of the claims and remedies asserted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendant alleges that the Second Amended Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate his alleged damages, and said failure bars or reduces the recovery, in any, from Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    Defendants allege that the actions complained of are protected by the doctrine of qualified immunity as set forth in *Anderson v. Creighton*, 483 U.S. 635 (1984) and related cases, absolute immunity and/or the common law immunities protecting peace officers, prosecutors and/or public officials.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Defendant states that any act or omission on the part of the answering Defendants, their agents or employees, was not the proximate cause of Plaintiff's injury.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    By reason of Plaintiff's own acts and omissions, Plaintiff is barred by the equitable doctrines of estoppel, laches, unclean hands, and waiver from seeking any recovery or injunctive relief from Defendant by reason of the allegations set forth in Plaintiff's Second Amended Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    At all times mentioned in Second Amended Complaint herein, Plaintiff acted in a careless, reckless, wanton, and negligent manner in and about the matters set forth in

- 26 -

the Second Amended Complaint; that such careless, reckless, wanton, and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; and that as a consequence, Plaintiff's claims are barred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Defendant denies that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    As a separate and affirmative defense to the Second Amended Complaint and to each and every allegation contained therein, Defendant alleges that his conduct at all times material herein was privileged and/or justified under applicable Federal law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    To the extent Plaintiff's failure to file a claim or legal action regarding the facts alleged in the Second Amended Complaint bars this action each cause of action therein is barred by the doctrine of *res judicata* and collateral estoppel.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Defendant alleges that all activities taken regarding the allegations in the Second Amended Complaint were undertaken for valid law enforcement and/or prosecutorial initiatives.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Defendant at all times acted in good faith, reasonably, truthfully, and/or without any intent to deprive Plaintiff of any rights under the federal or state constitutions, federal or state statutes, thereby entitling him to immunity from suit.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    Defendant did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, nor did he intend to harm or deprive Plaintiff of any rights.

//

//

//

DEFENDANT BERNARD CURRAN'S ANSWER TO PLAINTIFF PATRICK
GALLAGHER'S UNVERIFIED SECOND AMENDED COMPLAINT

CASE NO.
23-CV-03579-SI (JCS)

1

### TWENTY-NINTH AFFIRMATIVE DEFENSE

2    29.    Defendant alleges that the Plaintiff failed to allege facts in the Second

3  Amended Complaint sufficient to state a claim for relief under 42 U.S.C. 1983 against the

4  City and County of San Francisco, their agents, employees or officers.

5

### THIRTIETH AFFIRMATIVE DEFENSE

6    30.    Defendant alleges that Plaintiff has failed to exhaust the administrative

7  remedies that are a prerequisite to this lawsuit.

8

### THIRTY-FIRST AFFIRMATIVE DEFENSE

9    31.    Municipalities, like the City, are absolutely immune from punitive damages

10  under 42 U.S.C. section 1983. *See, e.g.*, *City of Newport v. Fact Concerts, Inc.*, 453 U.S.

11  247, 271 (1981). Similarly, the individual defendants acting in their official capacities are

12  not liable for punitive damages under Section 1983, as they are not "persons" under

13  Section 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Mitchell*

14  *v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).  Defendant was working in his capacity as a

15  building inspector and employee for the City and County of San Francisco during the

16  events alleged in Plaintiff's Second Amended Complaint.

17

### THIRTY-SECOND AFFIRMATIVE DEFENSE

18    32.    The Second Amended Complaint and each cause of action therein are barred

19  because Plaintiff's claims are not ripe for adjudication.

20

### DEFENDANT'S PRAYER FOR RELIEF

21    WHEREFORE, Defendant prays as follows:

22    1.    That Plaintiff takes nothing from Defendant by this Second Amended

23  Complaint;

24    2.    That the Second Amended Complaint be dismissed in its entirety and with

25  prejudice;

26    3.    That Defendant be awarded their reasonable attorney's fees and costs of suit

27  incurred pursuant to 28 U.S.C. § 1927;

28    4.    For costs of suit incurred herein; and

- 28 -

1     5.     For such other and further relief as the Court deems proper.

2    Dated: December 22, 2025

3                                          MURPHY, PEARSON, BRADLEY & FEENEY

4

5                                          By /s/ Alston L. Lew
                                              Timothy J. Halloran
6                                             Alston L. Lew
                                              Attorneys for Defendant
7                                             BERNARD J. CURRAN

8    ALL.5233390.docx

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BERNARD CURRAN'S ANSWER TO PLAINTIFF PATRICK                    CASE NO.
GALLAGHER'S UNVERIFIED SECOND AMENDED COMPLAINT                          23-CV-03579-SI (JCS)

## CERTIFICATE OF SERVICE

I, Ron Myers, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 550 California Street, 14th Floor, San Francisco, California 94104.

On December 22, 2025, I served the following document(s) on the parties in the within action:

**DEFENDANT BERNARD CURRAN'S ANSWER TO PLAINTIFF PATRICK GALLAGHER'S UNVERIFIED SECOND AMENDED COMPLAINT**

| | |
|---|---|
| | **VIA MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as listed below. |
| X | **VIA E-MAIL:**  I attached the above-described document(s) to an e-mail message to the person(s) at the e-mail address(es) listed below. My email address is RMyers@mpbf.com. |

Hunter W. Sims III
Renee E. Rosenblit
Office of the City Attorney
1390 Market Street, Sixth Floor
San Francisco, CA  94102
Emails:  hunter.sims@sfcityatty.org
       renee.rosenblit@sfcityatty.org

Attorney For Defendants
CITY AND COUNTY OF SAN FRANCISCO, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, JOE DUFFY

Patrick Gallagher
9845 N. 103 Drive
Sun City, AZ 85351

In Pro Per

E-mail:  bigblockpat@gmail.com
Phone:  (925) 325-3911
:

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on December 22, 2025.

By _____
Ron Myers

DEFENDANT BERNARD CURRAN'S ANSWER TO PLAINTIFF PATRICK GALLAGHER'S UNVERIFIED SECOND AMENDED COMPLAINT

CASE NO.
23-CV-03579-SI (JCS)