```
 1  Timothy J. Halloran - 104498
        THalloran@mpbf.com
 2  John P. Girarde - 191518
        JGirarde@mpbf.com
 3  Alston L. Lew - 286084
        ALew@mpbf.com
 4  MURPHY, PEARSON, BRADLEY & FEENEY
    550 California Street, 14th Floor
 5  San Francisco, CA  94104-1001
    Telephone:    (415) 788-1900
 6  Facsimile:    (415) 393-8087

 7  Attorneys for Defendant
    BERNARD J. CURRAN
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| PATRICK GALLAGHER,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA; JOE DUFFY,<br><br>          Defendants. | Case No.: 23-cv-03579-SI (JCS)<br><br>**DEFENDANT BERNARD CURRAN'S NOTICE OF JOINDER TO DEFENDANT THE CITY AND COUNTY OF SAN FRANCISCO'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:        January 16, 2026<br>Time:        10:00 a.m.<br>Courtroom:   Video Conference<br>Judge:       Hon. Susan Illston |
|---|---|

Defendant BERNARD CURRAN ("CURRAN") respectfully submits this Notice of Joinder to Defendants CITY AND COUNTY OF SAN FRANCISCO, WILLIAM HUGHEN, KEVIN BIRMINGHAM; NATALIA FOSSI (erroneously sued as NATALIA KWAITKOWSKA), MAURICIO HERNANDEZ and JOE DUFFY's (collected referred to as the "CCSF Defendants") Motion for Summary Judgment ("MSJ") against Plaintiff PATRICK GALLAGHER's Second Amended Complaint ("SAC"). (ECF No. 28.)  The CCSF Defendants' MSJ (ECF No. 106) was filed on November 7, 2025, and is presently set for hearing on January 16, 2026.  CURRAN's Notice of Joinder applies to all

pleadings, evidence and legal arguments submitted by the CCSF Defendants in support of their MSJ, including the Reply Brief in Support of MSJ (ECF No. 120) filed on December 10, 2025.

CURRAN herein joins in the CCSF Defendants' MSJ on the grounds that, because he was an employee of the CCSF in the course and scope of his job duties at the time of the events alleged in Plaintiff's SAC, CURRAN is entitled to use the same defenses that the other individually named CCSF Defendants have raised in their MSJ against Plaintiff's SAC. In support of this Joinder, CURRAN states as follows:

**A.  The Court may grant summary judgment sua sponte in favor of CURRAN on the same grounds raised the CCSF Defendants' MSJ against Plaintiff's SAC:**

Where one defendant has moved for summary judgment, the court may grant summary judgment sua sponte in favor of a codefendant on the same ground raised by the moving defendant, because plaintiff has already had adequate opportunity to contest that ground. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995); see also *Couden v. Duffy,* 446 F.3d 483, 500 (3rd Cir. 2006).

**B.  As a CCSF employee in the course and scope of his job duties at the time of the events alleged in Plaintiff's SAC, CURRAN is entitled to use the same defenses that the CCSF Defendants raised in their MSJ:**

CURRAN was an employee of the CCSF in the course and scope of his job duties at the time of the events alleged in Plaintiff's SAC which allegedly give rise to Plaintiff's claims against CURRAN. As such, CURRAN is entitled to use the same defenses that the CCSF Defendants have raised in their MSJ against Plaintiff's SAC.

Before initiating this current lawsuit against all defendants, Plaintiff filed a claim/complaint form with the City on September 2, 2022, which was denied. (ECF No. 7-1, Exhibit A.) In the claim form, Plaintiff alleges that he originally sought to take out applicable permits in 2018 to remodel a property at 200 Naples Street, San Francisco, CA ("subject property"). As part of initial inspections by the City, Plaintiff interacted with Defendant acting in his capacity as a City building inspector and as an employee of the City and County of San Francisco. (ECF No. 7-1, Exhibit A.) Plaintiff's claim form then

describes in detail his allegations on what transpired in his interactions with various City employees which purportedly affected his ability to obtain proper permits for the subject property and his ability to sell the property. (*Id*.) On October 6, 2022, Plaintiff received a written denial from the City. (ECF No. 7-2, Exhibit B.) Upon receiving the denial, Plaintiff initiated the present lawsuit against the various defendants.

What Plaintiff's claim/complaint filed with the City makes clear is that CURRAN was sued in his capacity as a building inspector and an employee of the CCSF during the incidents alleged in the present lawsuit. The CCSF Defendants' MSJ was brought on behalf of the CCSF itself and all of its other employees, including WILLIAM HUGHEN, KEVIN BIRMINGHAM; NATALIA FOSSI (erroneously sued as NATALIA KWAITKOWSKA), MAURICIO HERNANDEZ and JOE DUFFY. The CCSF, for an unspecified reason, decided not to include CURRAN as part of its MSJ. (ECF Nos. 106 and 120.)

CURRAN was acting in the course and scope of his duties as an employee of the CCSF during the alleged interactions with Plaintiff concerning the subject property, as alleged by Plaintiff in the SAC. On this basis, CURRAN herein joins with the arguments set forth in CCSF Defendants' MSJ, which includes all the other individual Defendants recognized to be CCSF employees at the time of the alleged incidents. If the Court, for example, grants the CCSF Defendants' MSJ on the grounds of the asserted sovereign immunity defense and dismisses the other employee Defendants, CURRAN in his role as a city inspector would also qualify under those grounds for dismissal. Similarly, if the Court dismisses Plaintiff's SAC on any other grounds asserted in the CCSF Defendants' MSJ, CURRAN in his role as a city inspector would also qualify for a dismissal of Plaintiff's claims against him.

Plaintiff's operative SAC, which Plaintiff asserts against CURRAN, CCSF and the CCSF Defendants is filled with allegations against CURRAN, while he was acting in his capacity as an employee of CCSF. For example, Plaintiff identifies CURRAN as formerly being employed as a building inspector for the City and County of San

1  Francisco. (ECF No. 28, Page 4, paragraph 11.) The events and/or interactions between
2  Plaintiff and CURRAN that serve as some of underlying allegations in the SAC occurred
3  while CURRAN was acting in his capacity as an employee for CCSF. (ECF No. 28,
4  paragraphs 31, 34, 36, 39 and 45.) Plaintiff's SAC is replete with allegations levied
5  against CURRAN while CURRANT was working in his capacity as a building inspector
6  for the CCSF. (*Id*.) In his capacity as an employee of the CCSF, CURRAN is entitled to
7  the same affirmative defenses claimed by the CCSF Defendants and therefore should be
8  allowed to join in those defendants' MSJ. If the Court does not grant CURRAN's joinder
9  request and it proceeds to grant the CCSF Defendants' MSJ, it could lead to inconsistent
10 results where some CCSF employees are dismissed and others are not.

11       For these reasons, CURRAN respectfully requests that the Court exercise its
12 discretion to grant summary judgment under FRCP 56 in CURRAN's favor as against
13 Plaintiff's SAC, on the same grounds as those granted for the other individual Defendants
14 who were CCSF employees.

15       Respectfully submitted.

16 Dated: December 29, 2025                MURPHY, PEARSON, BRADLEY & FEENEY

18                                         By  /s/
                                              Timothy J. Halloran
19                                             Alston L. Lew
                                               Attorneys for Defendant
                                               BERNARD J. CURRAN

20 ALL.5233954.docx