1  Timothy J. Halloran - 104498
        THalloran@mpbf.com
2  John P. Girarde - 191518
        JGirarde@mpbf.com
3  Alston L. Lew - 286084
        ALew@mpbf.com
4  MURPHY, PEARSON, BRADLEY & FEENEY
   550 California Street, 14th Floor
5  San Francisco, CA  94104-1001
   Telephone:    (415) 788-1900
6  Facsimile:    (415) 393-8087

7  Attorneys for Defendant
   **BERNARD J. CURRAN**

8

9

10                    **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12                       **SAN FRANCISCO DIVISION**

13  PATRICK GALLAGHER,                    Case No.: 23-cv-03579-SI (JCS)

14              Plaintiff,                **DECLARATION OF BERNARD**
                                          **CURRAN IN OPPOSITION TO**
15         v.                             **PLAINTIFF'S MOTION FOR**
                                          **SUMMARY JUDGMENT**
16  CITY AND COUNTY OF SAN FRANCISCO,
    BERNARD CURRAN, RODRIGO SANTOS,       Date:       January 16, 2026
17  WILLIAM HUGHEN, KEVIN                 Time:       10:00 a.m.
    BIRMINGHAM, NATALIA                   Courtroom:  Video Conference
18  KWAITKOWSKA; JOE DUFFY,               Judge:      Hon. Susan Illston

19              Defendants.               Trial Date: February 17, 2026

20

21       I, Bernard Curran, declare as follows In Opposition To Plaintiff's Motion For

     Summary Judgment:
22
         1.     I am named Defendant in this action.  I am over the age of 18 and have
23
     personal knowledge of the matters stated in this declaration.  If called upon to testify, I
24
     could and would testify competently to the contents of this declaration.
25
         2.     At the time of the events alleged in Plaintiff's complaint, I was employed by
26
     the City and County of San Francisco ("CCSF") as a Senior Building Inspector with the
27
     San Francisco Department of Building Inspection ("DBI").  The DBI is the CCSF
28

                                        - 1 -

1  department tasked with inspecting and then approving or denying building applications
2  filed by property owners for real property located in San Francisco.  The DBI is the
3  regulatory agency responsible for overseeing the enforcement of building, electrical,
4  plumbing, disability access and housing codes for commercial and residential properties.

5         3.     I worked for DBI under various job titles from 2005 until May 20, 2021,
6  when I was placed on administrative leave by CCSF pending an investigation by the San
7  Francisco City Attorney's Office into allegations that I received unreported income and
8  gifts also referred to as "kickbacks."  On or about June 14, 2021, I retired from my position
9  as a Senior Building Inspector after I was placed on administrative leave.

10        4.     The United States Attorney's Office for the Northern District of California
11  filed a criminal complaint on or about February 13, 2019, against me and Rodrigo Santos,
12  in the case entitled *USA v. Curran et. al.,* USDC NDCA Case No. 3:21-mj-713315-MAG.
13  A true and correct copy of this complaint is attached as **Exhibit P** to the Declaration of
14  Alston L. Lew ("Lew Decl.").

15        5.     On or about December 7, 2022, I entered into a plea agreement with the U.S.
16  Attorney's office based on the allegations in the criminal complaint (**Exhibit P**).  On or
17  about July 14, 2023, I was sentenced to 12 months and one day in prison, followed by
18  two years of supervised release.

19        6.     The criminal complaint filed against me included a signed affidavit by FBI
20  Special Agent Allison Lopez explaining which real properties were under investigation
21  by the FBI as part of the alleged "transactions" and "communications" between me and
22  Santos.  Despite Plaintiff's allegations against me in this action (Lew Decl., **Exhibit O**),
23  Plaintiff's real property located at 200 Naples Street, San Francisco is not listed by Agent
24  Lopez as a subject of the FBI's investigation of me. (**Exhibit P**, ¶¶15-69.)

25  **My Inspection of 200 Naples Street, San Francisco, CA:**

26        7.     I inspected the Subject Property for the last time on or about August 27,
27  2020.  Prior to that inspection, I had been sent out by my supervisor, DBI Director Patrick
28  O'Riordon, on two separate occasions to discuss with Plaintiff building issues concerning

- 2 -

1  the Subject Property, in response to complaints from neighbors in surrounding area, due
2  to Plaintiff's conflict with the DBI District Inspector, Phil Saunders, whom I supervised.

3      8.    According to DBI records of the Subject Property and Plaintiff's deposition
4  testimony, Plaintiff acquired the Subject Property sometime in May 2018 (Lew Decl.,
5  Exhibit A 24:17-21). At the time Plaintiff purchased the Subject Property, it already had
6  two notices of violation issued against it: (1) Number 201644272 ("NOV1"), issued by
7  DBI inspector James Lawrine on September 11, 2017 due to a dilapidated roof, a lack of
8  weather proofing, and trash in the front yard; and (2) Number 201721241 ("NOV2"),
9  which was issued by DBI inspector Carl Weaver on January 5, 2018, due to the Subject
10 Property being unsafe due to lack of guardrails and weatherization of the rear deck. These
11 two NOVs were still unresolved when I inspected the Subject Property on August 27,
12 2020. Plaintiff had applied to DBI to fix the two NOVs, and had also applied for permit
13 approval to perform exterior and interior structural renovations on the Subject Property.
14 All three applications were the purpose for my inspection of the Subject Property.

15     9.    Given the passage of time, I am unable to recall the specific date I initially
16 went out to the Subject Property. Based on my recollection, I was assigned to go to the
17 Subject Property by O'Riordan to check on neighborhood complaints about the
18 construction that was being performed. This initial visit to the Subject Property likely
19 occurred approximately two months before my formal inspection on August 27, 2020.
20 Nothing eventful during this initial visit occurred. I recall inspecting stairs Plaintiff was
21 attempting to install and told him there would need to be corrections made to the way
22 Plaintiff was doing it and that Plaintiff should find someone who knew how to construct
23 stairs.

24     10.   The second time I visited the Subject Property was early 2020, although I
25 am unable to recall the specific date of this second visit. I was assigned to visit the Subject
26 Property by O'Riordan, I believe in response to complaints from neighbors about the
27 construction Plaintiff was performing, and it being beyond the scope of his existing
28 permits, although I do not recall specifically. However, I do recall that after meeting

- 3 -

briefly with Plaintiff to discuss his intended renovations to the Subject Property, which included structural alterations, Plaintiff followed me to my car and asked for a referral to an engineering firm. After Plaintiff's repeated requests, I referred him to Rodrigo Santos of Santos & Urrutia Structural Engineers, Inc., because it was an engineering firm I was familiar with. Since Plaintiff's proposed renovation of the Subject Property involved structural changes to major portions of the building, it was clear he needed an engineering firm, which is why I referred him to Santos.

11.    The third and final time I visited the Subject Property was on August 27, 2020, to conduct a final inspection on a multitude of issues and building applications Plaintiff applied for relating to his proposed renovations. I was assigned to inspect the Subject Property by my supervisor, O'Riordan. After conducting an inspection, I issued two permit approvals ("PA"): PA 201808107063, which was a request to repair/replace kitchen and bath cabinets, paint, and installation of drywall to comply with NOV 201721245 (ECF No. 106-2, Exhibit C, page 238 of 367); and PA 201808107075, which was a request to proceed with re-roofing the Subject Property and installation of gutters to comply with NOV 201644272.  (ECF No. 106-2, Exhibit E, page 246 of 367.)  These two permit approvals were different than the project reflected in the preliminary certificate of completion I issued to Plaintiff for PA 201810183586, which involved a request for a structural strengthening renovation that included removing/replacing floors/frames, removing dormers, adding new dormers on each side and renovating the laundry and second floor areas. (ECF No. 109-2, Exhibit A, p. 2-3 of 40.)

12.    When I inspected the Subject Property, Plaintiff had applied for PA 201810183586, which involved a request for a structural strengthening renovation that included removing/replacing floors/frames, removing dormers, adding new dormers on each side and renovating the laundry and second floor areas.  While I filled out a certificate of approval (ECF No. 109-2, Exhibit A, p. 2-3 of 40), I made it clear that it was preliminary and would not be filed in the DBI's system unless Plaintiff installed guardrails, which were required. In my haste to get to my next appointment, I

- 4 -

DECLARATION OF BERNARD CURRAN IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

CASE NO.
23-CV-03579-SI (JCS)

1 | inadvertently left the certificate packet on Plaintiff's countertop, containing all four copies
2 | of the certificate of approval, hence why no certificate was ever filed in DBI's system. A
3 | true and correct copy of the Building Inspection History for PA 201810183586 that I took
4 | from the DBI's website for the Subject Property and which I printed out on January 2,
5 | 2026, indicates that on August 27, 2020, I only granted a pre-final approval pending
6 | installation of a grippable handrail. (Lew, Decl., **Exhibit Q**.) Based upon my review of
7 | the DBI records, it appears that Plaintiff never installed the guardrails, and as a result DBI
8 | considered my issuance of non-filed certificate of completion to be expired.  I provided
9 | this DBI building record to my attorney for review and inclusion as part of my opposition
10 | to Plaintiff's motion for summary judgment.

11 |      13.    Plaintiff's SAC falsely claims that he received full approval from me to
12 | proceed with his proposed renovations under PA 201810183586.  This is totally false and
13 | the DBI building report verifies that Plaintiff is incorrect, because Inspector Thomas
14 | Keane indicates that the preliminary approval expired on May 17, 2021, due to Plaintiff's
15 | non-compliance.

16 |      14.    After the August 27, 2020, inspection, I was no longer involved in Plaintiff's
17 | project and played no further role in the inspections or any other actions involving the
18 | Subject Property.

19 | **Plaintiff's Second Amended Complaint:**

20 |      15.    Plaintiff filed his SAC on November 9, 2023. (**Exhibit O**.)  I reviewed the
21 | SAC and determined that, based upon my recollection of events involving Plaintiff and
22 | the Subject Property, my involvement with the Subject Property ended after my
23 | inspection of the property on August 27, 2020.

24 |      16.    Plaintiff's allegations of what occurred as a result of my August 27, 2020
25 | inspection of the Subject Property differ tremendously from what the DBI records
26 | establish actually occurred.  Plaintiff's SAC falsely alleges that I issued a certificate of
27 | completion giving final approval of the proposed renovation work performed. (**Exhibit**
28 | **O**, ¶34.)  Those allegations are false because my issuance of the certificate of completion

1  was contingent on Plaintiff installing guardrails, which he failed to do. (**Exhibit Q.**)
2  Plaintiff failed to comply with that pre-final requirement, and as a result DBI considered
3  the preliminary issuance of the certificate of completion to be expired by May 17, 2021.

4        17.    All of Plaintiff's allegations in his SAC following Paragraph 34 occurred
5  after my role as a DBI inspector involving the Subject Property was terminated on or
6  about August 27, 2020. (**Exhibit Q**.)  Paragraphs 35-58 of the SAC involve factual
7  allegations of events that I did not participate in, since I was no longer involved with the
8  Subject Property in any capacity after August 27, 2020. (**Exhibit O**.)

9        I declare under penalty of perjury under the laws of the United States and that the
10  foregoing is true and correct.

11       Executed this ___6th___ day of January 2026, at San Francisco, California.

14                                                BERNARD CURRAN

15  ALL.5236081.docx

DECLARATION OF BERNARD CURRAN IN OPPOSITION TO PLAINTIFF'S MOTION    CASE NO.
FOR SUMMARY JUDGMENT                                                23-CV-03579-SI (JCS)

**CERTIFICATE OF SERVICE**

I, Ron Myers, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 550 California Street, 14th Floor, San Francisco, California 94104.

On January 6, 2026, I served the following document(s) on the parties in the within action:

**DECLARATION OF BERNARD CURRAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| X | **VIA MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as listed below. |
| X | **VIA E-MAIL:** I attached the above-described document(s) to an e-mail message to the person(s) at the e-mail address(es) listed below. My email address is RMyers@mpbf.com. |

Hunter W. Sims III
Renee E. Rosenblit
Office of the City Attorney
1390 Market Street, Sixth Floor
San Francisco, CA 94102
Emails: hunter.sims@sfcityatty.org
       renee.rosenblit@sfcityatty.org

Attorney For Defendants
CITY AND COUNTY OF SAN
FRANCISCO, WILLIAM HUGHEN,
KEVIN BIRMINGHAM, NATALIA
KWAITKOWSKA, JOE DUFFY

Patrick Gallagher
9845 N. 103 Drive
Sun City, AZ 85351
E-mail: bigblockpat@gmail.com

In Pro Per

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on January 6, 2026.

By   *Ron Myers*
     Ron Myers

DECLARATION OF BERNARD CURRAN IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

CASE NO.
23-CV-03579-SI (JCS)