Patrick Gallagher
9845 N. 103rd Drive
Sun City, AZ 85351
(925) 325-3911
bigblockpat@gmail.com

Plaintiff, Self-Represented

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGHER,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, and JOE DUFFY,<br><br>                Defendant(s). | Case No.: 23-cv-03579-SI |

## PLAINTIFF'S REPLY TO DEFENDANT BERNARD CURRAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiff submits this reply to Defendant Bernard Curran's opposition to Plaintiff's Motion for Summary Judgment. Defendant's opposition relies on factual assertions contradicted by

independent government records, including the San Francisco Assessor's New Construction Worksheet and the Certificate of Final Completion and Occupancy signed by Curran himself.

Defendant's declaration is inconsistent with the documentary record and with the timeline confirmed by FBI Special Agent Alley Lopez.

In sum, Defendant's opposition fails to create any genuine dispute of material fact on the only remaining claim in this case: Plaintiff's First Amendment retaliation claim under 42 U.S.C. § 1983. His attempt to recast years of documented misconduct as "routine enforcement" is not credible and cannot defeat summary judgment.

The Ninth Circuit has long held that retaliation claims may be proven through circumstantial evidence, timing, and patterns of conduct. Coszalter v. City of Salem, 320 F.3d 968, 977–80 (9th Cir. 2003). Plaintiff has provided all three. Curran provides none.

Summary judgment should be granted.

## II. STATEMENT OF FACTS

### A. Plaintiff's Project Was Fully Completed and Approved

Plaintiff's project at 200 Naples Street was fully completed and approved. On August 27, 2020, Defendant Curran personally signed the Certificate of Final Completion and Occupancy. Plaintiff observed Curran file the certificate electronically on his iPad at Plaintiff's kitchen counter. When Plaintiff asked whether anything further was required, Curran stated: "No. It's already done."

Independent assessor records confirm:

- 100% completion
- valuation date September 3, 2020
- permit completed August 27, 2020
- assessor records still showing completion as late as March 2021

These records cannot be altered by Curran.

**B. Plaintiff Spoke to the FBI About Curran and Santos**

Days after Curran's indictment and forced resignation, Plaintiff's property was redtagged despite its completed status.

In June 2021, FBI Special Agent Alley Lopez contacted Plaintiff and explained that she had Plaintiff's records from Santos's office, that the timing of the red tag was not a coincidence, and that the investigation into Curran and Santos was ongoing. She further related that 200 Naples was part of a pattern of corruption for which she had already provided materials to Judge Spero's chambers.

SFDBI officials told Plaintiff: "We know who you've been talking to."

**C. Immediately After Curran's Indictment, Plaintiff Was RedTagged**

Days after Curran was indicted and forced to resign, Plaintiff's fully approved property was suddenly redtagged. SFDBI officials told Plaintiff:

- **"We know who you've been talking to."**

**D. SFDBI Then Issued False Violations and Obstructed All Sales**

Despite prior approvals Hernandez and Birmingham issued false violations, while Birmingham redtagged windows that Planning had approved. Hughen claimed the property fell under a nonexistent "Day Law" and Duffy refused to clear violations even after Ernest Jones confirmed the windows were legal. In total three escrows collapsed forcing Plaintiff into a fire sale.

Plaintiff recorded a meeting where SFDBI officials admitted the windows were legal but said they would "never sign off on Naples Street."

### E. Curran's Declaration Contradicts the Record

Curran's declaration asserts that the certificate was not properly filed. This is contradicted by the certificate itself bearing his signature, his electronic filing record, and assessor records confirming completion. Curran's declaration is not credible.

## III. ARGUMENT

### A. Plaintiff Engaged in Protected Speech

Speaking to the FBI about government corruption is core First Amendment activity. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (complaints to government officials are protected speech). See also Coszalter, 320 F.3d at 973–75 (criticizing government misconduct is protected).

Curran does not dispute this.

### B. Plaintiff Suffered Adverse Government Action

Adverse action includes any conduct that would chill a person of ordinary firmness. Coszalter, 320 F.3d at 975. Here, SFDBI revoked approvals, issued false violations, redtagged a completed project, blocked sales and forced Plaintiff into a fire sale.

These are far more severe than the actions found sufficient in *Soranno's Gasco* (suspension of permits) and *Coszalter* (workplace harassment).

### C. The Timing and Evidence Establish Retaliatory Motive

The Ninth Circuit recognizes that retaliation may be proven through timing, statements, pattern of conduct and circumstantial evidence See Coszalter, 320 F.3d at 977–80; *Allen v. Scribner*, 812 F.2d 426, 434 (9th Cir. 1987).

Here, Plaintiff spoke to the FBI and Curran was indicted. Days later, Plaintiff was redtagged. SFDBI officials told Plaintiff: "We know who you've been talking to." Agent Lopez confirmed the timing was not a coincidence. SFDBI launched a multiyear campaign of obstruction against Plaintiff. This is textbook retaliation.

### D. Curran Cannot Show the Same Action Would Have Occurred Absent Protected Speech.

Under *Mt. Healthy*, the burden shifts to the defendant to show the same action would have occurred absent the protected speech. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

Curran cannot meet this burden because the project was fully approved, the certificate was filed, assessor records confirm completion, no violations existed, and the red tag occurred only after the FBI investigation surfaced. As such, there is no legitimate explanation for SFDBI's actions.

### E. Curran Is Not Entitled to Qualified Immunity

Qualified immunity does not apply where the facts show a constitutional violation, and the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Here, both prongs are satisfied.

### 1. Constitutional violation

Retaliating against a citizen for speaking to law enforcement violates the First Amendment. *Soranno's Gasco*, 874 F.2d at 1314–16.

### 2. Clearly established

By 2020–2021, it was clearly established that retaliation for protected speech is unlawful,

permit revocations and regulatory harassment can constitute retaliation and officials cannot fabricate violations to punish speech *Coszalter,* 320 F.3d at 973–80; *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543–45 (9th Cir. 2010). Curran's conduct falls squarely within prohibited territory.

## IV. CONCLUSION

Curran's opposition fails to create any genuine dispute of material fact. His declaration is contradicted by his own certificate, assessor records, FBI communications, the timeline, and recorded meetings. Plaintiff respectfully requests that the Court grant summary judgment in his favor.

Respectfully submitted,

By: _____
Patrick Gallagher
Plaintiff, Self-Represented
9845 N. 103rd Drive
Sun City, AZ 85351
(925) 325-2911
bigblockpat@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK GALLAGER,                          ) Case No.: 23-cv-03579-SI
                                           )
            Plaintiff,                     )
                                           )
    vs.                                    )
                                           )
                                           )
CITY AND COUNTY OF SAN FRANCISCO,          )
BERNARD CURRAN, RODRIGO SANTOS,            )
WILLIAM HUGEN, KEVIN BIRMINGHAM,           )
NATALIA KWAITKOWSKA, and JOE DUFFY,        )
                                           )
                                           )
            Defendant(s).                  )
                                           )
                                           )

## PLAINTIFF'S EVIDENTIARY OBJECTIONS TO THE LEW DECLARATION

### Objection 1 — Paragraph 18 (FBI "not interested" in 200 Naples)

Grounds:

- Lack of personal knowledge (FRE 602)
- Speculation (FRE 701)
- Mischaracterization of evidence
- Hearsay (FRE 802)
- Relevance (FRE 401–403)

Lew cannot testify to the internal scope of an FBI investigation. Agent Lopez told Plaintiff she had his records and that the timing of the red tag was not a coincidence.

7

Request: Strike.

**Objection 2 — Any statements implying the FBI "cleared" 200 Naples**

Grounds:

- Hearsay (FRE 802)
- Lack of foundation
- Speculation (FRE 701)
- Improper opinion

Lew cannot speak for the FBI.

Request: Strike.

Respectfully submitted,

By: /s/ Patrick Gallagher
Patrick Gallagher
Plaintiff, Self-Represented
9845 N. 103rd Drive
Sun City, AZ 85351
(925) 325-2911
bigblockpat@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK GALLAGER,                         ) Case No.: 23-cv-03579-SI
                                          )
               Plaintiff,              )
                                          )
vs.                                       )
                                          )
                                          )
CITY AND COUNTY OF SAN FRANCISCO,         )
BERNARD CURRAN, RODRIGO SANTOS,           )
WILLIAM HUGEN, KEVIN BIRMINGHAM,          )
NATALIA KWAITKOWSKA, and JOE DUFFY,       )
                                          )
                                          )
               Defendant(s).           )
                                          )
                                          )

## SUPPLEMENTAL DECLARATION OF PLAINTIFF PATRICK GALLAGHER

I, Patrick Gallagher, declare as follows:

1. I am the Plaintiff in this action. I am over the age of 18 years. I have personal knowledge of the facts contained in this declaration, and of called as a witness could and would testify competently to the facts as stated herein.

2. Attached as **Exhibit A** is a true and correct copy of the San Francisco Assessor's New

Construction Worksheet showing my permit as 100% complete as of September 3, 2020.

3. Attached as **Exhibit B** is a true and correct copy of the Certificate of Final Completion and Occupancy signed by Inspector Bernard Curran on August 27, 2020.

4. I personally watched Bernard Curran file the certificate electronically on his iPad at my kitchen counter. When I asked if anything else was required, he said, "No. It's already done."

5. Assessor records continued to show the permit as completed as late as March 2021.

6. These documents are true and correct copies of what they purport to be

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on

January 10, 2026, at Sun City, Arizona

*[signature]*
-----------------------------------------
Patick Gallagher

## CERTIFICATE OF SERVICE

I, (name), hereby certify that I am employed by (name) and am of such age and discretion as to be competent to serve papers.

I further certify that on this date I caused a copy of Plaintiff's Reply to Defendant Bernard Curran's Opposition to Plaintiff's Motion for Summary Judgment, and Supplemental Declaration of Patrick Gallagher in Support of Reply to Defendant Bernard Curran's Opposition to Plaintiff's Motion for Summary Judgment to be placed in a postage-paid envelope addressed to the counsel for Defendants at the addresses stated below and deposited said envelope in the United States mail.

Addressee: Timothy J. Halloran
John P. Girarde
Alston L. Lew
Murphy, Pearson, Bradley & Feeney
550 California Street, 14th Floor
San Francisco, CA 94104-1001

Attorneys for Bernard Curran


David Chiu, City Attorney
Jennifer Choi, Chief Trial Deputy

Hunter W. Sims III, Deputy City Attorney
Fox Plaza 1390 Market Street, Sixth Floor
San Francisco, California 94102-5408

Attorneys for City and County of San Francisco; William Hughen; Kevin Birmingham; Natalia Fossi (Erroneously sued as Natalia Kwaitkowska); Mauricio Hernandez; and Joe Duffy

Dated this 11th day of January, 2026

# EXHIBIT A

EXHIBIT A

# SAN FRANCISCO ASSESSOR NEW CONSTRUCTION WORKSHEET

## ASR INFORMATION

| | |
|---|---|
| PROPERTY ADDRESS: | 200 Naples St |
| ASSESSORS PARCEL NUMBER: | 6008 001 |
| PERMIT APPLICATION NUMBER: | 201810183586 & 201808107063 |
| PERCENTAGE COMPLETE: | 100% |
| DATE OF VALUATION: | September 3, 2020 |
| VALUED BY APPRAISER: | Barry Kwan |

## DBI INFORMATION

| | |
|---|---|
| PERMIT COST: | $100,000 |
| STATED COST: | |
| DESCRIPTION: | To comply with nov 201895477 (bid). Structural strengthening include removing & replacing the floor framing. Remove 1 (e) dormer, add 2 (n) dormers on each side, demo (e) laundry at 2nd floor. |

Instructions: Fill in non-shaded areas

### Additions to Square Footage / Value Added

| Description of Work | Width (H) Feet Inches | Length (V) Feet Inches | Total | $ PSF | Peter Daly Quality | Peter Daly Level | Value Added |
|---|---|---|---|---|---|---|---|
| G/F | x | = | 0.00 sq.ft. x | | | | |
| 2020 PD Bsmt Conversion - In Law Unit | x | = | 280.00 sq.ft. x | $ 115.00 | Econ | Med | 32,200 |
| *In-law is a studio used Econ/Med quality | x | = | 0.00 sq.ft. x | | | | |
| 2020 PD Add Interior Stairs | x | = | 54.00 sq.ft. x | $ 428.00 | Econ | Med | 23,112 |
| *Used Econ quality because straight stairs | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| 2/F | x | = | 0.00 sq.ft. x | | | | |
| 2020 PD Major Kitchen & Bath Remodel - Chng Flr Plan | x | = | 326.00 sq.ft. x | $ 326.00 | Econ | High | 106,276 |
| *Used Econ/High due to smaller size and bath | x | = | 0.00 sq.ft. x | | | | |
| is not a full bath | | = | sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| 3/F | x | = | 0.00 sq.ft. x | | | | |
| 2020 PD Attic Conversion with dormers | x | = | 629.00 sq.ft. x | $ 436.00 | Stan | Med | 274,244 |
| *Includes stairs, room, and bath | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| Property Becomes: | x | = | 0.00 sq.ft. x | | | | |
| G/F: 1 Total Room, 1 Bath -370sf | x | = | 0.00 sq.ft. x | | | | |
| 2/F: 3 Total Rooms, 1/2 Bath - 748sf | x | = | 0.00 sq.ft. x | | | | |
| 3/F: 2 Total Rooms, 2 Beds, 1 Bath - 629sf | x | = | 0.00 sq.ft. x | | | | |
| Total: 6 Total Rooms, 3 Beds, 2.5 Baths - 1747sf | x | = | 0.00 sq.ft. x | | | | |
| Lump Sum Adjustments | | | | | | | $ - |
| | | | | | | | $ - |
| TOTAL VALUE ADDITION | | Construction area: | 1,289 sq.ft. | | | | $ 435,832 |

### Subtractions of Square Footage / Value Subtracted

| Description of Work | Width Feet Inches | Length Feet Inches | Total | $ PSF | Peter Daly Quality | Peter Daly Level | Value Subtracted |
|---|---|---|---|---|---|---|---|
| Credit to existing GLA on G/F with 10 years life | x | = | 280.00 sq.ft. x | $ 23.00 | | | 6,440 |
| Credit to existing Interior stairs on G/F w 10 years life | x | = | 54.00 sq.ft. x | $ 85.60 | | | 4,622 |
| Credit to existing kit,bath on 2/F with 10 years life | x | = | 326.00 sq.ft. x | $ 65.20 | | | 21,255 |
| Credit to existing GLA in attic with 10 years life | x | = | 629.00 sq.ft. x | $ 87.20 | | | 54,849 |
| | x | = | 0.00 sq.ft. x | | | | |
| | x | = | 0.00 sq.ft. x | | | | |
| Lump Sum Credits | | | | | | | $ - |
| | | | | | | | $ - |
| TOTAL VALUE DEDUCTION | | | 1289.00 sq.ft. | | | | $ 87,166 |

| TOTAL VALUE | | | 0 sq.ft. | | $ 348,586 |
|---|---|---|---|---|---|
| IN-PROGRESS CALCULATION (if applicable) | % COMPLETE | 100% | | | $ 348,000 |

Subject was purchased on 8/1/2018 by G C Block Investments COM LLC on 8/1/2018 for $785K.
-Property was listed on MLS on 9/3/2020 for $1,388,000 on 10/13/2020 was revised to $1,2888,000. The listing expired on 12/31/2020.
-Assessor used the 9/3/2020 listing date as the completion date of construction.
-It is currently listed again on 3/13/2021 for $1,250,000. It is marketed as a duplex with an in-law studio on G/F.
-In the plans, the existing floor plans do no represent the condition/layout of property before construction. See existing tab which includes MLS listingshowing condition of property prior to NC.

## Welcome to our Permit / Complaint Tracking System!

### Permit Details Report

| Report Date: | 3/22/2021 10:48:13 AM |
|---|---|
| Application Number: | 201806107063 |
| Form Number: | 8 |
| Address(es): | 5008 /901 /0  200  NAPLES  ST |
| Description: | KITCHEN & BATH CABINETS, PAINT, DRYWALL, FLOORING, AND TO COMPLY WITH NOV |
| Cost: | 201721245 |
| | $36,000.00 |
| Occupancy Code: | R-3 |
| Building Use: | 27 - 1 FAMILY DWELLING |

**Disposition / Stage:**

| Action Date | Stage | Comments |
|---|---|---|
| 8/10/2018 | TRIAGE | |
| 8/10/2018 | FILING | |
| 8/10/2018 | FILED | |
| 8/10/2018 | APPROVED | |
| 8/10/2018 | ISSUED | |
| 8/27/2020 | COMPLETE | 5551875 Final Inspection/Approved |

**Contact Details:**

**Contractor Details:**
| License Number: | |
| Name: | OWN |
| Company Name: | OWNER OWNER |
| Address: | OWNER |
| Phone: | OWNER * OWNER CA 00000-0000 |

8/27/2020

# EXHIBIT B

**EXHIBIT B**

City and County of San Francisco

## Department of Building Inspection



### CERTIFICATE OF FINAL COMPLETION AND OCCUPANCY

**LOCATION:** 200 Naples St.     6008/001
   (number)    (street)     (block and lot)

**Permit Application No.:** 201810183586    **Type of Construction:** V-B    **Stories:** 2    **Dwelling Units:** 1

**Basements:** 0    **Occupancy Classification:** R-3    **No. of Guestrooms:** 0    **with cooking facilities:** 0

**Description of Construction:** To comply with NOV 201895477. Structural strengthening to include removing & replacing floor framing. Repair (E) dormer. Add (2) New dormers on each side. Add (E) laundry & 2nd floor.

To the best of our knowledge, the construction described above has been completed and, effective as of the date the building permit application was filed, conforms both to the Ordinances of the City and County of San Francisco and to the Laws of the State of California. The above referenced occupancy classification is approved pursuant to Section 109A of the *San Francisco Building Code*.

Any change in the use or occupancy of these premises—or any change to the building or premises—could cause the property to be in violation of the *Municipal Codes* of the City and County of Sn Francisco and, thereby, would invalidate this *Certificate of Final Completion and Occupancy*. A copy of this *Certificate* shall be maintained on the premises and shall be available at all times. Another copy of this *Certificate* should be kept with your important property documents.

Before making any changes to the structure in the future, please contact the Department of Building Inspection, which will provide advice regarding any change that you wish to make and will assist you in making the change in accordance with the *Municipal Codes* of the City and County of San Francisco.

This certificate issued on: 8/27/2020    by: _(Signature)_    Benu Chan   for District Insp.

    **Building Inspector**

_(signature)_

Patrick O'Riordan, Interim Director     Benu Chan   **Printed Name**

Copies: White (original to microfilm), Blue (to property owner); Yellow (to Building Inspector); Pink (to Housing Inspector)