UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGHER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 23-cv-03579-SI<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. Nos. 106, 109 |

In his Second Amended Complaint ("SAC"), Plaintiff Patrick Gallagher alleges two theories of *Monell* liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). One is that defendant the City and County of San Francisco (the "City") "has a pattern, custom, and/or practice of retaliatory conduct against those who speak out against wrongful and illegal actions." Dkt. No. 28 (SAC) ¶ 5. Gallagher also seeks to hold the City liable under the theory that defendant Joe Duffy "was a final policymaker acting under the color of his authority and had the power to approve, deny, and/or overturn any decisions made by SFDBI employees concerning their 'regulation' of the subject property to ensure conformance with CITY policies."

In its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Second Amended Complaint, the Court noted that "Gallagher seeks to hold the City liable under a custom and policy theory as well as Duffy's involvement as a final policymaker and ratification." Dkt. No. 37 (MTD Order) at 7. The Court allowed both theories to proceed. *Id.* at 8.

In their Motion for Summary Judgment, the City Defendants[1] assert that "[t]he Court previously interpreted Plaintiff's *Monell* claim as based on a custom and policy theory based on

---

[1] The City Defendants are the City, William Hughen, Kevin Birmingham, Natalia Fossi (formerly Kwaitkowska), Joe Duffy, and Mauricio Hernandez.

Duffy's role as a final policymaker and ratification." Dkt. No. 106 (City Defs. MSJ) at 17. However, this is not quite correct. "Custom and policy" and "final policymaker" are two distinct theories of liability. *See Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019) ("[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker.") (citing *Monell*, 436 U.S. at 693–95). While the City Defendants argue that the *Monell* claim fails because Duffy was not a final policymaker, they do not discuss whether the City had a custom or policy of retaliating against individuals "who speak out against wrongful and illegal actions." City Defs. MSJ at 17–18. Gallagher also does not move for summary judgment on the custom or policy theory. Dkt. No. 109 (Gallagher MSJ).

Accordingly, no later than **March 20, 2026**, the City Defendants and Gallagher shall each submit a brief as to whether the Court should grant summary judgment on the "custom and policy" theory. Each brief shall be no more than 10 pages, excluding exhibits.[2]

**IT IS SO ORDERED**.

Dated: March 11, 2026

SUSAN ILLSTON
United States District Judge

---

[2] The parties need not re-submit evidence that is already in the record. In the event the parties' supplemental briefs rely on previously submitted evidence, they should simply cite to the docket number.