DAVID CHIU, State Bar #189542
City Attorney
JENNIFER E. CHOI, State Bar #184058
Chief Trial Deputy
HUNTER W. SIMS III, State Bar #266039
RENÉE E. ROSENBLIT, State Bar #304983
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4259 [Sims]
              (415) 554-3853 [Rosenblit]
Facsimile:    (415) 554-3837
E-Mail:       hunter.sims@sfcityatty.org
              renee.rosenblit@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
WILLIAM HUGHEN; KEVIN BIRMINGHAM; NATALIA FOSSI
(ERRONEOUSLY SUED AS NATALIA KWAITKOWSKA);
MAURICIO HERNANDEZ; and JOE DUFFY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GALLAGHER,<br><br>        Plaintiff,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, BERNARD CURRAN, RODRIGO SANTOS, WILLIAM HUGHEN, KEVIN BIRMINGHAM, NATALIA KWAITKOWSKA, AND JOE DUFFY,<br><br>        Defendant. | Case No. 23-cv-03579-SI (JCS)<br><br>**CITY DEFENDANTS' SUPPLEMENTAL BRIEF** [Dkt. No. 132]<br><br>Trial Date:        February 17, 2026 |

**INTRODUCTION**

Pursuant to the Court's order on March 11, 2026, Defendants City and County of San Francisco ("City"), William Hughen, Kevin Birmingham, Natalia Kwiatkoski, Mauricio Hernandez and Joe Duffy (collectively "City Defendants" or "Defendants") submit this Supplemental Briefing regarding Plaintiff's policy and custom based *Monell* claims. Dkt. No. 132. The undisputed facts show the City has no liability under *Monell* under a theory that the City, the City's Department of Building Inspection ("DBI"), or the City's Planning Department ("Planning") have a policy or custom of retaliating against whistleblowers.[1] First, Plaintiff has no evidence the City has a written policy to retaliate against whistleblowers. Second, Plaintiff cannot establish the City has a pattern and practice of retaliation. Plaintiff has pointed to two instances of alleged retaliation, which is insufficient to establish that the City's practice is so widespread that it amounts to a *Monell* violation. In addition, Plaintiff cannot connect the two instances in such a way to establish custom and practice liability. Lastly, even if there is a disputed issue of material fact on custom and practice, Plaintiff has no evidence that any alleged policy or custom caused the injury claimed here. Accordingly, summary judgment should be granted on Plaintiff's custom and practice based *Monell* claim.

**FACTUAL BACKGROUND**

**I.      ALLEGATIONS IN THE SECOND AMENDED COMPLAINT**

Plaintiff's Second Amended Complaint ("SAC") alleges:

> The CITY has a pattern, custom, and/or practice of retaliatory conduct against those who speak out against wrongful and illegal actions. Namely, much like the facts in this case, a CITY Planning Commissioner, who also owned an investment property in San Francisco, recently filed suit alleging that he was retaliated against by SFDBI employees after making complaints and speaking out against its pay-to-play scheme and corrupt practices. The Commissioner alleged that after he called on the City Attorney to conduct an investigation, SFDBI employees riddled the Commissioner's property with erroneous complaints, unnecessary inspections, unwarranted notices of violation, and revoked nine (9) permits, all related to completed work that had already been approved, permitted, and inspected by SFDBI. The retaliation caused the value of the Commissioner's property to depreciate and caused other significant damages. The Commissioner named Defendant Mauricio Hernandez ("Hernandez"), a SFDBI Building

---

[1] The City Defendants also contend there can be no *Monell* liability since there is no underlying Constitutional violation as is argued in the Motion for Summary Judgment. (Dkt. No. 106). The City Defendants incorporate by reference those arguments here.

Inspector, as a defendant in his case, alleging that he was one of the employees who retaliated against him. The Commissioner settled his case against the City for $1.8 Million dollars.

Declaration of Hunter W. Sims in Support of Defendants' Motion for Summary Judgment ("Sims Decl. ISO MSJ") Ex. O, SAC ¶ 40. The SAC repeats an alleged connection to a separate, unrelated lawsuit involving a former City Planning Commissioner who filed a lawsuit for retaliation against Defendant Hernadez and other City employees. *Id.* at ¶ 41. The SAC alleges the Commissioner in the prior lawsuit was retaliated against after he spoke out "against [DBI's] pay-to-play scheme and corrupt practices." *Id*. at ¶ 40. The SAC specifically alleges the subject of the Commissioner's speech at issue was "SFDBI's corrupt practice of approving and issuing unqualified permits and work for certain development projects in exchange for kickbacks." *Id.*

## II.    DBI AND THE SAN FRANCISCO PLANNING DEPARTMENT HAVE NO WRITTEN POLICIES TO RETALIATE AGAINST WHISTLEBLOWERS

DBI and Planning have written policies covering a myriad of issues employees from those departments face. Declaration of Matthew Greene in Support of Defendants' Supplemental Briefing ("Greene Decl.") ¶ 5; Declaration of Thomas DiSanto ("DiSanto Decl.") ¶ 5. The policies bear on inspection services and employee conduct. Greene Decl. ¶ 5; DiSanto Decl. ¶ 5. Neither DBI nor Planning have written policies allowing their employees to retaliate under any circumstances, much less for cooperating with a criminal investigation led by the Federal Bureau of Investigations. Greene Decl. ¶ 6; DiSanto Decl. ¶ 6. To the contrary, DBI and Planning policies require employees to treat members of the public with respect and to report wrongdoing. Greene Decl. ¶ 6; DiSanto Decl. ¶ 6.

The City's Charter also addresses Plaintiff's allegations. The City made findings of the importance of having an efficient, effective, and open government in 2003. S.F. Charter, Appendix F, F.100. In doing so, the City established a whistleblower program whereby members of the public, including City employees, may report misconduct. S.F. Campaign and Governmental Conduct Code section 4.107. Specifically, the City has an ordinance barring its employees from retaliating against anyone who has cooperated with an investigation into misconduct. S.F. Campaign and Governmental Conduct Code sections 4.117(a)(3).

///

City Defendants' Supplemental Brief                3
Case No. 23-cv-03579-SI (JCS)

4925-2305-1671, v. 1

## III.    DISCOVERY RELATED TO PLAINTIFF'S *MONELL* CLAIMS

Plaintiff, with the assistance of counsel, provided Initial Disclosures pursuant to Fed. R. Civ. P. 26 on February 23, 2024. Declaration of Hunter W. Sims in Support of City Defendants' Supplemental Brief ("Sims Supp. Decl.") Ex. A. Plaintiff listed eight categories of documents he intended to use at trial. *Id.* at 32:20–33:3. Plaintiff noted that the list of documents was limited to what "Plaintiff is currently aware that are reasonably available and tend to support the positions that Plaintiff has taken or are reasonably likely to take in this case." *Id.* at 32. None of the categories of documents identified included City policies or were related to the prior lawsuit referenced in the SAC.

Plaintiff listed thirty-one witnesses in his Initial Disclosures. *Id.* at 2–32. Four of the thirty-one witnesses are custodians for DBI, Planning, the San Francisco Department of Public Works, and the San Francisco Board of Supervisors. *Id.* at 31–32, Witness Nos. 27–30. Those witnesses were anticipated to testify only to "records related to the subject property." *Id.* at 31–32, Witness Nos. 27–30. Plaintiff anticipated that twenty of the witnesses listed would testify to "[t]he City's policies and procedures related to regulations, approvals, enforcements, and inspections of property and structures." *Id.* at 6–30, Witness Nos. 5–24. None of the witnesses were described as testifying to facts related to the prior lawsuit referenced in the SAC.

Lastly, Plaintiff produced no evidence in discovery supporting his custom and practice claim. Defendants propounded Requests for Documents to Plaintiff on May 30, 2025. Sims Supp. Decl. Ex. B. Plaintiff responded to the requests and did not include any City policies or any documents pertaining to the prior lawsuit referenced in the SAC. Sims Supp. Decl. ¶ 4. In addition, Plaintiff testified that Defendant Curran never asked Plaintiff for money. Sims Decl. ISO MSJ Ex. A at 134:2–16.)

## ARGUMENT

Plaintiff's custom or practice theories for his *Monell* claim are as follows: "The CITY has a pattern, custom, and/or practice of retaliatory conduct against those who speak out against wrongful and illegal actions." Sims Decl. ISO MSJ Ex. O, SAC ¶¶ 5, 40. Plaintiff supports his theory by bootstrapping allegations made in a separate lawsuit to his own to show that retaliatory conduct is a permanent custom and practice within the City. This theory is not supported by evidence.

## I.    THE CITY HAS NO WRITTEN POLICIES THAT EMPLOYEES MUST RETALIATE AGAINST WHISTLEBLOWERS

The City has no written policy supporting Plaintiff's *Monell* claim. There is no evidence that the City has a written policy to retaliate against whistleblowers. Indeed, both DBI and Planning have policies that require employees treat members of the public with respect and to report misconduct. Further, the City has established a system by which whistleblowers are protected and encouraged to report misconduct.

## II.    THERE IS NO EVIDENCE THAT THE CITY HAS A LONGSTANDING PRACTICE OF RETALIATION

Absent a written policy, Plaintiff must establish facts that show "a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal quotation marks omitted); *see also, e.g.*, *Connick v. Thompson*, 563 U.S. 51, 61. The practice or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" government policy. *Trevino*, 99 F.3d at 918 (internal quotation marks omitted). Important here, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* … ." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon [longstanding] practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (quoting *Trevino*, 99 F.3d at 918); *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005) (requiring plaintiffs to "show[] 'a longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity'"); *Brown v. Contra Costa Cnty.*, No. C 12-1923 PJH, 2013 WL 5422947, at *8 (N.D. Cal. Sept. 27, 2013) (holding that a "custom" for the purposes of *Monell* liability "is so permanent and well-settled as to constitute a custom or usage with the force of law").

Here, Plaintiff relies entirely on his own experience and allegations contained in the SAC pertaining to a single, prior lawsuit. These claims are insufficient to survive Summary Judgment. Plaintiff's claim is based on sporadic incidents that, even if proven true, are insufficient to establish

City Defendants' Supplemental Brief
Case No. 23-cv-03579-SI (JCS)

5

4925-2305-1671, v. 1

liability under *Monell*. "The Ninth Circuit has found that one or two incidents of [Constitutional violations] are inadequate to establish municipal liability." *Bagley v. City of Sunnyvale*, No. 16-CV-02250-JSC, 2017 WL 5068567, at * 4–5 (N.D. Cal. Nov. 3, 2017) (dismissing *Monell* claim based on two prior reports of excessive force). Plaintiff has only presented allegations that there was a prior lawsuit and it eventually settled. These allegations are not evidence and, even if Plaintiff were to produce evidence connected with the prior lawsuit, there was no finding of culpability as the case was settled prior to trial.

Further, Plaintiff has failed to show a similarity between other purported deprivations and the alleged misconduct here. *Christie*, 176 F.3d at 1235; *Denman v. City of Tracy*, No. 2:11-CV-00310-TLN, 2013 WL 2434707, at *3–4 (E.D. Cal. June 4, 2013). Again, Plaintiff only provides allegations in his SAC and failed to provide the evidence supporting this claim when requested by Defendants. Plaintiff was presumably aware of the documents contained in the public docket when he referred to them in the SAC, yet failed to produce anything regarding the other case in discovery. Plaintiff should not now be allowed to present this Court with evidence supporting the connection of the prior lawsuit to this one now, after the close of discovery.

It is unsurprising Plaintiff cannot meet his burden to present facts supporting his custom and practice theory. Plaintiff's theory is so fact specific that it would require evidence of multiple investigations by the FBI into unlawful conduct by City employees, involving whistleblowers, that resulted in retaliation by other City employees. Therefore, Plaintiff's custom and practice claim should fail as a matter of law.

## III. THERE IS NO EVIDENCE THE ALLEGED POLICY OR CUSTOM CAUSED THE RETALIATION

The insufficiency of Plaintiff's *Monell* evidence is most obvious with respect to the requirement of facts showing that a policy or custom was the "moving force" or "cause" behind the alleged constitutional injury. *See Knight v. Yarborough*, No. CV 03-01210-AG (VBK), 2011 WL 4550190, at *13 (C.D. Cal. Aug. 22, 2011). "Causation is, of course, a required element of a § 1983 claim." *Id.* at *11. Without facts alleging a "direct causal link" between a policy or custom and the alleged constitutional violation, a plaintiff cannot prove a *Monell* claim. *Bd. of Cnty. Comm'rs of*

*Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997); *Tuttle*, 471 U.S. at 813, 823–24 (holding that "[a]t the very least there must be an affirmative link between the policy and the particular constitutional violation alleged"). For example, plaintiffs must prove "that the deficiency in training actually caused the police officers' [conduct]." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989).

Plaintiff cannot show that an official policy or permanent custom caused the City Defendants' actions. As is argued in the City Defendants' Motion for Summary Judgment, Plaintiff conceded that issues outlined in amended NOV 202175602 are accurate. Sims Decl. ISO MSJ Ex. A at 137:22–145:1. Therefore, any policy that Plaintiff may argue is relevant could not have caused the City employees to commit the alleged violations. District courts routinely grant summary judgment against plaintiffs and dismiss their *Monell* claims for failing to demonstrate that the alleged deprivation was caused by a municipal policy or custom. *See*, *e.g., Buckheit v. Dennis*, No. C 09-5000 JCS, 2012 WL 1166077, at *23–24 (N.D. Cal. Apr. 6, 2012), aff'd, 573 F. App'x 662 (9th Cir. 2014) and *Silva v. City of San Leandro*, 744 F. Supp. 2d 1036, 1049 (N.D. Cal. 2010).

## CONCLUSION

For the foregoing reasons, this Court should grant summary judgment in favor of the City Defendants.

Dated:  March 20, 2026

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
HUNTER W. SIMS III
Deputy City Attorney

By:  /s/  *Hunter W. Sims III*
HUNTER W. SIMS III

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO;
WILLIAM HUGHEN; KEVIN BIRMINGHAM;
NATALIA FOSSI (ERRONEOUSLY SUED AS
NATALIA KWAITKOWSKA); MAURICIO
HERNANDEZ; and JOE DUFFY

## PROOF OF SERVICE

I, KATHLEEN K. HILL, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On March 20, 2026, I served the following document(s):

**CITY DEFENDANTS' SUPPLEMENTAL BRIEF [Dkt. No. 132]**;

**DECLARATION OF HUNTER W. SIMS IN SUPPORT OF CITY DEFENDANTS' SUPPLEMENTAL BRIEF (Fed. R. Civ. P. 56)**;

**DECLARATION OF THOMAS DISANTO IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEFING [ECF 132]; and**

**DECLARATION OF MATTHEW GREENE IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEFING [ECF 132]**

on the following persons at the locations specified:

Patrick Gallagher
470 Coletas Way
Byron, CA 94514
Tel:  (925) 325-3911
Email: bigblockpat@gmail.com
*Plaintiff in Pro Per*
***Via Email and U.S. Mail***

Timothy J. Halloran
John P. Girarde
Alston L. Lew
Murphy, Pearson, Bradley & Feeney
550 California Street, 14th Floor
San Francisco, CA 94104-1001
Tel: (415) 788-1900
Direct: (415) 962-2820
Fax: (415) 393-8087
Email: THalloran@MPBF.com;
JGirarde@MPBF.com; alew@MPBF.com;
rmyers@mpbf.com; SGiri@mpbf.com;
HSimpson@MPBF.com
*Attorneys for Defendant Bernard J. Curran*
***Via Email***

in the manner indicated below:

☒    **BY UNITED STATES MAIL**:  Following ordinary business practices, I caused to be sealed true and correct copies of the above documents in addressed envelope(s) and had them placed at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that were placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒    **BY ELECTRONIC MAIL:**  I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address:  kathleen.hill@sfcityatty.org.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.  Executed March 20, 2026, at San Francisco, California.

*/s/  Kathleen K. Hill*
KATHLEEN K. HILL

City Defendants' Supplemental Brief                    8
Case No. 23-cv-03579-SI (JCS)

4925-2305-1671, v. 1